IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1146 (MN) |
| ) | |
| QUALCOMM INC., QUALCOMM ) | |
| TECHNOLOGIES, INC. and NUVIA, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants Qualcomm Inc., Qualcomm Technologies, Inc. (collectively, "Qualcomm") and NUVIA, Inc. ("NUVIA", together with Qualcomm, "Defendants") hereby move the Court for an Order permitting them to file their Answer and Amended Counterclaim to Plaintiff Arm Ltd.'s Complaint (D.I. 1) under seal.  Pursuant to D. Del. LR 7.1.1, counsel for Defendants has verbally conferred with counsel for Plaintiff, and Plaintiff does not oppose this motion.

The grounds for this motion are as follows:

1. This action arises, in part, out of a series of agreements between the parties relating to the licensing of Arm's technologies.

2. The agreements contain confidentiality provisions that prohibit Defendants from disclosing "Confidential Information" which is defined to include, *inter alia,* "the terms and conditions" of the agreements.

3. Defendants' Answer and Amended Counterclaim references and quotes portions of the agreements, as well other information potentially within the scope of "Confidential Information."

4. Defendants' Answer and Amended Counterclaim also references confidential technical development activities of Defendants.

5. This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.,* 638 F.3d at 222.

6. Permitting Defendants to file their Answer and Amended Counterclaim under seal will preserve the status quo with respect to the parties' rights and obligations under the agreements and protect the confidentiality of the agreements and their terms, including those terms containing

sensitive non-public information, and protect Defendants' confidential and sensitive technical development information. These interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

WHEREFORE, Defendants respectfully request that the Court issue an Order in the form attached hereto permitting Defendants to file their Answer and Amended Counterclaim under seal.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Jennifer Ying (#5550) |
| Karen L. Dunn | 1201 North Market Street |
| William A. Isaacson | P.O. Box 1347 |
| Melissa F. Zappala | Wilmington, DE 19899 |
| PAUL, WEISS, RIFKIND, WHARTON | (302) 658-9200 |
|    & GARRISON LLP | jblumenfeld@morrisnichols.com |
| 2001 K Street, NW | jying@morrisnichols.com |
| Washington, DC 20006-1047 | |
| (202) 223-7300 | *Attorneys for Defendants* |
| | |
| Erin J. Morgan | |
| PAUL, WEISS, RIFKIND, WHARTON | |
|    & GARRISON LLP | |
| 1285 Avenue of the Americas | |
| New York, NY 10019-6064 | |
| (212) 373-3000 | |

October 26, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1146 (MN) |
| | ) |
| QUALCOMM INC., QUALCOMM | ) |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) |
| | ) |
| Defendants. | ) |

## **[PROPOSED] ORDER**

This ___ day of _____ 2022, the Court having reviewed Defendants Qualcomm Inc., Qualcomm Technologies, Inc. and NUVIA, Inc.'s ("Defendants") Motion to Seal their Answer and Amended Counterclaim to Plaintiff Arm Ltd.'s Complaint, and the Court having determined good cause exists for the requested sealing, now therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Seal is GRANTED.

_____
The Honorable Maryellen Noreika
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 26, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Michael A. Jacobs, Esquire<br>Joyce Liou, Esquire<br>Diek Van Nort, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202-5638<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)