IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation,<br><br>    Defendants. | C.A. No. 22-1146-MN<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF ARM LTD.'S UNOPPOSED
## MOTION FOR LEAVE TO FILE UNDER SEAL

In accordance with Federal Rule of Civil Procedure 5.2 and District of Delaware Local Rule 5.1.3, Plaintiff Arm Ltd. ("Arm") respectfully moves for leave to file under seal the unredacted version of Arm's Answer and Affirmative Defenses to Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc.'s Amended Counterclaim (the "Answer"). Pursuant to D. Del. LR 7.1.1, counsel for Plaintiff has conferred with counsel for Defendants, and Defendants do not oppose this motion.

1.     Arm publicly filed a redacted version of its Answer as D.I. 21. Most of the redacted paragraphs necessarily reference and reflect confidential terms and conditions of the license agreements at issue in this case (the "Confidential Agreements"). Arm is a party to, and has contractual obligations to maintain confidential, and not disclose the terms or conditions of, the Confidential Agreements. The remaining redacted paragraphs reference Defendants' technical development activities that they deem confidential. Both types of information were redacted publicly and filed under seal in Defendants' Answer and Amended Counterclaim (D.I.

18, 19), to which Arm's Answer responds.  Because no protective order has been entered in this case, Arm files this Motion seeking leave to file the unredacted copy of its Answer under seal.

2. The public's access to judicial records is "not absolute."  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).  Although there is a "presumption in favor of public accessibility," this Court has the authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access.  *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 298 (D. Del. 2013) (quoting *In re Cendant Corp.*, 260 F.3d 183,194 (3d Cir. 2001)). In assessing whether to seal or redact judicial records, courts in this District have employed a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public."  *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012).  For example, courts in this District have redacted "confidential financial information and licensing strategy," which "could cause real and serious harm" if disclosed, and is "the sort of material that courts have frequently redacted."  *Id.* at 510.  Courts in this District have also noted that "the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology" may warrant redaction.  *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (sealing documents "to protect the parties' confidential proprietary business and competitive interests"); Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order).  The materials at issue here may be properly sealed under Third Circuit law.  *Avandia*, 924 F.3d at 672-73, 676.

3.  Here, sealing is warranted because the Answer contains details of confidential license terms and certain technical development information that Defendants deem to be confidential and sensitive.  Moreover, this case involves private litigants, which weighs in favor of redaction. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *Avandia*, 924 F.3d at 672 (*Pansy* factors provide guidance when assessing the public's interest).  Finally, the redacted portions of Arm's Answer have been narrowly tailored so as to preserve confidentiality while ensuring the public's access to judicial papers.

4.  Arm will comply with all applicable procedures regarding filing under seal, and has already complied with the requirement to file a redacted version.  *See* D.I. 21.

WHEREFORE, for the foregoing reasons, Arm respectfully requests that the Court enter an Order, in a form substantially similar to the proposed order filed herewith, permitting Arm to file under seal the unredacted version of its Answer.

| | |
|---|---|
| Dated: November 15, 2022<br><br>OF COUNSEL:<br><br>Michael A. Jacobs<br>Diek Van Nort<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>(415) 268-7000<br>mjacobs@mofo.com<br>dvannort@mofo.com<br><br>Erik J. Olson<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>(415) 268-7000<br>ejolson@mofo.com<br><br>Brian C. Nash<br>MORRISON & FOERSTER LLP<br>701 Brazos St., Suite 1100<br>Austin, TX 78701<br>(737) 309-0654<br>bnash@mofo.com<br><br>Scott F. Llewellyn<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202-5638<br>(303) 592-2204<br>sllewellyn@mofo.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br> /s/ *Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com<br>swilson@ycst.com<br><br>*Attorneys for Plaintiff Arm Ltd.* |