# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 22-1146 (MN) |
| | ) |
| QUALCOMM INC., QUALCOMM | ) |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) |
| | ) |
| Defendants. | ) |

**QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–36)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Defendants" or "Qualcomm") request that Plaintiff ARM Ltd. ("ARM") serve Qualcomm with its written responses to these requests for production and produce copies of the Documents and things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

**INSTRUCTIONS**

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature. If, after producing the requested Documents and things, ARM obtains or becomes aware of any further responsive Document or thing, ARM must produce to Qualcomm such additional Document or thing.

2. If ARM withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, ARM shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3. If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs. To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4. If an objection is asserted with respect to any request for production of any Document or thing, ARM shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that ARM claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5. If an objection is asserted with respect to any request for production of any Document or thing, ARM shall state whether ARM is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6. If ARM claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, ARM may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7. If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9. Responsive Documents or things should not be limited solely to those under ARM's physical custody, but should include those that are under its "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10. None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11. No request shall be read as limiting any other request.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1. The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

3. "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

4. "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

5. "Plaintiff," "ARM," "you," and "your" mean Plaintiff ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

6. "Defendants" means, collectively, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., Nuvia, Inc., and their principals, employees, representatives, agents, and officers.

7. "Complaint" means the Complaint filed by ARM in the District of Delaware on August 31, 2022, captioned *ARM Ltd.* v. *Qualcomm*, No. 22-1146 (MN).

8. "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

9. "TLA" means Technology License Agreement, including all amendments and annexes to any such agreement.

10. "Phoenix Core" means the central processing unit for which Qualcomm submitted a compliance report to ARM on February 1, 2022

11. "SoC" means "Systems-on-a-Chip," which are integrated circuits used in computers and other electronics that combine many elements of a computer system into a single chip.

12. "Person" means any natural person or any business, legal, governmental, or regulatory entity or association (including ARM), whether or not in the employ of ARM, and the "acts" of a Person (including ARM) are defined to include acts of trustees, directors, officers, owners, members, employees, agents, or attorneys acting on the Person's behalf.

13. As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Complaint, including but not limited to any documents ARM contends support its claims.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Answer, including but not limited to any documents ARM contends support its defenses.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Qualcomm's acquisition of NUVIA, including but not limited to documents and communications about (a) ARM's refusal to agree to assign the NUVIA ALA and TLA to Qualcomm; (b) ARM's demands for assignment, including but not limited to ARM's demands that Defendants (i) incorporate the NUVIA ALA and TLA royalty rates into Qualcomm's preexisting licenses, (ii) restrict Qualcomm employees from working on products containing NUVIA's technology, (iii) enter a separate license for implementation IP and software tools, and (iv) "pay a design transfer fee"; (c) efforts to resolve the parties' dispute about the NUVIA agreements; and (d) the scope of the grant provided in Section B of the Annex to the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the negotiation and execution of additional license annexes to cover Qualcomm's use of any ARM intellectual property utilized by NUVIA and not covered under Qualcomm's ALA and TLA.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the drafting, negotiation, interpretation and construction of Qualcomm's ALA and TLA, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; and (c) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, derivative, and Derivative.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning the drafting, negotiation, interpretation, and construction of NUVIA's ALA and TLA, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; (c) the "anticipated scope and nature of NUVIA's use of the ARM architecture" and the impact of that information on NUVIA's royalty rates; and (d) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, Nuvia Confidential Information, Nuvia Architecture Compliant Cores, Nuvia Technology, and derivative; and (d) structure of the financial terms, including the royalty provisions.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the value to ARM of the NUVIA and Qualcomm ALAs and TLAs, to the extent they are not already produced in response to other Requests.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning ARM's understanding of the ownership rights to technology created or produced by a licensee after entering into an ALA, including but not limited to statements made to regulators or licensees.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning ARM's contention that Qualcomm's architected cores, including the Phoenix Core, are not licensed under Qualcomm's ALA, including but not limited to all documents identifying the components of the Phoenix Core and associated SoCs that are allegedly unlicensed.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning any "ARM-based" technology you contend was developed under the NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning ARM's February 2022 termination of the NUVIA licenses and demand that Defendants destroy all ARM Confidential Information licensed under the NUVIA ALA and TLA, including but not limited to documents concerning (a) ARM's decision to terminate the NUVIA licenses; (b) ARM's decision to demand destruction; (c) ARM's efforts to secure the destruction from Defendants; (d) ARM's evaluation of the Defendants' compliance with ARM's request; (e) ARM's discussions and/or other communications with third parties concerning Defendants' alleged destruction obligation and compliance with that alleged obligation; (f) the timing of ARM's termination and destruction demand; and (g) the impact of the NVIDIA/ARM merger clearance on ARM's termination and destruction demand.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning ARM's future business plans for licensing ARM's architecture, technology, and other intellectual property, including but not limited to (a) ARM's plans to enter into ALAs or TLAs directly with original equipment manufacturers ("OEMs"), including the substance and terms of ARM's proposed OEM licenses; (b) ARM's plans to license ARM architecture, technology, and other intellectual property to Qualcomm and/or other chip manufacturers, including the substance and terms of ARM's proposed chip manufacturer licenses; and (c) any plans to cease or limit licenses with Qualcomm and/or other chip manufacturers.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning ARM's knowledge that Qualcomm was developing and using NUVIA technology after it acquired NUVIA, including but not limited to in connection with the Phoenix Core and related SoCs.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning verification of any of Defendants' products that ARM contends include NUVIA Technology, including but not limited to Qualcomm's Phoenix Core and any related SoCs.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning tests to be run on any Qualcomm architected core for purposes of ARM's verification of the product(s), including but not limited to the Qualcomm's Phoenix Core and any related SoCs.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning ARM's purported decision not to participate in the verification process for any SoCs incorporating the Phoenix Core, including but not limited to (a) the reasons for that decision; (b) communications about that decision, including with third parties; and (c) instructions given to ARM employees concerning communications with Qualcomm about those SoCs, generally and the verification of those SoCs.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning Defendants' use of ARM trademarks licensed under the (a) Qualcomm ALA and/or TLA and/or (b) NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications concerning ARM's obligations, efforts, and actions to provide services to Defendants in accordance with the Qualcomm ALA and/or TLA and the NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Defendants' involvement in or position on ARM's potential acquisition by NVIDIA.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning ARM's communications with third parties regarding the claims in this litigation, including but not limited to Documents and Communications regarding (a) Defendants' rights under the Qualcomm ALA and TLA and/or the NUVIA ALA and TLA, including but not limited to communications about the term of those agreements and the right to extend the term of agreements; and (b) ARM's dispute with Defendants' regarding use of NUVIA technology.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications from January 1, 2021 through the present concerning Defendants, including but not limited to internal ARM documents and communications and documents and communications with third parties to the extent they have not already been produced in response to other Requests.

