# EXHIBIT 2

| | |
|---|---|
| **From:** | Li, Jack <JackLi@mofo.com> |
| **Sent:** | Monday, August 7, 2023 12:32 PM |
| **To:** | Vaughn, Madalyn; Brickey, Sarah E.; Braly, Jacob; Zappala, Melissa Felder; Dunn, Karen L; Nyarady, Catherine; Isaacson, William A; Butwin, Alexander M; Blumenfeld, Jack; Morgan, Erin J; Ying, Jennifer |
| **Cc:** | Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Llewellyn, Scott F.; Muino, Daniel P.; Fung, Nicholas Rylan; Vrana, Robert; Davenport, Lydia; GRP-QC |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

Counsel,

We write in response to your email below.

████████████████████████

████████████████████ which occurred six years prior to the filing of this case, five years prior to Qualcomm's Nuvia acquisition, and three years prior to Nuvia's formation—is irrelevant.  Please identify any authority supporting Qualcomm's suggestion that Arm should disclose the details of ████████████████████████, unrelated to this case, when no duty to preserve materials for this litigation could exist.

RFP Nos. 26 and 29

With respect to RFP Nos. 26 and 29, having considered your email below, Arm would be willing to run Qualcomm's proposed supplemental set of search terms for these RFPs against custodial documents of Karthik Shivashankar for the time period proceeding January 1, 2019, for which custodial data is available.  This additional custodial search should resolve Qualcomm's concerns regarding these RFPs.

RFP No. 27

Regarding RFP No. 27, we disagree with your characterization of the parties' previous correspondence.  Arm confirms that it is in the process of notifying third parties for production of third-party ALAs, and will promptly inform Qualcomm if any third party objects to the disclosure of an ALA.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
P: +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

From: Vaughn, Madalyn <mvaughn@paulweiss.com>
Sent: Wednesday, August 2, 2023 7:56 PM
To: Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>;

Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel:

We write in response to your July 25, 2023 email concerning ARM's anticipated scope of production. While Qualcomm continues to disagree with certain characterizations in your email, we have listed below only the areas where we currently have outstanding requests in an effort to move the parties' discussions forward.

Please promptly provide responses to Qualcomm's outstanding questions by no later than Friday, August 4.

- **Qualcomm's RFP No. 5**: We appreciate ARM's agreement to run Qualcomm's proposed search terms across Antonio Viana's and James Hodgson's custodial documents in its possession, custody, or control from January 1, 2013 to January 1, 2019. However, we are surprised by ARM's representation mere weeks before the substantial completion deadline—and after months of pushing back on Qualcomm's request for certain custodial and non-custodial documents for the pre-January 1, 2019 time period—███████████████████ Please promptly provide a detailed description of the ███████████████████ nd an explanation concerning (i) the scope of ███████████████████████████████████, custody, or control, and (ii) ███████████████████ Please also provide the date on which ARM's outside counsel first learned that ███████████████████████████ Finally, please advise whether there are any other issues with respect to ARM's ability to collect information from custodial or non-custodial sources ███████.

- **Qualcomm's RFP Nos. 26 and 29**: We appreciate ARM's agreement to run Qualcomm's proposed search terms across Stefan Rossinger's, Antonio Viana's, and James Hodgson's custodial documents between 2011 and 2018, though reiterate our concern and requests articulated above concerning ███████████████████ ███████ Please confirm that the three custodians ARM has identified for purposes of this search are the relevant ARM employees who were materially involved in—and thus would have custodial documents concerning—the four acquisitions identified in ARM's response to Interrogatory No. 9 from pre-2019. We note that ARM identified Karthik Shivashankar as a "person generally knowledgeable about these issues" in response to Qualcomm's Interrogatory No. 9, but he is not included in ARM's proposal. Please confirm that ARM will also be searching Mr. Shivashankar's documents for these RFPs and in connection with Qualcomm's Interrogatory No. 9. Finally, please advise of any specific issues relating to ARM's ability to search and collect emails and documents from these custodians (Mr. Rossinger, Mr. Viana, Mr. Hodgson, and Mr. Shivashankar) prior to 2016.

- **Qualcomm's RFP No. 27**: We appreciate ARM's confirmation that it will produce all ARM ALAs and annexes thereto, irrespective of date. However, with respect to ARM's third-party notice obligations, we note for the record that ARM's contention that it "did not agree to consider producing third-party ALAs until very recently," thus excusing its failure to address its notice obligations for more than six months, is disingenuous. As reflected

in the parties' correspondence, ARM indicated during the parties' first meet and confer on March 23, 2023 that it was considering Qualcomm's RFP No. 27 and would get back to Qualcomm concerning the scope of ALAs that ARM would agree to produce.  (*See* 4/10/2023 Letter from M. Felder Zappala at 2, n.2.)  We thus reiterate our request that ARM promptly confirm that it has notified all relevant third parties and that no third party has objected to the production of the ALAs.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, July 25, 2023 12:14 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your email dated July 13, 2023.

Regarding RFP 5, we do not agree there is any need for a "supplemental search," and Qualcomm's proposed scope for such a search is overboard and not proportional to the needs of this case for several reasons.  First, as we have stated previously, to the extent non-privileged and responsive documents regarding the negotiation, interpretation, or construction of Qualcomm's relevant ALA and TLA before 2019 are located by Arm's custodial search, Arm will not withhold such documents.  Second, Arm will also make reasonable, proportional efforts to "go-get" relevant documents regarding the negotiation, interpretation, and construction of Qualcomm's relevant ALA and TLA during the 2013 time frame and following the announcement of Qualcomm's acquisition of Nuvia, regardless of when those documents were generated.  Therefore, your characterization of "ARM's limited search of custodial documents dated January 1, 2019 forward" fails to reflect the full scope of Arm's document collection and production, which Arm has repeatedly explained.  To resolve any ongoing dispute on this issue, Arm would be willing to run Qualcomm's proposed supplemental set of search terms against custodial documents of Antonio Viana and James Hodgson for the time period proceeding January 1, 2019, for which custodial data is available, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

Regarding RFP Nos. 26 and 29, again, we do not agree with Qualcomm regarding the need for any "modified search," and Qualcomm's proposed scope for such a modified search is overboard and not proportional to the needs of this

case.  As Arm has also stated previously, to the extent non-privileged and responsive documents dating before January 1, 2019, are located by Arm's search, Arm will not withhold such documents for RFP Nos. 26 and 29.  Arm has also confirmed that Arm's "go-gets" for RFP Nos. 26 and 29 will cover documents it can locate after a reasonable, proportional search without limitation to documents dating from January 1, 2019, forward.  Further, Arm's identification of certain acquisitions in response to Qualcomm's interrogatory No. 9 is not an admission that these acquisitions are "relevant."  As a compromise, Arm would be willing to run Qualcomm's proposed supplemental set of search terms against custodial documents of Stefan Rossinger, Antonio Viana, and James Hodgson for the time period proceeding January 1, 2019, for which custodial data is available.

Regarding RFP No. 27, we disagree with your characterization (including in your July 19 email) that Arm "has been aware of the need to satisfy [third-party notice] obligations for more than six months."  As indicated by Arm's objections and response to RFP 27 and correspondence to-date, Arm did not agree to consider producing third-party ALAs until very recently, and Arm began the third-party notice process for production of ALAs in a timely manner.  Your email reiterates RFP 27's request for "[a]ll ALAs" Arm has ever entered into with any party, with the relevant requests defining "ALA" to encompass all amendments and annexes.  As Arm has consistently stated, Qualcomm's definition of ALA and its RFP 27 are both overbroad.  Arm nonetheless confirms that it is conducting a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27, and this search is not limited in time.  These responses should resolve all purported disputes regarding Arm's response to this RFP.

