# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1146 (MN) |
| ) | |
| QUALCOMM INC., QUALCOMM ) | |
| TECHNOLOGIES, INC. and NUVIA, INC., ) | |
| ) | |
| Defendants. ) | |

**QUALCOMM'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 37 - 50)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Defendants" or "Qualcomm") request that Plaintiff ARM Ltd. ("ARM") serve Qualcomm with its written responses to these requests for production and produce copies of the Documents and things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

**INSTRUCTIONS**

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature. If, after producing the requested Documents and things, ARM obtains or becomes aware of any further responsive Document or thing, ARM must produce to Qualcomm such additional Document or thing.

2. If ARM withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, ARM shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3. If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs. To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4. If an objection is asserted with respect to any request for production of any Document or thing, ARM shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that ARM claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5. If an objection is asserted with respect to any request for production of any Document or thing, ARM shall state whether ARM is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6. If ARM claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, ARM may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7. If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9. Responsive Documents or things should not be limited solely to those under ARM's physical custody, but should include those that are under its "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10. None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11. No request shall be read as limiting any other request.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1. The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

3

2. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

3. "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

4. "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

5. "Plaintiff," "ARM," "you," and "your" mean Plaintiff ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

6. "Defendants" means, collectively, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., Nuvia, Inc., and their principals, employees, representatives, agents, and officers.

7. "Complaint" means the Complaint filed by ARM in the District of Delaware on August 31, 2022, captioned *ARM Ltd.* v. *Qualcomm*, No. 22-1146 (MN).

8. "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

9. "TLA" means Technology License Agreement, including all amendments and annexes to any such agreement.

10. "Phoenix Core" means the central processing unit for which Qualcomm submitted a compliance report to ARM on February 1, 2022

11. "SoC" means "Systems-on-a-Chip," which are integrated circuits used in computers and other electronics that combine many elements of a computer system into a single chip.

12. "Person" means any natural person or any business, legal, governmental, or regulatory entity or association (including ARM), whether or not in the employ of ARM, and the "acts" of a Person (including ARM) are defined to include acts of trustees, directors, officers, owners, members, employees, agents, or attorneys acting on the Person's behalf.

13. "License Agreement" means an ALA or TLA, as defined above.

14. As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

5

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to negotiations and licensing of ARM's ▮▮▮▮▮▮▮▮▮▮ products, including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to internal discussions regarding negotiations and licensing of ARM's ▮▮▮▮▮▮▮▮▮▮ products, including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning the change of user access credentials on connect.arm.com in 2021 for former Nuvia employees, including any documents related to changing credentials from Nuvia email addresses to Qualcomm email addresses.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents shared by ARM with Nuvia on connect.arm.com from the execution date of Nuvia's ALA and TLA agreements until the present.

**REQUEST FOR PRODUCTION NO. 41:**

All Communications with Masayoshi Son about Defendants, Defendants' license agreements, the above-captioned litigation, or any dispute between ARM and Defendants.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications with Masayoshi Son about Qualcomm's acquisition of Nuvia, including Communications prior to the acquisition.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications by Masayoshi Son to third parties, including original equipment manufacturers, regarding Defendants, including their license agreements, since March 2021.

**REQUEST FOR PRODUCTION NO. 44:**

All Communications with Masayoshi Son regarding negotiation and licensing of ARM's ▮▮▮▮▮▮▮▮▮▮▮▮▮ products, including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the drafting, negotiation, interpretation and construction of any versions of Qualcomm's ALA and TLA, from the beginning of the relationship between Qualcomm and ARM, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; and (c) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, derivative, and Derivative.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning the allegations in Paragraph 21 of your Complaint (D.I. 1), including but not limited to the assertion that "Arm also provided substantial, crucial, and individualized support from Arm employees to assist Nuvia in its development of Arm-based processors for data center servers."

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications referenced, relied upon, used in drafting, identified, described, or referred to in ARM's responses to Qualcomm's interrogatories.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications regarding differences in the royalty rates paid by Qualcomm to ARM as compared to royalty rates paid to ARM by other licensees.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning the definition of a "derivative" as utilized in ARM's ALAs or TLAs with all licensees, including but not limited to Defendants.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications between ARM and third parties, including regulators, investors, and Softbank, regarding Qualcomm's acquisition of Nuvia.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jennifer Ying* |
|  | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| Karen L. Dunn | Jennifer Ying (#5550) |
| William A. Isaacson | 1201 North Market Street |
| Melissa F. Zappala | P.O. Box 1347 |
| PAUL, WEISS, RIFKIND, WHARTON | Wilmington, DE 19899 |
|    & GARRISON LLP | (302) 658-9200 |
| 2001 K Street, NW | jblumenfeld@morrisnichols.com |
| Washington, DC 20006-1047 | jying@morrisnichols.com |
| (202) 223-7300 |  |
|  | *Attorneys for Defendants* |
| Erin J. Morgan |  |
| PAUL, WEISS, RIFKIND, WHARTON |  |
|    & GARRISON LLP |  |
| 1285 Avenue of the Americas |  |
| New York, NY 10019-6064 |  |
| (212) 373-3000 |  |

April 5, 2023

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Michael A. Jacobs, Esquire<br>Joyce Liou, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA 94304<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO 80202-5638<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)