# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | **CONFIDENTIAL** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## QUALCOMM'S THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 51 - 54)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Defendants" or "Qualcomm") request that Plaintiff ARM Ltd. ("ARM") serve Qualcomm with its written responses to these requests for production and produce copies of the Documents and things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

## INSTRUCTIONS

1.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature.  If, after producing the requested Documents and things, ARM obtains or becomes aware of any further responsive Document or thing, ARM must produce to Qualcomm such additional Document or thing.

2.     If ARM withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, ARM shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3.     If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs.  To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4.     If an objection is asserted with respect to any request for production of any Document or thing, ARM shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that ARM claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5.     If an objection is asserted with respect to any request for production of any Document or thing, ARM shall state whether ARM is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6.     If ARM claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, ARM may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7.     If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8.      If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9.      Responsive Documents or things should not be limited solely to those under ARM's physical custody, but should include those that are under its "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10.      None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11.      No request shall be read as limiting any other request.

### **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1.      The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001.  A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term.  The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

3.      "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

4.      "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

5.      "Plaintiff," "ARM," "you," and "your" mean Plaintiff ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

6.      "IPO" means ARM's proposed initial public offering, announced by ARM on April 29, 2023.

7.      "Anchor investor" means an institutional investor that subscribes to shares in a company before its initial public offering.

8.      As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 51:**

All Documents prepared for submission or submitted to any antitrust, competition, or regulatory entity or agency, including federal, state, and international, concerning the proposed acquisition of ARM by NVIDIA.

**REQUEST FOR PRODUCTION NO. 52:**

All Communications with any antitrust, competition, or regulatory entity or agency, including federal, state, and international, concerning the proposed acquisition of ARM by NVIDIA.

**REQUEST FOR PRODUCTION NO. 53:**

All Documents concerning ARM's announced IPO, including all drafts of, and any exhibits to, ARM's Form F-1, ARM's IPO Prospectus or any other registration statements filed with the Securities and Exchange Commission, as well as documents exchanged with potential anchor investors.

**REQUEST FOR PRODUCTION NO. 54:**

All Communications, including with third parties, concerning ARM's announced IPO that discuss or refer to this litigation, Qualcomm, or ARM's policies or strategies (including licensing) relating to ARM's intellectual property.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

Andrea L. D'Ambra
Susana Medeiros
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY  10019
(212) 318-3000

Kira Latham
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
(214) 855-8000

June 14, 2023

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on June 14, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire | *VIA ELECTRONIC MAIL* |
| Robert M. Vrana, Esquire | |
| Samantha G. Wilson, Esquire | |
| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | |
| Rodney Square | |
| 1000 North King Street | |
| Wilmington, DE  19801 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Michael A. Jacobs, Esquire | *VIA ELECTRONIC MAIL* |
| Joyce Liou, Esquire | |
| MORRISON & FOERSTER LLP | |
| 425 Market Street | |
| San Francisco, CA  94105 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Erik J. Olson, Esquire | *VIA ELECTRONIC MAIL* |
| MORRISON & FOERSTER LLP | |
| 755 Page Mill Road | |
| Palo Alto, CA  94304 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Scott F. Llewellyn, Esquire | *VIA ELECTRONIC MAIL* |
| MORRISON & FOERSTER LLP | |
| 4200 Republic Plaza | |
| 370 Seventeenth Street | |
| Denver, CO  80202-5638 | |
| *Attorneys for Plaintiff* | |

| | |
|---|---|
| Ruohan (Jack) Li, Esquire | *VIA ELECTRONIC MAIL* |
| Daniel P. Muino, Esquire | |
| MORRISON & FOERSTER LLP | |
| 2100 L Street, NW, Suite 900 | |
| Washington, D.C.  20037 | |
| *Attorneys for Plaintiff* | |

                                                          */s/ Jennifer Ying*

                                                          Jennifer Ying (#5550)