EXHIBIT 11

Vaughn, Madalyn

| | |
|---|---|
| **From:** | Li, Jack <JackLi@mofo.com> |
| **Sent:** | Monday, September 18, 2023 11:40 PM |
| **To:** | Vaughn, Madalyn; Llewellyn, Scott F. |
| **Cc:** | Zappala, Melissa Felder; Morgan, Erin J; Braly, Jacob; Dunn, Karen L; Isaacson, William A; Nyarady, Catherine; Ying, Jennifer; Brickey, Sarah E.; Butwin, Alexander M; Blumenfeld, Jack; Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Muino, Daniel P.; Mooney, Kyle W.; Fung, Nicholas Rylan; Patel, Fahd H.; Davenport, Lydia; Vrana, Robert; GRP-QC |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

Counsel,

We write in response to your September 14 email.  We disagree with Qualcomm's misstatement of the parties' positions and mischaracterization of the parties' prior communications regarding Qualcomm's document requests concerning Arm's IPO.  As Arm has repeatedly made clear, many of Qualcomm's requested documents concerning Arm's IPO are irrelevant and do not fall within the scope of FRCP 26(b), particularly when Arm has already used broad search terms that would capture potentially responsive documents.  Nevertheless, Arm offered various compromises to resolve Qualcomm's purported concerns, primarily to avoid burdening the Court with unnecessary disputes.  To that end, Arm offered to compromise by proposing reasonable modifications to Qualcomm's requested additional search terms to limit the undue burden and production of irrelevant documents imposed by Qualcomm's requests.

However, Arm understands Qualcomm has now rejected Arm's proposed compromises, with Qualcomm instead choosing to raise the issue with the Court before Arm could respond.  Arm will thus proceed consistent with Qualcomm's rejection of Arm's previously proposed compromises regarding Qualcomm's document requests concerning Arm's IPO.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, September 14, 2023 11:28 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email



Counsel:

We write in response to your September 13, 2023 email providing the hit count that Qualcomm requested on September 6, 2023 for Qualcomm's August 23, 2023 proposed search terms and ARM's September 1, 2023 counterproposal.  As Qualcomm stated in its September 6, 2023 email, and as further confirmed by the hit count provided in ARM's September 13, 2023 email, the search terms in ARM's counterproposal are artificially restricted and unlikely to capture all responsive documents.  Indeed, in a clear effort to improperly withhold responsive documents concerning ARM's IPO that ARM agreed to produce, two of the three search terms that ARM proposed hit on a total of **24 documents**, one of which hit on only **2 documents**.  While Qualcomm is willing to negotiate its proposed search terms in good faith, ARM has an obligation to do the same.  We trust that going forward ARM will do so.

With respect to the hit counts provided by ARM for Qualcomm's proposed search terms, please promptly confirm that these hit counts reflect the number of incremental documents that ARM would need to review for responsiveness.  In other words, please confirm that none of the 20,820 documents that hit on Qualcomm's first search term and none of the 117,333 documents that hit on Qualcomm's second search term are documents that also hit on any of the parties' other agreed-upon search terms.

While we reserve the right to modify Qualcomm's search term proposal based on ARM's confirmation requested above, for Qualcomm's first proposed search term that hits on 20,820 documents, Qualcomm's position is that this is a reasonable and proportionate number of documents for ARM to review.  ARM has agreed to produce documents concerning its IPO that, for example, discuss or refer to Qualcomm or this litigation, and this search term is narrowly targeted to capture those documents.  Moreover, ARM's confirmation that it has only produced 71 documents to date that hit on this search term is further confirmation that ARM has not adequately searched for documents responsive to Qualcomm's request.  Please promptly confirm that ARM will review and produce all responsive, non-privileged documents that hit on Qualcomm's first proposed search term, pasted below for reference:

- (Qualcomm OR QC OR Qcomm OR Qcom OR ██████████ OR Nuvia OR litigation) AND (IPO OR "initial public offering" OR F-1 OR "registration statement")

With respect to Qualcomm's second proposed search term, while the fact that ARM has only produced 77 documents to date that hit on this search term demonstrates again that ARM has not adequately searched for documents responsive to Qualcomm's request, as a potential compromise, Qualcomm is willing to consider the below-revised search term

subject to ARM promptly providing an updated hit report reflecting the total number of incremental documents that ARM would need to review as a result of running this search term:

- ("business model" OR "ALA" OR "TLA" OR ("licens*" W/5 agreement*") OR ("licens*" W/5 "customer*") OR (licens* W/5 technology)) AND (IPO OR "initial public offering" OR F-1 OR "registration statement")

Finally, as discussed during our September 13, 2023 meet and confer, Qualcomm again reiterates its document request—and the parties' agreement—that ARM will produce documents concerning its IPO that discuss or refer to Qualcomm, Nuvia, this litigation, any of the issues in this litigation (including the relief sought by ARM), and ARM's policies or strategies (including licensing) relating to ARM's technology or intellectual property.  Moreover, to be clear, documents concerning ARM's IPO may also be independently responsive to countless other Qualcomm RFPs that ARM agreed to produce documents in response to, including, for example, Qualcomm RFP Nos. 7, 8, 12, 25, 30, among others.  ARM is of course obligated to produce any such responsive documents.  ARM is also obligated to produce any known responsive documents irrespective of whether those documents hit on search terms.

Qualcomm reserves all rights.

Best,
Madalyn


**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, September 13, 2023 9:28 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Following up on Arm's September 12 email, please see below hit-counts for (1) Qualcomm's additional proposed search terms under Qualcomm's RFP 54, and (2) Arm's modified additional proposed search terms under Qualcomm's RFP 54.

- Qualcomm's additional proposed search terms:

| Qualcomm's additional proposed search term | Hit count including families | Documents produced to date which hit on search term |
|---|---|---|
| (Qualcomm OR QC OR Qcomm OR Qcom OR ███████ OR Nuvia OR | 20,820 | 71 |

| | | |
|---|---|---|
| litigation) AND (IPO OR "initial public offering" OR F-1 OR "registration statement") | | |
| (licens*) AND (IPO OR "initial public offering" OR F-1 OR "registration statement") | 117,333 | 77 |

- Arm's modified additional proposed terms:

| Arm's modified proposed search term | Hit count including families |
|---|---|
| ((((Qualcomm ~~OR QC~~ OR Qcomm OR Qcom OR Nuvia) w/15 litigation) OR ███████) AND (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 383 |
| (licens* w/5 (Qualcomm OR Qcomm OR Qcom OR ███████ OR Nuvia OR litigation)) w/15 (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 2 |
| ((licens* OR "intellectual property" OR IP) w/5 Strateg* OR polic*) w/15 (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 22 |

As these hit-counts confirm, Qualcomm's additional proposed search terms under Qualcomm's RFP 54 are overbroad and unduly burdensome, especially given that Arm's proposed search terms and production passed elusion testing with a rate of responsiveness significantly lower than 1% in the null set, far lower than the 10% maximum permitted by the ESI order.  Arm's proposed modifications to Qualcomm's additional proposed search terms are necessary to filter out non-responsive and irrelevant documents.

We trust that the hit-counts above resolve Qualcomm's concerns regarding additional proposed search terms under Qualcomm's RFP 54.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, September 13, 2023 4:31 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung,

Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel:

We write in response to your September 13, 2023 and September 12, 2023 emails concerning certain deficiencies in ARM's production that Qualcomm has identified, which we address in turn below.  While we appreciate ARM providing responses to certain of Qualcomm's outstanding questions, a number of ARM's responses raise even further issues that impact whether the parties are at an impasse.  We look forward to discussing the issues identified below on our 5:30 p.m. ET meet and confer this afternoon.

- **Masa Son documents**:  We appreciate ARM's confirmation that it will complete its review of the ████████ ████████████████████████ n mid-August and produce all responsive, non-privileged documents by Friday, September 15.  However, apart from confirming our suspicion that ARM was indeed insisting on an unnecessary search term negotiation with Qualcomm for weeks, ARM's email also confirms that there may be deficiencies in the original collection of Mr. Son's documents given the very limited number of documents identified for more than a four-year time period.  Apparently recognizing this, you state that ARM will "ask for additional information regarding the collection of documents in Mr. Son's role as Arm's chair" and expect to "provide that information by the end of the week."  (9/12/2023 Email from J. Li.)  However, this is precisely the "additional information" we have repeatedly requested for weeks in the form of a description of "the process Mr. Son employed to collect potentially relevant documents."  (*See, e.g.*, 9/11/2023 Email from M. Vaughn; 9/8/2023 Email from M. Vaughn; 9/6/2023 Email from M. Vaughn; 8/25/2023 Email from M. Vaughn; *see also* 8/9/2023 Email from M. Vaughn (requesting a description of the scope of Mr. Son's document collection); 8/1/2023 Email from M. Vaughn (same); 7/11/2023 Email from M. Vaughn (same)).  To ensure that the information you have agreed to provide by Friday, September 15 is comprehensive, please confirm that at a minimum ARM will clarify by Friday how the set o ███████████████████████████████ were identified.  Specifically, to date you've only represented your understanding that ████████████████████████ ████████████████████ (9/12/2023 Email from J. Li), but ARM has not explained—and we ask that ARM explain by Friday—for example ███████ ███████████████████████████████████████████████████████████████████████████████████ ███████████████████████ Qualcomm reserves the right to ask additional questions as necessary based on the explanation that ARM provides.

- **ARM ALAs and annexes thereto**:  We appreciate ARM's confirmation that it will complete its production of ALAs and annexes thereto by Friday, September 15.  However, we disagree that ARM's proposed responsiveness redactions for the agreements it has not yet produced and ARM's redactions of the recently produced set of agreements are appropriate.  As an initial matter, ARM's ALAs and annexes thereto are responsive *in their entirety* to Qualcomm's RFP No. 27, which seeks "[a]ll ALAs ARM has entered into with any party."  Qualcomm, did not, for example, seek the production of only certain provisions of ARM's ALAs and annexes thereto.  Accordingly, ARM's agreement to produce its ALAs and annexes thereto also did not include any such restriction.  Instead, ARM confirmed that it would "conduct[] a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27."  (7/25/2023 Email from J. Li.)  For that reason alone, we expect that ARM will produce unredacted copies of its ALAs and annexes thereto by Friday, September 15, including for any such agreements that were improperly produced to date with redactions.

Moreover, even if we were to credit ARM's position that certain portions of its ALAs and annexes thereto contain non-responsive information—which we disagree with for the reasons stated above—ARM's redactions still would not be appropriate under the ESI Order. The ESI Order provides that non-responsive Confidential information "may be redacted from a document *only if the document can be redacted without obscuring otherwise responsive information*." (ESI Order § 2(j) (emphasis added).) Here, ARM's redactions to its agreements produced to date are extensive and preclude the ability for Qualcomm to adequately review and comprehend the terms of the relevant agreements. For example, in ARM_01240470, ARM redacted at least 15 definitions set forth at the beginning of the contract as well as numerous provisions in their entirety. For this additional reason we ask that ARM promptly confirm it will produce unredacted copies of its ALAs and annexes thereto by Friday, September 15.

Finally, despite ARM's agreement cited above to "conduct[] a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27" without any date restriction, ARM's September 12, 2023 email indicates that ARM only intends to produce its ALAs and annexes thereto for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ by the end of this week." (9/12/2023 Email from J. Li.) Please be prepared to discuss on our meet and confer this afternoon whether ARM is now refusing to produce ALAs and annexes thereto for any non-active ALA licensee, or whether ARM is representing that it will not *complete* its production of those agreements by the end of this week.

