IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM, LTD. )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>QUALCOMM INC., QUALCOMM )<br>TECHNOLOGIES, INC., and NUVIA, INC. )<br>)<br>      Defendants. ) | C.A. No. 22-1146 (MN) (LDH) |

## **NON-PARTY APPLE INC.'S MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26 and Paragraphs 48-49 of the Stipulated Protective Order in this matter (D.I. 38), non-party Apple Inc. ("Apple") hereby moves for a protective order to maintain the limited redactions in the documents produced by ARM, Ltd. in this matter that contain Apple Confidential Business Information (the "Apple CBI"). The redacted Apple CBI has no relevance to the underlying claims and defenses in this matter and is extremely competitively sensitive to non-party Apple. Moreover, production of the unredacted Apple CBI to Defendants and their counsel would substantially harm Apple, and Defendants cannot show a substantial need for such information. Apple therefore respectfully requests that the Court deny Defendants' request for production of unredacted versions of the Apple CBI.

**Factual Background**

Apple contracts with Plaintiff for technology that is integrated into Apple iPhones, iPads, and Mac computers. Apple has been in relationship with Plaintiff for more than thirty years. As part of that long-standing relationship, Apple and Plaintiff have negotiated highly specific

specialized terms that are the cornerstone of their working relationship. Apple also contracts with Defendants related to certain technology that Apple integrates into its products.

In August 2023, Apple received a disclosure notice from Plaintiff that it intended to produce its Architecture License Agreements ("ALAs") with Apple in this matter. Apple objected to the production and, consistent with Paragraph 2(j) of the Stipulated Order for Discovery, Including Discovery of Electronically Stored Information (D.I. 39) (the "ESI Order"), worked closely with Plaintiff to propose a redacted version of the ALAs that would provide Defendants with information potentially relevant to the underlying dispute while protecting Apple's most sensitive Apple CBI and trade secrets. In particular, Apple redacted the financial terms and its own proprietary rights contained within the ALAs — all of which is irrelevant to the underlying dispute and therefore appropriately redacted as non-responsive pursuant to the ESI Order — but left unredacted the balance of the agreements, including the termination provisions. Despite the unredacted information having no relevance here, Defendants now inappropriately seek production of the unredacted Apple CBI. Apple maintains its objection to the production of the Apple CBI redacted from the ALAs, and requests that the Court deny Defendants' request for the Apple/ARM ALAs to be produced in wholly unredacted form.

## Argument

Good cause exists for the Court to grant a protective order here maintaining the redactions of the Apple CBI. Fed. R. Civ. P. 26(c) (court may enter an appropriate protective order upon a showing of good cause that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); see *United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 160 n.7 (D. Del. 1999) ("The risk of injury to the owner of confidential information is presumably greater where the owner was never in a position to accept or reject the risk of disclosure of confidential information… the

nonparty has never undertaken the risks of disclosure."); *see also Ironclad, L.P. v. Poly-America Inc.,* No. 3:98-cv-2600, 2000 WL 1400762, at *15 (N.D. Tex. July 28, 2000).

As an initial matter, Apple disputes the assertion that any of the Apple CBI and trade secrets are relevant to this dispute. Even more, the redacted Apple CBI and trade secrets are certainly not relevant to any claim or defense in this matter. This matter is a breach of contract claim regarding an agreement between the parties to the litigation. That dispute does not concern Apple or any party's relationship with Apple, and has no relevance to the highly customized commercial terms (and particularly the redacted financial terms, CBI, and trade secrets) negotiated by Apple and Plaintiffs over their thirty-year relationship.

Moreover, even if Defendants can articulate some attenuated relevance here (which they cannot do), such relevance is vastly outweighed by the risk of harm to non-party Apple. *See, e.g., Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) (recognizing potential harm to non-party of producing commercially sensitive information notwithstanding outside counsel only provision of protective order). And such risk is not eliminated by there being a protective order in this matter. *See Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a non-party's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored"). Apple routinely negotiates with both parties, and giving Defendants access to the terms that Apple confidentially negotiated with Plaintiff would cause Apple vast competitive harm. *See Allergan, Inc.et al. v. Revance Therapeutics, Inc. et al.*, No. 1:21-cv-01411-RGA (D. Del. July 7, 2023) (ORDER) (Hall, M.J.) (granting non-party's request for a protective order and requiring that the license agreement be produced in redacted form). Apple's redacted terms relate to Apple's specific

financial terms and Apple's own trade secrets. These are plainly irrelevant to this dispute, and are highly confidential and competitively sensitive to Apple.

Furthermore, ARM's production of redacted versions of the Apple CBI is consistent with the ESI Order entered in this matter, which Qualcomm admits specifically contemplates that non-responsive "Confidential Information . . . may be redacted from a documents only if the document can be redacted without obscuring otherwise responsive information." (D.I. 98 at 1.)

In view of the foregoing, Apple respectfully requests that the Court deny Defendants' request for production of unredacted versions of the Apple CBI. Apple also requests that it be given an opportunity to participate in the hearing on the Defendants' request on September 29, 2023 at 1pm ET.

Dated: September 29, 2023

FISH & RICHARDSON P.C.

By: /s/ Nitika Gupta Fiorella
Nitika Gupta Fiorella (No. 5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-5070
fiorella@fr.com

*Attorneys for Non-Party Apple Inc.*