**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARM LTD., a U.K. corporation, | REDACTED - PUBLIC VERSION |
| Plaintiff, | (Filed October 2, 2023) |
| | C.A. No. 22-1146-MN |
| v. | |
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation, | |
| Defendants. | |



**PLAINTIFF'S RESPONSIVE LETTER TO THE HONORABLE LAURA D. HATCHER**
**REGARDING SEPTEMBER 29TH DISCOVERY DISPUTE TELECONFERENCE**

OF COUNSEL:

Michael A. Jacobs
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
mjacobs@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-1500
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

Dear Judge Hatcher:

      To avoid burdening the Court, Arm endeavored to resolve the disputes Defendants identify, and believed it had done so.  More specifically, Arm agreed to produce numerous documents despite their lack of relevance, and to go above and beyond the parties' agreed ESI protocol.  But Defendants rejected Arm's efforts and instead filed this motion seeking even more burdensome, disproportionate, and irrelevant discovery.

      **Arm's ALAs**.  Defendants insist that Arm's ALAs with third parties are "relevant to how the Nuvia ALA should be interpreted."  (D.I. 89 at 1.)  But because those other ALAs involve unrelated third-party customers, different time-frames, and differently-worded provisions, Arm objected to Defendants' overbroad request for all third-party ALAs, and instead agreed to produce "documents . . . that it can locate after a reasonable search sufficient to show the ALAs Arm has entered into during the relevant period."  (Ex. 1 at 35.)

      In response to Defendants' continued demand for all ALAs, however, Arm agreed to "conduct[] a reasonable, proportional search" for third party ALAs.  (Ex. 2 at 1.)  Arm identified ███████████████████████████████████████████████████████████████████████[1] even though the parties agreed otherwise to limit discovery to 2019 onward.  (Ex. 1 at 5; Ex. 3 at 4.) Arm has produced ALAs (including the primary annex) ████████████████████████████████ ███████████████████████████████████ reflecting the need to provide those licensees an opportunity to identify their position regarding redactions. ██████████████████████████████ ███████████████████ efendants fail to explain how Arm's production of ALAs and annexes is insufficient, *i.e.*, why ████████████████████████████████ would be relevant here.

      Defendants' complaints about Arm's redactions are also unavailing.  The ALAs are highly confidential, contain competitively sensitive information from Qualcomm's competitors, and implicate third-party confidentiality concerns.  Accordingly, Arm reached out to these unrelated third parties as required by the ALA's notice provisions and redacted ████████████ ████████████████████████████████████████████████ Defendants assert that the redacted terms may be relevant to reasonable royalty damages, but Arm seeks specific performance in this case.  While Defendants assert that the redacted terms may be relevant to "interpretation of the terms at issue here," they do not even attempt to explain how any redacted information could be relevant to interpreting any disputed contractual terms in the Nuvia (or Qualcomm) ALA.

      **Masayoshi Son's Documents**.  Masayoshi Son is a Japanese entrepreneur, investor, and philanthropist.  He is the founder, CEO, and Chairman of Softbank Group—a multinational investment holding company headquartered in Tokyo, Japan.  Mr. Son serves as Chairman of the Board of Directors of Arm, among myriad other significant responsibilities outside of Arm. Mr. Son is not, and has never been, an employee or officer of Arm, and has never been involved with the day-to-day operation of Arm.  Accordingly, Defendants dropped their request that he be an ESI custodian, in exchange for Arm's agreement to request that Mr. Son provide documents

---

[1] ██████████████████████████████████████████████████████████████████

"within his role as Arm's chair, rather than his role with other entities or personally" and "search [those documents] for responsive documents based on agreed search terms." (Ex. 4 at 1-2.)  Arm complied with the parties' agreement, but Defendants now seek more.

Consistent with the parties' agreement, Arm requested that Mr. Son provide Arm with documents in his role as Chairman of the Board of Arm, dated on or after the parties' agreed ESI cutoff of January 1, 2019.  Arm understands that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Once Arm complied with the parties' agreement, Defendants began moving the goalposts.  First, Defendants quickly backtracked on the agreed use of search terms and instead insisted that Arm review all documents Mr. Son provided for responsiveness.  (Ex. 5 at 11.)  When Arm agreed to do so—going beyond the parties' agreement and the agreed ESI protocol for identifying responsive documents via search terms—Defendants further requested that Arm provide a description of the process by which Mr. Son collected documents "by Friday, September 15."  (*Id.* at 4.)  But before the deadline Defendants had identified even passed, they initiated the process to file this motion.  (*Id.* at 1-2; Ex. 6.)

Defendants now complain that Mr. Son wrongly limited his collection to documents "created and maintained in his role as Arm's chair" and demand that Arm "collect all of Mr. Son's custodial files as it would a typical custodian."  But Defendants expressly agreed that Mr. Son's search "would be limited to Mr. Son's documents within his role as Arm's chair." (Ex. 4 at 1-2.)  Moreover, Arm does not have the legal right or ability to demand that Mr. Son turn over his files concerning unrelated responsibilities which include running Softbank, overseeing Softbank's investments in numerous other multinational companies, philanthropic responsibilities, and personal responsibilities.  Defendants fail to cite a single case supporting their position that Arm has the power to demand that its outside directors grant Arm access to all of their emails and files.  *See Contra Mercy Cath. Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004) (party has "control" over third party's documents under Rule 34 only when it has the "legal right" to them).[2]

Defendants' complaint that Mr. Son's search was inadequate because he "self-selected" documents deemed "responsive" and "non-duplicative of documents that Arm already would have in its possession from other custodians" is baseless: Arm does not have this understanding and has not represented this to Defendants.  Defendants' complaint that ████████████████ ████████████████████████████████ was raised for the first time in their letter brief to the Court, and ignores that ████████████████████████████████████████████████████████ ████████████████ with Qualcomm having no basis to assert they do not.  Arm remains willing to ask Mr. Son to confirm whether any correspondence with third parties in his capacity as Arm's

---

[2] Defendants' complaint that Arm has not produced more emails from Mr. Son does not support their request for even more intrusive discovery.  To the contrary, it confirms Mr. Son's lack of involvement in the issues that are central to this case.

Chair ███████████████████, but Defendants appear uninterested in obtaining confirmation regarding the scope of collection.

Finally, Defendants' conclusory suggestion that Arm "be ordered to make Mr. Son available for a deposition" should be rejected as premature, because (as Qualcomm admits) "the parties are continuing to discuss" the issue. If the parties ultimately reach an impasse and the issue is properly before the Court, Arm will respond at the appropriate time.

**Documents Concerning Arm's IPO**. Arm's September 2023 IPO is not relevant to the parties' claims or defenses. Defendants contend that "ARM's communications with its customers (many of whom are now significant IPO investors) that discuss or refer to this litigation or any of the issues in this litigation" may be relevant to Arm's alleged irreparable injury. But Arm has already produced communications with its customers that discuss or refer to this litigation or relevant issues via the application of agreed search terms to agreed custodians, consistent with the Court's ESI order. Arm has also agreed to run search terms targeting IPO-related custodial documents and communications, as well as produce all submissions with regulatory entities regarding Arm's IPO. (Ex. 7 at 1-2.) Defendants' demand that Arm do more should be rejected.

First, Defendants' two additional proposed search terms capture more than 138,000 documents (Ex. 8 at 2-3). Defendants do not explain why Arm should be required to review these documents above and beyond the parties' agreed ESI custodians and search terms— and Defendants themselves have repeatedly refused search terms yielding far fewer hits as overly burdensome. (*See, e.g.*, Ex. 9 at 2.) To resolve the dispute, Arm proposed modified terms yielding roughly 400 hits, but Defendants again initiated the process to bring this issue to the Court, before responding to—and thus apparently rejecting—Arm's proposed modifications. (Ex. 6; Ex. 8 at 1 (responding to Arm's proposal at 11:28 PM, after declaring an impasse and initiating this motion at 4:12 PM).)

Second, Qualcomm's request to expand the previously agreed custodians to include "any Arm employee or representative [who] communicated on Arm's behalf" and was "meaningfully involved in the IPO" (including Morrison Foerster lawyers) is overbroad, unreasonable, and disproportional. Arm has already agreed to produce communications with customers concerning this litigation from agreed ESI custodians, and to run additional search terms against those custodians. There is no basis to add new custodians for this search, or to require Arm to review and log communications by lawyers, the vast majority of which are likely to be privileged, as Qualcomm implicitly concedes.

**Antonio Viana's Documents**. Arm has produced a significant portion of Mr. Viana's responsive emails from the relevant period, and expects to complete the remaining production this week. Defendants' letter does not raise any issue relating to that production, and Defendants apparently do not seek any relief relating to Mr. Viana's documents.

Dated:  September 25, 2023

OF COUNSEL:

Michael A. Jacobs
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
mjacobs@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-1500
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


_/s/ Anne Shea Gaza_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

_Attorneys for Plaintiff Arm Ltd._

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 25, 2023, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Catherine Nyarady
Anna R. Gressel
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com
*Attorneys for Plaintiff Arm Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br>                Plaintiff,<br><br>                v.<br>QUALCOMM INC., a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC., a<br>Delaware corporation, and NUVIA, INC., a<br>Delaware corporation,<br>                Defendants. | C.A. No. 22-1146-MN |

**[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO COMPEL**

The Court having considered the parties' letter briefs, the arguments and authorities cited

therein, and any oral argument;

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Compel is

DENIED.

.

IT IS SO ORDERED this ___ day of _____, 2023

_____
The Honorable Laura D. Hatcher

1

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>QUALCOMM INC., a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC., a<br>Delaware corporation, and NUVIA, INC., a<br>Delaware corporation,<br><br>       Defendants. | C.A. No. 22-1146-MN<br><br>**CONFIDENTIAL** |

## ARM LTD.'S FIRST AMENDED OBJECTIONS AND RESPONSES TO QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-36)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court ("Local Rules"), Arm Ltd. ("Arm") submits the following first amended responses and objections to Qualcomm's First Set of Requests for Production of Documents and Things to Arm Ltd. (Nos. 1-36), dated December 20, 2022, and deemed served when discovery opened on January 13, 2023 (each a "Request" and collectively the "Requests").

### PRELIMINARY STATEMENT

1.      Arm's responses to the Requests ("Responses") are made in accordance with the Federal Rules of Civil Procedure and based upon information currently available to Arm. Investigation and discovery are ongoing in this case. Arm responds to the Requests without prejudice to Arm's right to supplement its Responses. Arm provides these responses and objections to the best of its current knowledge, information, and belief, based on information readily and reasonably available to it after making a reasonable inquiry. Arm expressly reserves

the right to modify or supplement any Response, and to assert additional objections to the Requests as necessary or appropriate.

2.      Arm makes these responses subject to and without waiving Arm's right to introduce, use, or refer to information which Arm presently has, but which Arm has not yet had sufficient time to analyze and evaluate, as well as Arm's right to amend or supplement its responses in the event that any information previously available to Arm is unintentionally omitted from its responses.

3.      Arm objects to each instruction, definition, and/or Interrogatory to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection, and will not produce such material.

4.      Consistent with Fed. R. Civ. P. 34, Arm will produce documents as kept or maintained in the ordinary course of business, if any such documents exist, subject to Arm's objections and responses.

5.      Arm's statement that it will search for and produce documents in response to any particular request is not an indication that such documents exist or are within the possession, custody, or control of Arm.  It is a mere statement that Arm will produce those reasonably available, relevant, non-privileged documents that exist, are within the possession, custody, or control of Arm, and can be located after a reasonable search.

## **GENERAL OBJECTIONS**

Arm makes the following General Objections, pursuant to the Local Rules, which are hereby incorporated by reference in each Response to each Request.  By responding to these

Requests, Arm does not, and shall not be deemed to have accepted or adopted any of Defendants' definitions or instructions.

1.     Arm objects to the definition of "Plaintiff," "ARM," "you," and "your" as overbroad to the extent it defines these terms beyond Arm Ltd.

2.     Arm objects to the definitions of "ALA" and "TLA" as overbroad to the extent they define Architecture License Agreement and Technology License Agreement to include "all amendments and annexes to any such agreement."

3.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, common interest privilege, joint defense privilege, or any other applicable privilege or protection.  No privileged or protected documents will be produced.  Any disclosure of protected or privileged information is inadvertent and is not intended to waive these privileges or protections.

4.     Arm objects to each instruction, definition, and/or Request to the extent that it seeks to impose obligations on Arm beyond those required by the Federal Rules of Civil Procedure, the Local Rules, any other applicable laws, rules, or orders, or the parties' agreement(s) regarding document production.

5.     Arm objects to the Requests to the extent that they seek confidential, proprietary, or trade secret information pertaining to Arm, its business, or third parties that is subject to the Protective Order entered in this case.

6.     Arm objects to the Requests to the extent that they seek to obtain any information or documents that is not in its possession, custody, or control.

7.      Arm objects to the Requests to the extent that they seek information already in Defendant's possession, information that is a matter of public record, otherwise equally available to Defendant, or equally obtainable from more convenient sources.

8.      Arm objects to the definitions contained in the Requests to the extent they attempt to define terms that may require construction by the Court.

9.      The fact that Arm has objected or produced any documents is not a concession or admission to any statement, inference, or allegation implied by any Request, to the existence of any fact set forth or assumed by any such document or by any Request, or that such document constitutes admissible evidence.  The fact that Arm has produced documents in response to a particular instruction or Request is not to be construed as a waiver by Arm of any objection to that particular instruction or Request.

10.     Arm objects to each instruction, definition, and/or Request to the extent that it requires Arm to draw legal conclusions.

11.     Arm objects to each instruction, definition, and/or Request to the extent that it is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.  Arm objects to producing documents periodically created by Arm in the usual scope of Arm's business that only minimally or tangentially reference any relevant information, and where Arm in good faith believes that the information included in the documents would be cumulative of information produced elsewhere.

12.     Arm objects to each instruction, definition, and/or Request as unreasonably burdensome to the extent that Plaintiff seeks production of electronically stored information that goes beyond the Court's Default Standard for Discovery, Including Discovery of Electronically

Stored Information and Local Rules or any Order Governing Discovery of Electronically Stored Information entered in this case.

13.     Arm objects to each instruction and/or Request to the extent it requests information properly requested in an interrogatory.

14.     Arm objects to the Requests to the extent they are not reasonably limited in time.  Subject to other objections, Arm will produce documents dating from January 1, 2019 forward, unless otherwise specified.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Complaint, including but not limited to any documents ARM contends support its claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search that Arm referenced, relied on, or used in drafting the Complaint, or that support its claims.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Answer, including but not limited to any documents ARM contends support its defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search that Arm referenced, relied on, or used in drafting its Answer, or that support its defenses.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Qualcomm's acquisition of NUVIA, including but not limited to documents and communications about (a) ARM's refusal to agree to assign the NUVIA ALA and TLA to Qualcomm; (b) ARM's demands for assignment, including but not limited to ARM's demands that Defendants (i) incorporate the NUVIA ALA and TLA royalty rates into Qualcomm's preexisting licenses, (ii) restrict Qualcomm employees from working on products containing NUVIA's technology, (iii) enter a separate license for implementation IP and software tools, and (iv) "pay a design transfer fee"; (c) efforts to resolve the parties' dispute about the NUVIA agreements; and (d) the scope of the grant provided in Section B of the Annex to the Qualcomm ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's communications regarding Qualcomm's acquisition of Nuvia and attempts to resolve the parties' disputes relating to the acquisition.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "implementation IP and software tools," is undefined, vague, and ambiguous.  Arm interprets this phrase to refer to software tools such as ███████████████.  Arm objects that this Request is argumentative and assumes factual conclusions.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Qualcomm's acquisition of Nuvia.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from another source that is more convenient, less burdensome, or less expensive regarding Qualcomm's acquisition of Nuvia.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the negotiation and execution of additional license annexes to cover Qualcomm's use of any ARM intellectual property utilized by NUVIA and not covered under Qualcomm's ALA and TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show any negotiation and execution of additional license annexes between Arm and Qualcomm to cover Qualcomm's use of Arm intellectual property utilized by Nuvia following Qualcomm's acquisition of Nuvia.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "additional license annexes" and "utilized by NUVIA and not covered under Qualcomm's ALA and TLA" are undefined, vague, and ambiguous.  Arm interprets these phrases to mean any offers by Arm to Qualcomm to license Arm intellectual property after Qualcomm's acquisition of Nuvia.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Qualcomm's own communications concerning an additional license.  Arm objects to this

Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's

possession, in the public domain, or that are obtainable from some other source that is more

convenient, less burdensome, or less expensive regarding Qualcomm's own communications

concerning an additional license.  Arm objects to this Request to the extent it seeks a legal

conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of

information that is within the scope of expert discovery.  Arm will produce expert discovery

consistent with the Court's Scheduling Order.  Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the drafting, negotiation, interpretation
and construction of Qualcomm's ALA and TLA, including but not limited to documents and
communications concerning (a) Defendants' rights and obligations under those agreements; (b)
ARM's rights and obligations under those agreements; and (c) the meaning of terms used in
those agreements, including but not limited to Architecture Compliant Core, Architecture
Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information,
derivative, and Derivative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show the drafting, negotiation, interpretation, and construction of Qualcomm's ALA

and TLA in the 2013 time frame in which those agreements were negotiated, and documents

regarding the drafting, negotiation, interpretation, and construction of Qualcomm's ALA and

TLA following the announcement of Qualcomm's acquisition of Nuvia.  Consistent with the

Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default

Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged

documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Qualcomm's own documents concerning the drafting, negotiation, and interpretation of Qualcomm's ALA or TLA.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Qualcomm's own documents concerning the drafting, negotiation, and interpretation of Qualcomm's ALA or TLA which are in Qualcomm's possession.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning the drafting, negotiation, interpretation, and construction of NUVIA's ALA and TLA, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; (c) the "anticipated scope and nature of NUVIA's use of the ARM architecture" and the impact of that information on NUVIA's royalty rates; and (d) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, Nuvia Confidential Information, Nuvia Architecture Compliant Cores, Nuvia Technology, and derivative; and (d) structure of the financial terms, including the royalty provisions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show the drafting and negotiation of Nuvia's ALA and TLA at the time of negotiation, and documents regarding the drafting, negotiation, interpretation, and construction of Nuvia's ALA and TLA following the announcement of Qualcomm's acquisition of Nuvia. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent that it calls for documents not in Arm's

possession, custody, or control regarding Qualcomm's own documents concerning the drafting, negotiation, and interpretation of Nuvia's ALA or TLA.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive.  Arm objects to this Request to the extent it seeks a legal conclusion regarding Qualcomm's own documents concerning the drafting, negotiation, and interpretation of Nuvia's ALA or TLA, which are in Qualcomm's possession.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the value to ARM of the NUVIA and Qualcomm ALAs and TLAs, to the extent they are not already produced in response to other Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show the revenues, including royalties and fees, Arm received from Nuvia or Qualcomm in connection with their respective ALAs and TLAs during the relevant period covered by those agreements.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27,

