IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM, LTD. | ) |
|     Plaintiff, | ) **REDACTED PUBLIC VERSION** |
| v. | ) C.A. No. 22-1146 (MN) (LDH) |
| QUALCOMM INC., QUALCOMM TECHNOLOGIES, INC., and NUVIA, INC. | ) |
|     Defendants. | ) |

### NON-PARTY APPLE INC.'S MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 26 and Paragraphs 48-49 of the Stipulated Protective Order in this matter (D.I. 38), non-party Apple Inc. ("Apple") hereby moves for a protective order to prevent production of the 2023 Architecture License Agreement between Apple and ARM (the "2023 Apple ALA"). The 2023 Apple ALA is a highly bespoke agreement that has no relevance to the present dispute and is among the most commercially sensitive documents maintained by non-party Apple. Production of the 2023 Apple ALA to Qualcomm and its counsel would egregiously harm Apple, and Qualcomm cannot show any need for such competitively sensitive information. Apple therefore respectfully requests that the Court grant non-party Apple's Motion for a Protective Order and order that the 2023 Apple ALA not be produced in this case. To the extent that the Court views a motion for reconsideration as the appropriate procedural mechanism to address this issue, Apple seeks that relief here for the reasons set forth below.

**Factual Background**

Apple incorporates by reference the factual background set forth in its September 29, 2023 Motion for a Protective Order (D.I. 101).

[REDACTED] Apple and ARM entered into the 2023 Apple ALA. (Ex. 1, Declaration of Timothy Kirby in support of Apple's Motion for a Protective Order or in the Alternative for Reconsideration ("Kirby Decl.") ¶ 3.) The 2023 Apple ALA is a [REDACTED] (*Id.* ¶ 4.) It contains Apple trade secrets including commercially sensitive information about [REDACTED]. (*Id.* ¶ 5.) It is among the most commercially sensitive documents maintained by Apple, and is subject to stringent confidentiality obligations to protect the trade secrets contained therein. (*Id.* ¶ 7.) For example, the 2023 Apple ALA is not distributed outside of Apple, and even within Apple, access to the agreement is closely guarded and is only distributed narrowly to limited personnel who have a specific business need to know its contents. (*Id.* ¶ 8.)

Apple would suffer significant competitive injury if the 2023 Apple ALA were produced to Qualcomm. (*Id.* ¶ 9.) Not only is there a general concern of inadvertent disclosure, but there is heightened risk and sensitivity here because Qualcomm—like ARM—is one of Apple's suppliers, and Qualcomm is also a component supplier for Apple's competitors.[1] (*Id.*) Apple and

---

[1] Further, recent reports indicate that Qualcomm intends to enter the mobile computing space, meaning that Qualcomm could become a competitor to Apple in the near future. (*See, e.g.* https://www.macrumors.com/2023/10/10/qualcomm-snapdragon-x/.) If these reports are true, the harm to Apple in producing the 2023 Apple ALA cannot be overstated.

its competitors negotiate technology agreements like the 2023 Apple ALA with Qualcomm. (*Id.* ¶ 10.) Were Qualcomm to learn the terms of the 2023 Apple ALA—███████████████████████████████████████████████████████████████████—that would be tremendously advantageous to Qualcomm in its business dealings with Apple, Apple's competitors, and potentially in its dealings with ARM. (*Id.* ¶ 11.)

On September 29, 2023, Apple filed a Motion for Protective Order related to the redactions ARM applied when it produced its pre-2019 Architecture License Agreements ("ALAs") with Apple. Specifically, Apple asked that that the Court deny Qualcomm's motion to compel production of those agreements in unredacted form. (D.I. 101.) That same day, counsel for non-party Apple attended the beginning portion of the Motions Hearing before the Honorable Laura D. Hatcher, U.S.M.J., via teleconference. The Court allowed Apple to be heard regarding the issue of maintaining redactions for the pre-2019 ALAs that ARM produced. However, because ARM had not yet produced the 2023 Apple ALA in discovery, specific discussion of the 2023 Apple ALA did not occur during the portion of the hearing that Apple attended. Given the sealed nature of the underlying motion to compel briefing, Apple was unaware that Qualcomm was even seeking the production of the 2023 Apple ALA. Apple was excused from the teleconference before the separate issue of production of the 2023 Apple ALA was addressed.

On October 3, 2023, Apple learned for the first time from ARM that it intended to produce the 2023 Apple ALA. Apple objects and files the instant motion to protect the 2023 Apple ALA from production.

<u>Argument</u>

1. **Good cause exists for the Court to grant a protective order preventing production of the 2023 Apple ALA.**

A court may enter an appropriate protective order upon a showing of good cause that "a trade secret or other confidential research, development, or commercial information not be

3

revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c); *see also United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 160 n.7 (D. Del. 1999) ("The risk of injury to the owner of confidential information is presumably greater where the owner was never in a position to accept or reject the risk of disclosure of confidential information… the nonparty has never undertaken the risks of disclosure."); *see also Ironclad, L.P. v. Poly-America Inc.,* No. 3:98-cv-2600, 2000 WL 1400762, at *15 (N.D. Tex. July 28, 2000).

Good cause exists to prevent production of the 2023 Apple ALA, first, because it is not relevant to the dispute. This lawsuit relates to a 2019 agreement between ARM and Nuvia that ARM alleges it is entitled to terminate based on Qualcomm's 2021 acquisition of Nuvia. (D.I. ¶¶ 21, 28.) Neither the lawsuit nor the contract at issue concerns Apple or any party's relationship with Apple, and the dispute has no relevance to the highly customized commercial terms negotiated by Apple and ARM and memorialized in their most recent agreement.

