IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARM, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1146 (MN) (LDH) |
| ) | |
| QUALCOMM INC., QUALCOMM ) | REDACTED PUBLIC VERSION |
| TECHNOLOGIES, INC., and NUVIA, INC. ) | |
| ) | |
| Defendants. ) | |

### NON-PARTY APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

Dated:  November 20, 2023

Nitika Gupta Fiorella (No. 5898)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-5070
fiorella@fr.com

Hannah Cannom (*pro hac vice*)
WALKER STEVENS CANNOM LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
Tel:  (213) 712-9145
hcannom@wscllp.com

Attorneys for Non-Party Apple Inc.

Dear Judge Hatcher,

    Qualcomm's Opposition vastly overstates the relevance of the ▮▮▮▮▮ and misstates the sufficiency of the Protective Order in this litigation. It also ignores Apple's role as a non-party in this litigation and ▮▮▮▮▮ Further, the Opposition ▮▮▮▮▮. Good cause therefore exists for the Court to protect the ▮▮▮▮▮ in this litigation and issue the protective order.

▮▮▮▮▮ in an attempt to prove a negative—that is, the absence of the future harm claimed by ARM.

▮▮▮▮▮

As set forth in Apple's Motion, ▮▮▮▮▮

If produced in this litigation, ▮▮▮▮▮ rs.

▮▮▮▮▮

Indeed, this is information Qualcomm could never have in ordinary, good-faith business dealings.

Further, Qualcomm's reference to and arguments regarding licenses produced in patent cases are not "analogous" to the present litigation. While patent licenses are standardized documents directed to a patent or a portfolio of patents, here the technology licensed by ARM in its ALAs is highly specific to each non-party. ████████████████████████████████████████████████████████. Therefore, unlike a patent license agreement, ████████ are highly individualized and irrelevant to the underlying dispute.

Qualcomm's arguments about the sufficiency of the Protective Order are also misplaced. The Protective Order in this matter, even with an "Outside Counsel Eyes Only" provision will not adequately protect the information ████████████████ as Qualcomm's attorneys will have to advise their client based on their review and understanding of ████████████████. This is a commercial litigation, perhaps involving some of the same Qualcomm representatives (in-house or outside counsel) who also advise Qualcomm with respect to ████████████████████████████████. *See Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 5:11-cv-01846-LHK, Dkt. No. 2935 (granting motion for sanctions where defendants' outside counsel gave a license agreement between plaintiff and competitor to defendants' in-house counsel who, in turn, used it to inform their negotiations with that competitor). The risk of inadvertent disclosure here is not hypothetical and could impact ████████████████████████████ The risk is therefore immense and Qualcomm's arguments to the contrary ignore Apple's role as a non-party in this litigation. *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 160 n.7 (D. Del. 1999) (non-party status of the requestor must be considered when determining the propriety of a protective order).

In view of the foregoing, Apple respectfully requests that the Court grant Apple's motion for a protective order, or in the alternative, its motion to reconsider.[1]

Respectfully,

/s/ Nitika Gupta Fiorella

cc: All Counsel of Record (via email)

---

[1] Qualcomm's argument that Apple's Motion was an inappropriate attempt to request the Court's reconsideration again ignores Apple's non-party status and that it did not have an opportunity to meaningfully participate in the last sealed hearing on this dispute between the parties regarding the proper scope of discovery here.