**REQUEST FOR PRODUCTION NO. 22:**

ARM's quarterly and annual financial statements and reports for 2020, 2021, and 2022.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show any efforts ARM made to mitigate or otherwise reduce any damages alleged to have resulted from actions that are the subject of ARM's Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the alleged damages to ARM that resulted from actions that are the subject of ARM's Complaint and Answer including but not limited to documents and communications related to (a) any damages calculations conducted by ARM, both potential and realized; (b) any analysis of the financial impact of the actions that are the subject of ARM's Complaint and Answer; (c) ARM's internal revenue and profit projections for 2020 through the end of the term of the Qualcomm ALA and TLA, to the extent that they are not separately broken out in ARM's financial statements; and (d) any analysis of harm to ARM's global licensing program.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning how "[t]he prospective monetary damages from Qualcomm's circumvention and interference with ARM's control over its

technology are not readily ascertainable or calculable, given the resulting future impact on ARM's relationships with existing and prospective customers" (D.I. 1, ¶ 56).

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning the acquisition of any ARM licensee by another licensee, including but not limited to Documents and Communications about the acquisition process, negotiations related to the acquisition(s), and the outcome of those negotiations, including any related agreements.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs ARM has entered into with any party.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any circumstances in which ARM has demanded destruction of an architected core or related technology.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning the acquisition of any ARM licensee by another licensee, including whether assignment of any license agreement occurred, ARM's position on assignment, and any novation agreement that was executed.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning ARM's market share, including but not limited to its market share in the compute, server, and mobile markets.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any ARM architecture set the public domain, including but not limited to the ARMv8-A Architecture Documentation set and all relevant versions.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning how the Phoenix Core and related SoCs will compete against and impact the market for ARM's architected cores and other products, including but not limited to in the compute, server and mobile markets.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the allegations in Paragraph 54 of your Complaint (D.I. 1), including but not limited to the assertion that "[t]he failure of Nuvia and Qualcomm to comply with the post-termination obligations under the Nuvia ALA is causing and will continue to cause irreparable harm to Arm."

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications supporting the assertions in Paragraph 29 of your Answer (D.I. 23), including that ARM anticipated earning "hundreds of millions of dollars . . . from NUVIA's products expanding the market for ARM-based chips."

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with Softbank Group, including its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf, about this dispute or Qualcomm's license agreements since March 2021.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications with any third party concerning the scope of Qualcomm's rights under its license agreements with ARM and/or Qualcomm's ability to sell architected cores under those agreements, to the extent they are not already produced in response to other Requests.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Karen L. Dunn<br>William A. Isaacson<br>Melissa F. Zappala<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>2001 K Street, NW<br>Washington, DC  20006-1047<br>(202) 223-7300<br><br>Erin J. Morgan<br>PAUL, WEISS, RIFKIND, WHARTON<br>   & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>(212) 373-3000<br><br>December 20, 2022 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jennifer Ying*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jying@morrisnichols.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Michael A. Jacobs, Esquire<br>Joyce Liou, Esquire<br>Diek Van Nort, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202-5638<br>*Attorneys for Plaintiff* | VIA ELECTRONIC MAIL |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)