Finally, along with more than 1,000 unique search terms that Arm is running generally for custodial data, Arm has applied the following search terms to identify potentially responsive Teams data:



- Qualcomm
- QComm
- QCom
- Nuvia
- (Qualcomm OR QComm OR QCom)

We believe that the use of these broad search terms is reasonable and proportional to the needs of this case, but are willing to consider proposed additions or modifications by Qualcomm, as Arm has done with search terms generally.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
P: +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

From: Vaughn, Madalyn <mvaughn@paulweiss.com>
Sent: Thursday, July 13, 2023 2:10 PM
To: Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
Cc: Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport,

Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel:

We write in response to your July 7, 2023 email concerning ARM's anticipated scope of production.  While Qualcomm disagrees with certain characterizations in your email, in an effort to move the parties' discussions forward and clarify any issues for which we are at an impasse, we have listed below only the areas where we have outstanding requests.

Please promptly provide responses to each of Qualcomm's outstanding requests by no later than Monday, July 17.

- **Qualcomm's RFP No. 5**:  With respect to ARM's custodial search in response to RFP No. 5, as consistently stated in correspondence dating back to Qualcomm's March 7, 2023 letter, Qualcomm's current ALA and TLA were drafted and negotiated around the 2013 time period and annexes to those agreements have been executed since that time.  Thus, ARM's limited search of custodial documents dated January 1, 2019 forward is insufficient.  While Qualcomm believes that a broader custodial search would be warranted on this issue, as a compromise, and in an effort to resolve any dispute on this issue, Qualcomm proposes that ARM conduct a limited supplemental search of emails on this topic dating from January 1, 2013 to January 1, 2019.  Specifically, Qualcomm proposes that ARM run the subset of search terms listed in the attached document across Antonio Viana's and James Hodgson's custodial documents from January 1, 2013 to January 1, 2019.  To the extent ARM agrees to this proposal without modification, Qualcomm will not request that ARM conduct any supplemental go-get search at this time other than for the time periods ARM already has agreed to search.

- **Qualcomm's RFP Nos. 26 and 29**:  As explained in Qualcomm's June 16, 2023 letter and during the parties' June 30, 2023 meet and confer, ARM's custodial search in response to RFP Nos. 26 and 29 should not be limited to applying search terms across documents dated from January 1, 2019 forward.  Instead, given that ARM itself identified four relevant acquisitions of an ALA ARM licensee by another licensee pre-2019 in response to Qualcomm's Interrogatory No. 9 (*see* 2/27/2023 ARM R&Os to Qualcomm's Interrogatory No. 9 at 25), ARM should search for and produce responsive documents concerning those acquisitions.  For the avoidance of doubt, below is an excerpt of ARM's interrogatory response that identifies the four acquisitions from pre-2019:

| Acquirer licensee | Acquired licensee | Acquisition date (approximate) |
|---|---|---|
| ███████████ ████ | ███████████ | ██████ |
| █████████ | ██████████ | |
| █████████████ | ████████ | ██ |

Qualcomm proposes that ARM run the below subset of three slightly modified search terms across custodial documents dated between 2011 and 2018.  To the extent ARM identifies a subset of custodians who would have relevant documents related to these acquisitions that ARM proposes to limit the search of documents to, Qualcomm would be willing to entertain such a proposal.  But again, ARM is best situated to identify the relevant ARM employees with documents concerning these acquisitions in the first instance.



- **Qualcomm's RFP No. 27**: We appreciate ARM's confirmation that it is diligently working to produce ARM's ALAs by the substantial completion deadline. However, ARM still has not provided the confirmation that Qualcomm has requested for more than three months—specifically, please confirm whether ARM is agreeing to produce *all* ARM ALAs and annexes thereto, as requested by RFP No. 27, or whether ARM is refusing to do so and only agreeing to produce such documents for a particular time period.

  With respect to ARM's third-party notice obligations in advance of producing its ALAs, we note that ARM has been aware of the need to satisfy such obligations for more than six months, as Qualcomm served RFP No. 27 on December 20, 2022. Accordingly, ARM should have already addressed its notification obligations months ago, and we expect that ARM has already notified any relevant third parties to obtain that party's consent. And, as ARM is aware, to the extent any third-party ALA licensee does in fact object to the production of a specific ALA, the third party must promptly seek a protective order from the Court; it cannot be up to ARM to withhold producing such documents. Please confirm by Monday, July 17 that ARM has notified all relevant third parties and that no third party has objected to the production of the ALAs.

- **Instant Messages**: We appreciate ARM confirming that it will search for and produce responsive instant messages. However, as noted in our June 16, 2023 letter, Qualcomm's position is that ARM will "need to craft additional search terms to account for the more informal language used in chats," as Qualcomm did for its own search terms. Please confirm the "relevant search terms" that ARM has represented it applied across the instant messages it has collected.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, July 7, 2023 6:44 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up on the parties' meet-and-confer on June 30th and in response to your email dated July 3rd.

First, we disagree with your characterization of the meet-and-confer and of the parties' prior correspondence regarding Arm's responses to Qualcomm's RFPs.  We specifically note that almost all of Qualcomm's purported "confusion" regarding the scope of Arm's document production was resolved when Arm again confirmed that the scope of the "go-gets" are independent from and therefore do not impact the scope of Arm's production via search based on the agreed search terms and custodians.  This is particularly remarkable, given that Arm has been repeating this same position for months.  (*See, e.g.*, S. Llewellyn Correspondence dated April 13, 2023 at 2 ("[T]he reasonable, targeted search and "go get" responses are independent.").)

Regarding Qualcomm's RFP No. 5, while Arm has stated that it will search and produce, based on agreed search terms and custodians, documents dating from January 1, 2019 forward, to the extent non-privileged and responsive documents regarding the negotiation, interpretation, and construction of Qualcomm's relevant ALA and TLA before 2019 are located by Arm's custodial search, Arm will not withhold such documents.  If Qualcomm believes that Arm's search based on agreed search terms and custodians for RFP No. 5 should include a particular time period before 2019 for a particular custodian, please identify the additional time period and specific custodian(s), including why the specific additional time period would be relevant to these issues, so that Arm may consider.  As stated in Arm's response, Arm will also make reasonable, proportional efforts to "go-get" relevant documents regarding the negotiation, interpretation, and construction of Qualcomm's relevant ALA and TLA during the 2013 time frame and following the announcement of Qualcomm's acquisition of Nuvia, regardless of when those documents were generated.  If there are other periods for which Qualcomm believes Arm should search for documents regarding relevant issues relating to the negotiation, interpretation, and construction of the ALA or TLA, please identify the particular relevant period and the particular relevant negotiation, interpretation, or construction issues arising under the ALA or TLA for which Qualcomm believes Arm should make a reasonable, proportional search for responsive documents, so that Arm may consider.

Regarding Qualcomm's RFP No. 6, we confirm that Arm's search based on the agreed search terms and custodians is not designed to exclude the time period between the negotiation of Nuvia's relevant ALA and TLA and the announcement of Qualcomm's acquisition of Nuvia.  Because Arm has stated that it will search and produce documents dating from January 1, 2019 forward, and given that Nuvia was founded after January 1, 2019, there should be no confusion regarding the time period covered by Arm's search for this RFP.