- **NVIDIA and IPO documents**: We appreciate ARM's confirmation that it will complete its review and production of the documents it has agreed to search in response to Qualcomm's Third Set of RFPs concerning ARM's IPO and NVIDIA's proposed acquisition by next week, though we disagree with ARM's statement that it has already produced "many" documents responsive to these topics. Moreover, even if ARM completes this production and the productions referenced above by the timelines that ARM has committed to, ARM still is severely prejudicing Qualcomm's ability to complete depositions by the close of fact discovery deadline, which we can discuss further during our meet and confer today.

With respect to the IPO documents specifically, ARM has still failed to substantively respond to Qualcomm's outstanding requests from our September 6, 2023 email, instead only agreeing to provide the requested search term hit report by today (which we have not yet received) and a response to Qualcomm's request for ARM to run certain additional targeted searches by Friday, September 15. (9/12/2023 Email from J. Li.) Qualcomm requested that ARM confirm its search protocol included these additional targeted searches on August 25, 2023, following weeks of trying to seek clarity on the scope of ARM's agreed-upon production of documents concerning its IPO which ARM insisted it would provide to avoid raising this issue with the Court. (*See, e.g.*, 8/15/2023 Email from J. Li.) Notwithstanding that fact, ARM still has not provided clarity on the scope of its productions by confirming whether Qualcomm's understanding is correct that "ARM is refusing to agree to Qualcomm's August 23, 2023 request that ARM 'conduct targeted collections for responsive documents from the files of any ARM employee or representative that communicated on ARM's behalf—including, for example, Morrison & Foerster—that are not custodians but nonetheless had meaningful involvement in ARM's IPO, including in communications with third parties on ARM's behalf.'" (9/6/2023 Email from M. Vaughn.) To assist with ARM's understanding of Qualcomm's request, we provided the following example: "to the extent that Morrison & Foerster or an ARM employee who is not a custodian had non-privileged communications concerning the IPO with Goldman Sachs or an anchor investor such as Apple that referenced the Qualcomm litigation, we understand that ARM is refusing to produce such documents unless those documents wound up in the inbox of an ARM custodian and hit on ARM's proposed search terms." (*Id.*) We do not understand ARM's failure to provide that simple confirmation so that we can determine whether we need to raise this issue with the Court. We look forward to discussing this issue further on our meet and confer this afternoon.

- **Antonio Viana documents**: Finally, we are concerned with ARM's representation that the parties' agreed-upon search terms only hit on 24 of the 12,000 custodial documents for Mr. Viana, particularly given that Qualcomm's own production includes numerous emails that Mr. Viana is a recipient of that ARM has not produced. In order for Qualcomm to properly assess this issue and propose appropriate next steps, please promptly provide (i) the

date range of Mr. Viana's 12,000 custodial documents, and (ii) confirmation that the elusion testing required by the ESI Order that ARM certified it completed included documents from Mr. Viana's files, and if so, how many.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Vaughn, Madalyn
**Sent:** Wednesday, September 13, 2023 10:54 AM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <MZappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel:

We will respond to the substance of your September 13, 2023 email prior to our meet and confer this afternoon, but we write to confirm that 5:30 p.m. ET today works for us.  We will circulate a calendar invite.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, September 13, 2023 9:47 AM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto)

<EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

As stated in Arm's September 12 email, we trust the information and confirmation Arm provided therein resolved the issues raised in your September 11 email.  Your response below does not indicate that's not the case, and instead asks to meet and confer without identifying any remaining issues for discussion.  Accordingly, we understand that the parties are not at an impasse with respect to the issues raised in your September 11 email, and Qualcomm is requesting a further meet-and-confer to discuss the details of the parties' resolution of these issues.  If, however, Qualcomm has any specific concerns you wish to discuss during the meet-and-confer, please specifically identify them, so that Arm can consider them in advance and the parties may meaningfully discuss and attempt to resolve any details that Qualcomm believes remain open.

We are available to meet and confer after 4:30 PM ET today, or at 9:30 or 11:00 AM ET tomorrow.

The information in our September 12 email regarding the number of Arm's active ALA licensees and the content redacted from the ALAs is Arm's Highly Confidential – Attorneys' Eyes Only information.  Please redact this information from our September 12 email prior to sharing with your client.

Best Regards,
Jack

**JACK LI**

Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Tuesday, September 12, 2023 7:24 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel:

Please provide your availability to meet and confer tomorrow between 10 a.m. ET and noon ET regarding your September 12, 2023 email.  We will circulate a calendar invite this evening once you confirm a time.

Additionally, please promptly identify the information in your September 12, 2023 email that you have designated "Highly Confidential – Attorneys' Eyes Only" so that we can share a version of your email with our client.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, September 12, 2023 5:25 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Highly Confidential – Attorneys' Eyes Only

Counsel –

We write in response to your email sent at 11:42 pm last night.  We address the issues that you raise in turn below.  But, as discussed on our call yesterday, it is highly unproductive for Qualcomm to refuse to address deficiencies in its own production and failures to provide relevant information that Arm has identified, while continuously threatening to burden the Court with issues that Arm has already agreed to address.

**[A] Mr. Son's Documents**

We do not believe that there is any dispute here.  To resolve the apparent dispute regarding reliance on search terms, Arm will review all documents Mr. Son provided, and produce all non-privileged responsive documents, with completion expected by the end of the week.  To be clear, Arm will not limit the review to document hitting on agreed search term hits, even though this is all the relevant orders and agreements require.  (Mr. Mooney stated this on the call and, in fact, you reiterated your understanding that Arm was agreeing to do this and expected to complete that process by the end of the week.)

We continue to disagree that the cases you provided support your requests for additional information (*e.g.*, the number and description of non-responsive documents).  But rather than dispute the case law, we prefer to focus on resolving the parties' dispute without burdening the court.  To that end, we appreciate your confirmation that "th[e information requested by Qualcomm] is clearly not protected under [attorney-client privilege or work product]."  (9/11/23 email

from M. Vaughn to J. Li.)  Given your confirmation that you do not contend that any of this information is privileged or protected (and thus there can be no waiver), Arm will provide the requested information.  Arm received █████████ ████████████████████████████████████████████ we also agree to ask for additional information regarding the collection of documents in Mr. Son's role as Arm's chair, and will promptly update Qualcomm.  We expect to be able to provide that information by the end of the week.

**[B] ALA and Annexes**

Arm expects to complete its production of redacted ALAs and relevant annexes for the ██████████████ by the end of this week.  The redactions are consistent with the Stipulated Protective Order for ESI which provides for redacting of "Designated Confidential Information (as defined in the Protective Order) that is otherwise non-responsive to a discovery request."   With respect to the ALAs, the redactions include the following types of information:  ██████ ████████████████████████████████████████████ To the extent that Qualcomm has any concerns regarding those redactions after review the ALAs, we would be happy to meet and confer with Qualcomm regarding whether certain terms can be unredacted, while remaining AEO.

**[C] Documents Responsive to Arm's Third Set of RFPs Concerning Arm's IPO and Nvidia's Proposed Acquisition of Arm [RFP 51-53]**

As you know, the parties negotiated the scope of this production for RFPs 51-53 from mid-August through September 6.  (*See, e.g.,* 8/15/23 email from J. Li to M. Vaughn; 8/23/23 email from M. Vaughn to J. Li; 9/1/23 email from J. Li to M. Vaughn; 9/6/23 email from J. Li to M. Vaught.)  Arm has already produced many responsive documents and expects to complete further production by next week.

**[D] Qualcomm's September 6 Email – Documents Regarding IPO [RFP 54]**

We have already produced custodial data (including emails) responsive to RFP 54 consistent with our responses and objections.  In addition, we are running a hit-report based Qualcomm's additional proposed search terms and Arm's modified additional proposed terms.  We expect to provide that by tomorrow.  We do not understand the basis for Qualcomm's demand that Arm perform "additional targeted searches," but are considering that request and expect to provide a formal response by Friday.

**[E] The Number of Custodial Documents that Arm Collected from Mr. Viana**

At your request, we have been able to confirm that roughly 12,000 custodial documents were collected from Mr. Viana, with only 24 documents hitting on agreed search terms.

We trust that this resolves your concerns.  But we remain available to meet and confer to the extent you believe there to be any remaining issues.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, September 11, 2023 11:42 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

We write in response to your September 11, 2023 email concerning Mr. Son's documents that we received minutes after our meet and confer ended.  ARM's email not only mischaracterizes the parties' discussions to date, but also misrepresents ARM's statements during our September 11, 2023 meet and confer.  Namely, ARM represents that it "told [Qualcomm] on today's call [that] solely to avoid unnecessarily burdening the court, Arm will review and produce all non-privileged responsive documents from the set of documents that Mr. Son provided."  (9/11/2023 Email from J. Li.)  ARM did not make this representation during the parties' meet and confer; instead, ARM represented that by the end of this week it would produce all responsive, non-privileged documents from Mr. Son's files that hit on search terms.

Moreover, we disagree that the case law Qualcomm provided does not address the issue at hand.  Indeed, the court in *Vasoli* v. *Yards Brewing Company LLC* held that the "steps that a party took to search for and produce relevant documents are discoverable" as "neither the attorney-client privilege nor the work-product doctrine prohibit the disclosure of factual information."  2021 WL 5045920, at *2 (E.D. Penn. Nov. 1, 2021).  This description of factual information is precisely what Qualcomm is seeking here and that ARM has continued to refuse to provide and apparently still refuses to provide absent Qualcomm's agreement that it "will not assert that the provision of such information constitutes a waiver of work product or attorney-client privilege."  (9/11/2023 Email from J. Li.)  As this information is clearly not protected under either basis, ARM should provide this information without any such representation from Qualcomm.

Finally, we reiterate the requests we made during our meet and confer that ARM please promptly provide: (i) the requested description of the scope of Mr. Son's document collection; (ii) a date certain by which ARM will complete its production of ALAs and annexes thereto, the number of such agreements that ARM still has not produced, and a description of the redactions that ARM is applying to these yet-to-be-produced agreements; (iii) a date certain by which ARM will complete its production of documents responsive to Qualcomm's Third Set of RFPs concerning ARM's IPO and NVIDIA's proposed acquisition of ARM; (iv) a response to Qualcomm's September 6, 2023 email requesting confirmation on the scope of IPO documents that ARM is agreeing to produce; and (v) the number of custodial documents that ARM collected from Mr. Viana, a custodian for whom ARM has produced no documents.  You indicated on the meet and confer today that you would be willing to provide us with confirmation of at least item (ii) by close of business tomorrow, and in our view there should be no reason why ARM is unable to provide the requested information for items (i), (iii), (iv), and (v) by close of business tomorrow as well.

Best,
Madalyn


**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, September 11, 2023 2:45 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up on the parties' meet-and-confer regarding Arm's production of documents provided by Mr. Son.  We were disappointed that Qualcomm appeared more interested in declaring a purported "impasse" so that it can file something with the Court, rather than exploring ways to resolve these issues in good faith, as the parties have done with prior disputes.

By way of example, on Friday's call Qualcomm continued to insist the parties were at an impasse despite Arm's explanation that it would continue to review and produce documents provided by Mr. Son.  While Arm is proceeding consistent with the parties' previously agreed procedure, Qualcomm refuses to agree to, or even discuss, search terms for that review.  Nevertheless, as we told you on today's call and solely to avoid unnecessarily burdening the court, Arm will review and produce all non-privileged responsive documents from the set of documents that Mr. Son provided.  We expect to be able to complete that production by the end of the week.