2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "value to Arm" is undefined, vague, and ambiguous.  Arm interprets this phrase to mean royalties and fees received by Arm.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding the fees paid by Nuvia or Qualcomm in connection with their respective ALA or TLA.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding the fees paid by Nuvia or Qualcomm in connection with their respective ALA or TLA.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning ARM's understanding of the ownership rights to technology created or produced by a licensee after entering into an ALA, including but not limited to statements made to regulators or licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show formal written statements to regulators or licensees setting forth Arm's understanding of the ownership rights to technology developed under an Arm ALA.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "Arm's understanding of the ownership rights" is undefined, vague, and ambiguous.  Arm interprets this phrase to mean Arm's formal written statements to regulators or licensees related to ownership rights for technology under an Arm ALA.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request as overbroad in that it is not limited in geographical scope.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert

discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or

contract from disclosing, such as information subject to a confidentiality agreement with a third

party.  Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning ARM's contention that Qualcomm's architected cores, including the ███████████, are not licensed under Qualcomm's ALA, including but not limited to all documents identifying the components of the ███████████ and associated SoCs that are allegedly unlicensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show that Nuvia-based Products, including the ███████████████████

███████████████ products, are not licensed under Qualcomm's ALA.  Consistent with

the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default

Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged

documents in its custody, possession, or control, located through a reasonable, proportional,

and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "architected cores," "components of the

███████████," and "associated SoCs" are undefined, vague, and ambiguous.  Arm interprets the

phrases "architected cores, including the ███████████" and "the ███████████ and associated

SoCs" to refer to the ███████████████████████████ products.  Arm

interprets these phrases to refer to processors or chips in development by Qualcomm or Nuvia

concerning the relevant Nuvia-based technology.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding the technology under development by Qualcomm or Nuvia.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding the technology under development by Qualcomm or Nuvia.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning any "ARM-based" technology you contend was developed under the NUVIA ALA and/or TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show "ARM-based" technology that was developed under the Nuvia ALA and/or TLA.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also

produce non-privileged documents in its custody, possession, or control, located through a

reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case.  For example, this Request seeks "[a]ll Documents and

Communications," which is not reasonably targeted, clear, or as specific as practicable.

Arm objects to this Request to the extent that it calls for documents not in Arm's possession,

custody, or control regarding documents related to technology developed by Nuvia.  Arm objects

to this Request to the extent it calls for documents equally available to Qualcomm, in

Qualcomm's possession, in the public domain, or that are obtainable from some other source that

is more convenient, less burdensome, or less expensive regarding the technology developed by

Nuvia.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this

Request to the extent it prematurely seeks disclosure of information that is within the scope of

expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling

Order.  Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning ARM's February 2022 termination of
the NUVIA licenses and demand that Defendants destroy all ARM Confidential Information
licensed under the NUVIA ALA and TLA, including but not limited to documents concerning
(a) ARM's decision to terminate the NUVIA licenses; (b) ARM's decision to demand
destruction; (c) ARM's efforts to secure the destruction from Defendants; (d) ARM's evaluation
of the Defendants' compliance with ARM's request; (e) ARM's discussions and/or other
communications with third parties concerning Defendants' alleged destruction obligation and
compliance with that alleged obligation; (f) the timing of ARM's termination and destruction
demand; and (g) the impact of the NVIDIA/ARM merger clearance on ARM's termination and
destruction demand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show its decision to, position regarding, and basis for termination of Nuvia's licenses and the demand for destruction under the termination provisions of Nuvia's license, including the timing of invocation; Arm's evaluation of Defendants' compliance with those obligations; and Arm's formal written statements made to third parties regarding Arm's position on those issues.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "timing of ARM's termination and destruction demand," "the NVIDIA/ARM merger clearance," and "the impact of the NVIDIA/ARM merger clearance" are vague, ambiguous, and undefined.  Arm objects that this Request is argumentative and assumes factual conclusions.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding Nuvia's licenses or Nvidia.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement

with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning ARM's future business plans for licensing ARM's architecture, technology, and other intellectual property, including but not limited to (a) ARM's plans to enter into ALAs or TLAs directly with original equipment manufacturers ("OEMs"), including the substance and terms of ARM's proposed OEM licenses; (b) ARM's plans to license ARM architecture, technology, and other intellectual property to Qualcomm and/or other chip manufacturers, including the substance and terms of ARM's proposed chip manufacturer licenses; and (c) any plans to cease or limit licenses with Qualcomm and/or other chip manufacturers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show its future business plans for licensing Arm's architecture, technology, and other intellectual property in the markets that Nuvia-based technology may impact, including plans to enter into ALAs or TLAs directly with OEMs in those markets and possible terms for and limitations on such licenses.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "future business plans" and "cease or limit licenses" are vague, ambiguous, and undefined.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably

targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses.  Arm objects to this

Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it

seeks information that Arm is restricted by law or contract from disclosing, such as information

subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning ARM's knowledge that Qualcomm was developing and using NUVIA technology after it acquired NUVIA, including but not limited to in connection with the ███████████ and related SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show Arm's knowledge of Qualcomm's development and use of Nuvia technology

after Qualcomm's acquisition of Nuvia.  Consistent with the Court's ESI Order and Arm's

Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated

January 27, 2023, Arm will also produce non-privileged documents in its custody,

possession, or control, located through a reasonable, proportional, and targeted search of

agreed-upon custodians.

Arm objects to this Request because the phrase "related SoCs" is vague, ambiguous, and

undefined.  Arm interprets the phrase "the ███████████ and associated SoCs" to refer to the

███████████████████████████████████████ products.  Arm objects to this Request

as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example,

this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted,

clear, or as specific as practicable.  Arm objects to this Request to the extent it seeks production

of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to

the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it calls for

documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or

that are obtainable from some other source that is more convenient, less burdensome, or less

expensive regarding Arm's public statements concerning Qualcomm's continued use of Nuvia

technology.  Arm objects to this Request to the extent it seeks information that Arm is restricted

by law or contract from disclosing, such as information subject to a confidentiality agreement

with a third party.  Arm objects to this Request as seeking information that is protected by the

attorney-client privilege, the work-product doctrine, the common interest privilege, or any other

applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning verification of any of Defendants' products that ARM contends include NUVIA Technology, including but not limited to Qualcomm's ███████████ and any related SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show verification activity for Nuvia-based Products, including the ████████

███████████████████████████████ products.  Consistent with the Court's ESI Order

and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery

dated January 27, 2023, Arm will also produce non-privileged documents in its custody,

possession, or control, located through a reasonable, proportional, and targeted search of

agreed-upon custodians.

Arm objects to this Request because the phrase "related SoCs" is vague, ambiguous, and undefined.  Arm interprets the phrase "the ▮▮▮▮▮▮▮ and associated SoCs" to refer to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ products.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding verification of Defendants' products which are in Qualcomm's possession or are publicly available.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning tests to be run on any Qualcomm architected core for purposes of ARM's verification of the product(s), including but not limited to the [sic] Qualcomm's ▮▮▮▮▮▮▮ and any related SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show tests run for purposes of Arm's verification of Nuvia-based technology, including the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ products.  Consistent

with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "Qualcomm architected core," and "related SoCs," are vague, ambiguous, and undefined. Arm interprets the phrases "Qualcomm architected core" and "Qualcomm's ████████ and any related SoCs" to refer to the ████████████████████████████ products. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding testing and verification which are in Qualcomm's possession. Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert discovery consistent with the Court's Scheduling Order. Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning ARM's purported decision not to participate in the verification process for any SoCs incorporating the ████████, including but not limited to (a) the reasons for that decision; (b) communications about that decision, including with third parties; and (c) instructions given to ARM employees concerning communications with Qualcomm about those SoCs, generally and the verification of those SoCs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show the verification process for Nuvia-based technology, including the ████████

████████████████████ products, Arm's decision regarding whether

Nuvia-based technology may participate in the verification process, and related communications

with Arm employees.  Consistent with the Court's ESI Order and Arm's Initial Disclosures

Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm

will also produce non-privileged documents in its custody, possession, or control, located

through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "communications with Qualcomm about

those SoCs, generally and the verification of those SoCs" is vague, ambiguous, and undefined.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the

needs of the case.  For example, this Request seeks "[a]ll Documents and Communications,"

which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this

Request to the extent it seeks production of documents not relevant to either Party's claims or

defenses, such as "communications about that decision . . . with third parties."  Arm objects to

this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it

seeks information that Arm is restricted by law or contract from disclosing, such as information

subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning Defendants' use of ARM trademarks
licensed under the (a) Qualcomm ALA and/or TLA and/or (b) NUVIA ALA and/or TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show Defendants' use of Arm's trademarks in connection with Nuvia-based

Products.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to

Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also

produce non-privileged documents in its custody, possession, or control, located through a

reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional

to the needs of the case.  For example, this Request seeks "[a]ll Documents and

Communications," which is not reasonably targeted, clear, or as specific as practicable.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs

of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this

Request to the extent it seeks production of documents not relevant to either Party's claims or

defenses.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to

this Request to the extent that it calls for documents not in Arm's possession, custody, or control

regarding Defendants' use of Arm trademarks.  Arm objects to this Request to the extent it calls

for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Defendants' use of Arm trademarks which are already in Qualcomm's possession.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications concerning ARM's obligations, efforts, and actions to provide services to Defendants in accordance with the Qualcomm ALA and/or TLA and the NUVIA ALA and/or TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show services provided for Nuvia-based Products, including the ████████, and services provided for relevant Qualcomm products following Qualcomm's acquisition of Nuvia. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "efforts" and "actions" are vague, ambiguous, and undefined.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks

"[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as

practicable.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to

this Request to the extent that it calls for documents not in Arm's possession, custody, or control.

Arm objects to this Request to the extent it calls for documents equally available to Qualcomm,

in Qualcomm's possession, in the public domain, or that are obtainable from some other source

that is more convenient, less burdensome, or less expensive.  Arm objects to this Request as

seeking information that is protected by the attorney-client privilege, the work-product doctrine,

the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Defendants' involvement in or position
on ARM's potential acquisition by NVIDIA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its objections, and consistent with the Court's ESI Order and Arm's Initial

Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January

27, 2023, Arm will produce non-privileged documents in its custody, possession, or control,

located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "involvement" and "position" are vague,

ambiguous, and undefined.  Arm objects to this Request as overbroad, unduly burdensome,

and not proportional to the needs of the case.  For example, this Request seeks "[a]ll

Documents and Communications," which is not reasonably targeted, clear, or as specific as

practicable.  Arm objects to this Request to the extent it seeks production of documents not

relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it seeks a

legal conclusion.  Arm objects to this Request to the extent that it calls for documents not in

Arm's possession, custody, or control.  Arm objects to this Request to the extent it calls for

documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or

that are obtainable from some other source that is more convenient, less burdensome, or less

expensive.  Arm objects to this Request to the extent it seeks information that Arm is restricted

by law or contract from disclosing, such as information subject to a confidentiality agreement

with a third party.  Arm objects to this Request as seeking information that is protected by the

attorney-client privilege, the work-product doctrine, the common interest privilege, or any other

applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning ARM's communications with third
parties regarding the claims in this litigation, including but not limited to Documents and
Communications regarding (a) Defendants' rights under the Qualcomm ALA and TLA and/or
the NUVIA ALA and TLA, including but not limited to communications about the term of those
agreements and the right to extend the term of agreements; and (b) ARM's dispute with
Defendants' regarding use of NUVIA technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show formal written statements to third parties regarding the claims in this litigation

and the Parties' dispute regarding the use of Nuvia-based technology.  Consistent with the

Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default

Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged

documents in its custody, possession, or control, located through a reasonable, proportional,

and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad because it seeks information spanning decades,

from an enormous number of people, and it is unlimited in time or scope.  Arm further objects to

this Request to the extent that it calls for information regarding Persons employed by Defendants

because that information is as readily available to Defendants as it is to Arm.  Arm objects to this

Request because the phrase "Arm's dispute with Defendants' regarding use of NUVIA

technology" is vague, ambiguous, and undefined.  Arm objects to this Request's use of the

phrase "Defendants' rights" as overbroad, unduly burdensome, and vague and ambiguous, as it is

not further defined or limited in scope and could encompass hundreds of contractual provisions.

Arm likewise objects to this Request's use of the term "communicat[ions]" as overbroad, unduly

burdensome, and vague and ambiguous, and responds to this Request only with respect to formal

written statements of Arm's position to third parties.  Arm objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case.  For example,

this Request seeks "[a]ll Documents and Communications," which is not reasonably

targeted, clear, or as specific as practicable.  Arm objects to this Request to the extent it seeks

production of documents not relevant to either Party's claims or defenses.  Arm objects to this

Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it

seeks information that Arm is restricted by law or contract from disclosing, such as information

subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications from January 1, 2021, through the present
concerning Defendants, including but not limited to internal ARM documents and
communications and documents and communications with third parties to the extent they have
not already been produced in response to other Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its objections, and consistent with the Court's ESI Order and Arm's Initial

Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January

27, 2023, Arm will produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians from January 1, 2021, through the present concerning Nuvia.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 22:**

ARM's quarterly and annual financial statements and reports for 2020, 2021, and 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's quarterly and annual financial positions for 2020, 2021, and 2022.

Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show any efforts ARM made to mitigate or otherwise reduce any damages alleged to have resulted from actions that are the subject of ARM's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's efforts to mitigate or otherwise reduce the damages arising from the claims asserted in its Complaint. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "damages alleged to have resulted from actions that are the subject of ARM's Complaint" is vague, ambiguous, and undefined. Arm interprets this phrase to mean "damages arising from the claims asserted in the Complaint." Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert discovery consistent with the Court's Scheduling Order. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the alleged damages to ARM that resulted from actions that are the subject of ARM's Complaint and Answer including but not

limited to documents and communications related to (a) any damages calculations conducted by ARM, both potential and realized; (b) any analysis of the financial impact of the actions that are the subject of ARM's Complaint and Answer; (c) ARM's internal revenue and profit projections for 2020 through the end of the term of the Qualcomm ALA and TLA, to the extent that they are not separately broken out in ARM's financial statements; and (d) any analysis of harm to ARM's global licensing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show damages to Arm arising from the claims asserted in its Complaint. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "actions that are the subject of ARM's Complaint and Answer" and "financial impact" are vague, ambiguous, and undefined. Arm interprets these phrases to refer to damages to Arm arising from the claims asserted in the Complaint. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Arm's damages. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert discovery consistent with the Court's Scheduling Order.

Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning how "[t]he prospective monetary damages from Qualcomm's circumvention and interference with ARM's control over its technology are not readily ascertainable or calculable, given the resulting future impact on ARM's relationships with existing and prospective customers" (D.I. 1, ¶ 56).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show that its prospective monetary damages from Qualcomm's circumvention and interference with Arm's control over its technology are not readily ascertainable or calculable, given the resulting future impact on Arm's relationships with existing and prospective customers.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Arm's damages.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to

the extent it prematurely seeks disclosure of information that is within the scope of expert

discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.

Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning the acquisition of any ARM licensee by another licensee, including but not limited to Documents and Communications about the acquisition process, negotiations related to the acquisition(s), and the outcome of those negotiations, including any related agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Subject to its objections, Arm will produce non-privileged and non-work product

transactional documents in its possession, custody, or control that it can locate after a reasonable

search sufficient to show the acquisition of any ALA Arm licensee by another licensee during

the period relevant to the dispute and the outcome of related negotiations.  Consistent with the

Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default

Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged

documents in its custody, possession, or control, located through a reasonable, proportional,

and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "acquisition process," "about the

acquisition process," "outcome," and "related agreements" are vague, ambiguous, and undefined.

Arm interprets this Request to merely refer to the acquisition of any Arm licensee by another

licensee.  Arm objects to this Request as overbroad, unduly burdensome, and not

proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and

Communications," which is not reasonably targeted, clear, or as specific as practicable.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding the acquisition of licensees by another licensee.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding the acquisition of licensees by another licensee.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs ARM has entered into with any party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show the ALAs Arm has entered into during the relevant period.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll ALAs," including annexes thereto, which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in

that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the

extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm

objects to this Request to the extent it seeks information that Arm is restricted by law or contract

from disclosing, such as information subject to a confidentiality agreement with a third party.

Arm objects to this Request as seeking information that is protected by the attorney-client

privilege, the work-product doctrine, the common interest privilege, or any other applicable

privilege or immunity.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any circumstances in which ARM has
demanded destruction of an architected core or related technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show circumstances in which Arm has demanded destruction of technology upon

termination of an ALA.  Consistent with the Court's ESI Order and Arm's Initial Disclosures

Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm

will also produce non-privileged documents in its custody, possession, or control, located

through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "circumstances" and "architected core or

related technology" are vague, ambiguous, and undefined.  Arm interprets this Request to merely

refer to communications with Qualcomm or Nuvia referencing their obligation to destroy the

relevant Nuvia technology.  Arm objects to this Request as overbroad, unduly burdensome, and

not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and

Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of

the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request

to the extent it seeks production of documents not relevant to either Party's claims or defenses.

Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request

to the extent it seeks information that Arm is restricted by law or contract from disclosing, such

as information subject to a confidentiality agreement with a third party.  Arm objects to this

Request as seeking information that is protected by the attorney-client privilege, the work-

product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning the acquisition of any ARM licensee by
another licensee, including whether assignment of any license agreement occurred, ARM's
position on assignment, and any novation agreement that was executed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to its objections, Arm will produce non-privileged and non-work product

transactional documents in its possession, custody, or control that it can locate after a reasonable

search sufficient to show Arm's position on the acquisition of an Arm ALA licensee by another

Arm licensee during the relevant period, including any executed novation agreement, subject to

resolution of any confidentiality concerns or restrictions on production of such agreements.

Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph

3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-

privileged documents in its custody, possession, or control, located through a reasonable,

proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "acquisition process," "about the

acquisition process," "outcome," and "related agreements" are vague, ambiguous, and undefined.

Arm interprets this Request to merely refer to the acquisition of any Arm licensee by another

Arm licensee.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent that it calls for documents not in Arm's possession, custody, or control regarding the acquisition of licensees by another licensee.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding the acquisition of licensees by another licensee.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning ARM's market share, including but not limited to its market share in the compute, server, and mobile markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's market share in the markets for the Nuvia-based technology during the

relevant period.  Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrase "market share in the compute, server, and mobile markets" is undefined, vague, and ambiguous.  Arm interprets this Request to merely refer to Arm's market share in the market in which the relevant Nuvia products would exist. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding Arm's market share.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request to the extent it improperly imposes obligations on Arm inconsistent with those provided for under the Federal Rules of Civil Procedure, this Court's Local Rules, any applicable Court Order, and any other governing discovery agreement between the parties.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any ARM architecture set [sic] the public domain, including but not limited to the ██████████████ Documentation set and all relevant versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Subject to its objections, Arm responds that being publicly available online does not constitute being in the public domain, and Arm will produce documents sufficient to show public availability of the ████████████ Documentation set and related versions. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "ARM architecture set the public domain" and "relevant versions" are undefined, vague, and ambiguous. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert

discovery consistent with the Court's Scheduling Order.  Arm objects to this Request as seeking

information that is protected by the attorney-client privilege, the work-product doctrine, the

common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning how the ███████████ and related SoCs
will compete against and impact the market for ARM's architected cores and other products,
including but not limited to in the compute, server, and mobile markets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Subject to its objections, Arm will produce non-privileged and non-work product

documents in its possession, custody, or control that it can locate after a reasonable search

sufficient to show Arm's understanding of how Nuvia-based technology may impact the markets

for Arm's architected cores in the compute, server, and mobile markets.  Consistent with the

Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default

Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged

documents in its custody, possession, or control, located through a reasonable, proportional,

and targeted search of agreed-upon custodians.

Arm objects to this Request because the phrases "compete against and impact the market

for," "other products," and "compute, server and mobile markets" are undefined, vague, and

ambiguous.  Arm interprets this Request to merely refer to the market in which the relevant

Nuvia products would exist.  Arm interprets the phrase ███████████ and related SoCs" to refer

to the ████████████████████████████████ products.  Arm objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the

case.  For example, this Request seeks "[a]ll Documents and Communications," which is not

reasonably targeted, clear, or as specific as practicable.  Arm objects to this Request as

overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not

limited to a relevant, reasonable time period.  Arm objects to this Request to the extent it calls for documents equally available to Qualcomm, in Qualcomm's possession, in the public domain, or that are obtainable from some other source that is more convenient, less burdensome, or less expensive regarding market competition for SoCs and processors.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery.  Arm will produce expert discovery consistent with the Court's Scheduling Order.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the allegations in Paragraph 54 of your Complaint (D.I. 1), including but not limited to the assertion that "[t]he failure of Nuvia and Qualcomm to comply with the post-termination obligations under the Nuvia ALA is causing and will continue to cause irreparable harm to Arm."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show that the failure of Nuvia and Qualcomm to comply with their post-termination obligations under the Nuvia ALA is causing and will continue to cause irreparable harm to Arm. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  For example, this Request seeks "[a]ll Documents and

Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it seeks a legal conclusion. Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert discovery consistent with the Court's Scheduling Order. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications supporting the assertions in Paragraph 29 of your Answer (D.I. 23), including that ARM anticipated earning "hundreds of millions of dollars . . . from NUVIA's products expanding the market for ARM-based chips."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's anticipated earnings from Nuvia products' expanding the market for Arm-based chips. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request to the extent it prematurely seeks disclosure of information that is within the scope of expert discovery. Arm will produce expert discovery consistent with the Court's Scheduling Order. Arm objects to this Request as seeking information that is protected

by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with Softbank Group, including its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf, about this dispute or Qualcomm's license agreements since March 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to its objections, and consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "[a]ll Communications" with a lengthy list of unspecified entities, including predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on SoftBank Group's behalf. Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses. Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party. Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications with any third party concerning the scope of Qualcomm's rights under its license agreements with ARM and/or Qualcomm's ability to sell architected cores under those agreements, to the extent they are not already produced in response to other Requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Subject to its objections, Arm will produce non-privileged and non-work product documents in its possession, custody, or control that it can locate after a reasonable search sufficient to show Arm's formal written statements to third parties concerning the scope of Qualcomm's rights with respect to Nuvia-based technology or Qualcomm's ability to sell architected cores using Nuvia-based technology. Arm objects to this Request because the phrase "architected cores" is undefined, vague, and ambiguous. Arm interprets the phrase "architected cores" to refer to the ████████████████████████████████ products. Consistent with the Court's ESI Order and Arm's Initial Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery dated January 27, 2023, Arm will also produce non-privileged documents in its custody, possession, or control, located through a reasonable, proportional, and targeted search of agreed-upon custodians.

Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. For example, this Request seeks "[a]ll Documents and Communications," which is not reasonably targeted, clear, or as specific as practicable. Arm objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it is not limited to a relevant, reasonable time period and seeks information spanning decades. Arm objects to this Request's use of the phrase "Qualcomm's rights under its license agreements" as overbroad, unduly burdensome, and vague and ambiguous, as it could encompass hundreds of contractual provisions. Arm further objects to this Request to the extent

that it calls for information regarding Persons employed by Defendants because that information is as readily available to Defendants as it is to Arm.  Arm objects to this Request to the extent it seeks production of documents not relevant to either Party's claims or defenses.  Arm objects to this Request to the extent it seeks a legal conclusion.  Arm objects to this Request to the extent it seeks information that Arm is restricted by law or contract from disclosing, such as information subject to a confidentiality agreement with a third party.  Arm objects to this Request as seeking information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or immunity.

Dated:  April 4, 2023

OF COUNSEL:

Michael A. Jacobs
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
mjacobs@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-2204
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 4, 2023, a copy of the foregoing document

was served on the counsel listed below in the manner indicated:

**<u>BY EMAIL</u>**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com


YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

# EXHIBIT 2

## Li, Jack

| | |
|---|---|
| **From:** | Li, Jack |
| **Sent:** | Tuesday, July 25, 2023 12:14 PM |
| **To:** | 'Vaughn, Madalyn'; Brickey, Sarah E.; Braly, Jacob; Zappala, Melissa Felder; Dunn, Karen L; Nyarady, Catherine; Isaacson, William A; Butwin, Alexander M; Blumenfeld, Jack; Morgan, Erin J; Ying, Jennifer |
| **Cc:** | Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Llewellyn, Scott F.; Fung, Nicholas Rylan; Vrana, Robert; Davenport, Lydia |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

Counsel,

We write in response to your email dated July 13, 2023.

Regarding RFP 5, we do not agree there is any need for a "supplemental search," and Qualcomm's proposed scope for such a search is overbroad and not proportional to the needs of this case for several reasons.  First, as we have stated previously, to the extent non-privileged and responsive documents regarding the negotiation, interpretation, or construction of Qualcomm's relevant ALA and TLA before 2019 are located by Arm's custodial search, Arm will not withhold such documents.  Second, Arm will also make reasonable, proportional efforts to "go-get" relevant documents regarding the negotiation, interpretation, and construction of Qualcomm's relevant ALA and TLA during the 2013 time frame and following the announcement of Qualcomm's acquisition of Nuvia, regardless of when those documents were generated.  Therefore, your characterization of "ARM's limited search of custodial documents dated January 1, 2019 forward" fails to reflect the full scope of Arm's document collection and production, which Arm has repeatedly explained.  To resolve any ongoing dispute on this issue, Arm would be willing to run Qualcomm's proposed supplemental set of search terms against custodial documents of Antonio Viana and James Hodgson for the time period proceeding January 1, 2019, for which custodial data is available, but we note that, ███████████████████████ ████████████████████████████████████████████

Regarding RFP Nos. 26 and 29, again, we do not agree with Qualcomm regarding the need for any "modified search," and Qualcomm's proposed scope for such a modified search is overbroad and not proportional to the needs of this case.  As Arm has also stated previously, to the extent non-privileged and responsive documents dating before January 1, 2019, are located by Arm's search, Arm will not withhold such documents for RFP Nos. 26 and 29.  Arm has also confirmed that Arm's "go-gets" for RFP Nos. 26 and 29 will cover documents it can locate after a reasonable, proportional search <u>without</u> limitation to documents dating from January 1, 2019, forward.  Further, Arm's identification of certain acquisitions in response to Qualcomm's interrogatory No. 9 is not an admission that these acquisitions are "relevant."  As a compromise, Arm would be willing to run Qualcomm's proposed supplemental set of search terms against custodial documents of Stefan Rossinger, Antonio Viana, and James Hodgson for the time period proceeding January 1, 2019, for which custodial data is available.

Regarding RFP No. 27, we disagree with your characterization (including in your July 19 email) that Arm "has been aware of the need to satisfy [third-party notice] obligations for more than six months."  As indicated by Arm's objections and response to RFP 27 and correspondence to-date, Arm did not agree to consider producing third-party ALAs until very recently, and Arm began the third-party notice process for production of ALAs in a timely manner.  Your email reiterates RFP 27's request for "[a]ll ALAs" Arm has ever entered into with any party, with the relevant requests defining "ALA" to encompass all amendments and annexes.  As Arm has consistently stated, Qualcomm's definition of ALA and its RFP 27 are both overbroad.  Arm nonetheless confirms that it is conducting a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27, and this search is not limited in time.  These responses should resolve all purported disputes regarding Arm's response to this RFP.

Finally, along with more than 1,000 unique search terms that Arm is running generally for custodial data, Arm has applied the following search terms to identify potentially responsive Teams data:



- Qualcomm
- QComm
- QCom
- Nuvia
- (Qualcomm OR QComm OR QCom)

We believe that the use of these broad search terms is reasonable and proportional to the needs of this case, but are willing to consider proposed additions or modifications by Qualcomm, as Arm has done with search terms generally.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, July 13, 2023 2:10 PM
**To:** Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Braly, Jacob <jbraly@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>
**Cc:** Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

We write in response to your July 7, 2023 email concerning ARM's anticipated scope of production. While Qualcomm disagrees with certain characterizations in your email, in an effort to move the parties' discussions forward and clarify any issues for which we are at an impasse, we have listed below only the areas where we have outstanding requests.

Please promptly provide responses to each of Qualcomm's outstanding requests by no later than Monday, July 17.

- **Qualcomm's RFP No. 5**: With respect to ARM's custodial search in response to RFP No. 5, as consistently stated in correspondence dating back to Qualcomm's March 7, 2023 letter, Qualcomm's current ALA and TLA were drafted and negotiated around the 2013 time period and annexes to those agreements have been executed

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | **CONFIDENTIAL – SUBJECT TO** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–51)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Incorporated, Qualcomm Technologies, Inc. (collectively "Qualcomm"), and Nuvia, Inc. ("Nuvia") by and through their attorneys, hereby respond and object to ARM's ("Plaintiff") First Set of Requests for Production (Nos. 1–51) ("Requests").

**PRELIMINARY STATEMENT**

The following responses are based solely on the information that is presently available and specifically known to Defendants, and are given without prejudice to Defendants' right to supplement with any subsequently-discovered facts. Defendants reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Defendants respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Defendants respond to the Requests as they interpret and understand each Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

that differs from Defendants' understanding, Defendants reserve the right to supplement their objections and/or responses.

No incidental or implied admissions are intended by the responses herein.  Defendants' willingness to respond to any particular Request does not constitute an admission that Defendants agree with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Defendants that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion.  Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Defendants know any such document exists or is in Defendants' possession, custody, or control.  The fact that Defendants have provided a response to any particular request should not be taken as an admission that Defendants accept or admit the existence of any fact or interpretation or conclusion of law set forth or assumed by such request or that said response constitutes admissible evidence.  The fact that Defendants have provided a response to any request is not intended to be, and shall not be construed as, a waiver by Defendants of any part of any objection to any such request.

Defendants' responses to the Requests contain, provide, or refer to information that is protected under the Protective Order entered in this matter and should therefore be treated accordingly.

Defendants have not yet completed their discovery relating to this case and their investigation of the facts is ongoing.  Defendants anticipate that additional information responsive to the Requests may be obtained as discovery proceeds.  Defendants' responses to the Requests are therefore made without prejudice to Defendants' right to amend, correct or supplement their responses to the Requests.  Any responses will be supplied by Defendants subject to all objections

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

**GENERAL OBJECTIONS**

1.      Defendants object to each Request to the extent that it seeks to impose greater or different obligations on Defendants than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Defendants object to each Request to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Defendants do not object to a Request on the basis of an applicable privilege, immunity, or protection.  Any disclosure of any such privileged or protected material in responses to any Request is inadvertent and not intended to waive those privileges and protections.

3.      Defendants object to the Requests to the extent they seek documents and things that Defendants have a legal or contractual obligation not to disclose, or subject to third-party confidentiality obligations.  Defendants will not provide such documents or things without either the consent of the relevant third party or an order compelling the production thereof, or without providing the relevant third party an opportunity to object to the production.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

4.      Defendants object to each Request to the extent that it purports, or may be construed, to call for the production or identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Requests that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter, or time period to this lawsuit or to the particular matters at issue in this lawsuit.  For example, the requests for "All Communications" seek administrative or ministerial discussions that have little if any substantive value and do not prove or disprove any claim or defense in the case.  To the extent that a search is required, Defendants will perform a reasonable, targeted search that accounts for the burden and relevance, and is designed to reasonably and proportionately identify requested documents, to the extent any exist.

5.      Defendants object to the Requests to the extent that they call for discovery that is unreasonable or not proportional to the needs of the case, or not relevant to any claim or defense of any party in this action.

6.      Defendants object to the Requests to the extent that they purport to require Defendants to create, generate, compile, or develop documents not kept, or in a form not kept, in the ordinary course of Defendants' businesses.

7.      Defendants object to the Requests to the extent that they are not reasonably limited in time.  Defendants will agree to produce documents dating from January 1, 2019 forward, unless otherwise specified.

8.      Defendants object to the Requests and each and every instruction and definition therein to the extent that any Request: (a) seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

admissible evidence; (b) is overbroad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Defendants' possession, knowledge, custody, care, or control; (e) calls for the disclosure of information already in Plaintiff's possession, knowledge, custody, care, or control; or (f) calls for the production of documents or disclosure of information readily available to Plaintiff from public or third-party sources.

9.      Defendants' election to respond to a Request, notwithstanding the objectionable nature of the Request, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Requests; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Request; (d) an admission that any such documents or things exist; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Requests, to the extent that the definition or meaning of any defined term is at issue in this case.

10.      Defendants' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Defendants reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Defendants further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the Requests; (b) any of the information contained in any such document; or (c) any other information provided in response to any Request.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

11.     In the event that Defendants produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

12.     Defendants object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Defendants hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Defendants in response to the Requests are without prejudice to this objection.

13.     Defendants' General Objections apply to each and every Request and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.

2.     Defendants object to the definition of "Arm" or "Plaintiff" as vague and ambiguous to the extent the scope of "related corporate entities" is unclear.

3.     Defendants object to the definition of "Qualcomm" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Defendants exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, attorneys, or collaborators.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

4.      Defendants object to the definition of "Nuvia" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Nuvia, Inc., but also persons or entities that are separate and distinct from Nuvia, Inc., and over whom Defendants exercise no control.

5.      Defendants object to the definitions of "You," "Your," and "Defendants" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated, Qualcomm Technologies, Inc., and Nuvia, Inc. and over whom Defendants exercise no control.  In responding to these requests, Defendants interpret the terms "You," "Your," and "Defendants" to refer only to the named parties in this action.  Defendants also object to the definitions of "You," "Your," and "Defendants" to the extent they purport to impose obligations on Defendants beyond what is required by the Rules.  Defendants will interpret the definition of "You," "Your," and "Defendants" to impose no discovery obligation on any person or entity that is not a party to this litigation.

6.      Defendants object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to.  Defendants will interpret "ALA" to mean the Amended and Restated Architecture License Agreement No. LES-TLA-20039 dated May 30, 2013, and amendments and annexes thereto, with respect to Qualcomm; and the Architecture License Agreement No. CM0001215 dated September 27, 2019, and amendments and annexes thereto, with respect to Nuvia.

7.      Defendants object to the definition of "TLA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "Technology License Agreement with Arm" refers to.  Defendants will interpret "TLA" to mean the Technology License Agreement No. LEC-TLA-

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

00500 dated May 30, 2013, and amendments and annexes thereto, with respect to Qualcomm; and the Technology License Agreement No. CM0001229 dated September 27, 2019, and amendments and annexes thereto, with respect to Nuvia.

8.    Defendants object to the definition of "████████" as vague, ambiguous, argumentative, and overbroad.

9.    Defendants object to the definition of "Nuvia Technology" as vague, ambiguous, overbroad, and unduly burdensome because the terms "developed," "implemented," "improved," "designed," "aspect," "part," "portion," "component," "deliverables," "materials," "technology," "support," "processor core," "processor core technology," "custom CPU," "based on Arm licenses," "under," "under the Nuvia ALA" are vague, ambiguous, and overbroad; because the inclusion of "██████" within the definition is inaccurate, vague, or ambiguous; because the definition includes incorrect characterizations or factual assumptions, including but not limited to because it characterizes the "██████" and "custom CPUs" and "processor core technology" developed prior to March 2022 as Nuvia Technology, and because it characterizes CPUs and processor core technology as "Nuvia Technology" if "any aspect, part, portion or component of" was "developed, implemented, improved, or designed based on Arm licenses, deliverables, materials, technology, or support provided to Nuvia under the Nuvia ALA" regardless of whether development or work occurred at Qualcomm; and because the definition unduly narrows the scope of what can be considered "Nuvia Technology."