The relevance arguments that Qualcomm has raised are strained, at best. During the September 29 Motion Hearing, Qualcomm's counsel from Paul Weiss argued that ARM's post-2019 ALAs are relevant because they were " entered into [] since this litigation was instituted. And those are important documents with all of the terms included to pressure test whether or not, in fact, [ARM's] licensing program is suffering." (Hearing Tr. 9:21-25.) But there are a myriad of other ways to "pressure test" an assertion by a party litigant that do not require the disclosure of a non-party's competitively sensitive highly-customized agreement. As just one example, this could be tested by looking at ARM's current financial documents that show its revenue or that forecast its future revenue, which would avoid the production of non-party highly confidential information like Apple's. To date, Qualcomm has not articulated any other relevance for any of Apple's ARM ALAs, including in opposition to Apple's previous motion for a protective order, in which it identified no relevance at all.

Even if the Court were to agree that the agreements that postdate the filing of the Complaint have some attenuated relevance, such relevance is vastly outweighed by the risk of harm to non-party Apple if it is forced to produce its highly sensitive trade secrets. Indeed, not only are the trade secrets contained in the 2023 Apple ALA at a risk for inadvertent disclosure, they are also the type of information that, once disclosed, cannot be unlearned by Qualcomm or its counsel. The 2023 Apple ALA is among the most commercially sensitive documents at Apple and is subject to the most stringent confidentiality obligations within Apple. (Kirby Decl. ¶ 7.) The terms of the 2023 Apple ALA are trade secrets that ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄. (*Id.* ¶ 5.) The heightened sensitivity here relates to the fact that both ARM and Qualcomm are component and technology suppliers for Apple and the recent press reports indicate that Qualcomm intends to enter the mobile computing space, making it a potential competitor to Apple in the future. Inadvertent disclosure of the trade secrets contained within the 2023 Apple ALA to Qualcomm would have substantial commercial ramifications for Apple, as it would give Qualcomm an advantage in its negotiations with Apple and also Apple's competitors who buy components from Qualcomm.[2] (*Id.* ¶ 9.) The status quo is that Qualcomm should not have access to Apple's confidential information when negotiating its own contracts with ARM. It should not gain such access through litigation.

Production of the 2023 Apple ALA is particularly concerning because ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄ (*Id.* ¶ 5.) Any information about

---

[2] The 2023 Apple ALA also includes provisions regarding Apple's relationship with other non-parties to the litigation. Not only do these provisions have absolutely no relevance to the present litigation, but Apple and these other non-parties could suffer significant damage if the 2023 Apple ALA falls into the wrong hands.

Apple's unreleased products is a trade secret that is treated with the utmost sensitivity within Apple. (*Id.* ¶ 6.) The potential harm to non-party Apple therefore cannot be overstated and outweighs any attenuated relevance argument that Qualcomm has raised. The 2023 Apple ALA should therefore be withheld from discovery. *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 743 (Fed. Cir. 1987) ("Where proof of either relevance *or* need is not established, discovery is properly denied.") (emphasis in original).

As set forth in Apple's earlier motion, such risk is not eliminated by the protective order in this matter. *See, e.g., Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 530 (D. Del. 2002) (recognizing potential harm to non-party of producing commercially sensitive information notwithstanding outside counsel only provision of protective order); *Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel, noting a non-party's "concerns regarding the security of its [produced information], despite the protective order, cannot be ignored"). Further, Apple's concerns of a protective order violation are real. Not only are protective orders knowingly or inadvertently violated more often than anyone would expect, but the trade secrets here are particularly prone to a protective order violation because once those trade secrets are learned by Qualcomm's counsel, they cannot be unlearned. *See Arendi S.A.R.L. v. Google LLC,* Case No. 1:13-cv-00919-JLH, D.I. 538 (motion for sanctions for violation of a protective order pertaining to non-party Apple's confidential information at trial during questioning of an expert); *see also In re Apple Inc. Device Performance Litigation* is instructive here. Case No. 5:18-md-02827-EJD (Davila, J.), D.I. 350 (court awarded sanctions for plaintiffs' counsel's repeated violation of protective order during oral arguments at hearing).

### 2. To the extent the Court previously ordered production of the 2023 Apple ALA, the Court should reconsider that order.

Apple did not attend the portion of the September 29, 2023 teleconference in which production of the previously un-produced ARM ALAs was discussed. Therefore, Apple alternatively seeks relief under Rule 59(e) to the extent the Court believes that is the appropriate procedural mechanism through which to decide this issue. Reconsideration is warranted here given "the availability of new evidence that was not available when the court granted" the underlying motion to compel. *See Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3rd Cir. 1999).

Apple attended the September 29 Motions Hearing to be heard on issue of whether ARM should be required to remove redactions from the ALAs with Apple it had produced. Apple was not aware that Qualcomm was also seeking to compel production of the 2023 Apple ALA. As a non-party, Apple could not—and still cannot—access the sealed motion to compel briefing detailing this issue. After discussion of the redaction issue, counsel for Apple was excused from the teleconference before the Court addressed issues surrounding production of later ALAs, including the 2023 Apple ALA. Apple therefore did not have an opportunity to present the evidence discussed above regarding the extreme sensitivity of the 2023 Apple ALA. This new evidence warrants relief under Rule 59(e).

### Conclusion

In view of the foregoing, Apple respectfully requests that the Court grant Apple's motion for a protective order, or in the alternative, its motion to reconsider. Should the Court determine that a hearing is appropriate, Apple also requests that it be given an opportunity to participate.

Dated: October 17, 2023

FISH & RICHARDSON P.C.

By: */s/ Nitika Gupta Fiorella*
Nitika Gupta Fiorella (No. 5898)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-5070
fiorella@fr.com

*Attorneys for Non-Party Apple Inc.*