Regarding Qualcomm's RFP Nos. 26 and 29, we confirm that Arm's "go-gets" will cover documents it can locate after a reasonable, proportional search without limitation to documents dating from January 1, 2019 forward.  If Qualcomm disagrees with the scope of Arm's "go-gets" for these RFPs, please propose reasonable and proportional alternatives or modifications, so that Arm may consider.  Further, while Arm has stated that it will search and produce, based on agreed search terms and custodians, documents dating from January 1, 2019 forward, to the extent non-privileged and responsive documents dating before January 1, 2019 are located by Arm's search, Arm will not withhold such documents for RFP Nos. 26 and 29.  If Qualcomm believes that Arm's search based on agreed search terms and custodians for RFP Nos. 26 and 29 should include a particular time period before 2019 for a particular custodian, please identify the additional time period and specific custodian(s), including why the specific additional time period would be relevant to these issues, so that Arm may consider.

Regarding Qualcomm's RFP No. 27, as confirmed during the meet-and-confer, we are diligently working towards producing the ALAs by the substantial completion deadline in this case.  However, Arm cannot confirm on behalf of any third-party ALA licensees whether any third-party licensees may object to the production of a specific ALA.

Regarding instant messages, we believe that Qualcomm still has not explained why the instant messages of any Arm custodians are subject to production under the ESI order, given the limitations it places on the production of IMs/chat.  Nevertheless, Arm has collected Microsoft Teams data for relevant custodians, applied relevant search terms, and is planning on producing non-privileged, responsive Teams messages.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, July 3, 2023 12:25 PM
**To:** Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

---

==External Email==

---

Counsel:

Thanks for confirming that you will provide responses this week to Qualcomm's outstanding questions concerning Qualcomm's RFP Nos. 5, 6, 26, 27, and 29 and ARM's production of instant messages.  We note, however, that certain of these questions have been outstanding for months.  For example, we have repeatedly asked ARM to confirm the scope of license agreements it is agreeing to produce in response to RFP No. 27 since initially raising this question during our very first meet and confer more than three months ago on March 23, 2023.  We also have repeatedly asked ARM to confirm whether it is searching for and producing responsive instant messages since initially raising this issue two months ago in our May 1, 2023 letter.  Despite these two questions and the questions concerning Qualcomm's RFP Nos. 5, 6, 26, and 29 being clearly outlined in our June 16, 2023 letter that was the intended subject of our meet and confer— a 22-page letter detailing each of Qualcomm's questions regarding the anticipated scope of ARM's production on an RFP-by-RFP basis that ARM itself requested Qualcomm provide—ARM was wholly unprepared to provide any update on these basic questions about what ARM is agreeing to produce notwithstanding that the substantial completion deadline is quickly approaching.  While we are hopeful that the parties can avoid bringing any dispute to the Court pending ARM's responses on these questions this week, Qualcomm reserves all rights in this respect.

Separately, we appreciate you confirming on our meet and confer that apart from Qualcomm's RFP No. 27, for all other RFPs addressed in our June 16, 2023 letter, ARM is producing all non-privileged responsive documents that hit on search terms across agreed-upon custodial files.  You also confirmed that the description of the often more-limited scope of search set forth at the beginning of each of ARM's April 4, 2023 Responses and Objections is only the "go-get" search that ARM is agreeing to conduct, which is separate and apart from ARM's broader custodial search for all responsive documents.  For example, in response to RFP No. 8, you explained that ARM will produce (i) any responsive documents it identifies as a result of a "go-get" search for documents "sufficient to show formal written statements to regulators or licensees setting forth Arm's understanding of the ownership rights to technology developed under an Arm ALA"; and (ii) any responsive documents ARM identifies as a result of a custodial search for "Documents and Communications concerning Arm's understanding of the ownership rights to technology created or produced by a licensee after entering into an ALA, including but not limited to statements made to regulators or licensees."  Thus, notwithstanding ARM's statement in its objections that it will interpret the phrase "Arm's understanding of the ownership rights" in RFP No. 8 to

"mean Arm's *formal written statements* to regulators or licensees related to ownership rights for technology under an Arm ALA" (emphasis added), ARM is only interpreting that phrase as such for purposes of the go-get search that ARM is agreeing to conduct.

We look forward to your response this week on the outstanding questions we discussed.  Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, June 30, 2023 6:15 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Following up on today's meet-and-confer, Arm will provide an update on Qualcomm's questions regarding Qualcomm's RFP Nos. 5, 6, 26, 27, 29, and IMs/Chat messages next week.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, June 26, 2023 10:43 AM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack

<JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel:

In connection with your second June 23, 2023 letter regarding the scope of ARM's production, we are available to meet and confer this Friday, June 30 from 10 a.m. ET until 12 p.m. ET.

Please let us know if that works for you.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Brickey, Sarah E. <SBrickey@mofo.com>
**Sent:** Friday, June 23, 2023 7:01 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached correspondence.

Best,

**Sarah E. Brickey**
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

**IIIORRISON**
**FOERSTER**

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Friday, June 16, 2023 9:47 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

Please see the attached correspondence in response to your June 8, 2023 email.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, June 12, 2023 9:59 PM
**To:** Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see the attached correspondence regarding your May 26 letters.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, June 8, 2023 7:01 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write regarding Qualcomm's request for a meet-and-confer on May 30 regarding "issues concerning ARM's anticipated scope of production."  Qualcomm again ignores Arm's confirmation in Arm's May 26 email (and many times before) that "Arm has always maintained, consistent with Rule 34 and the ESI order, that it will produce non-privileged, responsive documents located through agreed search terms and agreed custodians, unless Arm has specifically objected to the production of a specific category of documents."  Accordingly, Arm believes all issues regarding "ARM's anticipated scope of production" have already been resolved.  If Qualcomm holds a different view, please first identify and explain any "issues" that remain, so that Arm may evaluate whether there is a need to meet and confer to "go through ARM's R&Os on a RFP by RFP basis."

We will respond to the other issues in your June 1 email in a separate communication.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Thursday, June 1, 2023 11:50 AM
**To:** Li, Jack <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

Following up on the below, we write in response to your May 26 email.  We will separately respond to your May 26 letters.

At the outset, we note that ARM failed to respond to Qualcomm's request for a meet and confer on Tuesday (May 30), which once again delays our ability to resolve the outstanding issues concerning ARM's anticipated scope of production.  Given ARM's repeated refusal to provide clarification as to the anticipated scope of its production, we will need to go through ARM's R&Os on a RFP by RFP basis  in order to determine the exact scope of ARM's anticipated production.  Please propose a time tomorrow or early next week  to meet and confer.

Turning to the contents of your May 26 email, it distorts our discussion at the May 22 meet and confer in multiple ways, which we correct below.  We have replicated the section headers in your May 26 email, and provide our responses below.

Qualcomm's Responses to ARM's First Set of RFPs.

As we explained at the May 22 meet and confer, Qualcomm sought confirmation in its April 19 and May 16 letters regarding the scope of ARM's production because ARM has refused, over the last two months, to memorialize the anticipated scope of its production.  ARM verbally represented that it would produce documents responsive to Qualcomm's RFPs, despite its objections (other than privilege) that hit on agreed-upon search terms run over custodial documents, yet when Qualcomm asks ARM to confirm this in writing, ARM has refused to do so.  Nor has ARM explained why its prior verbal representations are inaccurate. Thus, we are left in the situation where we do not know whether ARM is withholding documents based on its objections, which is not tenable.

Qualcomm made clear at the May 22 meet and confer that it is not simply producing en masse documents that hit on search terms.  Rather,  Qualcomm's responses and objections specify the scope of Qualcomm's anticipated production, and Qualcomm has agreed to meet and confer regarding ARM's requests that are overbroad or confusingly worded.  Therefore, ARM's request that Qualcomm provide confirmation that it will follow the approach that ARM has represented it will follow is nonsensical.