As you also know, despite Arm's repeated requests on the call, Qualcomm failed to identify any authority supporting its request for information regarding the number and type of *non-responsive* documents Mr. Son provided to Arm during last Friday's call.  Qualcomm sent two cases earlier today but neither case supports Qualcomm's position.  Those cases do not support Qualcomm's position.  Nonetheless, to avoid burdening the Court with this dispute, if Qualcomm confirms that it will not assert that the provision of such information constitutes a waiver of work product or attorney-client privilege, then ARM will:

- provide Qualcomm with the total number of documents Mr. Son provided to Arm, including documents that did not hit on search terms or are not responsive;

- describe the types of documents Mr. Son provided to Arm, including documents that did not hit on search terms or are not responsive; and

- provide information regarding Mr. Son's collection of documents in his role as Arm's chair.

We trust that this proposal will resolve these issues but are available to meet and confer further regarding these issues on Wednesday, September 13, at 2 PM ET, as needed.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, September 11, 2023 1:37 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel:

During our meet and confer on Friday, September 8 concerning ARM's deficient production of Mr. Son's documents, you asked whether Qualcomm would be willing to share case law supporting its request for a description of the scope of documents that Mr. Son provided to ARM, including (i) the number of documents produced by Mr. Son to ARM; (ii) the nature of the documents produced by Mr. Son to ARM (*e.g.*, whether the documents are all emails, the date range of the documents produced, etc.); and (iii) the process Mr. Son employed to collect potentially relevant documents.  (*See, e.g.*, 9/8/2023 Email from M. Vaughn.)  While Qualcomm is not obligated to provide this information, in the interest of cooperation Qualcomm provides the following case cites that support its position and refute the argument that ARM raised during our meet and confer that the requested information may be privileged:

- *Vasoli* v. *Yards Brewing Company*, 2021 WL 5045920 (E.D. Penn. Nov. 1, 2021)
- *Lyman* v. *Ford Motor Company*, 2023 WL 4231713 (E.D. Mich. June 28, 2023)

As stated during our meet and confer on Friday, Qualcomm intends to raise this issue today with the Court via the Court's discovery dispute process.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, September 8, 2023 2:02 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We have already explained that (1) Mr. Son has provided documents relating to his role as Chairman of the Board of Arm; (2) we are in the process reviewing documents from that set that hit on our proposed search terms and expect to be able to produce any non-privileged responsive documents shortly; and (3) we also stand ready to review documents that hit on our revised proposed search terms (sent September 5) and to expeditiously produce any additional responsive non-privileged documents as soon as possible.  To ensure that all non-privileged responsive documents are produced as soon as possible, it would be most useful if Qualcomm could respond to our revised proposed additional search terms circulated on September 5 rather than continuing to request metrics regarding non-responsive and irrelevant documents.  We also do not believe that the information you seek is relevant or discoverable, but we expect that our imminent production of documents will likely moot your concerns.  Of course, in case you disagree, please send along any authority supporting your position that Arm is obligated to provide the requested metrics regarding documents determined not to be relevant and responsive.

Finally, we are happy to meet and confer regarding the additional issues first raised in your email sent at 1:25 AM ET and can be available on Monday at 2 PM ET.  But in addition to discussing Arm's substantial completion of document production and the specific issues raised in your email, please be prepared to address the following:

- **Arm's ten requested additional search terms under Section 2(b)(i) of the ESI Order.**  More than two weeks have passed since our August 25, 2023, letter.  We remain optimistic that the parties can resolve this issue without burdening the court.  But depositions are fast approaching and it is urgent that we resolve this issue as soon as possible.  We otherwise will be forced to raise Qualcomm's noncompliance with the ESI order with the Court.

- **"Quarantine Documents" (~500,000 documents).** We provided a proposal to try to resolve this issue without burdening the Court but you have not responded.

We look forward to your confirming a time on Monday that we can meet and confer.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Friday, September 8, 2023 1:25 AM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Counsel:

We write in response to your September 7, 2023 email, which does not resolve Qualcomm's concerns regarding the production of Mr. Son's documents. In particular, your email fails to provide the description of the scope of documents that Mr. Son provided to ARM that we have repeatedly requested, which should include, at a minimum, (i) the number of documents produced by Mr. Son to ARM; (ii) the nature of the documents produced by Mr. Son to ARM (*e.g.*, whether the documents are all emails, the date range of the documents produced, etc.); and (iii) the process Mr. Son employed to collect potentially relevant documents. (*See, e.g.*, 9/5/2023 Email from M. Vaughn; 8/25/2023 Email from M. Vaughn; 8/9/2023 Email from M. Vaughn.) We have circulated a calendar invite for a meet and confer tomorrow at 2:30 p.m. ET.

During our meet and confer, ARM should also be prepared to discuss your September 6, 2023 email confirming that ARM "complied with the August 18, 2023 deadline for substantial completion of document production." (9/6/2023 Email from J. Li.) Specifically, in addition to ARM's failure to substantially complete its production of Mr. Son's documents by the August 18 deadline, Qualcomm has also identified at least the following additional categories of documents for which ARM has failed to substantially complete its production:

- **ARM ALAs and annexes thereto**: ARM's production to date does not appear to include all ARM ALAs and annexes thereto that ARM agreed to produce in response to Qualcomm's RFP No. 27. (*See* 7/7/2023 Email from J. Li (representing that ARM was "diligently working towards producing the ALAs by the substantial completion

15

deadline").)  Given that ARM has not informed Qualcomm of any third-party objection to the production of ARM's ALAs and annexes thereto, please either direct Qualcomm to where these documents are in ARM's production or be prepared to discuss why these documents have not been produced.

- **Antonio Viana custodial documents**:  ARM's production to date does not include any documents from the custodial files of Antonio Viana, who is one of ARM's agreed-upon custodians.

- **NVIDIA and IPO documents**:  ARM's production to date does not include all responsive, non-privileged documents responsive to Qualcomm's Third Set of RFPs that ARM has agreed to produce concerning the proposed acquisition of ARM by NVIDIA and ARM's IPO.  For the latter category, no responsive documents appear to have been produced.

To the extent there are additional categories of documents apart from those listed above that ARM has not yet produced, please also be prepared to (i) identify those categories of documents, (ii) provide an estimated number of documents that ARM still expects to produce, and (iii) provide an estimated date by which ARM will complete those productions.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, September 7, 2023 3:40 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your September 6 email regarding Mr. Son's documents and emails involving Mr. Son.  We disagree that the parties are at an impasse or that there is any dispute to raise with the court.

As we have explained, Mr. Son has provided documents relating to his role as Chairman of the Board of Arm.  We are in the process reviewing documents from that set that hit on our proposed search terms and expect to be able to produce any responsive non-privileged documents shortly.  We also stand ready to review documents that hit on our revised proposed search terms (sent September 5) and to expeditiously produce any additional responsive non-privileged documents as soon as possible.

We are also in the process of completing our review of the custodial email search documents for additional responsive non-privileged email sent to or from Mr. Son and hope to complete that production by the end of this week or early next week.

We trust that this addresses your concerns.  If not, we can be available to meet and confer with you regarding any remaining disputes.  We believe that it would be most productive to meet and confer on Monday and can be available Monday at 2 PM ET.  But if you would like to begin the discussion tomorrow, we can be available from 2:30-3:00 PM ET.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, September 6, 2023 8:02 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

We write in response to your September 5, 2023 email concerning Mr. Son's documents.  We have not provided a further response on the semantics concerning ARM's counsel's role in "collecting" or receiving a "production" of documents from Mr. Son, which is not productive at this stage.  As set forth in more detail below, we are now past the substantial completion deadline and despite ARM agreeing to collect and produce Mr. Son's documents more than two months ago, Qualcomm still does not have certainty concerning the scope of documents that Mr. Son provided to ARM and when ARM will produce responsive documents from that set and from its own custodial files that involve Mr. Son.  Accordingly, please provide your availability to meet and confer on Thursday, September 7 between 1 and 4 p.m. ET or Friday, September 8 between 11 a.m. ET and 4 p.m. ET, as Qualcomm intends to raise this issue with the Court via the Court's discovery dispute process.

As previewed above, the parties' outstanding dispute largely concerns ARM's refusal to provide Qualcomm the information we have been requesting since the parties' June 27, 2023 meet and confer.  Namely, Qualcomm seeks a description of the scope of documents that Mr. Son provided to ARM that includes, at a minimum, (i) the number of documents produced by Mr. Son to ARM; (ii) the nature of the documents produced by Mr. Son to ARM (*e.g.*, whether

the documents are all emails, the date range of the documents produced, etc.); and (iii) the process Mr. Son employed to collect potentially relevant documents.  We disagree with ARM's assertion that the requested information is "irrelevant."  (9/5/2023 Email from J. Li.)  This information is relevant for several reasons, including because Qualcomm needs to understand whether the scope of Mr. Son's collection is sufficient.  For example, if ARM has only collected an inappropriately narrow set of documents from Mr. Son that does not cover the scope of Mr. Son's knowledge and involvement, Qualcomm is entitled to that information so that it can seek appropriate relief.  To be clear, ARM should have proceeded with its review of Mr. Son's documents that hit on the search terms ARM previously agreed to run in its August 11, 2023 and September 5, 2023 correspondence, but for the additional search terms that Qualcomm requested that ARM has refused to run without modifications, Qualcomm should not have to negotiate against itself if ARM is proposing revised search terms that it knows hit on an immaterial number of documents.  This concern is warranted based on ARM's discovery tactics to date—for example, despite pushing back for months on Qualcomm's request for certain custodial and non-custodial documents for the pre-January 1, 2019 time period, ARM disclosed mere weeks before the substantial completion deadline that ██████████████████████████████████████ ████████████████  (7/25/2023 Email from J. Li.)  Accordingly, Qualcomm is entitled to the requested information concerning the scope of Mr. Son's collection of documents and intends to raise this issue with the Court if the parties are unable to resolve the dispute by Friday, September 8.

With respect to Mr. Son's documents that already were in ARM's possession, custody, or control—*i.e.*, emails exchanged between Mr. Son and one or more ARM employees—there does not appear to be a dispute that ARM previously agreed to produce all documents that hit on the parties' agreed-upon search terms across the agreed-upon custodial files.  However, as indicated in Qualcomm's August 25, 2023 email—and not disputed by ARM—to date ARM has only produced ***two unique email threads*** where Mr. Son is a sender or recipient.  Despite the parties' substantial completion deadline having past weeks ago, your September 5, 2023 email indicates that ARM will "continue" to produce "responsive emails to and from Mr. Son in the possession of Arm's current custodians . . . as discovery progresses."  (9/5/2023 Email from J. Li.)  Not only is this contrary to the intended purpose of the substantial completion deadline, but as ARM knows, Qualcomm has noticed the deposition of Mr. Son and expected to receive a production of his documents weeks ago.  Please confirm by Friday, September 8 that ARM will produce any additional responsive documents that fall into this category no later than next week.

Finally, in response to ARM's request in your September 6, 2023 email below, we confirm that Qualcomm substantially completed its production by the August 18, 2023 deadline.

Qualcomm reserves all rights.

Best,
Madalyn


**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, September 6, 2023 2:03 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack

<JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto)
<EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung,
Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>;
Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Arm confirms that it has complied with the August 18, 2023 deadline for substantial completion of document
production.  Arm asks that Qualcomm confirm the same.