10.    Defendants object to the definition of "Nuvia-based Products" as vague, ambiguous, overbroad, and unduly burdensome because the terms "incorporating," "based on," "embodying," "involving," "part," "portion," "component," "semiconductor chip," "processor core," "custom CPU," "Related product," and "commercialized or not" are vague, ambiguous, or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

overbroad; because it incorporates "those Nuvia-based Products identified by name and number in response to Interrogatory No. 11," but Defendants have not yet responded to any interrogatories; because it includes incorrect characterizations and factual assumptions, including but not limited to because it characterizes "Nuvia-based products" as products "incorporating, based on, embodying, involving, or related to any part, portion, or component of the Nuvia Technology," but the term "Nuvia Technology" is objectionable as set forth above.

11.     Defendants object to the definition of "Arm Trademarks" as overbroad, vague, and ambiguous including but not limited to because, as phrased, it identifies a number of terms as trademarked for which there is no trademark.  Qualcomm understands "Arm Trademarks" to refer to the terms trademarked in U.S. Registration Nos. 5,692,669 and 5,692,670.

12.     Defendants object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Defendants further object to the definition of "Document" to the extent that it implies that Defendants must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files that are typically not required to be collected or produced, as listed in the ESI Protocol Schedule A (D.I. 38).

13.     Defendants object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

14.     Defendants object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

15.     Defendants object to the definitions of "Identify," Identifying, and "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Defendants also object to the definitions of "Identify," Identifying, and "Identification" to the

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

extent they ask Defendants to provide any information unknown to Defendants or not within their possession, custody, or control, or beyond the scope of this litigation, including but not limited to "identifiers known or used by Biogen or others."  Defendants further object to the extent it seeks information other than the production of documents responsive to Plaintiff's First Set of Requests for Production.  Defendants will not create documents or provide narrative information to identify particular natural persons, entities, things, documents, or conversations.

16.     Defendants object to Instruction 2 on the grounds that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

17.     Defendants object to Instruction 3 to the extent it states a procedure for the production of documents beyond those required by the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), Defendants will produce documents as they are kept in the usual course of business, as they were ordinarily maintained, or in a reasonably usable format, and in accordance with the Parties' ESI Protocol.

18.     Defendants object to Instruction No. 5 to the extent that it seeks, in the event that Defendants "object to all or part of any of the requests," that Defendants "(a) Identify the specific portion(s) of the request which You claim You cannot answer because of the alleged defect in the request; (b) Identify the specific word(s) or phrase(s) to which Your objection relates; (c) state why the alleged ambiguity, vagueness, or overbreadth, for example, prevents You from answering all or part of the discovery request; and (d) Identify all of the specific portion(s) of the discovery request to which You are not responding at all based upon this objection," on the grounds that it is overbroad, unduly burdensome, and purports to impose requirements inconsistent with or more

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

burdensome than those imposed by the local rules and applicable law.  Defendants have responded to the below requests and specified the documents that they will produce.

19.      Defendants object to Instruction 6, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the provisions in the ESI Protocol and Protective Order (D.I. 38, 39).  To the extent not provided in these documents, Defendants will meet and confer with Plaintiff regarding the nature and scope of privilege logs for the case.

20.      Defendants object to Instruction 7 to the extent it purports to require Defendants to respond to Requests that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the Delaware Default Standard for Discovery or as agreed upon in the parties' anticipated agreement(s) regarding electronic discovery.  Defendants will agree to produce documents dating from January 1, 2019 forward, unless otherwise specified.

21.      Defendants object to the requested production date as unreasonably burdensome.  Defendants will produce documents at a reasonable time in a reasonable manner consistent with the Scheduling Order entered in this action.

22.      Subject to and without limiting the foregoing, Defendants specifically object and respond as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents, Communications, and Things You referenced, relied upon, or otherwise used in drafting Your Answer and Amended Counterclaim, including but not limited to any documents You contend support Your counterclaim or defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent that it calls for information that is publicly available, including publications cited in Defendants' Answer and Amended Counterclaim, and information that is in the possession, custody, or control of Plaintiff.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their possession, custody, or control that were relied upon in drafting Defendants' Answer and Amended Counterclaim, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 2:

All Documents, Communications, and Things You referenced, relied upon, used in drafting, Identified, described, or referred to in Your responses to Arm's interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome.  Defendants object to the phrase "relied upon, used in drafting, Identified, described, or referred to" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control that Defendants reference or describe in Defendants' responses to ARM's interrogatories propounded on January 13, 2023, to the extent any exist.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 1. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 2. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 2.

## REQUEST FOR PRODUCTION NO. 5:

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 3.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 3.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 3.

## REQUEST FOR PRODUCTION NO. 6:

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 4, including all Documents and Communications supporting or Relating to Your allegation that "ARM has been aware of Qualcomm's development of technology it acquired from NUVIA for over a year." (D.I. 18 ¶ 159.)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 4.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 4.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST FOR PRODUCTION NO. 7:

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 5, including All Documents, Communications, and Things Regarding Your assertions of compliance with the discontinuance and destruction obligations of the Nuvia ALA's termination provision in Nuvia's April 1, 2022 certification of compliance and Qualcomm's May 23, 2022 statement that "Qualcomm personnel are in compliance with ▆▆▆▆▆▆▆ of the Nuvia agreements."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections. Defendants further incorporate by reference, as though fully set forth herein, their

objections to Interrogatory No. 5. Defendants object to this Request on the grounds that it is

overbroad and unduly burdensome, including because it requests "all Documents,

Communications, and Things." Defendants further object to the phrase "regarding the facts You

Stated," as vague and ambiguous. Defendants further object to this Request to the extent it seeks

the production of documents or the disclosure of information protected by the attorney-client

privilege, the work product doctrine, or any other privilege or immunity from disclosure

recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will

produce non-privileged documents in their custody, possession, or control located through a

reasonable, targeted search of databases or document repositories Defendants reasonably believe

contain potentially responsive information and a reasonable, targeted search of agreed-upon

custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify

responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response

to Interrogatory No. 5.

## REQUEST FOR PRODUCTION NO. 8:

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 11.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 11.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce the non-privileged documents in their custody, possession, or control located through a reasonable, targeted search for responsive documents, to the extent any exist, that set forth the facts identified in Defendants' response to Interrogatory No. 11.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents, Communications, and Things received by You in response to any third-party discovery sought by You Related to this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent the requested documents are in Plaintiff's or a third

17

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

party's possession, custody, or control. Defendants also object to this request as premature and expressly reserve the right to supplement, clarify, revise, or correct any responses to the request.

**Response:** Subject to and without waiver of any of their objections, Defendants state that there are no documents currently in their custody, possession, or control responsive to this Request. Defendants will agree to produce documents produced by third parties in response to subpoenas served by Defendants in this matter.

## REQUEST FOR PRODUCTION NO. 10:

All Communications with third parties Regarding any third-party discovery sought by You Related to this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Communications." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control. Defendants also object to this request as premature and expressly reserve the right to supplement, clarify, revise, or correct any responses to the request.

**Response:** Subject to and without waiver of any of their objections, Defendants state that there are no documents currently in their custody, possession, or control responsive to this Request. Defendants will agree to produce substantive documents produced by third parties in response to any subpoenas they serve in this matter, but will not produce ministerial communications with third parties as doing so is burdensome.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 11:**

All Documents, Communications, and Things that You expect to use or introduce into evidence at any hearing, trial, submission to the Court, or deposition in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants also object to this request to the extent it seeks documents in advance of the deadlines as set forth in the Scheduling Order.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist, that are within Defendants' possession, custody, and control, and are located after a reasonable search, in accordance with the requirements of the Scheduling Order, District of Delaware Local Rules, Federal Rules of Civil Procedure, and any orders of the Court.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents, Communications, and Things Regarding the disputes between Arm and Defendants at issue in this case, including (1) any actual or potential litigation (including the current Litigation), (2) any proposals, attempts, plans, negotiations, or proposed, potential, or actual strategies to resolve the disputes at issue in this case, or (3) any actual or potential obligations Regarding consent, assignment, termination, destruction, or discontinuance of use in connection with the Nuvia ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, unduly

19

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome, and seeks information or documents neither relevant nor proportional to the needs of this case because it asks for "all documents, communications and things" regarding "any actual or potential litigation," which does not appear to be limited to the instant litigation without any showing that any such other litigation has any relevance to this case.  Defendants further object to the phrases "proposals, attempts, plans, negotiations, or proposed, potential, or actual strategies to resolve the disputes at issue in this case" and "actual or potential obligations Regarding consent, assignment, termination, destruction, or discontinuance" as vague, ambiguous, and overbroad. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this request to the extent the requested documents are in Plaintiff's possession, custody, or control. Defendants object to this request to the extent the requested documents are outside the possession, custody, or control of Defendants.

    **Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, consisting of: (1) communications between ARM and Defendants regarding the Litigation or resolution of the dispute arising from the Nuvia ALA; (2) documents regarding Nuvia's obligations, if any, pursuant to ██████████ of Nuvia's ALA; and (3) documents regarding Nuvia's termination obligations, if any, in connection with ██████████ of Nuvia's ALA. Defendants will not produce documents regarding any "potential litigation."

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, Communications, and Things Regarding Your allegation that "Qualcomm [] expended a year of engineering effort and hundreds of millions of dollars to further develop and integrate ███████ technology into multiple SoCs." (D.I. 18 ¶ 33.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome to the extent it seeks "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show Qualcomm's financial cost of developing its custom CPUs and integrating this technology into SOCs.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, Communications, and Things Regarding NVIDIA's proposed acquisition of Arm, including (1) Your allegation that "ARM was seeking payback for Qualcomm's public opposition to the NVIDIA deal" (D.I. 18 ¶ 34) and (2) any Documents or Communications Referring to both (a) NVIDIA's proposed acquisition of Arm and (b) Nuvia, including Nuvia's ALA or Arm's negotiations Regarding Qualcomm's acquisition of Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it seeks "all Documents, Communications, and Things." Defendants object to this request as seeking information not relevant to any claim or defense of any party in this action. Defendants further object to the following phrase "Nuvia, including

21

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Nuvia's ALA or Arm's negotiations Regarding Qualcomm's acquisition of Nuvia" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, that: (1) refer to both NVIDIA's proposed acquisition of ARM and Nuvia, or (2) are sufficient to support the following statement in Qualcomm's pleading: "ARM was seeking payback for Qualcomm's public opposition to the NVIDIA deal."

## REQUEST FOR PRODUCTION NO. 15:

All Documents, Communications, and Things summarizing, analyzing, construing, or interpreting the terms of the Nuvia ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

to reasonably and proportionately identify responsive documents, to the extent any exist, summarizing, analyzing, construing, or interpreting the terms of the Nuvia ALA.

## REQUEST FOR PRODUCTION NO. 16:

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, or construction of, or agreement to, any actual or potential terms of Nuvia's ALA or TLA, Including the parties' rights or obligations thereunder, royalty rates (including Your allegation that "[f]or its data center and server products . . . NUVIA and ARM had negotiated a royalty rate that was many multiples higher than Qualcomm's rate" (D.I. 18 ¶ 26)), licensing fees, termination provisions, assignment provisions, or the terms "ARM Technology," "Confidential Information," or "derivatives."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the drafting, negotiation, interpretation, construction of, or the terms of, the Nuvia ALA or TLA.

## REQUEST FOR PRODUCTION NO. 17:

Documents, Communications, and Things sufficient to show the status of any custom processor cores or designs in Qualcomm's development pipeline immediately before Qualcomm's acquisition of Nuvia, including in fourth quarter of 2020 and first quarter of 2021.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad.  Among other reasons, Defendants object to this Request to the extent that it seeks "Documents, Communications, and Things sufficient to show the status of any ... designs in Qualcomm's development pipeline," because such a request is overbroad, vague, unduly burdensome, not relevant to the claims or defenses in this case, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search for documents regarding CPU strategy and business plans, to the extent any exist, sufficient to show the status of Qualcomm's custom cores immediately before Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 18:**

Documents, Communications, and Things sufficient to show the process by which each Nuvia-based Product is or will be manufactured, tested, or evaluated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including but not limited to because the terms "manufactured," "tested," and "evaluated" are vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client

24

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show the verification process for Qualcomm's custom cores.  Defendants will not produce documents related to manufacturing as it is irrelevant to this dispute, and will agree to meet and confer to better define a reasonable scope to "evaluated", if one can be defined.

### REQUEST FOR PRODUCTION NO. 19:

Documents, Communications, and Things sufficient to show when, how, and how many Nuvia-based Products have been manufactured in silicon, and where and how those products have been used, including any pre-commercial engineering samples or commercial samples.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and vague. Defendants further object to the phrases "Nuvia-based Products," "pre-commercial engineering samples," "commercial samples," and "where and how those products have been used" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show when and how many products containing custom CPUs have been manufactured in Silicon.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## REQUEST FOR PRODUCTION NO. 20:

Documents, Communications, and Things sufficient to Identify each of the Nuvia-based Products, including any aliases or code names used by any Person Regarding the Nuvia-based Products, including documents that distinguish or correlate aliases to planned products, models, CPUs, designs, processors, or cores.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and vague. Defendants further object to the phrases "designs, processors, or cores," "Nuvia-based Product," and "documents that distinguish or correlate aliases to planned products, models, CPUs, designs, processors, or cores," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show code names for  architected cores and associated SOCs.

## REQUEST FOR PRODUCTION NO. 21:

All Documents, Communications, and Things Regarding the royalties that Qualcomm planned, intended, expected, or would potentially pay or have to pay Related to any core, design, Architecture Compliant Core, or Architecture Compliant Product designed by Nuvia or Qualcomm engineers, including any Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things."

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Among other reasons, Defendants object to this Request to the extent that it seeks documents "Related to any . . . design . . . designed by Nuvia or Qualcomm engineers," whether or not related to the claims and defenses in this action, because such a request is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendants further object to the phrases "Nuvia-based product" and "core, design, Architecture Complaint Core, or Architecture Complaint Product" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of a database containing information provided to Qualcomm's Board of Directors, and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show royalties that Qualcomm expects to pay ARM in connection with architected cores.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents, Communications, and Things that Refer or Relate to Arm's ███████ product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants also object to this Request as irrelevant to the claims and defenses in this action.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 23:

All Communications between Defendants that Refer to the terms of the Nuvia ALA, including any reference to terms Regarding assignment, termination, or destruction obligations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, consisting of communications between Qualcomm and Nuvia prior to March 15, 2021 regarding the terms of the Nuvia ALA, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 24:

All Documents, Communications, and Things between You and any third party Regarding the Litigation, the scope of Qualcomm's ALA with respect or Related to the Nuvia acquisition or

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Nuvia-based Products, Qualcomm's ability to make, use, or sell Nuvia-based Products, or Arm's termination of the Nuvia ALA and TLA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the terms "third party," "scope," and "Nuvia-based Products" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:**  Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding: (1) ARM's claims in this litigation, (2) Qualcomm's license rights with respect to architected cores; or (3) ARM's termination of Nuvia's ALA and TLA.

## REQUEST FOR PRODUCTION NO. 25:

All Communications between You and any third party, including but not limited to regulators, stockholders, investors, or customers, Regarding Qualcomm's acquisition of Nuvia.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Communications."  Among other reasons,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Defendants object to this Request to the extent that it seeks "All Communications" between Defendants and "any third party . . . Regarding Qualcomm's acquisition of Nuvia," whether or not related to the claims and defenses in this action, because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's communications with its customers and regulators regarding Qualcomm's acquisition of Nuvia.  Qualcomm will also produce its public filings regarding Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 26:**

All Communications Related to a custom core, core, processor, or design developed under or licensed by the Nuvia or Qualcomm ALAs since January 1, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because this Request seeks all communications regarding Defendants' architected cores over a several-year span.  Defendants also object to this Request on the grounds that the phrases "custom core, core, processor, or design" and "developed under" are

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 27:

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, or construction of, or novation or other agreement Related to, the ALA or TLA of any Arm licensee that Qualcomm acquired, including but not limited to license rights or any payment obligations or other terms for royalties or licensing fees owed to Arm after acquisition.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome including because it requests "all Documents, Communications, and Things." Defendants further object to the extent it seeks information not relevant to any claim or defense of any party in this action.  Defendants further object to the phrase "other agreement Related to, the ALA or TLA" and "license rights" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of Qualcomm's contract database and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents regarding the interpretation, construction, or novation of the TLAs of CSR plc and Atheros prior to their acquisition by Qualcomm, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, construction of, or agreement to the terms of Qualcomm's ALA or TLA, Including the parties' rights or obligations, the inclusion or coverage of after-acquired technology by the license, or the terms "ARM Technology," "Confidential Information," "derivatives," or "Derivatives."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "the inclusion or coverage of after-acquired technology by the license" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the drafting, negotiation, or interpretation of the 2013 Qualcomm ALA.  Defendants are willing to meet and confer regarding the extent to which other documents, if any, should be produced in response to this Request.

## REQUEST FOR PRODUCTION NO. 29:

All Documents, Communications, and Things Regarding any interpretation, construction, analysis, or discussion of whether the Qualcomm ALA covers processor cores, designs, or products acquired from other companies and/or generated by Persons who were not employed by Qualcomm at the time of generation.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request as duplicative of other of Plaintiff's requests, including, for example, Request No. 28.  Defendants also object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things" and because it uses the phrases "any interpretation, construction, analysis, or discussion," "processor cores, designs, or products acquired from other companies" and "generated by Persons who were not employed by Qualcomm at the time of generation," which are vague and ambiguous.  Defendants also object to this Request to the extent it seeks information "generated by Persons who were not employed by Qualcomm at the time of generation," to the extent that information is not in Defendants' possession, custody, or control.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:**  Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the issue of whether the Qualcomm ALA covers processor cores, designs, or products acquired from other companies.

## REQUEST FOR PRODUCTION NO. 30:

All Documents, Communications, and Things Regarding Qualcomm's due diligence, investigation, consideration, planning, or consummation of its acquisition of Nuvia, including any: (a) impact on Qualcomm's profits or revenues; (b) impact on Qualcomm's royalty payments to Arm; (c) discussions, presentations, descriptions, or analyses Regarding the ▮▮▮▮▮▮▮▮▮ or any other Nuvia Technology or Nuvia-based Products in progress; (d) discussions, presentations, descriptions, or analyses Regarding the litigation in *Apple v. Qualcomm, Inc.*, No. 17-cv-0108-GPC-MDD (S.D. Cal. 2017); or (e) any attempt to assess or evaluate the economic or competitive impact of the acquisition, including Regarding how the combined entity would compete against and impact the market for architected cores and other products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly

burdensome, including because it requests "all Documents, Communications, and Things."