Once again, as we said in our May 23 email, Qualcomm will produce the non-privileged documents that Qualcomm agreed to produce in its responses and objections.  For those RFPs for which Qualcomm agreed to meet and confer, Qualcomm needs additional clarification or narrowing before Qualcomm can adequately assess what documents it may be willing to produce in response.

With respect to Requests for Production 18, 26, 31, and 34, at the May 22 meet and confer, Qualcomm explained to ARM the reasons why these RFPs were either overbroad or confusing. As memorialized in my May 23 email, ARM agreed to provide additional information to Qualcomm that would help Qualcomm understand the intended scope of the requests in question and the kinds of documents ARM is seeking, to enable Qualcomm to determine how it could respond to these requests.

ARM has now completely reversed course and apparently refuses to provide  any of the promised information. Instead, ARM now requests that Qualcomm explain its grounds for "refusing" to produce documents regarding RFP Nos. 18, 26, 31, 34-38, 41, and 45.  But as Qualcomm made clear in its responses and objections, Qualcomm is *not* "refusing to produce" documents responsive to these requests.  Instead, as Qualcomm's responses make clear, Qualcomm is seeking

to meet and confer to appropriately narrow and clarify the scope of these RFPs, as Qualcomm reaffirmed in the parties' May 22 conversation regarding RFPs 18, 26, 31, and 34.

For RFP 26, ARM misrepresents the parties' discussion on the May 22 meet and confer. ARM states that "Qualcomm refuses to produce any documents responsive to these RFPs under 'overbroad' objections that Qualcomm refuses to clarify, perhaps because Qualcomm recognizes its objection may be resolved via the limitation of agreed search terms and agreed custodians." ARM completely ignores that, as Qualcomm explained on the May 22 meet and confer, this RFP essentially requests every communication that happens to relate to an architected core or SoC. Moreover, as Qualcomm also explained, it *is* producing documents responsive to this RFP, because it is so overbroad that it encompasses documents sought by other, narrower RFPs, to which Qualcomm has agreed to produce documents. In response to ARM's request that Qualcomm identify other RFPs that "purportedly overlap" with the RFPs in question, Qualcomm points to RFPs 21, 24, 39, and 40, just to name a few. ARM also asks that "to the extent Qualcomm will also withhold certain non-privileged documents located by agreed search terms and custodians that fall within the scope of what Qualcomm has agreed to produce in response to any other RFPs, Arm further requests that Qualcomm explain with specificity by June 2, 2023, the categories of documents that Qualcomm will withhold." This question does not make sense—to the extent search terms and custodial limitations pick up documents that Qualcomm has agreed to produce "in response to any other RFPs", Qualcomm will produce them.

ARM also complains that "even if documents are identified via agreed search terms and agreed custodians, Qualcomm apparently plans to apply some unspecified objections after the fact to withhold unspecified categories of responsive documents" and that "Qualcomm's agreement to a limited time period, set of custodians, and search terms should suffice to resolve any overbreadth concerns." ARM's complaint makes no sense—ARM essentially complains that Qualcomm has not agreed to produce all documents that hit on search terms. But Qualcomm will be undertaking a responsiveness review, as it is entitled to do.

ARM also asserts that "Qualcomm should clearly identify categories of documents it plans not to produce based on its specific objections to specific RFPs, so that Arm may evaluate Qualcomm's position and seek relief from the Court as needed." It's not clear what ARM is asking for—Qualcomm has specified what documents it intends to search for, and produce, in its responses and objections and in subsequent correspondence. If ARM would like to discuss with Qualcomm a specific category of documents that Qualcomm has not specified it will produce, Qualcomm is willing to do so.

ARM has also failed to provide the clarification that it agreed to provide regarding the terms "evaluated" and "manufacturing" as used in RFP 18, and a further explanation or a revised version of ARM's Request for Production No. 31, as discussed on the May 22 meet and confer. Given that Qualcomm's concerns related to these RFPs were not based on overbreadth and rather were requests for clarification, we do not see why ARM failed to provide the information that it promised previously or how its new request of Qualcomm would address these issues.

Qualcomm remains available to meet and confer regarding the RFPs in question, and we await any additional clarification or narrowing of scope that ARM chooses to provide. We note that we made clear on the May 22 meet and confer that we were willing to schedule another meet and confer to continue the discussion, yet you have not yet proposed a time.

<u>Interrogatory Responses</u>

ARM's insistence that Qualcomm supplement its Interrogatory responses in advance of ARM's own responses contradicts the courteous manner in which the parties have dealt with Requests for Production and Interrogatories so far. The recitation of the history of the parties' back and forth is not productive—where we are today is that both parties have agreed to supplement and we propose we agree on a date certain for both sides to do so. We propose the parties exchange supplements on June 23.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Zappala, Melissa Felder
**Sent:** Thursday, June 1, 2023 10:22 AM
**To:** 'Li, Jack' <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Jack—

I anticipate responding to your email later today. In the meantime, can you please provide confirm that we can share your correspondence regarding Mr. Son with Qualcomm in-house attorneys or alternatively provide us with a redacted version?

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, May 26, 2023 1:20 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Your email regarding the parties' meet-and-confer misrepresents Arm's positions, and further highlights the deficiencies in Qualcomm's responses to Arm's first set of RFPs.

**Qualcomm's Responses to Arm's First Set of RFPs**

First, your email misstates Arm's request for confirmation from Qualcomm.  During the meet-and-confer, Arm asked Qualcomm to confirm that it will not withhold documents that hit upon agreed search terms in the files of agreed custodians that are responsive to Arm's RFPs.  Qualcomm previously asked Arm to confirm the same: "Qualcomm seeks to obtain clarification: Other than on the grounds of privilege, ARM will not withhold any documents that hit upon search terms in the files of agreed upon custodians that address the topics requested by Qualcomm's document requests (other than RFP 27)."  Zappala Correspondence, dated May 1, 2023, at 7.  Qualcomm has refused to provide confirmation on the same issue for which it requested confirmation from Arm.

Arm asked for such confirmation because, during the meet-and-confer, Qualcomm stated that it plans to withhold at least some non-privileged, responsive documents located by agreed search terms and agreed custodians.  But Qualcomm declined to specify the categories of documents it plans to withhold, instead merely reciting boilerplate objections.

For example, Qualcomm did not contest during the meet-and-confer that RFP Nos. 18, 26, 31, and 34 seek relevant information.  Qualcomm also agreed on the meet-and-confer that at least some communications within the scope of Arm's RFP No. 26 are relevant to this case.  Nevertheless, Qualcomm refuses to produce any documents responsive to these RFPs under "overbroad" objections that Qualcomm refuses to clarify, perhaps because Qualcomm recognizes its objection may be resolved via the limitation of agreed search terms and agreed custodians.  Put another way, despite conceding the relevance of the requests, Qualcomm fails to identify portions of the request that are not overbroad, for which Qualcomm should produce responsive documents.

Qualcomm also apparently plans to withhold unspecified categories of non-privileged, responsive documents even where Qualcomm has agreed to produce documents in response to Arm's RFPs.  That is, even if documents are identified via agreed search terms and agreed custodians, Qualcomm apparently plans to apply some unspecified objections after the fact to withhold unspecified categories of responsive documents.  Qualcomm should clearly identify categories of documents it plans not to produce based on its specific objections to specific RFPs, so that Arm may evaluate Qualcomm's position and seek relief from the Court as needed.