Arm does not understand your suggestion that the parties "likely are at an impasse" regarding some unspecified aspect
of the parties' agreement regarding Mr. Son's documents or the related discovery requests.  Arm has proceeded
consistent with the parties' prior agreements regarding the request for Mr. Son to provide to Arm documents in his role
as Arm's Chair.  Arm will proceed with the search terms it previously provided (to which Qualcomm apparently does not
object) while the parties continue to discuss additional search terms.

Arm awaits the written response you indicate in your email and will respond accordingly so that the parties can meet
and confer regarding any remaining issues.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Tuesday, September 5, 2023 8:49 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob
<jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>;
Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E.
<SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto)
<EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung,
Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>;
Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

We will respond to your September 5, 2023 email concerning Mr. Son's documents separately—including the various
concerning statements in your email that indicate the parties likely are at an impasse on this issue—but in the interim
we write regarding ARM's failure to confirm that it substantially completed its production of documents by the August

18, 2023 deadline.  We requested this confirmation in my August 25, 2023 email below, and again during our meet and confer today where we directed ARM to our August 25, 2023 request.

We thus reiterate our request for ARM to confirm whether it substantially completed its document production by the August 18, 2023 deadline.  Please provide this requested confirmation by EOD tomorrow at the latest.

Best,
Madalyn


**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, September 5, 2023 7:41 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your email below.

First, Arm disagrees with your characterization of the "distinction between ARM 'collecting' documents from Mr. Son as opposed to Mr. Son collecting his own documents" as "artificial."  As Arm has repeatedly made clear, "Arm's authority to respond to requests for, let alone request or produce, documents from Mr. Son is limited." (*See, e.g.*, S. Llewellyn Correspondence dated Jun. 21, 2023.)  Your email misstates Arm's position yet again.  Contrary to your suggestion, Arm did not represent that Mr. Son would collect his own documents "at the direction of ARM's counsel."  Instead, Arm stated that it would make a "request for documents from Mr. Son."  (*Id.*)  You also fail to provide any support for your conclusory assertion that Arm has authority to "direct" Mr. Son's collection of documents.

Arm has repeatedly clarified the scope of documents that it has requested Mr. Son to collect and provide to Arm: "documents within Mr. Son's role as Arm's chair."  The additional "description" that Qualcomm seeks, including: (i) the "number of documents" provided by Mr. Son to Arm; (ii) the "nature" of the documents provided by Mr. Son to Arm; and (iii) the "process Mr. Son employed" to collect documents, is irrelevant to determining search terms applicable to documents Mr. Son provides to Arm.  Instead, search terms for documents that Mr. Son provides should be guided by relevant issues in this case and Mr. Son's role as Arm's chair.  Furthermore, Arm did not state that it would be willing to apply the search terms "Arm" and "Samsung" to documents that Mr. Son provides to Arm without qualifications, notwithstanding your email's reference to your own prior mischaracterization of Arm's position.

Qualcomm's proposed additional search terms for Mr. Son's documents are overbroad and will likely capture documents that are irrelevant to issues in the case and/or irrelevant to Mr. Son's role as Arm's chair.  For example, company names such as ████████████████ and "Arm" as stand-alone search terms are unreasonable, particularly where the ESI Order makes clear that "product and company names" are overbroad.  Nevertheless, to narrow the pending issues, Arm would be willing to run Qualcomm's proposed search terms for documents that Mr. Son provides to Arm, excluding "Arm," with the following modifications:



Finally, contrary to your email, Arm has never agreed to "produce responsive emails in its possession, custody, or control between Mr. Son and one or more ARM employees."  Instead, Arm agreed to "identify communications to and from Mr. Son in Arm's possession based on a search of Arm's current custodians" and "produce those responsive communications to and from Mr. Son in Arm's possession."  Arm has already produced responsive emails to and from Mr. Son in the possession of Arm's current custodians, and will continue to do so as discovery progresses.

While the parties continue to discuss additional search terms that Arm might use for documents that Mr. Son provides to Arm, Arm will proceed with the search terms identified in Arm's previous email dated Aug. 11, 2023, to which Qualcomm apparently has no objection.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Friday, August 25, 2023 7:09 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel:

21

We write in response to your August 11, 2023 email concerning Mr. Son's documents. While we disagree with ARM's characterization of Qualcomm's correspondence to date on this issue and insistence on an artificial distinction between ARM "collecting" documents from Mr. Son as opposed to Mr. Son collecting his own documents at the direction of ARM's counsel and "producing" the documents to ARM, in the interest of reaching agreement and receiving Mr. Son's documents as soon as possible, we do not attempt to respond to each of your various misstatements.

Instead, as an initial matter, we again reiterate our request for ARM to provide a description of the scope of documents that Mr. Son has produced to ARM so that the parties can efficiently negotiate the appropriate search terms to be applied to those documents. ARM should provide a description that includes, at a minimum, (i) the number of documents produced by Mr. Son to ARM; (ii) the nature of the documents produced by Mr. Son to ARM (*e.g.*, whether the documents are all emails, the date range of the documents produced, etc.); and (iii) the process Mr. Son employed to collect potentially relevant documents. Without having received this information, Qualcomm's position is that ARM's proposed search terms are far too narrow and are inconsistent with the representation ARM made during the parties' June 27, 2023 meet and confer that it would be willing to consider running broad search terms across Mr. Son's documents—including, for example, the terms "ARM" and "Samsung." (7/11/2023 Email from M. Vaughn.) In line with that representation, Qualcomm proposes that in addition to the terms ARM already has agreed to run across Mr. Son's documents, ARM also run the below search terms:



- Licens* /15 model
- Licens* /15 change
- (business /10 model) AND change
- Licens* /15 agreement
- Licens* /15 (expir* OR term* OR end*)
- Renew /15 (license OR ALA)
- License AND device
- License AND direct*

Finally, we note that despite ARM agreeing to produce responsive emails in its possession, custody, or control between Mr. Son and one or more ARM employees, to date ARM appears to have only produced two unique email threads where Mr. Son is a sender or recipient. Please promptly confirm whether ARM substantially completed its production of documents by the August 18, 2023 deadline, including its production of responsive emails in its possession, custody, or control that involve Mr. Son.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, August 11, 2023 6:07 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your email below.

Contrary to the assumptions in your email, Arm has never agreed to "collect" Mr. Son's documents.  Arm's position, and the parties' agreement, regarding Mr. Son's documents are unambiguous:

- Arm agreed to "ask Mr. Son to produce documents to Arm in his role as Arm's chair, among which Arm, in turn, would search for responsive documents."  (S. Llewellyn Correspondence dated Jun. 21, 2023 at 1.)
- When Qualcomm previously made the same mistake regarding Arm's position -- suggesting Arm would collect documents from Mr. Son -- Arm made clear that it "did not propose or confirm that Arm would directly perform any 'collection of [Mr. Son's] documents.'  Instead, we indicated (during the meet-and-confer and in our June 21 letter) that any collection would be performed by Mr. Son and produced to Arm."  (J. Li Email dated Jul. 6, 2023.)
- Qualcomm, in turn, repeatedly confirmed its understanding the Arm would not perform the collection, including expressly confirming that "the first two points listed in your July 6 email are consistent with Qualcomm's understanding of ARM's position," (M. Vaughn Email dated Jul. 11, 2023.) and subsequently requesting "a description of the scope of documents Mr. Son has produced (or is in the process of producing) to ARM."  (M. Vaughn Email dated Aug. 1, 2023 (emphasis added).)
- Just two days before your email, Arm again confirmed the parties' agreement:  "[C]onsistent with the parties' prior correspondence on this issue, Mr. Son is in the process of collecting and producing to Arm documents within Mr. Son's role as Arm's chair."  (J. Li Email dated Aug. 7, 2023.)

Given the quotes above from the parties' prior correspondence, Qualcomm presumably understood that Arm did not agree to "collect" Mr. Son's documents.  The parties instead agreed any collection would be performed by Mr. Son and produced to Arm, with Arm in turn searching for responsive documents via search terms.

This is not the first time Qualcomm has mischaracterized Arm's position, or even the first time Qualcomm has mischaracterized Arm's position regarding Mr. Son's documents, which is surprising given the clarity of the parties' prior communications on this issue.  (*See, e.g.,* S. Llewellyn Correspondence dated May 26, 2023 ("[Y]our letter misrepresents Arm's position regarding Qualcomm's request [regarding Mr. Son's documents].").)  Regardless of the reason for Qualcomm's repeated misunderstanding of not just Arm's position, but also Qualcomm's own prior statements and agreements, these repeated mischaracterizations are counterproductive, because they inhibit good faith efforts to resolve discovery issues via discussions and correspondence between the parties.

Arm anticipates receiving documents from Mr. Son within his role as Arm's chair early next week, and believes the attached list of search terms is reasonable and proportional for purposes of identifying potentially responsive documents in the production from Mr. Son.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, August 9, 2023 5:52 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Counsel:

We write in response to your August 7, 2023 email concerning the collection of Mr. Son's documents.  Specifically, based on your August 7, 2023 email, we understand that despite agreeing to collect and produce Mr. Son's documents more than a month ago, ARM still has not completed the collection process that is a necessary first step in order for the parties to effectively negotiate appropriate search terms.

As previously requested, once ARM has completed the collection process for Mr. Son's documents, please promptly provide a description of the scope of that collection so that the parties can begin negotiating appropriate search terms.  In light of the upcoming August 18, 2023 substantial completion deadline, please also confirm that this collection will be complete by no later than the end of this week.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, August 7, 2023 12:55 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your email below.

We confirm that, consistent with the parties' prior correspondence on this issue, Mr. Son is in the process of collecting and producing to Arm documents within Mr. Son's role as Arm's chair.

We will send you a list of proposed search terms for Arm to run against the documents produced by Mr. Son shortly.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Tuesday, August 1, 2023 10:56 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel:

In light of the upcoming substantial completion deadline, we write to request an update regarding the collection of Mr. Son's documents.  Specifically, please promptly provide a description of the scope of documents Mr. Son has produced

(or is in the process of producing) to ARM so that the parties can begin negotiating appropriate search terms for Mr. Son's documents.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Vaughn, Madalyn
**Sent:** Tuesday, July 11, 2023 3:07 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <MZappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel:

We write in response to your July 6, 2023 email ("July 6 email") concerning the collection of Mr. Son's documents.  While we maintain the accuracy of the meet-and-confer summary set forth in our June 29, 2023 email, we confirm that the first two points listed in your July 6 email are consistent with Qualcomm's understanding of ARM's position.

With respect to the third point in your July 6 email, once the parties agreed during our meet and confer on the request that ARM will make of Mr. Son—specifically, for Mr. Son to produce to ARM all documents related to his role as ARM's chair—ARM's counsel indicated that ARM was "willing to be flexible on the search terms" to be applied to the documents Mr. Son produces to ARM.  ARM offered several examples of broad search terms it would be willing to consider running across Mr. Son's documents—including, for example, "ARM" and "Samsung."  The parties then agreed to separately negotiate search terms once ARM confirmed the scope of documents Mr. Son will produce to ARM.  We understand ARM will now proceed with requesting documents from Mr. Son; thus, please promptly update Qualcomm as soon as ARM is prepared to negotiate search terms for Mr. Son's documents.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064

(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, July 6, 2023 8:23 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up regarding the parties' meet-and-confer on June 27 and in response to your email dated June 29.