Defendants further object to this Request as  irrelevant to the claims and defenses in this action, in

particular with respect to the request that Defendants produce documents regarding "discussions,

presentations, descriptions, or analyses Regarding the litigation in *Apple v. Qualcomm, Inc.*, No.

17-cv-0108-GPC-MDD (S.D. Cal. 2017)."  Defendants further object to the phrases "▮▮▮▮▮▮▮▮

or any other Nuvia Technology or Nuvia-based Products in progress" and "how the combined

entity would compete against and impact the market for architected cores and other products" as

vague and ambiguous.  Defendants further object to this Request to the extent it seeks the

production of documents or the disclosure of information protected by the attorney-client privilege,

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

Defendants object to this Request to the extent it seeks information subject to third-party

confidentiality obligations.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of a database containing information provided to Qualcomm's Board of Directors, a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding: (1) Qualcomm's consideration of the Nuvia acquisition and related due diligence; (2) analyses of the impact of the Nuvia acquisition on Qualcomm's profits or revenues; (3) analyses of architected cores under development by Nuvia prior to Qualcomm's acquisition; and (4) evaluations of the economic or competitive impact of the acquisition.  Qualcomm will not produce documents regarding the litigation in *Apple* v. *Qualcomm, Inc.*, No. 17-cv-0108-GPC-MDD (S.D. Cal. 2017).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, and Things Regarding any actual or potential assignment, amendment, or novation to any Arm license agreements in connection with Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including Regarding any impact of, connection to, or conflict between any actual or potential assignment, amendment, or novation, and Your existing contractual obligations to Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrases "any actual or potential assignment, amendment, or novation," "impact of, connection to, or conflict between," and "actual or potential assignment, amendment, or novation" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

disclosure recognized by law.  Defendants object to this Request to the extent it assumes facts not in evidence.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 32:

All Documents, Communications, and Things Regarding any actual, potential, required, anticipated, suggested, or planned efforts to obtain Arm's consent to Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including any decisions Regarding such efforts.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "actual or potential acquisition of Nuvia" "any other Arm licensee," and "Decisions regarding such efforts" as vague and ambiguous.  Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to reasonably and proportionately identify responsive documents, to the extent any exist, regarding efforts to obtain ARM's consent to Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents, Communications, and Things Regarding Your decision to proceed with Qualcomm's acquisition of Nuvia without having obtained Arm's consent to Qualcomm's acquisition of Nuvia or the assignment of the Nuvia ALA or TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome. Among other reasons, Defendants object to this Request to the extent that it seeks "All Documents, Communications, and Things Regarding Your decision to proceed with Qualcomm's acquisition of Nuvia," whether or not related to the claims and defenses in this action, because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's decision to proceed with Qualcomm's acquisition of Nuvia without ARM's consent.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents, Communications, and Things that summarize, describe, or Refer to any progress toward completion of the Nuvia Technology or Nuvia-based Products as an "ARM Compliant Core" under either the Nuvia or Qualcomm ALAs, including any internal presentations, PowerPoints, graphics, or other Documents or Communications Regarding any progress, plans, or development cycles, and including such Documents and Communications (1) before Qualcomm

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrases "summarize, describe, or Refer," "any progress toward completion of the Nuvia Technology or Nuvia-based Products as an 'ARM Compliant Core'" and "progress, plans, or development cycles" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 35:

All Documents, Communications, and Things Related to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, Related to the Nuvia Technology or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things."    Defendants object to the phrases "invention disclosure," "Nuvia-based Product," "pending or abandoned," and "Nuvia Technology" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 36:

Documents, Communications, and Things sufficient to Identify, describe, or define the target applications or markets for the Nuvia Technology or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action.  Defendants object to the phrases "Nuvia-based Product," "Nuvia Technology," "target applications" and "markets" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 37:

All Documents, Communications, and Things Related to the development, design, operation, engineering, manufacture, functionality, testing, evaluation, certification, structure, or assembly of each Nuvia-based Product in connection with the Nuvia Technology, including any Documents and Communications Related to any such product's: (1) instruction set architecture; (2) number or types or registers; (3) memory hierarchy; (4) results from synthesizing designs (e.g., gate-level netlist); (5) design files (e.g., RTL, Verilog, VHDL, register, GDSII, binary, hex, .TF, VLSI, LEF, or DEF files); or (6) benchmarking.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things."   Defendants object to the phrases "Nuvia-based Product," "Nuvia Technology," "development, design, operation, engineering, manufacture, functionality, testing, evaluation, certification, structure, or assembly," "results from synthesizing designs," "number or types or registers," "benchmarking" as vague and ambiguous, and overbroad. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Given the extensive overbreadth of this request, and subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 38:

All Documents, Communications, and Things Referring to, relying upon, or otherwise mentioning any ███████████████████████  in connection with any of the Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things."   Defendants object to the phrases "relying upon, or otherwise mentioning" and "███████████████████████" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 39:

All Documents, Communications, and Things Regarding validation or purported verification testing by or for You of the Nuvia Technology or any Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "purported verification" "Nuvia Technology or any Nuvia-based Products" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this Request to the extent it seeks documents already within the possession, custody, or control of Plaintiff.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of engineering databases or document repositories Defendants reasonably believe contain potentially responsive information and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

proportionately identify responsive documents, to the extent any exist, sufficient to show Qualcomm's compliance reports and associated communications with ARM.

## REQUEST FOR PRODUCTION NO. 40:

Documents, Communications, and Things sufficient to show Your use, modification, incorporation of, or development based on any part, portion, or component of the Nuvia Technology or Nuvia-based Products, in connection with Your processor cores, designs, or products since March 15, 2021.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome. Defendants object to the terms "any part, portion, or component of the Nuvia Technology or Nuvia-based Products, in connection with Your processor cores, designs," "use," "modification," "incorporation of," and "development based on" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted, and proportionate search of certain engineering databases or document repositories to the extent any exist to sufficiently show the modification and further development of technology acquired from Nuvia since March 15, 2021. Defendants will also produce non-privileged documents in their custody, possession, or control concerning its CPU Strategy and business plans sufficient to identify products that incorporate architected cores since March 15, 2021.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO. 41:**

Documents, Communications, and Things sufficient to show any part, portion, or component of Nuvia Technology's or Nuvia-based Products' use, implementation, modification, derivation, incorporation, or embodiment of Arm's instruction set architecture or any other Arm technology licensed under or pursuant to the Nuvia ALA, or the same by Your processor cores, designs, or products since March 15, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, confusing, unduly burdensome, and irrelevant to the claims and defenses in this action. Defendants object to the terms "any part, portion, or component," "use," "implementation," "modification," "derivation," "incorporation," "embodiment," "Your processor cores, designs, or products" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and Things Regarding Arm's termination of Nuvia's ALA, including any effects thereof on Your progress, plans, or proposed development of Arm-based technology, Nuvia Technology, or Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants also object to this Request on the grounds that the phrases "effects thereof on Your

43

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

progress, plans, or proposed development" and "Arm-based technology, Nuvia Technology, or Nuvia-based Products" are vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of engineering databases or document repositories Defendants reasonably believe contain potentially responsive information and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the impact of the termination of Nuvia's ALA on the development of architected cores, the progress of this development, and the plans for architected cores, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 43:

All Documents, Communications, and Things Regarding Your development of the Nuvia Technology or Nuvia-based Products, including any actual, potential, required, anticipated, suggested, or planned Arm support or verification-related discussions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants also object to this Request on the grounds that the phrases "actual, potential, required, anticipated, suggested, or planned Arm support or verification-related discussions," Nuvia Technology or Nuvia-based Products" are vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, regarding verification of architected cores or ARM support for architected cores, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 44:

All Documents, Communications, and Things sufficient to Identify, describe, or define any Arm designs available to You or third parties via a TLA, such as "Hunter" or other "off the shelf" designs.  (D.I. 18 ¶ 18.)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "third parties," "Arm designs," "via a TLA," and "other 'off the shelf' designs" as vague and ambiguous.  Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to identify the ARM designs licensed under Qualcomm's TLA.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 45:**

All Communications with any third parties Regarding Arm designs available to You or third parties via a TLA, such as ███████ or other "off the shelf" designs.  (D.I. 18 ¶ 18.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all communications."  Defendants object to the phrases "any third parties," "Arm designs," "via a TLA," and "other 'off the shelf' designs" as vague and ambiguous.  Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents, Communications, and Things sufficient to show the timelines, progress, plans, or development cycles of Your past or future (i.e., planned, intended, or expected) development of the Nuvia Technology and each Nuvia-based Product (1) before Qualcomm acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

unduly burdensome.  Defendants further object to the phrases "timelines, progress, plans, or development cycles" and "Nuvia Technology" and "Nuvia-Based Product" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show roadmaps for  their products containing architected cores.  In addition, Defendants incorporate by reference their response to RFP 40 with respect to documents showing the progress of its custom CPU cores.

## REQUEST FOR PRODUCTION NO. 47:

All Documents, Communications, and Things Related to Your business plans, investments to date, profits and losses, expected returns, payment rates, prospective partners, or expected future valuation to You for Nuvia Technology or Nuvia-based Products, including any proposals for the sale, pricing, or terms for delivery of each such product, and including any Communications with any third parties Regarding the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "Nuvia Technology," "Nuvia-based Products," "expected returns," "payment rates," "prospective partners," and "proposals for the sale, pricing, or terms of delivery of each such product" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

disclosure recognized by law.  Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of databases or document repositories Defendants reasonably believe contain information related to its business plans for, investments in, forecasts, and sales proposals products containing custom CPUs, and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Defendants' business plans, forecasts, sale proposals to third parties (and associated contracts, if any) related to products containing custom CPU cores.

## REQUEST FOR PRODUCTION NO. 48:

All Documents, Communications, and Things Related to any attempt made by or on behalf of You to achieve a design win with a past, present, or potential customer in connection with Nuvia Technology or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "any attempt," "design win," "past, present, or potential customer," "Nuvia Technology," and "Nuvia-based products" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient to show design wins associated with Defendants' architected cores.

## REQUEST FOR PRODUCTION NO. 49:

All Documents, Communications, and Things Related to Your actual or potential use of Arm's trade name, including the Arm Trademarks, in connection with any Nuvia Technology or Nuvia-based Products, including any presentation, discussion, advertising, promotion, press, marketing, proposals, technology specifications, technical documentation, or websites.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "actual or potential use of Arm's trade name," "Nuvia Technology," "Nuvia-based products," and "Presentation, discussion, advertising, promotion, press, marketing, proposals, technology specifications, technical documentation, or websites" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, regarding Defendants' use or potential use of ARM's trade name in connection with Defendants' architected cores.

## REQUEST FOR PRODUCTION NO. 50:

All Documents, Communications, and Things that bear or display the Arm Trademarks in connection with any Nuvia Technology or Nuvia-based Products, including any semiconductor chips, die encapsulation (die packages), or end user product packaging.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrase "Nuvia Technology or Nuvia-based Products" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information not within the possession, custody, or control of Defendants.  Defendants also object to this request as premature.

**Response:** Subject to and without waiver of any of their objections, Defendants state that they are currently not aware of any documents in their custody, possession, or control responsive to this Request.

## REQUEST FOR PRODUCTION NO. 51:

Documents, Communications, and Things sufficient to show any unity or distinctness of ownership or interests between Qualcomm and Nuvia since Qualcomm's acquisition of Nuvia, including any existence or absence of: (1) any commingling of funds, other assets, or corporate records of the entities; (2) identical equitable ownership, directors, officers, or use of offices or employees; (3) use of Nuvia as a shell or conduit for the affairs of Qualcomm; (4) holding out by Qualcomm that it is liable for the debts of Nuvia; or (5) Nuvia's corporate assets, records, board or shareholder meetings, officers, or other corporate formalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome.  Defendants object to the phrases "shell or conduit for the affairs of Qualcomm" and "identical equitable ownership" and "holding out by Qualcomm that it is liable for the debts of Nuvia" as vague and ambiguous.  Defendants object to this Request to the extent

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

that it seeks "Documents, Communications, and Things sufficient to show any unity or distinctness of ownership or interests between Qualcomm and Nuvia" as not relevant to any claim or and defense in this action, and because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show the corporate relationship between Qualcomm and Nuvia.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 27, 2023

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                    *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Michael A. Jacobs, Esquire                                 *VIA ELECTRONIC MAIL*
Joyce Liou, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Plaintiff*

Erik J. Olson, Esquire                                     *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Plaintiff*

Scott F. Llewellyn, Esquire                                *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
*Attorneys for Plaintiff*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)

# EXHIBIT 4

## Li, Jack

| | |
|---|---|
| **From:** | Vaughn, Madalyn <mvaughn@paulweiss.com> |
| **Sent:** | Tuesday, July 11, 2023 3:07 PM |
| **To:** | Li, Jack; Llewellyn, Scott F. |
| **Cc:** | Zappala, Melissa Felder; Morgan, Erin J; Braly, Jacob; Dunn, Karen L; Isaacson, William A; Nyarady, Catherine; Ying, Jennifer; Brickey, Sarah E.; Butwin, Alexander M; Blumenfeld, Jack; Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Muino, Daniel P.; Fung, Nicholas Rylan; Vrana, Robert; Davenport, Lydia |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

<mark>External Email</mark>

Counsel:

We write in response to your July 6, 2023 email ("July 6 email") concerning the collection of Mr. Son's documents.  While we maintain the accuracy of the meet-and-confer summary set forth in our June 29, 2023 email, we confirm that the first two points listed in your July 6 email are consistent with Qualcomm's understanding of ARM's position.

With respect to the third point in your July 6 email, once the parties agreed during our meet and confer on the request that ARM will make of Mr. Son—specifically, for Mr. Son to produce to ARM all documents related to his role as ARM's chair—ARM's counsel indicated that ARM was "willing to be flexible on the search terms" to be applied to the documents Mr. Son produces to ARM.  ARM offered several examples of broad search terms it would be willing to consider running across Mr. Son's documents—including, for example, "ARM" and "███████."  The parties then agreed to separately negotiate search terms once ARM confirmed the scope of documents Mr. Son will produce to ARM.  We understand ARM will now proceed with requesting documents from Mr. Son; thus, please promptly update Qualcomm as soon as ARM is prepared to negotiate search terms for Mr. Son's documents.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, July 6, 2023 8:23 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E.

<SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up regarding the parties' meet-and-confer on June 27 and in response to your email dated June 29.

We appreciate the parties' productive discussion regarding the framework and scope of Arm's potential request for documents from Mr. Son, based on Qualcomm's request.  While your summary of Qualcomm's understanding is largely consistent with our discussion, we identify below a few ways in which we believe your summary is inconsistent with the parties' discussion on the call.

First, we did not propose or confirm that Arm would directly perform any "collection of [Mr. Son's] documents."  Instead, we indicated (during the meet-and-confer and in our June 21 letter) that any collection would be performed by Mr. Son and produced to Arm, which Arm would in turn search for responsive documents based on agreed search terms.

Second, and relatedly, we indicated consistently with our prior correspondence that any document request would be limited to Mr. Son's documents within his role as Arm's chair, rather than within his role with other entities or personally; we understood Qualcomm to confirm during the meet-and-confer that its request for Arm to ask Mr. Son for documents was so limited.

Third, while we indicated that Arm likely would agree not to limit any search of documents that Mr. Son produces to Arm to terms for Qualcomm's RFP Nos. 35 and 41-44, we noted that the appropriate search terms would nonetheless depend on the scope of any request to Mr. Son and the resulting production (which may impact whether limits on search terms are appropriate).

Please confirm that the points above are consistent with Qualcomm's understanding of Arm's position on the call and in related correspondence, or if Qualcomm would like to discuss further.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, June 29, 2023 3:13 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Davenport, Lydia <LDavenport@mofo.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel:

We write to follow up on the parties' June 27, 2023 meet and confer concerning Qualcomm's request for Mr. Son's documents.  Specifically, we write to memorialize Qualcomm's understanding of the scope of documents ARM is willing to collect and produce from Mr. Son based on ARM's representations during our June 27, 2023 meet and confer.  To the extent ARM confirms its agreement with Qualcomm's understanding articulated below, we do not believe there is any present dispute concerning Mr. Son's documents that requires Court involvement.  However, Qualcomm reserves all rights to raise any such issue with the Court based on ARM's ultimate collection and production of documents from Mr. Son.

*First,* ARM confirmed that— ███████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████████

*Second*, ARM confirmed that for Mr. Son's documents already in its "direct custody"—*i.e.*, emails exchanged between Mr. Son and one or more ARM employees—ARM will produce all responsive documents that hit on search terms.  In other words, ARM will not limit the production of responsive documents involving Mr. Son to only those responsive documents that ARM deems to have been sent to or received by Mr. Son in his role as ARM's chair.

*Finally*, ARM confirmed the following regarding ARM's collection of documents from Mr. Son:

1. ARM confirmed that it is not presently aware of the sources of documents it will collect from Mr. Son (*e.g.*, the relevant email address(es) maintained by Mr. Son, shared drives, etc.) because ARM has not yet made any request of Mr. Son with respect to the collection of his documents.

2. ARM confirmed that it will ask Mr. Son to identify all sources of documents in his possession that may contain documents relating to ARM business matters.  Counsel for ARM will then collect all documents from those sources.

3. ARM confirmed that it will not ask Mr. Son to apply any limiting criteria before he identifies sources of potentially relevant documents.  In other words, ARM will not ask Mr. Son to self-select documents he determines are (i) responsive, (ii) not duplicative of documents that ARM already would have in its possession from other custodians, or (iii) created and maintained in his role as ARM's chair.

4. ARM confirmed that once it collects documents from Mr. Son, it will search for and produce documents responsive to Qualcomm's RFPs—not just Qualcomm RFP Nos. 35 and 41-44—through the application of broad search terms that the parties will negotiate once ARM has collected Mr. Son's documents.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

# EXHIBIT 5

**Li, Jack**

| | |
|---|---|
| **From:** | Li, Jack |
| **Sent:** | Friday, September 15, 2023 9:02 PM |
| **To:** | 'Vaughn, Madalyn'; Llewellyn, Scott F. |
| **Cc:** | 'Zappala, Melissa Felder'; 'Morgan, Erin J'; 'Braly, Jacob'; 'Dunn, Karen L'; 'Isaacson, William A'; 'Nyarady, Catherine'; 'Ying, Jennifer'; Brickey, Sarah E.; 'Butwin, Alexander M'; 'Blumenfeld, Jack'; Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Muino, Daniel P.; Mooney, Kyle W.; Fung, Nicholas Rylan; Patel, Fahd H.; Davenport, Lydia; 'Vrana, Robert'; 'GRP-QC' |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

Counsel,

We write to follow up on Arm's email below.