Accordingly, Arm requests that Qualcomm explain with specificity by June 2, 2023, its grounds for refusing to produce documents responsive to RFP Nos. 18, 26, 31, 34-38, 41, and 45, including delineating the parts of each of these requests that are not overbroad.  For instance, Qualcomm's refusal to produce documents responsive to RFP 26 is seemingly based on the claim that "many documents responsive to RFP 26 are also responsive to other RFPs."  Qualcomm must identify any "other RFPs" purportedly overlapping with RFP 26, and explain why such overlap would justify non-production of relevant documents, particularly where the overlap with other RFPs instead suggests relevant and responsive documents should be produced regardless of any objections to RFP 26.  To the extent Qualcomm will also withhold certain non-privileged documents located by agreed search terms and custodians that fall within the scope of what Qualcomm has agreed to produce in response to any other RFPs, Arm further requests that Qualcomm explain with specificity by June 2, 2023, the categories of documents that Qualcomm will withhold.

Put simply, where Qualcomm has not identified specific categories of documents for which it objects to any production, Qualcomm's agreement to a limited time period, set of custodians, and search terms should suffice to resolve any overbreadth concerns. Accordingly, it is unclear that there is any legitimate basis for Qualcomm to withhold unprivileged documents responsive to portions of requests to which Qualcomm has not objected, and for which Qualcomm has agreed to a relevant time period, set of custodians, and search terms.

**Arm's Document Production**

The parties' meet-and-confer on May 22, which your email purports to "memorialize," concerned Qualcomm's RFP responses, rather than Arm's document production.  Accordingly, your statements regarding Arm's document production appear to be an attempt to distract from the Qualcomm deficiencies at issue.  Regardless, Qualcomm's interpretation of Arm's planned document production, as repeated in your email, is skewed.  Arm has always maintained, consistent with Rule 34 and the ESI order, that it will produce non-privileged, responsive documents located through agreed search terms and agreed custodians, unless Arm has specifically objected to the production of a specific category of documents.  As discussed above, Qualcomm's refusal to do the same is concerning.

**"Outstanding Issues"**

Regarding Qualcomm's delay in supplementing its responses to Arm's interrogatories, you refer to Arm's agreement to supplement less than two weeks ago.  However, Qualcomm committed to supplementing its responses to Interrogatory Nos. 1-4, and 6 more than a month ago.  Please confirm the date by which Qualcomm will provide its supplemental responses to Arm's Interrogatory Nos. 1-4, and 6, which obviously should precede any supplementation by Arm.

Please also see the attached correspondence.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Wednesday, May 24, 2023 12:35 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel,

We write to memorialize yesterday's meet and confer and follow up on other outstanding issues.

## A. <u>Summary of Meet and Confer</u>

Below we outline the issues we discussed on yesterday's meet and confer  —  Please let us know if any of the below is inconsistent with your recollection.

- **<u>Anticipated Scope of Qualcomm's Planned Production</u>**
  - ○ ARM requested that Qualcomm confirm that, with respect to Qualcomm's anticipated production, Qualcomm would not withhold documents that hit on search terms in the files of agreed upon custodians other than on grounds of privilege.  Qualcomm has never made any such representation.  ARM stated that its request was based on the fact that Qualcomm had previously requested the same confirmation from ARM.  This is inconsistent with the actual language of the confirmation that Qualcomm requested (in its April 19 and May 16 letters).  Qualcomm requested confirmation from ARM regarding the scope of ARM's production in light of how ARM has, during the parties' meet and confers, described the scope of its anticipated production (and yet, for whatever reason, declines to confirm the scope of its production in writing).  The fact that ARM made such representations does not mean that Qualcomm must do the same.

  - ○ As Qualcomm explained on the meet and confer, Qualcomm's responses and objections specify the scope of what Qualcomm will agree to produce.  Qualcomm repeatedly explained that a number of ARM's RFPs were overbroad, but that Qualcomm was willing to meet and confer to see if the parties could agree on a narrowed scope of production.  For example, some of ARM's RFPs are so overbroad that they would encompass nearly every document related to the Phoenix Core, even if not related to this case.  Qualcomm pointed out that it has repeatedly offered to meet and confer about its responses and objections, and ARM had not—until yesterday—taken up Qualcomm on this offer.

  - ○ Instead of engaging on a RFP-by-RFP basis, ARM kept requesting that Qualcomm globally confirm that Qualcomm would not withhold documents that hit on search terms that were otherwise "responsive" to ARM's document requests.  But as Qualcomm repeatedly pointed out, the premise of this question is flawed.  First, responsiveness is based on Qualcomm's responses and objections, not on the scope of ARM's document requests. Second, some document requests are so overbroad that they encompass other document requests for which Qualcomm has agreed to produce documents.  Qualcomm repeatedly explained that Qualcomm will produce the documents that it has agreed to produce (and is willing to meet

and confer with ARM to narrow the scope of other RFPs), but Qualcomm needs further clarity on RFPs that are confusingly worded or overbroad.  As Qualcomm explained, the purpose of the meet and confer was to address these issues.

- **Document Production Process**
  - ARM proposed that both parties could run search terms across custodial populations, review for privilege, and then produce all documents that hit on the search terms.

  - As Qualcomm explained, it will not agree to that proposal, and Qualcomm will instead proceed according to the standard process of document review where documents will be searched according to search terms and then reviewed for responsiveness based on Qualcomm's responses and objections.

  - However, to the extent ARM wants to comply with its own proposal, Qualcomm has no objection, unless such a process would result in a voluminous document dump of irrelevant documents.

- **RFP 18**
  - RFP 18 requests "Documents, Communications, and Things sufficient to show the process by which each Nuvia-based Product is or will be manufactured, tested, or evaluated."

  - Qualcomm explained that it had objected to the production of documents regarding manufacturing because, given that this case concerns the development and design of CPUs, it is unclear why manufacturing is relevant.  Qualcomm requested that ARM provide an explanation of why "manufacturing" is relevant, which Qualcomm will then consider.  On the meet and confer, ARM said it would consider providing Qualcomm with a further explanation of why "manufacturing" is relevant; Qualcomm awaits this explanation.

  - ARM also asked why Qualcomm had objected to production of documents regarding "evaluation."  Qualcomm explained that this term was overbroad and it was not clear what ARM meant by it—Qualcomm said if ARM could clarify the meaning of this term, Qualcomm would consider.  ARM explained that this term refers to "testing for purposes of verification," although ARM stated that it would take that language back to ensure that is the correct phrasing that was intended by the term "evaluation."

- **RFP 22**

o RFP 22 requests "All Documents, Communications, and Things that Refer or Relate to Arm's ████████ product."  ARM asked Qualcomm why it had requested to meet and confer regarding the relevance and scope of this request.  Qualcomm noted that in its March 30 letter Qualcomm agreed to produce documents in response to this request.

- **RFP 26**

  o RFP 26 requests "All Communications Related to a custom core, core, processor, or design developed under or licensed by the Nuvia or Qualcomm ALAs since January 1, 2019."

  o In response to ARM's question regarding whether Qualcomm constructed search terms specifically in response to the request, Qualcomm explained that because of the overbreadth of the request, many documents responsive to RFP 26 are also responsive to other RFPs.  Thus, some of Qualcomm's search terms will capture documents that are also responsive to RFP 26.  However, as Qualcomm explained, Qualcomm will not produce documents responsive to RFP 26 that are not otherwise responsive to other RFPs.  Qualcomm asked that ARM provide a proposal to narrow the scope of the RFP or an explanation of what RFP 26 was intended to capture that was not captured through other document requests.  ARM initially refused to narrow the request or to provide an explanation of what ARM intended to capture in crafting RFP 26 that would not be captured by other RFPs.  Ultimately, however, ARM said it will provide a proposal of categories captured by RFP 26 and not by other RFPs for Qualcomm to review and consider.