We appreciate the parties' productive discussion regarding the framework and scope of Arm's potential request for documents from Mr. Son, based on Qualcomm's request.  While your summary of Qualcomm's understanding is largely consistent with our discussion, we identify below a few ways in which we believe your summary is inconsistent with the parties' discussion on the call.

First, we did not propose or confirm that Arm would directly perform any "collection of [Mr. Son's] documents."  Instead, we indicated (during the meet-and-confer and in our June 21 letter) that any collection would be performed by Mr. Son and produced to Arm, which Arm would in turn search for responsive documents based on agreed search terms.

Second, and relatedly, we indicated consistently with our prior correspondence that any document request would be limited to Mr. Son's documents within his role as Arm's chair, rather than within his role with other entities or personally; we understood Qualcomm to confirm during the meet-and-confer that its request for Arm to ask Mr. Son for documents was so limited.

Third, while we indicated that Arm likely would agree not to limit any search of documents that Mr. Son produces to Arm to terms for Qualcomm's RFP Nos. 35 and 41-44, we noted that the appropriate search terms would nonetheless depend on the scope of any request to Mr. Son and the resulting production (which may impact whether limits on search terms are appropriate).

Please confirm that the points above are consistent with Qualcomm's understanding of Arm's position on the call and in related correspondence, or if Qualcomm would like to discuss further.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, June 29, 2023 3:13 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Counsel:

We write to follow up on the parties' June 27, 2023 meet and confer concerning Qualcomm's request for Mr. Son's documents.  Specifically, we write to memorialize Qualcomm's understanding of the scope of documents ARM is willing to collect and produce from Mr. Son based on ARM's representations during our June 27, 2023 meet and confer.  To the extent ARM confirms its agreement with Qualcomm's understanding articulated below, we do not believe there is any present dispute concerning Mr. Son's documents that requires Court involvement.  However, Qualcomm reserves all rights to raise any such issue with the Court based on ARM's ultimate collection and production of documents from Mr. Son.

*First,* ARM confirmed that—based on representations from ARM's IT department—Mr. Son does not currently have an ARM email address and ARM is not presently aware of Mr. Son having an ARM email address at any other point in time.

*Second*, ARM confirmed that for Mr. Son's documents already in its "direct custody"—*i.e.*, emails exchanged between Mr. Son and one or more ARM employees—ARM will produce all responsive documents that hit on search terms.  In other words, ARM will not limit the production of responsive documents involving Mr. Son to only those responsive documents that ARM deems to have been sent to or received by Mr. Son in his role as ARM's chair.

*Finally*, ARM confirmed the following regarding ARM's collection of documents from Mr. Son:

1.  ARM confirmed that it is not presently aware of the sources of documents it will collect from Mr. Son (*e.g.*, the relevant email address(es) maintained by Mr. Son, shared drives, etc.) because ARM has not yet made any request of Mr. Son with respect to the collection of his documents.

2.  ARM confirmed that it will ask Mr. Son to identify all sources of documents in his possession that may contain documents relating to ARM business matters.  Counsel for ARM will then collect all documents from those sources.

3.  ARM confirmed that it will not ask Mr. Son to apply any limiting criteria before he identifies sources of potentially relevant documents.  In other words, ARM will not ask Mr. Son to self-select documents he determines are (i) responsive, (ii) not duplicative of documents that ARM already would have in its possession from other custodians, or (iii) created and maintained in his role as ARM's chair.

4.  ARM confirmed that once it collects documents from Mr. Son, it will search for and produce documents responsive to Qualcomm's RFPs—not just Qualcomm RFP Nos. 35 and 41-44—through the application of broad search terms that the parties will negotiate once ARM has collected Mr. Son's documents.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Vaughn, Madalyn
**Sent:** Friday, June 23, 2023 9:42 PM
**To:** Li, Jack <JackLi@mofo.com>
**Cc:** Zappala, Melissa Felder <MZappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Thanks, Jack.  In advance of our meet and confer, please see the attached correspondence.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, June 23, 2023 5:14 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available on Tuesday, June 27, from 2 to 3 PM ET.  Please send an invite.  Thank you.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, June 22, 2023 3:19 PM
**To:** Li, Jack <JackLi@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

Counsel:

We are available to meet and confer on this issue on Tuesday, June 27 between 10:15-11 a.m. ET and 2-3 p.m. ET.  Please let us know if a time in one of those windows works for you.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, June 21, 2023 6:57 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana,

Robert <[RVrana@ycst.com](mailto:RVrana@ycst.com)>; Davenport, Lydia <[LDavenport@mofo.com](mailto:LDavenport@mofo.com)>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see the attached correspondence.  Please also let us know if you would like to provide a written response before meeting and conferring further on this issue.  If not, we are available to meet and confer early next week.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
[mofo.com](http://mofo.com) | [LinkedIn](#) | [Twitter](#)

---

**From:** Zappala, Melissa Felder <[mzappala@paulweiss.com](mailto:mzappala@paulweiss.com)>
**Sent:** Monday, June 5, 2023 3:50 PM
**To:** Li, Jack <[JackLi@mofo.com](mailto:JackLi@mofo.com)>; Braly, Jacob <[jbraly@paulweiss.com](mailto:jbraly@paulweiss.com)>; Brickey, Sarah E. <[SBrickey@mofo.com](mailto:SBrickey@mofo.com)>; Dunn, Karen L <[kdunn@paulweiss.com](mailto:kdunn@paulweiss.com)>; Nyarady, Catherine <[cnyarady@paulweiss.com](mailto:cnyarady@paulweiss.com)>; Isaacson, William A <[wisaacson@paulweiss.com](mailto:wisaacson@paulweiss.com)>; Butwin, Alexander M <[abutwin@paulweiss.com](mailto:abutwin@paulweiss.com)>; Blumenfeld, Jack <[JBlumenfeld@morrisnichols.com](mailto:JBlumenfeld@morrisnichols.com)>; Morgan, Erin J <[ejmorgan@paulweiss.com](mailto:ejmorgan@paulweiss.com)>; Ying, Jennifer <[jying@morrisnichols.com](mailto:jying@morrisnichols.com)>
**Cc:** Jacobs, Michael A. <[MJacobs@mofo.com](mailto:MJacobs@mofo.com)>; Olson, Erik J. (Palo Alto) <[EJOlson@mofo.com](mailto:EJOlson@mofo.com)>; Llewellyn, Scott F. <[SLlewellyn@mofo.com](mailto:SLlewellyn@mofo.com)>; Muino, Daniel P. <[DMuino@mofo.com](mailto:DMuino@mofo.com)>; Vrana, Robert <[RVrana@ycst.com](mailto:RVrana@ycst.com)>; Davenport, Lydia <[LDavenport@mofo.com](mailto:LDavenport@mofo.com)>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==**External Email**==

---

Counsel,

Please see attached correspondence.  In addition, we are still awaiting a proposed time to meet and confer regarding ARM's R&Os, as requested below. Please let us know your availability.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
[mzappala@paulweiss.com](mailto:mzappala@paulweiss.com) | [www.paulweiss.com](http://www.paulweiss.com)
*Pronouns: She/Her*

**From:** Zappala, Melissa Felder
**Sent:** Thursday, June 1, 2023 11:50 AM
**To:** Li, Jack <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Following up on the below, we write in response to your May 26 email.  We will separately respond to your May 26 letters.

At the outset, we note that ARM failed to respond to Qualcomm's request for a meet and confer on Tuesday (May 30), which once again delays our ability to resolve the outstanding issues concerning ARM's anticipated scope of production.  Given ARM's repeated refusal to provide clarification as to the anticipated scope of its production, we will need to go through ARM's R&Os on a RFP by RFP basis  in order to determine the exact scope of ARM's anticipated production.  Please propose a time tomorrow or early next week  to meet and confer.

Turning to the contents of your May 26 email, it distorts our discussion at the May 22 meet and confer in multiple ways, which we correct below.  We have replicated the section headers in your May 26 email, and provide our responses below.

Qualcomm's Responses to ARM's First Set of RFPs.

As we explained at the May 22 meet and confer, Qualcomm sought confirmation in its April 19 and May 16 letters regarding the scope of ARM's production because ARM has refused, over the last two months, to memorialize the anticipated scope of its production.  ARM verbally represented that it would produce documents responsive to Qualcomm's RFPs, despite its objections (other than privilege) that hit on agreed-upon search terms run over custodial documents, yet when Qualcomm asks ARM to confirm this in writing, ARM has refused to do so.  Nor has ARM explained why its prior verbal representations are inaccurate.  Thus, we are left in the situation where we do not know whether ARM is withholding documents based on its objections, which is not tenable.

Qualcomm made clear at the May 22 meet and confer that it is not simply producing en masse documents that hit on search terms.  Rather,  Qualcomm's responses and objections specify the scope of Qualcomm's anticipated production, and Qualcomm has agreed to meet and confer regarding ARM's requests that are overbroad or confusingly worded.  Therefore, ARM's request that Qualcomm provide confirmation that it will follow the approach that <u>ARM</u> has represented it will follow is nonsensical.

Once again, as we said in our May 23 email, Qualcomm will produce the non-privileged documents that Qualcomm agreed to produce in its responses and objections.  For those RFPs for which Qualcomm agreed to meet and confer, Qualcomm needs additional clarification or narrowing before Qualcomm can adequately assess what documents it may be willing to produce in response.

With respect to Requests for Production 18, 26, 31, and 34, at the May 22 meet and confer, Qualcomm explained to ARM the reasons why these RFPs were either overbroad or confusing. As memorialized in my May 23 email, ARM agreed to provide additional information to Qualcomm that would help Qualcomm understand the intended scope of the

requests in question and the kinds of documents ARM is seeking, to enable Qualcomm to determine how it could respond to these requests.

ARM has now completely reversed course and apparently refuses to provide any of the promised information. Instead, ARM now requests that Qualcomm explain its grounds for "refusing" to produce documents regarding RFP Nos. 18, 26, 31, 34-38, 41, and 45. But as Qualcomm made clear in its responses and objections, Qualcomm is *not* "refusing to produce" documents responsive to these requests. Instead, as Qualcomm's responses make clear, Qualcomm is seeking to meet and confer to appropriately narrow and clarify the scope of these RFPs, as Qualcomm reaffirmed in the parties' May 22 conversation regarding RFPs 18, 26, 31, and 34.

For RFP 26, ARM misrepresents the parties' discussion on the May 22 meet and confer. ARM states that "Qualcomm refuses to produce any documents responsive to these RFPs under 'overbroad' objections that Qualcomm refuses to clarify, perhaps because Qualcomm recognizes its objection may be resolved via the limitation of agreed search terms and agreed custodians." ARM completely ignores that, as Qualcomm explained on the May 22 meet and confer, this RFP essentially requests every communication that happens to relate to an architected core or SoC. Moreover, as Qualcomm also explained, it *is* producing documents responsive to this RFP, because it is so overbroad that it encompasses documents sought by other, narrower RFPs, to which Qualcomm has agreed to produce documents. In response to ARM's request that Qualcomm identify other RFPs that "purportedly overlap" with the RFPs in question, Qualcomm points to RFPs 21, 24, 39, and 40, just to name a few. ARM also asks that "to the extent Qualcomm will also withhold certain non-privileged documents located by agreed search terms and custodians that fall within the scope of what Qualcomm has agreed to produce in response to any other RFPs, Arm further requests that Qualcomm explain with specificity by June 2, 2023, the categories of documents that Qualcomm will withhold." This question does not make sense—to the extent search terms and custodial limitations pick up documents that Qualcomm has agreed to produce "in response to any other RFPs", Qualcomm will produce them.