As Arm has repeatedly made clear, Arm offered various compromises to resolve Qualcomm's purported concerns on the issues discussed in the email below and elsewhere, primarily to avoid burdening the Court, even where Arm believed Qualcomm's requests to be unreasonable, disproportional, and contrary to the parties' prior agreements.  For example, Arm believes the use of search terms to identify potentially responsive documents among those Mr. Son provided in his role as Arm's chair is not only reasonable and proportional to the needs of the case, but also consistent with the Court's orders and how the parties have identified potentially responsive documents in other contexts.  Nonetheless, to avoid burdening the Court, Arm offered to compromise by reviewing additional documents and providing information regarding the collection process.  We understand Qualcomm to have now rejected Arm's compromises as insufficient to resolve these and other issues, and to have instead chosen to seek relief from the Court.  Accordingly, Arm will proceed consistent with Qualcomm's rejection of Arm's proposed compromises on these issues.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Li, Jack
**Sent:** Friday, September 15, 2023 11:00 AM
**To:** 'Vaughn, Madalyn' <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<u>Highly Confidential – Attorneys' Eyes Only</u>

Counsel,

We write to follow up on the parties' September 13 meet-and-confer, and your email sent less than an hour before that meet-and-confer. We had understood the parties to have resolved the issues raised on that meet-and-confer and in your email, primarily because Arm agreed to do what Qualcomm requested, even where Arm believed Qualcomm's request to be unreasonable and disproportional, to avoid burdening the Court with inconsequential disputes. Even though the parties agreed that Arm would provide its response on the issues Qualcomm raised by Friday (as stated in your September 13 email), Qualcomm's local counsel subsequently told Arm's local counsel that Qualcomm would unilaterally raise these same issues with the Court on Friday, regardless of Arm's willingness to provide information and documents Qualcomm had requested as a means of resolving the dispute. While Qualcomm continues to focus on burdening the Court with motion practice, Arm remains focused on trying to work in good faith to resolve the parties' disputes, and hereby provides responses to Qualcomm's concerns, consistent with the parties' discussion, even though Qualcomm had made clear it will unilaterally raise this issues with the Court regardless of Arm's responses.

**[1] Mr. Son's Documents**

As we have discussed, Arm has completed the production of responsive, non-privileged custodial emails sent to or from Mr. Son. And consistent with our prior discussions, Arm expects to complete our production of all non-privileged, responsive documents Mr. Son provided to Arm by noon ET today. As we explained, even though not required by the Court's order or the parties' prior agreements on these issues (which Qualcomm fails to respect, instead continually pivoting on issues the parties have resolved in writing), we have reviewed the documents Mr. Son provided to Arm for responsiveness, rather than limiting our review to documents that hit on the disclosed search terms, even though limiting the review to search term hits obviously was consistent with the Court's order. Arm also provided the information Qualcomm requested regarding how many documents Mr. Son provided to Arm, even though the Court's order did not require Arm to do so.

In addition, and solely to resolve Qualcomm's purported concerns despite its written agreement to the contrary, Arm agreed to provide additional information regarding Mr. Son's provision of documents to Arm for review – information that Qualcomm has agreed cannot be used to argue the waiver of any applicable privilege or protection. Consistent with Arm's previous explanation to Qualcomm, █████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████

While Arm has now repeatedly addressed all of the issues that Qualcomm has raised regarding Mr. Son's documents, we understand that Qualcomm nonetheless intends to proceed unilaterally in raising this non-issue with the Court.

**[2] ALAs**

Contrary to Qualcomm's characterization in its September 13 email and during the meet-and-confer, Arm did not agree to produce all ALAs and annexes, either in Arm's July 25 email or any other correspondence. Nor did Arm agree to provide Qualcomm with unredacted versions of relevant ALAs, the vast majority of which is highly sensitive business information that is not relevant to any claim or defense in this litigation, but obviously of significant interest to Qualcomm for business reasons. Instead, Arm made clear that Qualcomm's request for all ALAs and annexes was overbroad, and initially refused to produce any ALAs. Months later, as a compromise to avoid burdening the Court, Arm agreed to conduct "a reasonable, proportional search for third-party ALAs and annexes." Consistent with Arm's prior representation, ██████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ███████████████████████████████

Regarding the redactions to the ALAs, Arm has redacted information that is highly confidential to Arm's licensees and irrelevant to issues in this case, such as ████████████. Arm's redactions to the third-party ALAs are consistent with,

and proper under, the Court's ESI Order.  Your email fails to explain how such highly confidential third-party information might be relevant to any claim or defense in this case, *i.e.*, ███████████████████████████████████████████ ███████████████████████  Put simply, Qualcomm has not yet explained how any of this information is relevant to its claims or defenses in this case, while the information is obviously highly sensitive, particularly for potential disclosure to a competitor like Qualcomm.

**[3] Documents Concerning Arm's IPO and Nvidia's Proposed Acquisition of Arm  [RFP 51-54]**

Arm has already produced many documents responsive to Qualcomm's RFPs 51-53, and expects to complete production of documents responsive to these RFPs by next week.  Arm has also already produced custodial documents (including emails) responsive to RFP 54, consistent with Arm's responses and objections.  Further, Arm has provided hit-counts for (1) Qualcomm's additional proposed search terms under Qualcomm's RFP 54, and (2) Arm's modified additional proposed search terms under Qualcomm's RFP 54.  Qualcomm just responded to these hit-counts last night at 11:28 PM, indicating that Qualcomm remains "willing to negotiate its proposed search terms in good faith."  Arm is willing to negotiate these proposed search terms and respond in due course.  However, contrary to Qualcomm's own email from last night, Qualcomm indicated yesterday that it will proceed to the Court on this issue unilaterally, regardless of how Arm responds or what hit counts Arm provides.  As such, Arm understands there is no need to further negotiate these proposed search terms, given Qualcomm's insistence on proceeding to the Court regardless of Arm's position.

While Arm's IPO bears no relevance to any issues in this case, and Arm's broad search terms will identify responsive documents regardless of whether specifically tied to the IPO, Arm had previously agreed to produce certain custodial documents concerning Arm's IPO as a good-faith attempt to avoid burdening the Court with a discovery dispute.  Rather than abide by its prior representations regarding what would solve the parties' purported dispute on these issues, Qualcomm still seeks even more irrelevant IPO documents, unlimited to Arm's custodians, which would effectively require Arm to collect and review communications by any Arm employee or representative who had any substantive involvement in Arm's IPO.  Qualcomm's request for these additional irrelevant documents is overly burdensome, unreasonable, and disproportional to the needs of this case, and appears to be nothing more than an attempt to harass and impose undue burden on Arm and its outside counsel, while manufacturing a dispute for unnecessary presentation to the Court.

**[4] Custodial Documents that Arm Collected from Mr. Viana**

In response to Qualcomm's request, Arm confirms that the null set used for Arm's elusion testing was randomly selected and did not exclude custodial documents from Mr. Viana.  Arm has no obligation to provide this confirmation under the relevant Court orders, and only does so to avoid burdening the Court with an inconsequential dispute.  Further, the absence of responsive documents from Mr. Viana should not be surprising, because he left Arm in November 2015, prior to Arm's ███████████████████████, at a time when Arm had no obligation to retain documents that might become relevant to a dispute arising years later, as we have repeatedly explained in prior correspondence.  Arm's confirmation regarding elusion testing, the timing of Mr. Viana's departure, and Arm's satisfaction of the Court's elusion testing requirement (passing with a rate of responsiveness far lower than 1%, vastly superior to the 10% maximum permitted by the Court's ESI order) confirm the sufficiency of Arm's production of Mr. Viana's custodial documents, and generally.

While we believe we have addressed all of Qualcomm's current concerns, we understand from Qualcomm's Delaware counsel's email to Arm's Delaware counsel that Qualcomm plans to raise these issues unilaterally with the Court, regardless of Arm's response.  We trust that Qualcomm's Delaware counsel will include Arm's Delaware counsel in any communication with the Court regarding a schedule for letter briefs regarding these issues, even though Arm believes such briefing to be an unnecessary burden on the Court.

Best Regards,
Jack

**JACK LI**

Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, September 13, 2023 4:31 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Counsel:

We write in response to your September 13, 2023 and September 12, 2023 emails concerning certain deficiencies in ARM's production that Qualcomm has identified, which we address in turn below.  While we appreciate ARM providing responses to certain of Qualcomm's outstanding questions, a number of ARM's responses raise even further issues that impact whether the parties are at an impasse.  We look forward to discussing the issues identified below on our 5:30 p.m. ET meet and confer this afternoon.

- **Masa Son documents**:  We appreciate ARM's confirmation that it will complete its review of the approximately ███████████████ in mid-August and produce all responsive, non-privileged documents by Friday, September 15.  However, apart from confirming our suspicion that ARM was indeed insisting on an unnecessary search term negotiation with Qualcomm for weeks, ARM's email also confirms that there may be deficiencies in the original collection of Mr. Son's documents given the very limited number of documents identified ██████████████████.  Apparently recognizing this, you state that ARM will "ask for additional information regarding the collection of documents in Mr. Son's role as Arm's chair" and expect to "provide that information by the end of the week."  (9/12/2023 Email from J. Li.)  However, this is precisely the "additional information" we have repeatedly requested for weeks in the form of a description of "the process Mr. Son employed to collect potentially relevant documents."  (*See, e.g.*, 9/11/2023 Email from M. Vaughn; 9/8/2023 Email from M. Vaughn; 9/6/2023 Email from M. Vaughn; 8/25/2023 Email from M. Vaughn; *see also* 8/9/2023 Email from M. Vaughn (requesting a description of the scope of Mr. Son's document collection); 8/1/2023 Email from M. Vaughn (same); 7/11/2023 Email from M. Vaughn (same)).  To ensure that the information you have agreed to provide by Friday, September 15 is comprehensive, please confirm that at a minimum ARM will clarify by Friday how the set of ███████████ that were provided to ARM were identified.  Specifically, to date you've only represented your understanding that ███████████████ were identified ████████████████ (9/12/2023 Email from J. Li), but ARM has not explained—and we ask that ARM explain by Friday—for example, ██████████████████████████████████████ ██████████████████████████████████████████████████

4

▮▮▮▮▮▮▮▮▮▮.  Qualcomm reserves the right to ask additional questions as necessary based on the explanation that ARM provides.

- **ARM ALAs and annexes thereto**:  We appreciate ARM's confirmation that it will complete its production of ALAs and annexes thereto by Friday, September 15.  However, we disagree that ARM's proposed responsiveness redactions for the agreements it has not yet produced and ARM's redactions of the recently produced set of agreements are appropriate.  As an initial matter, ARM's ALAs and annexes thereto are responsive ***in their entirety*** to Qualcomm's RFP No. 27, which seeks "[a]ll ALAs ARM has entered into with any party."  Qualcomm, did not, for example, seek the production of only certain provisions of ARM's ALAs and annexes thereto.  Accordingly, ARM's agreement to produce its ALAs and annexes thereto also did not include any such restriction.  Instead, ARM confirmed that it would "conduct[] a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27."  (7/25/2023 Email from J. Li.)  For that reason alone, we expect that ARM will produce unredacted copies of its ALAs and annexes thereto by Friday, September 15, including for any such agreements that were improperly produced to date with redactions.

    Moreover, even if we were to credit ARM's position that certain portions of its ALAs and annexes thereto contain non-responsive information—which we disagree with for the reasons stated above—ARM's redactions still would not be appropriate under the ESI Order.  The ESI Order provides that non-responsive Confidential information "may be redacted from a document ***only if the document can be redacted without obscuring otherwise responsive information***."  (ESI Order § 2(j) (emphasis added).)  Here, ARM's redactions to its agreements produced to date are extensive and preclude the ability for Qualcomm to adequately review and comprehend the terms of the relevant agreements.  For example, in ARM_01240470, ARM redacted at least 15 definitions set forth at the beginning of the contract as well as numerous provisions in their entirety.  For this additional reason we ask that ARM promptly confirm it will produce unredacted copies of its ALAs and annexes thereto by Friday, September 15.

    Finally, despite ARM's agreement cited above to "conduct[] a reasonable, proportional search for third-party ALAs and annexes in response to RFP 27" without any date restriction, ARM's September 12, 2023 email indicates that ARM only intends to produce its ALAs and annexes thereto for "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ by the end of this week."  (9/12/2023 Email from J. Li.)  Please be prepared to discuss on our meet and confer this afternoon whether ARM is now refusing to produce ALAs and annexes thereto for any non-active ALA licensee, or whether ARM is representing that it will not *complete* its production of those agreements by the end of this week.

- **NVIDIA and IPO documents**:  We appreciate ARM's confirmation that it will complete its review and production of the documents it has agreed to search in response to Qualcomm's Third Set of RFPs concerning ARM's IPO and NVIDIA's proposed acquisition by next week, though we disagree with ARM's statement that it has already produced "many" documents responsive to these topics.  Moreover, even if ARM completes this production and the productions referenced above by the timelines that ARM has committed to, ARM still is severely prejudicing Qualcomm's ability to complete depositions by the close of fact discovery deadline, which we can discuss further during our meet and confer today.

    With respect to the IPO documents specifically, ARM has still failed to substantively respond to Qualcomm's outstanding requests from our September 6, 2023 email, instead only agreeing to provide the requested search term hit report by today (which we have not yet received) and a response to Qualcomm's request for ARM to run certain additional targeted searches by Friday, September 15.  (9/12/2023 Email from J. Li.)  Qualcomm requested that ARM confirm its search protocol included these additional targeted searches on August 25, 2023, following weeks of trying to seek clarity on the scope of ARM's agreed-upon production of documents concerning its IPO which ARM insisted it would provide to avoid raising this issue with the Court.  (*See, e.g.*, 8/15/2023 Email from J. Li.)  Notwithstanding that fact, ARM still has not provided clarity on the scope of its productions by confirming whether Qualcomm's understanding is correct that "ARM is refusing to agree to Qualcomm's August 23, 2023 request that ARM 'conduct targeted collections for responsive documents from the files of any ARM employee or representative that communicated on ARM's behalf—including, for example,

Morrison & Foerster—that are not custodians but nonetheless had meaningful involvement in ARM's IPO, including in communications with third parties on ARM's behalf.'" (9/6/2023 Email from M. Vaughn.)  To assist with ARM's understanding of Qualcomm's request, we provided the following example:  "to the extent that Morrison & Foerster or an ARM employee who is not a custodian had non-privileged communications concerning the IPO with Goldman Sachs or an anchor investor such as Apple that referenced the Qualcomm litigation, we understand that ARM is refusing to produce such documents unless those documents wound up in the inbox of an ARM custodian and hit on ARM's proposed search terms."  (*Id.*)  We do not understand ARM's failure to provide that simple confirmation so that we can determine whether we need to raise this issue with the Court.  We look forward to discussing this issue further on our meet and confer this afternoon.

- **Antonio Viana documents**:  Finally, we are concerned with ARM's representation that the parties' agreed-upon search terms only hit on 24 of the 12,000 custodial documents for Mr. Viana, particularly given that Qualcomm's own production includes numerous emails that Mr. Viana is a recipient of that ARM has not produced.  In order for Qualcomm to properly assess this issue and propose appropriate next steps, please promptly provide (i) the date range of Mr. Viana's 12,000 custodial documents, and (ii) confirmation that the elusion testing required by the ESI Order that ARM certified it completed included documents from Mr. Viana's files, and if so, how many.

Qualcomm reserves all rights.

Best,
Madalyn


**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Vaughn, Madalyn
**Sent:** Wednesday, September 13, 2023 10:54 AM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <MZappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <AButwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel:

We will respond to the substance of your September 13, 2023 email prior to our meet and confer this afternoon, but we write to confirm that 5:30 p.m. ET today works for us.  We will circulate a calendar invite.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, September 13, 2023 9:47 AM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

As stated in Arm's September 12 email, we trust the information and confirmation Arm provided therein resolved the issues raised in your September 11 email.  Your response below does not indicate that's not the case, and instead asks to meet and confer without identifying any remaining issues for discussion.  Accordingly, we understand that the parties are not at an impasse with respect to the issues raised in your September 11 email, and Qualcomm is requesting a further meet-and-confer to discuss the details of the parties' resolution of these issues.  If, however, Qualcomm has any specific concerns you wish to discuss during the meet-and-confer, please specifically identify them, so that Arm can consider them in advance and the parties may meaningfully discuss and attempt to resolve any details that Qualcomm believes remain open.

We are available to meet and confer after 4:30 PM ET today, or at 9:30 or 11:00 AM ET tomorrow.

The information in our September 12 email regarding the number of Arm's active ALA licensees and the content redacted from the ALAs is Arm's Highly Confidential – Attorneys' Eyes Only information.  Please redact this information from our September 12 email prior to sharing with your client.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Tuesday, September 12, 2023 7:24 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack

<JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Counsel:

Please provide your availability to meet and confer tomorrow between 10 a.m. ET and noon ET regarding your September 12, 2023 email.  We will circulate a calendar invite this evening once you confirm a time.

Additionally, please promptly identify the information in your September 12, 2023 email that you have designated "Highly Confidential – Attorneys' Eyes Only" so that we can share a version of your email with our client.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, September 12, 2023 5:25 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Highly Confidential – Attorneys' Eyes Only

Counsel –

We write in response to your email sent at 11:42 pm last night.  We address the issues that you raise in turn below.  But, as discussed on our call yesterday, it is highly unproductive for Qualcomm to refuse to address deficiencies in its own production and failures to provide relevant information that Arm has identified, while continuously threatening to burden the Court with issues that Arm has already agreed to address.

8

**[A] Mr. Son's Documents**

We do not believe that there is any dispute here.  To resolve the apparent dispute regarding reliance on search terms, Arm will review all documents Mr. Son provided, and produce all non-privileged responsive documents, with completion expected by the end of the week.  To be clear, Arm will not limit the review to document hitting on agreed search term hits, even though this is all the relevant orders and agreements require.  (Mr. Mooney stated this on the call and, in fact, you reiterated your understanding that Arm was agreeing to do this and expected to complete that process by the end of the week.)