- **RFP 31**

  o RFP 31 seeks "All Documents, Communications, and Things Regarding any actual or potential assignment, amendment, or novation to any Arm license agreements in connection with Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including Regarding any impact of, connection to, or conflict between any actual or potential assignment, amendment, or novation, and Your existing contractual obligations to Arm."

  o Qualcomm asked for clarification regarding what ARM is asking for with this request.  ARM said that settlement communications between Qualcomm and ARM would be an example.  As an initial matter, it is not clear why settlement communications between ARM and Qualcomm would not already be in ARM's possession, custody, or control.  Moreover, given the confusing manner in which this request is formulated, Qualcomm asked

that ARM revise the request to clarify what it is asking for.  Qualcomm will consider it once Qualcomm has seen a revised version.

- **RFP 34**
    - o RFP 34 seeks "All Documents, Communications, and Things that summarize, describe, or Refer to any progress toward completion of the Nuvia Technology or Nuvia-based Products as an "ARM Compliant Core" under either the Nuvia or Qualcomm ALAs, including any internal presentations, PowerPoints, graphics, or other Documents or Communications Regarding any progress, plans, or development cycles, and including such Documents and Communications (1) before Qualcomm acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA."

    - o Qualcomm explained that this request is similar to RFP 26 in that it is also overly broad.  If ARM can identify the scope of documents it seeks that are responsive to RFP 34 but not captured by other RFPs, Qualcomm will consider a request to produce such documents.

- **Scope of ARM's production**
    - o Qualcomm referred ARM to its May 16 letter, in which Qualcomm requested written confirmation of ARM's scope of production by May 22.  Yet again, ARM has failed to provide any written confirmation, despite stating at the parties' May 12 meet and confer that ARM understood Qualcomm's request and would respond to it.  ARM has repeatedly obstructed Qualcomm's attempts to obtain clarification or confirmation.  In Qualcomm's April 19 letter, Qualcomm stated, "it is our understanding that, although ARM has asserted multiple objections in its Amended R&Os, once ARM and Qualcomm agree on custodians and search terms, ARM will run the search terms against the custodians, and will, after review, produce any non-privileged documents responsive to Qualcomm's Requests other than RFP 27, so long as they fall within the identified relevant time period.  In other words, ARM will not withhold documents resulting from such searches based on any of its previously articulated objections such as overbreadth and relevance, except for privilege.  Please confirm in writing that our understanding is correct by Friday April 21."  ARM refused to provide the requested confirmation, and instead responded on April 26 that "Arm has repeatedly made clear (via its responses, correspondence, and discussions with Qualcomm) that, for the vast majority of Qualcomm's requests, Arm is willing to produce responsive, non-privileged documents in its possession, custody, or control that it can locate after a reasonable,

targeted search."  This response did not provide any clarification regarding the extent to which ARM is relying on its objections to limit the scope of its production.  In Qualcomm's May 1 letter, Qualcomm wrote, "Once more, Qualcomm seeks to obtain clarification: Other than on the grounds of privilege, ARM will not withhold any documents that hit upon search terms in the files of agreed upon custodians that address the topics requested by Qualcomm's document requests (other than RFP 27).  All of ARM's other objections, including overbreadth and relevance objections, will be dealt with through the negotiation of search terms and custodians.  Please provide us with written confirmation that this understanding is correct by May 4, 2023.  If it is not, please specify exactly how this description is incorrect."  ARM instead responded "Qualcomm should not assume that Arm agrees the steps Qualcomm has identified are required for either party, let alone that Arm will do the same, absent express agreement in writing by Arm."  ARM also stated that "Arm has agreed to nothing beyond what is in the relevant orders and Arm's written communications and responses."

o   Further, ARM's May 11 letter criticized Qualcomm's attempt to get clarity on this point as supposedly seeking to "dictate how Arm must meet its discovery obligations."  As explained in Qualcomm's May 16 letter, Qualcomm does not intend to "dictate" ARM's discovery process.  We are trying to get confirmation from ARM about exactly what ARM is agreeing to produce, which Qualcomm has sought to understand since the parties' first meet and confer on March 23, 2023.  On the May 12 meet and confer, we again explained our goal in requesting written confirmation.  At that meet and confer, ARM stated that it understands Qualcomm's inquiry and would review the description in Qualcomm's May 1 letter for accuracy.

o   Given that we have not received any written confirmation after making repeated requests over the course of two months, we must schedule additional meet and confers in order to go request by request with ARM in order to determine the planned scope of ARM's production.  Please provide your availability for a meet and confer on May 30.  We are available from 1:30 – 3:00 P.M. EST.

## B. <u>Outstanding Issues</u>

In Qualcomm's May 16 letter, Qualcomm requested that ARM confirm a number of things by yesterday, May 22.  Yet, Qualcomm has heard nothing from ARM.  Qualcomm asked that ARM provide a written explanation of whether ARM makes use of an IM/chat system, and whether and how it plans to search that system.  Qualcomm also asked for a detailed proposal for how ARM intends to access and search for Mr. Son's responsive documents.  ARM has failed to provide any

response.  We again request that ARM provide us with its position on these issues.  If ARM does not provide a response by the end of this week (May 26), we will assume the parties have reached an impasse on these issues.

As a reminder, we asked that ARM provide, by tomorrow, clarification of whether and how ARM plans to adjust its search terms to address the deficiencies that Qualcomm identified.

Additionally, we note that on May 19 ARM asked Defendants to supplement Interrogatory Nos. 1-4, and 6 by May 31, 2023.  However, ARM agreed on May 11 to supplement a number of its deficient interrogatory responses.  A reasonable path forward is for the parties to agree on a mutually acceptable date to supplement their respective interrogatory responses.  We are willing to discuss a date on our May 30 meet and confer, assuming ARM is available then.


Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Thursday, May 18, 2023 11:31 AM
**To:** Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available to meet and confer on Monday (5/22) from 2:30 – 3:30 PM EST.

Thanks,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

23

1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, May 18, 2023 9:27 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available to meet and confer regarding Qualcomm's R&Os to Arm's First Set of Requests for Production tomorrow (5/19) after 2:30 PM ET, or on Monday (5/22) from 2:30 to 4:30 PM ET.  Please let us know if either day works for Qualcomm.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Friday, May 12, 2023 4:04 PM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel,

We are available to meet and confer regarding Qualcomm's search terms and R&Os to ARM's First Set of Requests for Production at the following times next week:

Monday 5/15 from 2:30-3:30PM EST
Tuesday 5/16 from 12-2PM EST or 5:30-7:30PM EST
Wednesday 5/17 from 3-5:30PM EST

We will plan respond to your 5/11 letters early next week.

Thanks,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Brickey, Sarah E. <SBrickey@mofo.com>
**Sent:** Friday, May 12, 2023 11:40 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached.

Best,

**Sarah E. Brickey**
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO

# MORRISON
# FOERSTER

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Friday, May 12, 2023 7:40 AM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack

<JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>;
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel,

In the letter that you sent us yesterday regarding search terms, you stated that you were attaching a list of your search terms broken out into 398 unique search terms.  We have not yet received this list, which is important for today's meet and confer.  Please send it to us as soon as possible.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Brickey, Sarah E. <SBrickey@mofo.com>
**Sent:** Thursday, May 11, 2023 3:10 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>;
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached correspondence.