ARM also complains that "even if documents are identified via agreed search terms and agreed custodians, Qualcomm apparently plans to apply some unspecified objections after the fact to withhold unspecified categories of responsive documents" and that "Qualcomm's agreement to a limited time period, set of custodians, and search terms should suffice to resolve any overbreadth concerns." ARM's complaint makes no sense—ARM essentially complains that Qualcomm has not agreed to produce all documents that hit on search terms. But Qualcomm will be undertaking a responsiveness review, as it is entitled to do.

ARM also asserts that "Qualcomm should clearly identify categories of documents it plans not to produce based on its specific objections to specific RFPs, so that Arm may evaluate Qualcomm's position and seek relief from the Court as needed." It's not clear what ARM is asking for—Qualcomm has specified what documents it intends to search for, and produce, in its responses and objections and in subsequent correspondence. If ARM would like to discuss with Qualcomm a specific category of documents that Qualcomm has not specified it will produce, Qualcomm is willing to do so.

ARM has also failed to provide the clarification that it agreed to provide regarding the terms "evaluated" and "manufacturing" as used in RFP 18, and a further explanation or a revised version of ARM's Request for Production No. 31, as discussed on the May 22 meet and confer. Given that Qualcomm's concerns related to these RFPs were not based on overbreadth and rather were requests for clarification, we do not see why ARM failed to provide the information that it promised previously or how its new request of Qualcomm would address these issues.

Qualcomm remains available to meet and confer regarding the RFPs in question, and we await any additional clarification or narrowing of scope that ARM chooses to provide. We note that we made clear on the May 22 meet and confer that we were willing to schedule another meet and confer to continue the discussion, yet you have not yet proposed a time.

Interrogatory Responses

ARM's insistence that Qualcomm supplement its Interrogatory responses in advance of ARM's own responses contradicts  the courteous manner in which the parties have dealt with Requests for Production and Interrogatories so far.  The recitation of the history of the parties' back and forth is not productive—where we are today is that both parties have agreed to supplement and we propose we agree on a date certain for both sides to do so.  We propose the parties exchange supplements on June 23.


Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Zappala, Melissa Felder
**Sent:** Thursday, June 1, 2023 10:22 AM
**To:** 'Li, Jack' <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Jack—

I anticipate responding to your email later today. In the meantime, can you please provide confirm that we can share your correspondence regarding Mr. Son with Qualcomm in-house attorneys or alternatively provide us with a redacted version?

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, May 26, 2023 1:20 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack

<JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Your email regarding the parties' meet-and-confer misrepresents Arm's positions, and further highlights the deficiencies in Qualcomm's responses to Arm's first set of RFPs.

**Qualcomm's Responses to Arm's First Set of RFPs**

First, your email misstates Arm's request for confirmation from Qualcomm.  During the meet-and-confer, Arm asked Qualcomm to confirm that it will not withhold documents that hit upon agreed search terms in the files of agreed custodians that are responsive to Arm's RFPs.  Qualcomm previously asked Arm to confirm the same: "Qualcomm seeks to obtain clarification: Other than on the grounds of privilege, ARM will not withhold any documents that hit upon search terms in the files of agreed upon custodians that address the topics requested by Qualcomm's document requests (other than RFP 27)."  Zappala Correspondence, dated May 1, 2023, at 7.  Qualcomm has refused to provide confirmation on the same issue for which it requested confirmation from Arm.

Arm asked for such confirmation because, during the meet-and-confer, Qualcomm stated that it plans to withhold at least some non-privileged, responsive documents located by agreed search terms and agreed custodians.  But Qualcomm declined to specify the categories of documents it plans to withhold, instead merely reciting boilerplate objections.

For example, Qualcomm did not contest during the meet-and-confer that RFP Nos. 18, 26, 31, and 34 seek relevant information.  Qualcomm also agreed on the meet-and-confer that at least some communications within the scope of Arm's RFP No. 26 are relevant to this case.  Nevertheless, Qualcomm refuses to produce any documents responsive to these RFPs under "overbroad" objections that Qualcomm refuses to clarify, perhaps because Qualcomm recognizes its objection may be resolved via the limitation of agreed search terms and agreed custodians.  Put another way, despite conceding the relevance of the requests, Qualcomm fails to identify portions of the request that are not overbroad, for which Qualcomm should produce responsive documents.

Qualcomm also apparently plans to withhold unspecified categories of non-privileged, responsive documents even where Qualcomm has agreed to produce documents in response to Arm's RFPs.  That is, even if documents are identified via agreed search terms and agreed custodians, Qualcomm apparently plans to apply some unspecified objections after the fact to withhold unspecified categories of responsive documents.  Qualcomm should clearly identify categories of documents it plans not to produce based on its specific objections to specific RFPs, so that Arm may evaluate Qualcomm's position and seek relief from the Court as needed.

Accordingly, Arm requests that Qualcomm explain with specificity by June 2, 2023, its grounds for refusing to produce documents responsive to RFP Nos. 18, 26, 31, 34-38, 41, and 45, including delineating the parts of each of these requests that are not overbroad.  For instance, Qualcomm's refusal to produce documents responsive to RFP 26 is seemingly based on the claim that "many documents responsive to RFP 26 are also responsive to other RFPs."  Qualcomm must identify any "other RFPs" purportedly overlapping with RFP 26, and explain why such overlap would justify non-production of relevant documents, particularly where the overlap with other RFPs instead suggests relevant and responsive documents should be produced regardless of any objections to RFP 26.  To the extent Qualcomm will also withhold certain non-privileged documents located by agreed search terms and custodians that fall within the scope of what Qualcomm has agreed to produce in response to any other RFPs, Arm further requests that Qualcomm explain with specificity by June 2, 2023, the categories of documents that Qualcomm will withhold.

Put simply, where Qualcomm has not identified specific categories of documents for which it objects to any production, Qualcomm's agreement to a limited time period, set of custodians, and search terms should suffice to resolve any overbreadth concerns. Accordingly, it is unclear that there is any legitimate basis for Qualcomm to withhold unprivileged documents responsive to portions of requests to which Qualcomm has not objected, and for which Qualcomm has agreed to a relevant time period, set of custodians, and search terms.

**Arm's Document Production**

The parties' meet-and-confer on May 22, which your email purports to "memorialize," concerned Qualcomm's RFP responses, rather than Arm's document production. Accordingly, your statements regarding Arm's document production appear to be an attempt to distract from the Qualcomm deficiencies at issue. Regardless, Qualcomm's interpretation of Arm's planned document production, as repeated in your email, is skewed. Arm has always maintained, consistent with Rule 34 and the ESI order, that it will produce non-privileged, responsive documents located through agreed search terms and agreed custodians, unless Arm has specifically objected to the production of a specific category of documents. As discussed above, Qualcomm's refusal to do the same is concerning.

**"Outstanding Issues"**

Regarding Qualcomm's delay in supplementing its responses to Arm's interrogatories, you refer to Arm's agreement to supplement less than two weeks ago. However, Qualcomm committed to supplementing its responses to Interrogatory Nos. 1-4, and 6 more than a month ago. Please confirm the date by which Qualcomm will provide its supplemental responses to Arm's Interrogatory Nos. 1-4, and 6, which obviously should precede any supplementation by Arm.

Please also see the attached correspondence.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Wednesday, May 24, 2023 12:35 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel,

We write to memorialize yesterday's meet and confer and follow up on other outstanding issues.

## A. <u>Summary of Meet and Confer</u>

Below we outline the issues we discussed on yesterday's meet and confer — Please let us know if any of the below is inconsistent with your recollection.

- **<u>Anticipated Scope of Qualcomm's Planned Production</u>**
  - o ARM requested that Qualcomm confirm that, with respect to Qualcomm's anticipated production, Qualcomm would not withhold documents that hit on search terms in the files of agreed upon custodians other than on grounds of privilege. Qualcomm has never made any such representation. ARM stated that its request was based on the fact that Qualcomm had previously requested the same confirmation from ARM. This is inconsistent with the actual language of the confirmation that Qualcomm requested (in its April 19 and May 16 letters). Qualcomm requested confirmation from ARM regarding the scope of ARM's production in light of how ARM has, during the parties' meet and confers, described the scope of its anticipated production (and yet, for whatever reason, declines to confirm the scope of its production in writing). The fact that ARM made such representations does not mean that Qualcomm must do the same.

  - o As Qualcomm explained on the meet and confer, Qualcomm's responses and objections specify the scope of what Qualcomm will agree to produce. Qualcomm repeatedly explained that a number of ARM's RFPs were overbroad, but that Qualcomm was willing to meet and confer to see if the parties could agree on a narrowed scope of production. For example, some of ARM's RFPs are so overbroad that they would encompass nearly every document related to the Phoenix Core, even if not related to this case. Qualcomm pointed out that it has repeatedly offered to meet and confer about its responses and objections, and ARM had not—until yesterday—taken up Qualcomm on this offer.

  - o Instead of engaging on a RFP-by-RFP basis, ARM kept requesting that Qualcomm globally confirm that Qualcomm would not withhold documents that hit on search terms that were otherwise "responsive" to ARM's document requests. But as Qualcomm repeatedly pointed out, the premise of this question is flawed. First, responsiveness is based on Qualcomm's

responses and objections, not on the scope of ARM's document requests. Second, some document requests are so overbroad that they encompass other document requests for which Qualcomm has agreed to produce documents.  Qualcomm repeatedly explained that Qualcomm will produce the documents that it has agreed to produce (and is willing to meet and confer with ARM to narrow the scope of other RFPs), but Qualcomm needs further clarity on RFPs that are confusingly worded or overbroad.  As Qualcomm explained, the purpose of the meet and confer was to address these issues.

- **Document Production Process**
  - ARM proposed that both parties could run search terms across custodial populations, review for privilege, and then produce all documents that hit on the search terms.

  - As Qualcomm explained, it will not agree to that proposal, and Qualcomm will instead proceed according to the standard process of document review where documents will be searched according to search terms and then reviewed for responsiveness based on Qualcomm's responses and objections.

  - However, to the extent ARM wants to comply with its own proposal, Qualcomm has no objection, unless such a process would result in a voluminous document dump of irrelevant documents.

- **RFP 18**
  - RFP 18 requests "Documents, Communications, and Things sufficient to show the process by which each Nuvia-based Product is or will be manufactured, tested, or evaluated."

  - Qualcomm explained that it had objected to the production of documents regarding manufacturing because, given that this case concerns the development and design of CPUs, it is unclear why manufacturing is relevant.  Qualcomm requested that ARM provide an explanation of why "manufacturing" is relevant, which Qualcomm will then consider.  On the meet and confer, ARM said it would consider providing Qualcomm with a further explanation of why "manufacturing" is relevant; Qualcomm awaits this explanation.

  - ARM also asked why Qualcomm had objected to production of documents regarding "evaluation."  Qualcomm explained that this term was overbroad and it was not clear what ARM meant by it—Qualcomm said if ARM could clarify the meaning of this term, Qualcomm would consider.  ARM

explained that this term refers to "testing for purposes of verification," although ARM stated that it would take that language back to ensure that is the correct phrasing that was intended by the term "evaluation."