We continue to disagree that the cases you provided support your requests for additional information (*e.g.*, the number and description of non-responsive documents).  But rather than dispute the case law, we prefer to focus on resolving the parties' dispute without burdening the court.  To that end, we appreciate your confirmation that "th[e information requested by Qualcomm] is clearly not protected under [attorney-client privilege or work product]."  (9/11/23 email from M. Vaughn to J. Li.)  Given your confirmation that you do not contend that any of this information is privileged or protected (and thus there can be no waiver), Arm will provide the requested information. ██████████████████████ ████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ we also agree to ask for additional information regarding the collection of documents in Mr. Son's role as Arm's chair, and will promptly update Qualcomm.  We expect to be able to provide that information by the end of the week.

**[B] ALA and Annexes**

Arm expects to complete its production of redacted ALAs and relevant annexes for the ████████████████ by the end of this week.  The redactions are consistent with the Stipulated Protective Order for ESI which provides for redacting of "Designated Confidential Information (as defined in the Protective Order) that is otherwise non-responsive to a discovery request."   With respect to the ALAs, the redactions include the following types of information: ██████ ████████████████████████████████████████ To the extent that Qualcomm has any concerns regarding those redactions after review the ALAs, we would be happy to meet and confer with Qualcomm regarding whether certain terms can be unredacted, while remaining AEO.

**[C] Documents Responsive to Arm's Third Set of RFPs Concerning Arm's IPO and Nvidia's Proposed Acquisition of Arm [RFP 51-53]**

As you know, the parties negotiated the scope of this production for RFPs 51-53 from mid-August through September 6.  (*See, e.g.*, 8/15/23 email from J. Li to M. Vaughn; 8/23/23 email from M. Vaughn to J. Li; 9/1/23 email from J. Li to M. Vaughn; 9/6/23 email from J. Li to M. Vaught.)  Arm has already produced many responsive documents and expects to complete further production by next week.

**[D] Qualcomm's September 6 Email – Documents Regarding IPO [RFP 54]**

We have already produced custodial data (including emails) responsive to RFP 54 consistent with our responses and objections.  In addition, we are running a hit-report based Qualcomm's additional proposed search terms and Arm's modified additional proposed terms.  We expect to provide that by tomorrow.  We do not understand the basis for Qualcomm's demand that Arm perform "additional targeted searches," but are considering that request and expect to provide a formal response by Friday.

**[E] The Number of Custodial Documents that Arm Collected from Mr. Viana**

At your request, we have been able to confirm that roughly 12,000 custodial documents were collected from Mr. Viana, with only 24 documents hitting on agreed search terms.

We trust that this resolves your concerns. But we remain available to meet and confer to the extent you believe there to be any remaining issues.

Best Regards,
Jack

**JACK LI** | Morrison & Foerster LLP
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, September 11, 2023 11:42 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Counsel:

We write in response to your September 11, 2023 email concerning Mr. Son's documents that we received minutes after our meet and confer ended. ARM's email not only mischaracterizes the parties' discussions to date, but also misrepresents ARM's statements during our September 11, 2023 meet and confer. Namely, ARM represents that it "told [Qualcomm] on today's call [that] solely to avoid unnecessarily burdening the court, Arm will review and produce all non-privileged responsive documents from the set of documents that Mr. Son provided." (9/11/2023 Email from J. Li.) ARM did not make this representation during the parties' meet and confer; instead, ARM represented that by the end of this week it would produce all responsive, non-privileged documents from Mr. Son's files that hit on search terms.

Moreover, we disagree that the case law Qualcomm provided does not address the issue at hand. Indeed, the court in *Vasoli* v. *Yards Brewing Company LLC* held that the "steps that a party took to search for and produce relevant documents are discoverable" as "neither the attorney-client privilege nor the work-product doctrine prohibit the disclosure of factual information." 2021 WL 5045920, at *2 (E.D. Penn. Nov. 1, 2021). This description of factual information is precisely what Qualcomm is seeking here and that ARM has continued to refuse to provide and apparently still refuses to provide absent Qualcomm's agreement that it "will not assert that the provision of such information constitutes a waiver of work product or attorney-client privilege." (9/11/2023 Email from J. Li.) As this information is clearly not protected under either basis, ARM should provide this information without any such representation from Qualcomm.

Finally, we reiterate the requests we made during our meet and confer that ARM please promptly provide: (i) the requested description of the scope of Mr. Son's document collection; (ii) a date certain by which ARM will complete its production of ALAs and annexes thereto, the number of such agreements that ARM still has not produced, and a description of the redactions that ARM is applying to these yet-to-be-produced agreements; (iii) a date certain by which ARM will complete its production of documents responsive to Qualcomm's Third Set of RFPs concerning ARM's IPO and NVIDIA's proposed acquisition of ARM; (iv) a response to Qualcomm's September 6, 2023 email requesting confirmation on the scope of IPO documents that ARM is agreeing to produce; and (v) the number of custodial documents that ARM collected from Mr. Viana, a custodian for whom ARM has produced no documents.  You indicated on the meet and confer today that you would be willing to provide us with confirmation of at least item (ii) by close of business tomorrow, and in our view there should be no reason why ARM is unable to provide the requested information for items (i), (iii), (iv), and (v) by close of business tomorrow as well.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, September 11, 2023 2:45 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up on the parties' meet-and-confer regarding Arm's production of documents provided by Mr. Son.  We were disappointed that Qualcomm appeared more interested in declaring a purported "impasse" so that it can file something with the Court, rather than exploring ways to resolve these issues in good faith, as the parties have done with prior disputes.

By way of example, on Friday's call Qualcomm continued to insist the parties were at an impasse despite Arm's explanation that it would continue to review and produce documents provided by Mr. Son.  While Arm is proceeding consistent with the parties' previously agreed procedure, Qualcomm refuses to agree to, or even discuss, search terms for that review.  Nevertheless, as we told you on today's call and solely to avoid unnecessarily burdening the court, Arm will review and produce all non-privileged responsive documents from the set of documents that Mr. Son provided.  We expect to be able to complete that production by the end of the week.

As you also know, despite Arm's repeated requests on the call, Qualcomm failed to identify any authority supporting its request for information regarding the number and type of *non-responsive* documents Mr. Son provided to Arm during last Friday's call.  Qualcomm sent two cases earlier today but neither case supports Qualcomm's position.  Those cases do not support Qualcomm's position.  Nonetheless, to avoid burdening the Court with this dispute, if Qualcomm confirms that it will not assert that the provision of such information constitutes a waiver of work product or attorney-client privilege, then ARM will:

- provide Qualcomm with the total number of documents Mr. Son provided to Arm, including documents that did not hit on search terms or are not responsive;

- describe the types of documents Mr. Son provided to Arm, including documents that did not hit on search terms or are not responsive; and

- provide information regarding Mr. Son's collection of documents in his role as Arm's chair.

We trust that this proposal will resolve these issues but are available to meet and confer further regarding these issues on Wednesday, September 13, at 2 PM ET, as needed.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Monday, September 11, 2023 1:37 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

Counsel:

During our meet and confer on Friday, September 8 concerning ARM's deficient production of Mr. Son's documents, you asked whether Qualcomm would be willing to share case law supporting its request for a description of the scope of

# EXHIBIT 6

## Li, Jack

| | |
|---|---|
| **From:** | Ying, Jennifer <jying@morrisnichols.com> |
| **Sent:** | Thursday, September 14, 2023 4:12 PM |
| **To:** | Vrana, Robert |
| **Subject:** | RE: ARM/Qualcomm - Call to schedule discovery dispute hearing |

Hi Rob,

Thank you for your response email.  As you are aware, the parties had another meet and confer yesterday afternoon where we reiterated our request to reach out to the Court on several disputes that are still outstanding.  While we appreciate ARM's continuing efforts to make itself available to confer and to narrow the issues by providing additional information that ARM has committed to provide, there are still several issues that will need to be addressed by the Court, including:

1. **Mr. Son's documents**.  We appreciate that ARM has committed to producing all responsive documents in the set of 500 documents that Mr. Son provided to ARM counsel by Friday.  However, we have continued to request an explanation about how the set of documents provided to ARM were collected, and to date have not received any explanation other than that they were ███████████████████████ which ARM represented on our meet and confer yesterday they could not explain further.  While ARM agreed to provide a description of the collection process, ████████████████████████████████, by tomorrow, the issue still remains that ███ ████████████████████████████████████████, which not only appears to be deficient on its face, but also appears to be deficient based on the fact that ARM has only produced 27 documents from Mr. Son's files to date, a number of which were slipsheeted withheld documents.

2. **ALAs and annexes**.  Again, while we appreciate ARM's commitment to produce the third-party ALAs and annexes thereto by Friday, based on the meet and confer yesterday and ARM's correspondence this week, we understand that despite agreeing to produce all of ARM's ALAs and annexes thereto without any date restriction, ARM is now back-tracking on that agreement and only agreeing to produce (1) ALAs and annexes thereto for "active ALA licensees", and (2) heavily redacted copies of those ALAs and annexes thereto that reflect ARM's unilateral redactions of information in those agreements it has deemed "non-responsive."  Both of these issues will need to be resolved by the Court.

3. **NVIDIA and IPO documents**.  We appreciate ARM's commitment to completing its production of documents concerning the proposed acquisition of ARM by NVIDIA and ARM's IPO by September 22.  We still have a dispute, however, regarding the scope of documents that ARM is searching for and producing relating to the IPO.  Namely, whether ARM is agreeing to conduct the targeted searches that Qualcomm has requested across non-custodians, as ARM has acknowledged that not all relevant IPO documents would be in the files of ARM's current custodians.

4. **Antonio Viana's custodial documents**.  ARM has produced no documents for this custodian and Qualcomm has accordingly raised issues with the sufficiency of ARM's production of Mr. Viana's documents.

Again, while we appreciate that ARM has committed to providing further responses on all of the above issues that we further described in email correspondence yesterday, and while we are hopeful that the information ARM provides will narrow the disputes, the fact remains that there are still live disputes.  Accordingly, please let me know your availability to call over to the Court on Friday to get possible dates for a discovery dispute conference.  If you would like to discuss with me prior to calling over to chambers on Friday, please let me know and I can be available.

Thank you
Jennifer

# EXHIBIT 7

## Li, Jack

| | |
|---|---|
| **From:** | Li, Jack |
| **Sent:** | Tuesday, August 15, 2023 12:00 PM |
| **To:** | 'Vaughn, Madalyn'; Muino, Daniel P.; Olson, Erik J. (Palo Alto); Mooney, Kyle W.; Liou, Joyce; Vieyra, Kelly A.; Davenport, Lydia; Jacobs, Michael A.; Fung, Nicholas Rylan; Brickey, Sarah E.; Llewellyn, Scott F.; 'Vrana, Robert' |
| **Cc:** | 'Dunn, Karen L'; 'Isaacson, William A'; 'Nyarady, Catherine'; 'Morgan, Erin J'; 'Zappala, Melissa Felder'; 'Braly, Jacob'; 'GRP-QC'; 'Ying, Jennifer'; 'Blumenfeld, Jack' |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN -- QC's Third Set of RFPs |

Counsel,

We write in response to your August 10 email regarding RFP Nos. 51-54.  We do not believe that the parties are at an impasse or that there are any issues to burden the court with.  Qualcomm appears to misunderstand the scope of the "formal written statements" and to ignore that Arm is already performing a reasonable search for and producing (1) documents and communications (including SEC and FTC submissions) that fall within the scope of its agreed production for any other RFPs and (2) custodial email and ESI consistent with the agreed custodians and search terms and that falls within the scope of those other RFPs or the agreed production clarified below.

**RFP No. 51**:  Arm maintains its position that most of the requested documents are irrelevant and do not fall within the scope of FRCP 26(b).  Nevertheless, the parties appear in agreement.  Arm will produce U.S. and foreign regulatory submissions referenced in the pleadings in this case, and other U.S. and foreign regulatory submissions concerning the proposed acquisition of Arm by Nvidia located after a reasonable search.

**RFP No. 52**:  Arm maintains its position that most of the requested documents are irrelevant and do not fall within the scope of FRCP 26(b).  Nevertheless, to resolve the parties' dispute and avoid burdening the court, Arm will produce submissions to regulatory entities or agencies concerning the proposed acquisition of Arm by Nvidia located after a reasonable search.  In addition, Arm will perform a reasonable search for and produce submissions to and formal communications with regulatory entities or agencies concerning the proposed acquisition of Arm by Nvidia relating to Qualcomm, Nuvia, or the claims or defenses in this action, regardless of the form of such submissions and communications.  Arm will also produce email communications from Arm's ESI/email custodians with regulatory entities or agencies relating to Qualcomm, Nuvia, or the claims or defenses in this action and that hit on one or more search terms, *e.g.*,

- (Qualcomm OR Qcom OR QComm) w/15 (involvement AND NVIDIA)
- (Qualcomm OR Qcom OR QComm) w/15 (position AND NVIDIA)
- NVIDIA w/15 (terminat* AND (Qualcomm OR Qcom OR Qcomm))
- NVIDIA w/15 (destroy* AND (Qualcomm OR Qcom OR Qcomm))
- NVIDIA w/15 (destruction* AND (Qualcomm OR Qcom OR Qcomm))
- NVIDIA w/15 (unlicensed* AND (Qualcomm OR Qcom OR Qcomm))

**RFP No. 53**:  Arm maintains its position that most of the requested documents are irrelevant and do not fall within the scope of FRCP 26(b).  Nevertheless, to resolve the parties' dispute and avoid burdening the court, Arm will produce submissions to the regulatory entities or agencies concerning Arm's announced IPO located after a reasonable search.  In addition, Arm will perform a reasonable search for and produce submissions to and formal communications with regulatory entities or agencies concerning Arm's announced IPO relating to Qualcomm, Nuvia, or the claims or defenses in this action, regardless of the form of such submissions and communications.  Arm will also perform a reasonable search for and produce any non-privileged drafts in Arm's possession of submissions to the regulatory entities or agencies concerning Arm's announced IPO relating to the claims or defenses in this action.

**RFP No. 54**: Arm maintains its position that many of the requested documents are irrelevant and do not fall within the scope of FRCP 26(b).  Nevertheless, to resolve the parties' dispute and avoid burdening the court, Arm will produce non-privileged communications with third parties (including email consistent with the agreed custodians and search terms) located after a reasonable search concerning Arm's announced IPO relating to Qualcomm, Nuvia, the claims and defenses in this litigation (including Arm's policy or strategy for licensing the IP at issue).  In addition to the current search terms, we also will search using the following to ensure that these documents are captured:

- "Qualcomm ALA" AND (IPO OR "initial public offering")
- ALA and (Qualcomm OR Qcom OR Qcomm) AND (IPO OR "initial public offering")
- Value w/15 ((Qualcomm OR Qcomm OR Qcom) AND ALA) AND (IPO OR "initial public offering")
- "royalty rate" w/3 (Qualcomm OR Qcom OR Qcomm) AND (IPO OR "initial public offering")
- (Qualcomm OR QComm OR QComm) w/15 finance* w/5 impact AND (IPO OR "initial public offering")
- (Qualcomm OR QCom OR QComm) w/15 damages AND (IPO OR "initial public offering")
- (Qualcomm OR QCom OR QComm) w/15 (litigation AND ALA) AND (IPO OR "initial public offering")
- (Qualcomm OR QCom OR QComm) w/15 (dispute AND ALA) AND (IPO OR "initial public offering")
- (Qualcomm OR QCom OR QComm) w/15 (claim* AND ALA) AND (IPO OR "initial public offering")
- (Qualcomm OR QCom OR QComm) w/15 (right* AND ALA) AND (IPO OR "initial public offering")
- Plan* w/15 license w/15 "original equipment manufacturer" AND (IPO OR "initial public offering")
- Plan* w/15 license w/15 OEM AND (IPO OR "initial public offering")

Finally, for the sake of clarity, Arm is not withholding and will not withhold any non-privileged documents or communications (including SEC or FTC submissions or communications) falling within the scope of RFP Nos. 52-54 that it has agreed to produce in response to any of the other Qualcomm RFPs.

We trust that this resolves your concerns.  But if you would like to further discuss, we can be available to meet and confer further at 3 pm.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Li, Jack
**Sent:** Friday, August 11, 2023 6:10 PM
**To:** 'Vaughn, Madalyn' <mvaughn@paulweiss.com>; Muino, Daniel P. <DMuino@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Vieyra, Kelly A. <KVieyra@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Vrana, Robert <RVrana@ycst.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; GRP-QC <GRP-QC@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN -- QC's Third Set of RFPs

Counsel,

We will provide a written response to your email below.  We are available to meet and confer on Tuesday between 3 to 4 PM ET.

# EXHIBIT 8

## Li, Jack

| | |
|---|---|
| **From:** | Vaughn, Madalyn <mvaughn@paulweiss.com> |
| **Sent:** | Thursday, September 14, 2023 11:28 PM |
| **To:** | Li, Jack; Llewellyn, Scott F. |
| **Cc:** | Zappala, Melissa Felder; Morgan, Erin J; Braly, Jacob; Dunn, Karen L; Isaacson, William A; Nyarady, Catherine; Ying, Jennifer; Brickey, Sarah E.; Butwin, Alexander M; Blumenfeld, Jack; Jacobs, Michael A.; Olson, Erik J. (Palo Alto); Muino, Daniel P.; Mooney, Kyle W.; Fung, Nicholas Rylan; Patel, Fahd H.; Davenport, Lydia; Vrana, Robert; GRP-QC |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |

**External Email**

---

Counsel:

We write in response to your September 13, 2023 email providing the hit count that Qualcomm requested on September 6, 2023 for Qualcomm's August 23, 2023 proposed search terms and ARM's September 1, 2023 counterproposal. As Qualcomm stated in its September 6, 2023 email, and as further confirmed by the hit count provided in ARM's September 13, 2023 email, the search terms in ARM's counterproposal are artificially restricted and unlikely to capture all responsive documents. Indeed, in a clear effort to improperly withhold responsive documents concerning ARM's IPO that ARM agreed to produce, two of the three search terms that ARM proposed hit on a total of **24 documents**, one of which hit on only **2 documents**. While Qualcomm is willing to negotiate its proposed search terms in good faith, ARM has an obligation to do the same. We trust that going forward ARM will do so.