Best,

**Sarah E. Brickey**
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO

# MORRISON FOERSTER

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Wednesday, May 10, 2023 10:51 AM
**To:** Li, Jack <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Jack,

Thanks for letting us know. 2 PM Friday still works for us. I will send the invite shortly.

-Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, May 10, 2023 8:34 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We appreciate your provision of a redacted version of Qualcomm's May 1, 2023, letter regarding custodians, and we confirm that Arm has complied with the Protective Order's provisions regarding disclosure of designated materials.

We believe it makes sense to meet and confer after Arm provides its written responses to the Qualcomm correspondence referenced below.  We are available to meet and confer on Friday, May 12, at 2 PM ET.  Please let us know if that day/time still works.

Best regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, May 8, 2023 8:34 PM
**To:** Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel,

We have attached a redacted version of the May 1, 2023 letter regarding custodians.  We note that ARM's May 1, 2023 letter regarding search terms addresses ARM's RFPs, which ARM designated as "Confidential" under the Protective Order.  That said, in the interest of advancing our discussions regarding search terms, Qualcomm will waive its own confidentiality designations for the May 1, 2023 letter regarding search terms for the express purpose of communication between outside counsel for ARM and ARM in-house counsel.  This limited waiver is not intended to imply that the letter can be shown or transmitted for other purposes or to other individuals.  Qualcomm has also not received a signed "Declaration to be Bound" for any ARM personnel.  Have any ARM personnel signed the "Declaration to be Bound" or received any materials marked "Confidential" under the Protective Order?

We further note that, in addition to the two May 1 letters, ARM has not responded to Qualcomm's April 19, 2023 letter regarding deficiencies in ARM's Objections and Responses to Qualcomm's First Set of Interrogatories or to Qualcomm's May 2, 2023 email regarding search terms.  Please let us know when we can expect to receive answers to these communications.

We are available to meet and confer regarding search terms and custodians this week.  Our availability is as follows:

- Wednesday (5/10) – 4:30-6:00PM EST
- Thursday (5/11) – 3:00-4:00PM or 6:00-8:00PM EST
- Friday (5/12) – 2:00PM – 6:00PM EST

Best,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, May 8, 2023 9:18 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We plan to provide a written response shortly to the letters you sent regarding custodians and search terms, both of which were marked Highly Confidential/Attorneys' Eyes Only.  Could you please provide redacted versions that we can share with our client?

Thank you.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, May 1, 2023 11:46 PM
**To:** Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

Counsel,

Please see the attached correspondence.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, April 28, 2023 6:34 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Your email conveniently ignores that that Arm suggested an exchange of search terms during the week of April 17, but Qualcomm proposed the parties instead wait until this week (April 25) to do so.  Given Qualcomm's general lack of urgency regarding discussion and exchange of search terms so far, it is difficult to understand your concern about a two-business-day difference in the timing of the related meet-and-confer.

We do not believe it is a productive use of the parties' resources to debate insignificant scheduling issues.  But if you insist on doing so, please accurately reflect Qualcomm's role in the relevant timing of events.

We look forward to speaking with you Monday about search terms (there appears to be an error in your email below, which refers to the subject of the Monday meet and confer as "document requests," even though it seems clear from the rest of your email that you likely mean "search terms").  Thanks, and enjoy the weekend.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Thursday, April 27, 2023 9:18 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

Counsel,

On Friday April 21 we asked to meet and confer about search terms today, April 27. On Monday April 24, ARM said it would be available for a "preliminary" meet and confer today, with a follow up meet and confer on May 1 at 12 PM ET.  On April 25 we reiterated our request for a meet and confer today and provided a 4.5 hour window of availability.  Yet, we did not hear from you about meeting and conferring today until last night, when you said ARM was not available. On April 25, we also provided a 4.5 hour window of availability for a May 1 meet and confer, including during the 12 PM window you originally proposed.  Instead, late last night you sent an email indicating you have 30 minutes of availability tomorrow April 28, or on May 2 for only 1 hour from 4-5 PM.

We need to set aside time to meet and confer about the document requests, so that we can proceed expeditiously.   We understand from the email you just sent that you do have availability on May 1, so let's proceed with 12 PM on May 1.

We will separately respond to your other correspondence.

-Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Thursday, April 27, 2023 8:50 PM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F.

<SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Vrana, Robert <RVrana@ycst.com>
Subject: RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Given that we have not heard from you about meeting tomorrow, please confirm whether you are available to meet and confer on Monday May 1 at either 12pm or 1pm ET, which we understand is during the window you previously indicated you were available.

Best,
Lydia

---

From: Brickey, Sarah E. <SBrickey@mofo.com>
Sent: Wednesday, April 26, 2023 7:18 PM
To: Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
Cc: Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>
Subject: RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are not available on Thursday during the time you proposed below.  We are available to meet and confer on Friday (April 28) from 12-12:30pm ET, and on Tuesday (May 2) from 4-5pm ET.

As Arm has repeatedly confirmed, Arm's responses to Qualcomm's RFPs speak for themselves.  To the extent Qualcomm's "understanding" is different from Arm's responses to Qualcomm's RFPs, we disagree.

Best,

Sarah E. Brickey
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO

IIIORRISON
FOERSTER

---

From: Braly, Jacob <jbraly@paulweiss.com>
Sent: Tuesday, April 25, 2023 4:27 PM
To: Davenport, Lydia <LDavenport@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
Cc: Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine

<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Butwin, Alexander M
<abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel,

Pursuant to the parties' agreement, attached are Qualcomm's proposed search terms.  The first tab lists search terms to be applied to rich text documents (i.e. searchable documents with text).  The second tab lists search terms to be applied to Instant Messages/Chats.   Qualcomm reserves the right to modify these terms.

In light of the relatively short period that the parties have to complete document production, the parties need to meet and confer as soon as possible.  To that end, the parties should begin discussing the search terms on Thursday April 27.  We are available any time between 11:00 - 3:30PM EST, if there is a time in there at works for you.  We can also plan to schedule a call for May 1, so that we have the time available as needed, but we do not view the Thursday call as "preliminary" and expect that ARM be prepared for that call, including by reviewing the exchanged search terms, which should not take six days.  On May 1, we are available between 12:00 and 4:30PM EST.

In addition, ARM has failed to provide written confirmation regarding Qualcomm's understanding of the scope of ARM's production, despite the request in Qualcomm's April 19 letter for written confirmation by April 21.  Accordingly, Qualcomm will proceed with the understanding that the position as articulated in the April 19 letter is correct.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 24, 2023 8:43 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We propose 12 PM ET on Monday, May 1 to meet and confer regarding search terms so that the parties have a chance to review the exchanged search terms before discussing.  If you would like to have a preliminary discussion on Thursday, April 27, please let us know, and we can find a time.

Best,
Lydia

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Friday, April 21, 2023 11:54 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

We are currently due to exchange search terms on Tuesday.  In advance of our exchange, we think it makes sense to get a meet and confer scheduled for Thursday April 27 to discuss the search terms, to ensure that the document production process moves expeditiously.  Can you please let me know your availability?

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Zappala, Melissa Felder
**Sent:** Tuesday, April 11, 2023 5:35 PM
**To:** 'Davenport, Lydia' <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Thank you, I will circulate a link.

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Tuesday, April 11, 2023 5:24 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available at 2pm ET on Thursday.