- **RFP 22**
  - RFP 22 requests "All Documents, Communications, and Things that Refer or Relate to Arm's ▮▮▮▮▮▮ product." ARM asked Qualcomm why it had requested to meet and confer regarding the relevance and scope of this request. Qualcomm noted that in its March 30 letter Qualcomm agreed to produce documents in response to this request.

- **RFP 26**
  - RFP 26 requests "All Communications Related to a custom core, core, processor, or design developed under or licensed by the Nuvia or Qualcomm ALAs since January 1, 2019."

  - In response to ARM's question regarding whether Qualcomm constructed search terms specifically in response to the request, Qualcomm explained that because of the overbreadth of the request, many documents responsive to RFP 26 are also responsive to other RFPs. Thus, some of Qualcomm's search terms will capture documents that are also responsive to RFP 26. However, as Qualcomm explained, Qualcomm will not produce documents responsive to RFP 26 that are not otherwise responsive to other RFPs. Qualcomm asked that ARM provide a proposal to narrow the scope of the RFP or an explanation of what RFP 26 was intended to capture that was not captured through other document requests. ARM initially refused to narrow the request or to provide an explanation of what ARM intended to capture in crafting RFP 26 that would not be captured by other RFPs. Ultimately, however, ARM said it will provide a proposal of categories captured by RFP 26 and not by other RFPs for Qualcomm to review and consider.

- **RFP 31**
  - RFP 31 seeks "All Documents, Communications, and Things Regarding any actual or potential assignment, amendment, or novation to any Arm license agreements in connection with Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including Regarding any impact of, connection to, or conflict between any actual or potential assignment, amendment, or novation, and Your existing contractual obligations to Arm."

  - Qualcomm asked for clarification regarding what ARM is asking for with this request. ARM said that settlement communications between Qualcomm

and ARM would be an example.  As an initial matter, it is not clear why settlement communications between ARM and Qualcomm would not already be in ARM's possession, custody, or control.  Moreover, given the confusing manner in which this request is formulated, Qualcomm asked that ARM revise the request to clarify what it is asking for.  Qualcomm will consider it once Qualcomm has seen a revised version.

- **RFP 34**
  - o RFP 34 seeks "All Documents, Communications, and Things that summarize, describe, or Refer to any progress toward completion of the Nuvia Technology or Nuvia-based Products as an "ARM Compliant Core" under either the Nuvia or Qualcomm ALAs, including any internal presentations, PowerPoints, graphics, or other Documents or Communications Regarding any progress, plans, or development cycles, and including such Documents and Communications (1) before Qualcomm acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA."

  - o Qualcomm explained that this request is similar to RFP 26 in that it is also overly broad.  If ARM can identify the scope of documents it seeks that are responsive to RFP 34 but not captured by other RFPs, Qualcomm will consider a request to produce such documents.

- **Scope of ARM's production**
  - o Qualcomm referred ARM to its May 16 letter, in which Qualcomm requested written confirmation of ARM's scope of production by May 22.  Yet again, ARM has failed to provide any written confirmation, despite stating at the parties' May 12 meet and confer that ARM understood Qualcomm's request and would respond to it.  ARM has repeatedly obstructed Qualcomm's attempts to obtain clarification or confirmation.  In Qualcomm's April 19 letter, Qualcomm stated, "it is our understanding that, although ARM has asserted multiple objections in its Amended R&Os, once ARM and Qualcomm agree on custodians and search terms, ARM will run the search terms against the custodians, and will, after review, produce any non-privileged documents responsive to Qualcomm's Requests other than RFP 27, so long as they fall within the identified relevant time period.  In other words, ARM will not withhold documents resulting from such searches based on any of its previously articulated objections such as overbreadth and relevance, except for privilege.  Please confirm in writing that our understanding is correct by Friday April 21."  ARM refused to provide the requested confirmation, and instead responded on April 26 that

"Arm has repeatedly made clear (via its responses, correspondence, and discussions with Qualcomm) that, for the vast majority of Qualcomm's requests, Arm is willing to produce responsive, non-privileged documents in its possession, custody, or control that it can locate after a reasonable, targeted search." This response did not provide any clarification regarding the extent to which ARM is relying on its objections to limit the scope of its production. In Qualcomm's May 1 letter, Qualcomm wrote, "Once more, Qualcomm seeks to obtain clarification: Other than on the grounds of privilege, ARM will not withhold any documents that hit upon search terms in the files of agreed upon custodians that address the topics requested by Qualcomm's document requests (other than RFP 27). All of ARM's other objections, including overbreadth and relevance objections, will be dealt with through the negotiation of search terms and custodians. Please provide us with written confirmation that this understanding is correct by May 4, 2023. If it is not, please specify exactly how this description is incorrect." ARM instead responded "Qualcomm should not assume that Arm agrees the steps Qualcomm has identified are required for either party, let alone that Arm will do the same, absent express agreement in writing by Arm." ARM also stated that "Arm has agreed to nothing beyond what is in the relevant orders and Arm's written communications and responses."

o Further, ARM's May 11 letter criticized Qualcomm's attempt to get clarity on this point as supposedly seeking to "dictate how Arm must meet its discovery obligations." As explained in Qualcomm's May 16 letter, Qualcomm does not intend to "dictate" ARM's discovery process. We are trying to get confirmation from ARM about exactly what ARM is agreeing to produce, which Qualcomm has sought to understand since the parties' first meet and confer on March 23, 2023. On the May 12 meet and confer, we again explained our goal in requesting written confirmation. At that meet and confer, ARM stated that it understands Qualcomm's inquiry and would review the description in Qualcomm's May 1 letter for accuracy.

o Given that we have not received any written confirmation after making repeated requests over the course of two months, we must schedule additional meet and confers in order to go request by request with ARM in order to determine the planned scope of ARM's production. Please provide your availability for a meet and confer on May 30. We are available from 1:30 – 3:00 P.M. EST.

## B. Outstanding Issues

In Qualcomm's May 16 letter, Qualcomm requested that ARM confirm a number of things by yesterday, May 22. Yet, Qualcomm has heard nothing from

ARM.  Qualcomm asked that ARM provide a written explanation of whether ARM makes use of an IM/chat system, and whether and how it plans to search that system.  Qualcomm also asked for a detailed proposal for how ARM intends to access and search for Mr. Son's responsive documents.  ARM has failed to provide any response.  We again request that ARM provide us with its position on these issues.  If ARM does not provide a response by the end of this week (May 26), we will assume the parties have reached an impasse on these issues.

As a reminder, we asked that ARM provide, by tomorrow, clarification of whether and how ARM plans to adjust its search terms to address the deficiencies that Qualcomm identified.

Additionally, we note that on May 19 ARM asked Defendants to supplement Interrogatory Nos. 1-4, and 6 by May 31, 2023.  However, ARM agreed on May 11 to supplement a number of its deficient interrogatory responses.  A reasonable path forward is for the parties to agree on a mutually acceptable date to supplement their respective interrogatory responses.  We are willing to discuss a date on our May 30 meet and confer, assuming ARM is available then.


Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Thursday, May 18, 2023 11:31 AM
**To:** Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available to meet and confer on Monday (5/22) from 2:30 – 3:30 PM EST.

Thanks,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, May 18, 2023 9:27 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available to meet and confer regarding Qualcomm's R&Os to Arm's First Set of Requests for Production tomorrow (5/19) after 2:30 PM ET, or on Monday (5/22) from 2:30 to 4:30 PM ET.  Please let us know if either day works for Qualcomm.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Friday, May 12, 2023 4:04 PM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel,

We are available to meet and confer regarding Qualcomm's search terms and R&Os to ARM's First Set of Requests for Production at the following times next week:

Monday 5/15 from 2:30-3:30PM EST
Tuesday 5/16 from 12-2PM EST or 5:30-7:30PM EST
Wednesday 5/17 from 3-5:30PM EST

We will plan respond to your 5/11 letters early next week.

Thanks,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Brickey, Sarah E. <SBrickey@mofo.com>
**Sent:** Friday, May 12, 2023 11:40 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached.

Best,

**Sarah E. Brickey**
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO

**MORRISON FOERSTER**

**From:** Braly, Jacob <<jbraly@paulweiss.com>>
**Sent:** Friday, May 12, 2023 7:40 AM
**To:** Brickey, Sarah E. <<SBrickey@mofo.com>>; Zappala, Melissa Felder <<mzappala@paulweiss.com>>; Dunn, Karen L <<kdunn@paulweiss.com>>; Nyarady, Catherine <<cnyarady@paulweiss.com>>; Isaacson, William A <<wisaacson@paulweiss.com>>; Butwin, Alexander M <<abutwin@paulweiss.com>>; Blumenfeld, Jack <<JBlumenfeld@morrisnichols.com>>; Morgan, Erin J <<ejmorgan@paulweiss.com>>; Ying, Jennifer <<jying@morrisnichols.com>>
**Cc:** Jacobs, Michael A. <<MJacobs@mofo.com>>; Olson, Erik J. (Palo Alto) <<EJOlson@mofo.com>>; Llewellyn, Scott F. <<SLlewellyn@mofo.com>>; Muino, Daniel P. <<DMuino@mofo.com>>; Vrana, Robert <<RVrana@ycst.com>>; Li, Jack <<JackLi@mofo.com>>; Davenport, Lydia <<LDavenport@mofo.com>>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

Counsel,

In the letter that you sent us yesterday regarding search terms, you stated that you were attaching a list of your search terms broken out into 398 unique search terms.  We have not yet received this list, which is important for today's meet and confer.  Please send it to us as soon as possible.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Brickey, Sarah E. <<SBrickey@mofo.com>>
**Sent:** Thursday, May 11, 2023 3:10 PM
**To:** Zappala, Melissa Felder <<mzappala@paulweiss.com>>; Braly, Jacob <<jbraly@paulweiss.com>>; Dunn, Karen L <<kdunn@paulweiss.com>>; Nyarady, Catherine <<cnyarady@paulweiss.com>>; Isaacson, William A <<wisaacson@paulweiss.com>>; Butwin, Alexander M <<abutwin@paulweiss.com>>; Blumenfeld, Jack <<JBlumenfeld@morrisnichols.com>>; Morgan, Erin J <<ejmorgan@paulweiss.com>>; Ying, Jennifer <<jying@morrisnichols.com>>
**Cc:** Jacobs, Michael A. <<MJacobs@mofo.com>>; Olson, Erik J. (Palo Alto) <<EJOlson@mofo.com>>; Llewellyn, Scott F. <<SLlewellyn@mofo.com>>; Muino, Daniel P. <<DMuino@mofo.com>>; Vrana, Robert <<RVrana@ycst.com>>; Li, Jack <<JackLi@mofo.com>>; Davenport, Lydia <<LDavenport@mofo.com>>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached correspondence.

Best,

**Sarah E. Brickey**
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO*

## ⅢORRISON
## FOERSTER

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Wednesday, May 10, 2023 10:51 AM
**To:** Li, Jack <JackLi@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

---

**External Email**

---

Jack,

Thanks for letting us know. 2 PM Friday still works for us. I will send the invite shortly.

-Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, May 10, 2023 8:34 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We appreciate your provision of a redacted version of Qualcomm's May 1, 2023, letter regarding custodians, and we confirm that Arm has complied with the Protective Order's provisions regarding disclosure of designated materials.

We believe it makes sense to meet and confer after Arm provides its written responses to the Qualcomm correspondence referenced below.  We are available to meet and confer on Friday, May 12, at 2 PM ET.  Please let us know if that day/time still works.