With respect to the hit counts provided by ARM for Qualcomm's proposed search terms, please promptly confirm that these hit counts reflect the number of incremental documents that ARM would need to review for responsiveness. In other words, please confirm that none of the 20,820 documents that hit on Qualcomm's first search term and none of the 117,333 documents that hit on Qualcomm's second search term are documents that also hit on any of the parties' other agreed-upon search terms.

While we reserve the right to modify Qualcomm's search term proposal based on ARM's confirmation requested above, for Qualcomm's first proposed search term that hits on 20,820 documents, Qualcomm's position is that this is a reasonable and proportionate number of documents for ARM to review. ARM has agreed to produce documents concerning its IPO that, for example, discuss or refer to Qualcomm or this litigation, and this search term is narrowly targeted to capture those documents. Moreover, ARM's confirmation that it has only produced 71 documents to date that hit on this search term is further confirmation that ARM has not adequately searched for documents responsive to Qualcomm's request. Please promptly confirm that ARM will review and produce all responsive, non-privileged documents that hit on Qualcomm's first proposed search term, pasted below for reference:

- (Qualcomm OR QC OR Qcomm OR Qcom OR ███████ OR Nuvia OR litigation) AND (IPO OR "initial public offering" OR "F-1 OR "registration statement")

With respect to Qualcomm's second proposed search term, while the fact that ARM has only produced 77 documents to date that hit on this search term demonstrates again that ARM has not adequately searched for documents responsive to Qualcomm's request, as a potential compromise, Qualcomm is willing to consider the below-revised search term subject to ARM promptly providing an updated hit report reflecting the total number of incremental documents that ARM would need to review as a result of running this search term:

- ("business model" OR "ALA" OR "TLA" OR ("licens*" W/5 agreement*") OR ("licens*" W/5 "customer*") OR (licens* W/5 technology)) AND (IPO OR "initial public offering" OR F-1 OR "registration statement")

Finally, as discussed during our September 13, 2023 meet and confer, Qualcomm again reiterates its document request—and the parties' agreement—that ARM will produce documents concerning its IPO that discuss or refer to Qualcomm, Nuvia, this litigation, any of the issues in this litigation (including the relief sought by ARM), and ARM's policies or strategies (including licensing) relating to ARM's technology or intellectual property.  Moreover, to be clear, documents concerning ARM's IPO may also be independently responsive to countless other Qualcomm RFPs that ARM agreed to produce documents in response to, including, for example, Qualcomm RFP Nos. 7, 8, 12, 25, 30, among others.  ARM is of course obligated to produce any such responsive documents.  ARM is also obligated to produce any known responsive documents irrespective of whether those documents hit on search terms.

Qualcomm reserves all rights.

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
(212) 373-3974 (Direct Phone) | 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, September 13, 2023 9:28 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; Vrana, Robert <RVrana@ycst.com>; GRP-QC <GRP-QC@paulweiss.com>
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Following up on Arm's September 12 email, please see below hit-counts for (1) Qualcomm's additional proposed search terms under Qualcomm's RFP 54, and (2) Arm's modified additional proposed search terms under Qualcomm's RFP 54.

- Qualcomm's additional proposed search terms:

| Qualcomm's additional proposed search term | Hit count including families | Documents produced to date which hit on search term |
|---|---|---|
| (Qualcomm OR QC OR Qcomm OR Qcom OR ▮▮▮▮▮ OR Nuvia OR litigation) AND (IPO OR "initial | 20,820 | 71 |

| | | |
|---|---|---|
| public offering" OR F-1 OR "registration statement") | | |
| (licens*) AND (IPO OR "initial public offering" OR F-1 OR "registration statement") | 117,333 | 77 |

- Arm's modified additional proposed terms:

| Arm's modified proposed search term | Hit count including families |
|---|---|
| (((Qualcomm ~~OR QC~~ OR Qcomm OR Qcom OR Nuvia) w/15 litigation) OR ▮▮▮▮▮) AND (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 383 |
| (licens* w/5 (Qualcomm OR Qcomm OR Qcom OR ▮▮▮▮ OR Nuvia OR litigation)) w/15 (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 2 |
| ((licens* OR "intellectual property" OR IP) w/5 Strateg* OR polic*) w/15 (IPO OR "initial public offering" OR "F-1" OR "registration statement") | 22 |

As these hit-counts confirm, Qualcomm's additional proposed search terms under Qualcomm's RFP 54 are overbroad and unduly burdensome, especially given that Arm's proposed search terms and production passed elusion testing with a rate of responsiveness significantly lower than 1% in the null set, far lower than the 10% maximum permitted by the ESI order.  Arm's proposed modifications to Qualcomm's additional proposed search terms are necessary to filter out non-responsive and irrelevant documents.

We trust that the hit-counts above resolve Qualcomm's concerns regarding additional proposed search terms under Qualcomm's RFP 54.

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
P: +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, September 13, 2023 4:31 PM
**To:** Li, Jack <JackLi@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>
**Cc:** Zappala, Melissa Felder <mzappala@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; Ying, Jennifer <jying@morrisnichols.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Butwin, Alexander M <abutwin@paulweiss.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>;

# EXHIBIT 9

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 - 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7458

WRITER'S DIRECT FACSIMILE
(202) 379-4112

WRITER'S DIRECT E-MAIL ADDRESS
mzappala@paulweiss.com

PARTNERS RESIDENT IN WASHINGTON

JUSTIN ANDERSON
JOSEPH J. BIAL
PAUL D. BRACHMAN
DUN P. CARLIN
REBECCA S. COCCARO
THITHINA DAGNEW
KAREN L. DUNN
KENNETH A. GALLO
ROBERTO J. GONZALEZ

WILLIAM A. ISAACSON
MARK F. MENDELSOHN
JANE B. O'BRIEN
JESSICA E. PHILLIPS
JEANNIE S. RHEE
KANNON K. SHANMUGAM
KYLE SMITH
JOSHUA H. SOVEN

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*
EDWARD T. ACKERMAN*
JACOB A. ADLERSTEIN*
ALLAN J. ARPFA*
JONATHAN H. ASHTOR*
ROBERT A. ATKINS*
SCOTT A. BARSHAY*
PAUL M. BASTA*
LYNN B. BAYARD*
BRUCE BIRENBOIM*
H. CHRISTOPHER BOEHNING*
BRIAN BOLIN*
ANGELO BONVINO*
ANDRE G. BOUCHARD*
GERALD BRANT*
ROBERT A. BRITTON*
WALTER F. BROWN*
SUSANNA M. BUERGEL*
JESSICA S. CAREY*
DAVID CARMONA*
GEOFFREY R. CHEPIGA*
ELLEN N. CHING*
WILLIAM A. CLAREMAN*
LEWIS R. CLAYTON
YAHONNES CLEARY*
JAY COHEN
KELLEY A. CORNISH*
CHRISTOPHER J. CUMMINGS*
THOMAS V. DE LA BASTIDE III*
ANDREW R. DEARBORN*
ALICE BELISLE EATON*
ANDREW J. EHRLICH*
GREGORY A. EZRING*
ROSS A. FIELDSTON*
ANDREW C. FINCH
BRAD J. FINKELSTEIN*
BRIAN P. FINNEGAN*
ROBERTO FINZI*
PETER E. FISCH*
HARRIS FISCHMAN*
KATHERINE B. FORREST*
VICTORIA S. FORRESTER*
HARRIS B. FREIDUS*
MANUEL S. FREY*
MICHAEL E. GERTZMAN*
ADAM M. GIVERTZ*
SALVATORE GOGLIORMELLA*
NEIL GOLDMAN*
MATTHEW B. GOLDSTEIN*
CHARLES H. GOOGE, JR.*
ANDREW G. GORDON*
BRIAN S. GRIEVE*
UDI GROFMAN*
MELINDA HAAG
ALAN S. HALPERIN*
CLAUDIA HAMMERMAN*
IAN M. HAZLETT*
BRIAN S. HERMANN*
JOSHUA HILL JR.*
MICHELE HIRSHMAN*
JARRETT R. HOFFMAN*
ROBERT HOLO*
CHRISTOPHER HOPKINS*
DAVID S. HUNTINGTON*
AMRAN HUSSEIN*
LORETTA A. IPPOLITO*
JAREN JANGHORBANI*
BRIAN M. JANSON*
LUKE JENNINGS*
JEH C. JOHNSON
MATTHEW B. JORDAN*
CHRISTODOULOS KAOUTZANIS*
BRAD S. KARP*
PATRICK N. KARSNITZ*
JOHN C. KENNEDY*
ROBERT A. KILLIP*
BRIAN KIM*
KYLE J. KIMPLER*
JEFFREY L. KOCHIAN*
ALEXIA D. KORBERG*
DANIEL J. KRAMER*
ANDREW D. KRAUSE*
BRIAN KRAUSE*
CAITH KUSHNER*

KAISA KUUSK*
DAVID K. LAKHDHIR
GREGORY F. LAUFER*
BRIAN C. LAVIN*
XIAOYU GREG LIU*
RANDY LUSKEY*
LORETTA E. LYNCH*
JEFFREY D. MARELL*
MARCO V. MASOTTI*
DAVID W. MAYO*
ELIZABETH R. MCCOLM*
JEAN M. MCLOUGHLIN*
ALVARO MEMBRILLERA*
CLAUDINE MEREDITH-GOUJON*
WILLIAM B. MICHAEL*
SEAN A. MITCHELL*
ERIN J. MORGAN*
JUDIE NG SHORTELL*
CATHERINE NYARADY*
BRAD R. OKUN*
SUNG PAK*
CRYSTAL L. PARKER*
LINDSAY B. PARKS*
ANDREW M. PARLEN
DANIELLE C. PENHALL*
CHARLES J. PESANT*
ANASTASIA V. PETERSON*
AUSTIN S. POLLET*
VALERIE E. RADWANER*
JEFFREY J. RECHER*
LORIN L. REISNER*
ANDREW N. ROSENBERG*
JUSTIN ROSENBERG*
JACQUELINE P. RUBIN*
RAPHAEL M. RUSSO*
ELIZABETH M. SACKSTEDER*
JEFFREY B. SAMUELS*
PAUL L. SANDLER*
AARON J. SCHLAPHOFF*
KENNETH M. SCHNEIDER*
ROBERT B. SCHUMER*
JOHN M. SCOTT*
BRIAN SCRIVANI*
KYLE T. SEIFRIED*
SUHAN SHIM*
CULLEN L. SINCLAIR*
MAURY SLEVIN*
AUDRA J. SOLOWAY*
SCOTT M. SONTAG*
MEGAN SPELMAN*
ROBERT Y. SPERLING*
EYITAYO ST. MATTHEW-DANIEL*
SARAH STASNY*
AIDAN SYNNOTT*
ROBERT D. TANANBAUM*
BRETTE TANNENBAUM*
RICHARD C. TARLOWE*
DAVID TARR*
MONICA K. THURMOND*
DANIEL J. TOAL*
LAURA C. TURANO*
HAROLD YAW LOGGERENBERG*
KRISHNA VEERARAGHAVAN*
JEREMY M. VEIT*
LIZA M. VELAZQUEZ*
MICHAEL VOGEL*
RAMY J. WAHBEH*
ANDREA WAHLQUIST BROWN*
JOHN WEBER*
THEODORE V. WELLS, JR.
SAMUEL J. WELT*
LINDSEY L. WIERSMA*
STEVEN J. WILLIAMS*
LAWRENCE I. WITDORCHIC*
MARK B. WLAZLO*
ADAM WOLLSTEIN*
STACI YABLON*
BOSCO YIU*
KAYE N. YOSHINO*
TONG YU*
TAURIE M. ZEITZER*
KENNETH S. ZIMAN*
T. ROBERT ZOCHOWSKI, JR.*

*NOT ADMITTED IN THE DC BAR

September 11, 2023

**By Email**

Scott F. Llewellyn
Morrison & Foerster LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202

   Re:  *Arm Ltd.* v. *Qualcomm Inc. et al.*
       C.A. No. 22-1146-MN

**Confidential**

Counsel:

    We write in response to your August 25, 2023 letter concerning ARM's request for Qualcomm to run ten additional search terms.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

## I.      Production of Documents Hitting on Agreed-Upon Search Terms

Qualcomm confirms that it has searched for and produced non-privileged documents hitting on the following two agreed-upon search terms:  "Masa* AND Arm" and "████████."

## II.      ARM's Additional Requested Search Terms

With respect to ARM's eight additional requested search terms, while Qualcomm has already provided information sufficient to satisfy its obligations under the ESI Order, in an effort to resolve any dispute, Qualcomm provides the following information.[1]

Namely, in total, ARM's eight additional requested search terms hit on approximately 147,000 documents (including families).  A breakdown of that hit count by search term is provided below.  Also provided below is a hit count per-search term that reflects the total number of documents in Qualcomm's production to date that already hit on these terms, demonstrating that Qualcomm's agreed-upon search terms adequately capture any responsive documents on these subjects that ARM now seeks. Given both the burden associated with reviewing these documents and that Qualcomm has already conducted elusion testing as required by the ESI Order to ensure that it is not missing responsive ESI, Qualcomm should not be required to review the approximately 147,000 additional documents that these overbroad search terms hit on, which is nearly three times the number of documents ARM has produced to date in this matter.

| Search Term | Hit Count Including Families | Documents Produced to Date with Hits on Search Term |
|---|---|---|
| Arm AND litigat* | 2,270 documents | 423 documents |
| Nuvia AND acqui* | 16,471 documents | 8,200 documents |
| Swap | 45,106 documents | 3,220 documents |
| Terminat* AND Nuvia | 17,129 documents | 1,080 documents |
| Port AND ████ | 2,302 documents | 11,417 documents |
| Port* AND core | 99,619 documents | 20,603 documents |
| Sample AND (██████ ██████████████ ████████ | 5,803 documents | 10,518 documents |
| Sample AND Arm | 5,286 documents | 11,467 documents |

## III.      Qualcomm's Proposed Modified Search Terms

Notwithstanding Qualcomm's position that none of ARM's additional requested search terms are reasonable or proportionate to the needs of this case given the

---

[1]  We trust that ARM will provide these same metrics when requested in connection with any search terms that Qualcomm requests.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

burden associated with the review of documents hitting on these terms that Qualcomm's elusion testing demonstrates are likely not responsive, Qualcomm proposed modified search terms for four of the eight remaining search terms at issue.  (8/7/2023 Letter from M. Felder Zappala at 2.)  As previously explained, the modifications that Qualcomm has proposed are necessary in order to filter out a substantial number of documents that are likely non-responsive.

The only proposed revised search term that ARM appears to take issue with is Qualcomm's revision to the term "ARM and litig*" to include a requirement that the term also reference the ALA, TLA, or Nuvia.  According to ARM, this limitation is insufficient because it would "not capture any documents that discuss this litigation and Qualcomm's use of Arm's trademarks."  (8/25/2023 Letter from S. Llewellyn at 2.) While such documents likely would already be captured and treated as responsive in connection with the dozens of additional search terms that Qualcomm has already agreed to run, on the condition that it will resolve any dispute as to this search term, Qualcomm will run the further revised term below in order to capture any reference to ARM's trademarks.  Please confirm ARM's agreement.

With respect to the three additional terms that Qualcomm proposed certain modifications to on August 7, 2023, ARM has not provided any explanation for why these revised terms are deficient.  (8/7/2023 Letter from M. Felder Zappala at 2.)  In an effort to promptly resolve any remaining dispute with respect to these terms, Qualcomm has provided below the requested chart containing hit counts for each of Qualcomm's proposed revised terms.  Please promptly confirm that ARM agrees to Qualcomm's proposed revised terms so that Qualcomm can proceed with reviewing and producing any responsive, non-privileged documents that hit on these revised terms.

| Proposed Modified Search Term | Hit Count Including Families |
|---|---|
| Arm AND litigat* AND (ALA OR TLA OR Nuvia OR trademark) | 384 documents |
| Nuvia w/10 acqui* | 5,003 documents |
| Swap AND ARM AND (█████ █████ ████████ AND (IP OR "Intellectual Property") | 110 documents |
| Terminat* AND Nuvia AND (TLA OR ALA) | 4 documents |

## IV.    Disputed Search Terms

For ARM's remaining four proposed search terms, ARM still has not provided sufficient information to allow Qualcomm to evaluate the relevance of the terms or why the terms would capture documents not already captured by Qualcomm's search protocol.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

        With respect to the two search terms that include the term "Port", ARM's only explanation is that "Qualcomm employees repeatedly use the term 'port*' to refer to actions described in Qualcomm's response to Arm's Interrogatory No. 5," which according to ARM, deems the term "port*" as "clearly relevant." (8/25/2023 Letter from S. Llewellyn at 2.)  Again, ARM fails to address Qualcomm's objection that these terms are overly broad—with one of ARM's proposed terms not including any modifier to limit the results to the cores at issue in this litigation—and sufficiently captured by Qualcomm's search methodology in response to ARM's RFPs, including RFP Nos. 1, 2, 7, 13, 40, and 41.  However, on the condition that it will resolve any dispute as to these two search terms, Qualcomm will run the proposed revised search terms below.  Please promptly confirm ARM's agreement.

- Port w/10 ▮▮▮▮▮▮

- Port* w/10 ▮▮▮▮▮▮▮▮

        Similarly, ARM also fails to address Qualcomm's objection that the two search terms that include the term "Sample" are also overly broad and sufficiently captured by Qualcomm's search methodology.  According to ARM, these terms are intended to be "relevant to Arm's RFP Nos. 19, 48, 49, and 50 (among others), which generally concern Qualcomm's sampling and sale (either actual or attempted) of Arm architecture-compatible products, including Nuvia-based Products." (8/9/2023 Letter from S. Llewellyn at 1.)  However, by using the term "Sample" without sufficient modifiers, ARM's proposed search terms hit on thousands of documents completely unrelated to the topics set out in RFP Nos. 19, 48, 49, and 50, and include, for example, sample reports, roadmaps, engineering documents, etc. that are not relevant to this case.  However, on the condition that it will resolve any dispute as to these two search terms, Qualcomm will run the proposed revised search terms below.  Please promptly confirm ARM's agreement.

- Sample w/20 (▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮)

- Sample AND Arm AND (▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮)

        Best regards,

        /s/ Melissa Felder Zappala

        Melissa Felder Zappala

cc:    Erik J. Olson
       Anne Shea Gaza
       Samantha G. Wilson