Best,
Lydia

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Tuesday, April 11, 2023 1:27 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

Counsel,

We write in advance of our discussion on search terms. We have reviewed ARM's Paragraph 3 disclosures and, based on our investigation to date, request that the following individuals be added as "agreed-upon custodians." Our investigation is ongoing, and Qualcomm reserves the right to request additional custodians as the case progresses.

1. Chris Bergey
2. David Brittain
3. Dawn Hill
4. James Hodgson
5. Andrew Howard
6. Stefan Rosinger
7. Masayoshi Son
8. Christine Cong Tran
9. Antonio Viana

We look forward to discussing—please confirm if you are available on Thursday.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Zappala, Melissa Felder
**Sent:** Monday, April 10, 2023 12:27 PM
**To:** 'Davenport, Lydia' <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Lydia,

Thank you for your email. We were trying to move a few things around, but can't make 3 PM today work.  Due to some conflicting schedules, could we plan to meet on Thursday? We are generally available in the afternoon after 1 PM EST if there's something in there that works for you.  In advance of our meet and confer, please see attached correspondence. We also anticipate providing in the next day or so a list of additional individuals that are relevant to this dispute but were not included in ARM's Paragraph 3 custodian list, and look forward to discussing both parties' proposed custodians on our next meet and confer.  We would also like to complete the meet and confer on ARM's responses and objections

to Qualcomm's RFPs during that meet and confer, and suggest the parties allocate 1.5 hours for the meet and confer to ensure we have sufficient time to complete the discussion.

Thank you,
Melissa


**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 10, 2023 12:14 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Not having heard whether the proposed time for today works, please let us know if there are times tomorrow or Wednesday when you are available to meet and confer regarding custodians and the schedule for the exchange of search terms.

Best,
Lydia

**LYDIA DAVENPORT**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7707
mofo.com | LinkedIn | Twitter

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Date:** Friday, Apr 07, 2023 at 12:37 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>, Vrana, Robert <RVrana@ycst.com>, Jacobs, Michael A. <MJacobs@mofo.com>, Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>, Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>, Isaacson, William A <wisaacson@paulweiss.com>, Nyarady, Catherine <cnyarady@paulweiss.com>, Morgan, Erin J <ejmorgan@paulweiss.com>, Braly, Jacob <jbraly@paulweiss.com>, Butwin, Alexander M <abutwin@paulweiss.com>, Ying, Jennifer <jying@morrisnichols.com>, Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>, Li, Jack <JackLi@mofo.com>, Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We're available to meet at 3pm ET on Monday to discuss custodians and the schedule for the exchange of search terms.

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Monday, April 3, 2023 4:05 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Thanks, Lydia. Will do.

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 3, 2023 5:34 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Melissa,

Thanks for your email.  We are available to meet and confer at 3pm ET on Thursday.  Could you please circulate a calendar invite?

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Monday, April 3, 2023 10:03 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A.

<[MJacobs@mofo.com](mailto:MJacobs@mofo.com)>; Olson, Erik J. (Palo Alto) <[EJOlson@mofo.com](mailto:EJOlson@mofo.com)>; Llewellyn, Scott F. <[SLlewellyn@mofo.com](mailto:SLlewellyn@mofo.com)>;
Liou, Joyce <[JLiou@mofo.com](mailto:JLiou@mofo.com)>
**Cc:** Dunn, Karen L <[kdunn@paulweiss.com](mailto:kdunn@paulweiss.com)>; Isaacson, William A <[wisaacson@paulweiss.com](mailto:wisaacson@paulweiss.com)>; Nyarady, Catherine
<[cnyarady@paulweiss.com](mailto:cnyarady@paulweiss.com)>; Morgan, Erin J <[ejmorgan@paulweiss.com](mailto:ejmorgan@paulweiss.com)>; Braly, Jacob <[jbraly@paulweiss.com](mailto:jbraly@paulweiss.com)>;
Butwin, Alexander M <[abutwin@paulweiss.com](mailto:abutwin@paulweiss.com)>; Ying, Jennifer <[jying@morrisnichols.com](mailto:jying@morrisnichols.com)>; Blumenfeld, Jack
<[JBlumenfeld@morrisnichols.com](mailto:JBlumenfeld@morrisnichols.com)>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN


<mark>**External Email**</mark>

---

Scott,

████████████████████████████

I am reaching out to follow up on our March 23 meet and confer.  You indicated ARM was planning to amend
its responses and objections, and would provide the amended responses last week. We still have not received
them, and do not want to further delay the meet and confer process while we await the amended
responses.  Accordingly, we would like to continue the meet and confer as soon as possible this week and also
discuss exchanging custodian lists per my March 31 letter. We are available tomorrow between 1 and 3 PM ET
or Thursday between 3 and 4 PM ET.  Please let us know if you are available during these windows.

Thank you,
Melissa
**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
[mzappala@paulweiss.com](mailto:mzappala@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <[LDavenport@mofo.com](mailto:LDavenport@mofo.com)>
**Sent:** Friday, March 17, 2023 4:14 PM
**To:** Zappala, Melissa Felder <[mzappala@paulweiss.com](mailto:mzappala@paulweiss.com)>; Vrana, Robert <[RVrana@ycst.com](mailto:RVrana@ycst.com)>; Jacobs, Michael A.
<[MJacobs@mofo.com](mailto:MJacobs@mofo.com)>; Olson, Erik J. (Palo Alto) <[EJOlson@mofo.com](mailto:EJOlson@mofo.com)>; Llewellyn, Scott F. <[SLlewellyn@mofo.com](mailto:SLlewellyn@mofo.com)>;
Liou, Joyce <[JLiou@mofo.com](mailto:JLiou@mofo.com)>
**Cc:** Dunn, Karen L <[kdunn@paulweiss.com](mailto:kdunn@paulweiss.com)>; Isaacson, William A <[wisaacson@paulweiss.com](mailto:wisaacson@paulweiss.com)>; Nyarady, Catherine
<[cnyarady@paulweiss.com](mailto:cnyarady@paulweiss.com)>; Morgan, Erin J <[ejmorgan@paulweiss.com](mailto:ejmorgan@paulweiss.com)>; Braly, Jacob <[jbraly@paulweiss.com](mailto:jbraly@paulweiss.com)>;
Butwin, Alexander M <[abutwin@paulweiss.com](mailto:abutwin@paulweiss.com)>; Ying, Jennifer <[jying@morrisnichols.com](mailto:jying@morrisnichols.com)>; Blumenfeld, Jack
<[JBlumenfeld@morrisnichols.com](mailto:JBlumenfeld@morrisnichols.com)>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Melissa,

That time works on our end.  Could you please circulate a meeting invite?  Thank you.

Best,
Lydia

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Friday, March 17, 2023 6:35 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

Counsel,

We are reviewing your response.  In the meantime, are you available to meet and confer regarding ARM's R&Os on Thursday March 23 at 3 PM ET?

We will plan to separately provide a written response to your March 15 letter re: QC's R&Os, and will be available to meet and confer regarding those R&Os afterwards.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Tuesday, March 14, 2023 8:11 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached.

Best,
Lydia


**LYDIA DAVENPORT**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6036
mofo.com | LinkedIn | Twitter

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Tuesday, March 7, 2023 3:56 PM
**To:** Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto)
<EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Davenport, Lydia
<LDavenport@mofo.com>; Cline, Brenden J. <BCline@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine
<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>;
Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>
**Subject:** ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN


<mark>External Email</mark>



Counsel,

Attached please find correspondence related to ARM's responses and objections to Defendants' RFPs.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.


=========================================================================


This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

======================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is

prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

Morrison & Foerster LLP's [Privacy Policy](#).
.