Best regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, May 8, 2023 8:34 PM
**To:** Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel,

We have attached a redacted version of the May 1, 2023 letter regarding custodians.  We note that ARM's May 1, 2023 letter regarding search terms addresses ARM's RFPs, which ARM designated as "Confidential" under the Protective Order.  That said, in the interest of advancing our discussions regarding search terms, Qualcomm will waive its own confidentiality designations for the May 1, 2023 letter regarding search terms for the express purpose of communication between outside counsel for ARM and ARM in-house counsel.  This limited waiver is not intended to imply that the letter can be shown or transmitted for other purposes or to other individuals.  Qualcomm has also not received a signed "Declaration to be Bound" for any ARM personnel.  Have any ARM personnel signed the "Declaration to be Bound" or received any materials marked "Confidential" under the Protective Order?

We further note that, in addition to the two May 1 letters, ARM has not responded to Qualcomm's April 19, 2023 letter regarding deficiencies in ARM's Objections and Responses to Qualcomm's First Set of Interrogatories or to Qualcomm's May 2, 2023 email regarding search terms.  Please let us know when we can expect to receive answers to these communications.

We are available to meet and confer regarding search terms and custodians this week.  Our availability is as follows:

- Wednesday (5/10) – 4:30-6:00PM EST
- Thursday (5/11) – 3:00-4:00PM or 6:00-8:00PM EST
- Friday (5/12) – 2:00PM – 6:00PM EST

Best,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, May 8, 2023 9:18 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We plan to provide a written response shortly to the letters you sent regarding custodians and search terms, both of which were marked Highly Confidential/Attorneys' Eyes Only.  Could you please provide redacted versions that we can share with our client?

Thank you.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, May 1, 2023 11:46 PM
**To:** Li, Jack <JackLi@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

Please see the attached correspondence.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Friday, April 28, 2023 6:34 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Your email conveniently ignores that that Arm suggested an exchange of search terms during the week of April 17, but Qualcomm proposed the parties instead wait until this week (April 25) to do so.  Given Qualcomm's general lack of urgency regarding discussion and exchange of search terms so far, it is difficult to understand your concern about a two-business-day difference in the timing of the related meet-and-confer.

We do not believe it is a productive use of the parties' resources to debate insignificant scheduling issues.  But if you insist on doing so, please accurately reflect Qualcomm's role in the relevant timing of events.

We look forward to speaking with you Monday about search terms (there appears to be an error in your email below, which refers to the subject of the Monday meet and confer as "document requests," even though it seems clear from the rest of your email that you likely mean "search terms").  Thanks, and enjoy the weekend.

Best Regards,
Jack

**JACK LI**

Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Thursday, April 27, 2023 9:18 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob
<jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>;
Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer
<jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F.
<SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Vrana, Robert
<RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Counsel,

On Friday April 21 we asked to meet and confer about search terms today, April 27. On Monday April 24, ARM said it
would be available for a "preliminary" meet and confer today, with a follow up meet and confer on May 1 at 12 PM
ET.  On April 25 we reiterated our request for a meet and confer today and provided a 4.5 hour window of
availability.  Yet, we did not hear from you about meeting and conferring today until last night, when you said ARM was
not available. On April 25, we also provided a 4.5 hour window of availability for a May 1 meet and confer, including
during the 12 PM window you originally proposed.  Instead, late last night you sent an email indicating you have 30
minutes of availability tomorrow April 28, or on May 2 for only 1 hour from 4-5 PM.

We need to set aside time to meet and confer about the document requests, so that we can proceed
expeditiously.   We understand from the email you just sent that you do have availability on May 1, so let's proceed
with 12 PM on May 1.

We will separately respond to your other correspondence.

-Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Thursday, April 27, 2023 8:50 PM
**To:** Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder
<mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>;

Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Given that we have not heard from you about meeting tomorrow, please confirm whether you are available to meet and confer on Monday May 1 at either 12pm or 1pm ET, which we understand is during the window you previously indicated you were available.

Best,
Lydia

---

**From:** Brickey, Sarah E. <SBrickey@mofo.com>
**Sent:** Wednesday, April 26, 2023 7:18 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Li, Jack <JackLi@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are not available on Thursday during the time you proposed below.  We are available to meet and confer on Friday (April 28) from 12-12:30pm ET, and on Tuesday (May 2) from 4-5pm ET.

As Arm has repeatedly confirmed, Arm's responses to Qualcomm's RFPs speak for themselves.  To the extent Qualcomm's "understanding" is different from Arm's responses to Qualcomm's RFPs, we disagree.

Best,

Sarah E. Brickey
Associate
sbrickey@mofo.com
T +1 (303) 592-2267

*Not admitted in CO

**IIIORRISON**
**FOERSTER**

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Tuesday, April 25, 2023 4:27 PM

**To:** Davenport, Lydia <LDavenport@mofo.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel,

Pursuant to the parties' agreement, attached are Qualcomm's proposed search terms. The first tab lists search terms to be applied to rich text documents (i.e. searchable documents with text). The second tab lists search terms to be applied to Instant Messages/Chats. Qualcomm reserves the right to modify these terms.

In light of the relatively short period that the parties have to complete document production, the parties need to meet and confer as soon as possible. To that end, the parties should begin discussing the search terms on Thursday April 27. We are available any time between 11:00 - 3:30PM EST, if there is a time in there at works for you. We can also plan to schedule a call for May 1, so that we have the time available as needed, but we do not view the Thursday call as "preliminary" and expect that ARM be prepared for that call, including by reviewing the exchanged search terms, which should not take six days. On May 1, we are available between 12:00 and 4:30PM EST.

In addition, ARM has failed to provide written confirmation regarding Qualcomm's understanding of the scope of ARM's production, despite the request in Qualcomm's April 19 letter for written confirmation by April 21. Accordingly, Qualcomm will proceed with the understanding that the position as articulated in the April 19 letter is correct.

Thank you,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064

212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 24, 2023 8:43 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A.
<MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine
<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>;
Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We propose 12 PM ET on Monday, May 1 to meet and confer regarding search terms so that the parties have a chance
to review the exchanged search terms before discussing.  If you would like to have a preliminary discussion on Thursday,
April 27, please let us know, and we can find a time.

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Friday, April 21, 2023 11:54 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A.
<MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine
<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>;
Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel,

We are currently due to exchange search terms on Tuesday.  In advance of our exchange, we think it makes sense to get
a meet and confer scheduled for Thursday April 27 to discuss the search terms, to ensure that the document production
process moves expeditiously.  Can you please let me know your availability?

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047

202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Zappala, Melissa Felder
**Sent:** Tuesday, April 11, 2023 5:35 PM
**To:** 'Davenport, Lydia' <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Thank you, I will circulate a link.

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Tuesday, April 11, 2023 5:24 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We are available at 2pm ET on Thursday.

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Tuesday, April 11, 2023 1:27 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

We write in advance of our discussion on search terms. We have reviewed ARM's Paragraph 3 disclosures and, based on our investigation to date, request that the following individuals be added as "agreed-upon custodians." Our investigation is ongoing, and Qualcomm reserves the right to request additional custodians as the case progresses.

1. Chris Bergey
2. David Brittain
3. Dawn Hill
4. James Hodgson
5. Andrew Howard
6. Stefan Rosinger
7. Masayoshi Son
8. Christine Cong Tran
9. Antonio Viana

We look forward to discussing—please confirm if you are available on Thursday.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Zappala, Melissa Felder
**Sent:** Monday, April 10, 2023 12:27 PM
**To:** 'Davenport, Lydia' <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Lydia,

Thank you for your email. We were trying to move a few things around, but can't make 3 PM today work.  Due to some conflicting schedules, could we plan to meet on Thursday? We are generally available in the afternoon after 1 PM EST if

there's something in there that works for you.  In advance of our meet and confer, please see attached correspondence. We also anticipate providing in the next day or so a list of additional individuals that are relevant to this dispute but were not included in ARM's Paragraph 3 custodian list, and look forward to discussing both parties' proposed custodians on our next meet and confer.  We would also like to complete the meet and confer on ARM's responses and objections to Qualcomm's RFPs during that meet and confer, and suggest the parties allocate 1.5 hours for the meet and confer to ensure we have sufficient time to complete the discussion.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 10, 2023 12:14 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Not having heard whether the proposed time for today works, please let us know if there are times tomorrow or Wednesday when you are available to meet and confer regarding custodians and the schedule for the exchange of search terms.

Best,
Lydia

**LYDIA DAVENPORT**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-7707
mofo.com | LinkedIn | Twitter

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Date:** Friday, Apr 07, 2023 at 12:37 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>, Vrana, Robert <RVrana@ycst.com>, Jacobs, Michael A. <MJacobs@mofo.com>, Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>, Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>, Isaacson, William A <wisaacson@paulweiss.com>, Nyarady, Catherine <cnyarady@paulweiss.com>, Morgan, Erin J <ejmorgan@paulweiss.com>, Braly, Jacob <jbraly@paulweiss.com>, Butwin, Alexander M <abutwin@paulweiss.com>, Ying, Jennifer <jying@morrisnichols.com>, Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>, Li, Jack <JackLi@mofo.com>, Brickey, Sarah E. <SBrickey@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We're available to meet at 3pm ET on Monday to discuss custodians and the schedule for the exchange of search terms.

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Monday, April 3, 2023 4:05 PM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Thanks, Lydia. Will do.

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Monday, April 3, 2023 5:34 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Melissa,

Thanks for your email.  We are available to meet and confer at 3pm ET on Thursday.  Could you please circulate a calendar invite?

Best,
Lydia

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Monday, April 3, 2023 10:03 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A.
<MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>;
Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine
<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>;
Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Scott,

I hope your son is doing as well as is possible under the circumstances.

I am reaching out to follow up on our March 23 meet and confer. You indicated ARM was planning to amend
its responses and objections, and would provide the amended responses last week. We still have not received
them, and do not want to further delay the meet and confer process while we await the amended
responses. Accordingly, we would like to continue the meet and confer as soon as possible this week and also
discuss exchanging custodian lists per my March 31 letter. We are available tomorrow between 1 and 3 PM ET
or Thursday between 3 and 4 PM ET. Please let us know if you are available during these windows.

Thank you,
Melissa
**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Friday, March 17, 2023 4:14 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A.
<MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>;
Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine
<cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>;
Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Melissa,

That time works on our end.  Could you please circulate a meeting invite?  Thank you.

Best,
Lydia

---

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Friday, March 17, 2023 6:35 AM
**To:** Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

---

Counsel,

We are reviewing your response.  In the meantime, are you available to meet and confer regarding ARM's R&Os on Thursday March 23 at 3 PM ET?

We will plan to separately provide a written response to your March 15 letter re: QC's R&Os, and will be available to meet and confer regarding those R&Os afterwards.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Davenport, Lydia <LDavenport@mofo.com>
**Sent:** Tuesday, March 14, 2023 8:11 PM
**To:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Please see attached.

Best,
Lydia

**LYDIA DAVENPORT**
Associate | Morrison & Foerster LLP
425 Market St. | San Francisco, CA 94105
**P:** +1 (415) 268-6036
mofo.com | LinkedIn | Twitter

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Tuesday, March 7, 2023 3:56 PM
**To:** Vrana, Robert <RVrana@ycst.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Cline, Brenden J. <BCline@mofo.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

Attached please find correspondence related to ARM's responses and objections to Defendants' RFPs.

Thank you,
Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
202 223 7458 (Direct Phone) | 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is

prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

==============================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is