**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INC., a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC., a<br>Delaware corporation, and NUVIA, INC., a<br>Delaware corporation,<br><br>Defendants. | REDACTED - PUBLIC VERSION<br>(Filed January 8, 2024)<br><br>C.A. No. 22-1146-MN<br><br> |

**PLAINTIFF'S LETTER TO THE HONORABLE LAURA D. HATCHER**
**REGARDING THE JANUARY 12 DISCOVERY DISPUTE TELECONFERENCE**

OF COUNSEL:

Michael A. Jacobs
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-1500
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

Dear Judge Hatcher,

Arm seeks an order compelling Defendants to produce the following documents that are highly relevant to the parties' claims and defenses: (1) change logs and other source code revision history information for Nuvia-based Products from January 1, 2021, to the present; and (2) communications with third parties concerning (i) Qualcomm's acquisition of Nuvia (before the January 12, 2021 announcement), and (ii) performance of Arm's off-the-shelf CPU designs.

**Change Logs/Source Code Revision History**.  Arm requested that Defendants produce change logs and other source code revision history information (including, *e.g.*, engineer comments in or attached to the source code repository) for products that Arm contends embody, contain, or are based on any Arm Technology or Arm Confidential Information[1] that Arm delivered to Nuvia under the Nuvia ALA.  (*See, e.g.*, Ex. 1 at 16, 21, 37-38, 39, 42, 44 (Arm RFP Nos. 7, 13, 34, 37, 40, 43); Ex. 2 at 26 (10/17/23 email from J. Li to J. Dunn).)



Defendants certified that they would stop any use but failed to do so, leading to this lawsuit.  (Ex. 4 at 2 (████████████████████).)

Change logs and other source code revision history information for Nuvia-based Products are highly relevant to Arm's claims.

---
[1] ████████████████████████████████████████████████████████

[2] A system-on-chip is an integrated circuit containing one or more CPUs along with other components.

Arm has diligently pursued the production of these documents.





**Relevant Third-Party Communications**.  Arm requested that Defendants produce communications with third parties concerning Qualcomm's acquisition of Nuvia (before the public announcement on January 12, 2021), and performance of Arm's off-the-shelf CPU designs.

Defendants have refused to produce all third-party communications regarding Qualcomm's acquisition of Nuvia (before the public announcement on January 12, 2021).  These communications with third parties (including Arm's own partners and customers) are relevant to various issues.  For example, they may reveal Defendants' representations about Defendants' rights under their agreements with Arm, Defendants' post-acquisition development of Nuvia-based Products, and Qualcomm's post-acquisition ability to supply Nuvia-based Products that compete against Arm's own off-the-shelf designs.



Defendants have also refused to produce all third-party communications regarding the performance of Arm's off-the-shelf CPU designs.

Dated: December 29, 2023

OF COUNSEL:

Michael A. Jacobs
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
mjacobs@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-1500
sllewellyn@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 29, 2023, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Isaac B. Zaur
Nora Niedzielski-Eichner
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, NY 10001
izaur@cgr-law.com
nniedzie@cgr-law.com

Catherine Nyarady
Anna R. Gressel
Madalyn G. Vaughn
Jacob A. Braly
Alexander M. Butwin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com
mvaughn@paulweiss.com
jbraly@paulweiss.com
abutwin@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Brian Shiue
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com
bshiue@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>QUALCOMM INC., a Delaware corporation,<br>QUALCOMM TECHNOLOGIES, INC., a<br>Delaware corporation, and NUVIA, INC., a<br>Delaware corporation,<br>　　　　　Defendants. | C.A. No. 22-1146-MN |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

The Court having considered the parties' letter briefs, the arguments and authorities cited therein, and any oral argument;

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is GRANTED, as follows:

(1)  Defendants shall produce change logs and other source code revision history (including descriptions, narratives, or engineering notes relating to changes to any source code in any repository, database, or other centralized electronic location) for the Nuvia-based Products (as defined in Plaintiff's December 29 submission) from January 1, 2021, to the present;

(2)  Defendants shall produce third-party communications dated on or before January 12, 2021, regarding Qualcomm's acquisition of Nuvia based on a reasonable search of (1) non-custodial repositories, folders, and databases reasonably likely to include such communications, and (2) email of persons most likely to have responsive documents but whose "custodial files" were not yet searched; and

(3) Defendants shall produce third-party communications regarding performance of Arm's off-the-shelf CPU designs, based on a reasonable search of (1) non-custodial repositories,

1

folders, and databases reasonably likely to include such communications, and (2) email of persons most likely to have responsive documents but whose "custodial files" were not yet searched.

IT IS SO ORDERED this ___ day of _____, 2024

_____
The Honorable Laura D. Hatcher

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | **CONFIDENTIAL – SUBJECT TO** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | **PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–51)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Incorporated, Qualcomm Technologies, Inc. (collectively "Qualcomm"), and Nuvia, Inc. ("Nuvia") by and through their attorneys, hereby respond and object to ARM's ("Plaintiff") First Set of Requests for Production (Nos. 1–51) ("Requests").

## PRELIMINARY STATEMENT

The following responses are based solely on the information that is presently available and specifically known to Defendants, and are given without prejudice to Defendants' right to supplement with any subsequently-discovered facts. Defendants reserve the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

Defendants respond to the Requests on the basis of information available at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Defendants respond to the Requests as they interpret and understand each Request set forth herein. If Plaintiff subsequently asserts an interpretation of any of the Requests

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

that differs from Defendants' understanding, Defendants reserve the right to supplement their objections and/or responses.

No incidental or implied admissions are intended by the responses herein. Defendants' willingness to respond to any particular Request does not constitute an admission that Defendants agree with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgement by Defendants that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Defendants know any such document exists or is in Defendants' possession, custody, or control. The fact that Defendants have provided a response to any particular request should not be taken as an admission that Defendants accept or admit the existence of any fact or interpretation or conclusion of law set forth or assumed by such request or that said response constitutes admissible evidence. The fact that Defendants have provided a response to any request is not intended to be, and shall not be construed as, a waiver by Defendants of any part of any objection to any such request.

Defendants' responses to the Requests contain, provide, or refer to information that is protected under the Protective Order entered in this matter and should therefore be treated accordingly.

Defendants have not yet completed their discovery relating to this case and their investigation of the facts is ongoing. Defendants anticipate that additional information responsive to the Requests may be obtained as discovery proceeds. Defendants' responses to the Requests are therefore made without prejudice to Defendants' right to amend, correct or supplement their responses to the Requests. Any responses will be supplied by Defendants subject to all objections

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

as to competence, relevance, materiality, propriety, admissibility, and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

## GENERAL OBJECTIONS

1.      Defendants object to each Request to the extent that it seeks to impose greater or different obligations on Defendants than those provided for by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, any discovery orders entered into this case, any other applicable Court orders, or agreements reached by the parties.

2.      Defendants object to each Request to the extent that it seeks documents, things, or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these Responses and Objections is intended to be, nor shall in any way be, construed as a waiver of any such privilege, immunity, or protection.  Specific Objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a Specific Objection is neither intended, nor should be interpreted, as evidence that Defendants do not object to a Request on the basis of an applicable privilege, immunity, or protection.  Any disclosure of any such privileged or protected material in responses to any Request is inadvertent and not intended to waive those privileges and protections.

3.      Defendants object to the Requests to the extent they seek documents and things that Defendants have a legal or contractual obligation not to disclose, or subject to third-party confidentiality obligations.  Defendants will not provide such documents or things without either the consent of the relevant third party or an order compelling the production thereof, or without providing the relevant third party an opportunity to object to the production.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

4.    Defendants object to each Request to the extent that it purports, or may be construed, to call for the production or identification of "any," "all," "each," or "every" document or thing pertaining to a specific subject, on the ground that such language is overbroad and unduly burdensome.  As used herein, the term overbroad includes Requests that, so characterized, seek, at least in part, documents or information irrelevant in scope, subject matter, or time period to this lawsuit or to the particular matters at issue in this lawsuit.  For example, the requests for "All Communications" seek administrative or ministerial discussions that have little if any substantive value and do not prove or disprove any claim or defense in the case.  To the extent that a search is required, Defendants will perform a reasonable, targeted search that accounts for the burden and relevance, and is designed to reasonably and proportionately identify requested documents, to the extent any exist.

5.    Defendants object to the Requests to the extent that they call for discovery that is unreasonable or not proportional to the needs of the case, or not relevant to any claim or defense of any party in this action.

6.    Defendants object to the Requests to the extent that they purport to require Defendants to create, generate, compile, or develop documents not kept, or in a form not kept, in the ordinary course of Defendants' businesses.

7.    Defendants object to the Requests to the extent that they are not reasonably limited in time.  Defendants will agree to produce documents dating from January 1, 2019 forward, unless otherwise specified.

8.    Defendants object to the Requests and each and every instruction and definition therein to the extent that any Request: (a) seeks the production of documents or disclosure of information not relevant to this litigation, nor reasonably calculated to lead to the discovery of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

admissible evidence; (b) is overbroad, unduly burdensome, harassing, oppressive, or duplicative; (c) is vague or ambiguous; (d) calls for the disclosure of information not within Defendants' possession, knowledge, custody, care, or control; (e) calls for the disclosure of information already in Plaintiff's possession, knowledge, custody, care, or control; or (f) calls for the production of documents or disclosure of information readily available to Plaintiff from public or third-party sources.

9.    Defendants' election to respond to a Request, notwithstanding the objectionable nature of the Request, is not: (a) an acceptance of, or agreement with, any of the characterizations or purported descriptions of any facts, circumstances, events, or legal conclusions contained in the Requests; (b) a concession or admission that the materials are relevant to this case or would be admissible at trial; (c) a waiver of the General Objections or the objections asserted in response to that specific Request; (d) an admission that any such documents or things exist; (e) an agreement that requests for similar information or documents will be treated in a similar manner; or (f) an acceptance of, or agreement with, any of the definitions in the Requests, to the extent that the definition or meaning of any defined term is at issue in this case.

10.    Defendants' investigation of the facts in this proceeding and review of the relevant documents is ongoing.  Accordingly, the objections and responses herein are based on present knowledge, information, and belief.  Defendants reserve the right to modify, supplement, or amend any response and objection, if necessary or appropriate, in any way and at any time.  Defendants further reserve the right to object, at any hearing and any other proceeding in this litigation, to the use or admissibility into evidence of: (a) any documents produced in response to the Requests; (b) any of the information contained in any such document; or (c) any other information provided in response to any Request.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

11.     In the event that Defendants produce a document that is privileged, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, it will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other document or (b) to communications concerning the subject matter of that or any other document.

12.     Defendants object to the Requests to the extent that they assume disputed facts or legal conclusions in defining the documents requested.  Defendants hereby deny any such disputed facts or legal conclusions.  Any documents or information produced by Defendants in response to the Requests are without prejudice to this objection.

13.     Defendants' General Objections apply to each and every Request and are incorporated by reference into each of the responses set forth below, which responses are made without waiver of, and subject to, these General Objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the "Definitions" to the extent that they attempt to define words beyond or inconsistent with their ordinary meaning.

2.     Defendants object to the definition of "Arm" or "Plaintiff" as vague and ambiguous to the extent the scope of "related corporate entities" is unclear.

3.     Defendants object to the definition of "Qualcomm" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Qualcomm Incorporated and Qualcomm Technologies, Inc., but also persons or entities that are separate and distinct from Qualcomm Incorporated and Qualcomm Technologies, Inc., and over whom Defendants exercise no control, such as but not limited to affiliates, consultants, independent contractors, experts, investigators, licensees, licensors, attorneys, or collaborators.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

4. Defendants object to the definition of "Nuvia" as vague, ambiguous, overbroad, and unduly burdensome to the extent it is defined to include not only Nuvia, Inc., but also persons or entities that are separate and distinct from Nuvia, Inc., and over whom Defendants exercise no control.

5. Defendants object to the definitions of "You," "Your," and "Defendants" as vague, ambiguous, overbroad, and unduly burdensome to the extent they seek information relating to persons or entities that are separate and distinct from Qualcomm Incorporated, Qualcomm Technologies, Inc., and Nuvia, Inc. and over whom Defendants exercise no control. In responding to these requests, Defendants interpret the terms "You," "Your," and "Defendants" to refer only to the named parties in this action. Defendants also object to the definitions of "You," "Your," and "Defendants" to the extent they purport to impose obligations on Defendants beyond what is required by the Rules. Defendants will interpret the definition of "You," "Your," and "Defendants" to impose no discovery obligation on any person or entity that is not a party to this litigation.

6. Defendants object to the definition of "ALA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "an Architecture License Agreement with Arm" refers to. Defendants will interpret "ALA" to mean the Amended and Restated Architecture License Agreement ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████

7. Defendants object to the definition of "TLA" as vague, ambiguous, and overbroad because it is not clear which agreement(s) "Technology License Agreement with Arm" refers to. Defendants will interpret "TLA" to mean the Technology License Agreement ██████████████

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

8.      Defendants object to the definition of ███████████ as vague, ambiguous, argumentative, and overbroad.

9.      ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

10.     Defendants object to the definition of "Nuvia-based Products" as vague, ambiguous, overbroad, and unduly burdensome because the terms "incorporating," "based on," "embodying," "involving," "part," "portion," "component," "semiconductor chip," "processor core," "custom CPU," "Related product," and "commercialized or not" are vague, ambiguous, or

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

overbroad; because it incorporates "those Nuvia-based Products identified by name and number in response to Interrogatory No. 11," but Defendants have not yet responded to any interrogatories; because it includes incorrect characterizations and factual assumptions, including but not limited to because it characterizes "Nuvia-based products" as products "incorporating, based on, embodying, involving, or related to any part, portion, or component of the Nuvia Technology," but the term "Nuvia Technology" is objectionable as set forth above.

11.     Defendants object to the definition of "Arm Trademarks" as overbroad, vague, and ambiguous including but not limited to because, as phrased, it identifies a number of terms as trademarked for which there is no trademark.  Qualcomm understands "Arm Trademarks" to refer to the terms trademarked in U.S. Registration Nos. 5,692,669 and 5,692,670.

12.     Defendants object to the definitions of "Document" and its plural to the extent they purport to impose any obligations beyond what is required by the Federal Rules.  Defendants further object to the definition of "Document" to the extent that it implies that Defendants must collect or produce, e.g., computer programs, testing data, electronic sound records, and other types of files that are typically not required to be collected or produced, as listed in the ESI Protocol Schedule A (D.I. 38).

13.     Defendants object to the definitions of "Communication" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

14.     Defendants object to the definitions of "Thing" and its plural form to the extent they purport to impose any obligations beyond what is required by the Federal Rules.

15.     Defendants object to the definitions of "Identify," Identifying, and "Identification" to the extent they purport to impose any obligations beyond what is required by the Federal Rules. Defendants also object to the definitions of "Identify," Identifying, and "Identification" to the

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

extent they ask Defendants to provide any information unknown to Defendants or not within their possession, custody, or control, or beyond the scope of this litigation, including but not limited to "identifiers known or used by Biogen or others."  Defendants further object to the extent it seeks information other than the production of documents responsive to Plaintiff's First Set of Requests for Production.  Defendants will not create documents or provide narrative information to identify particular natural persons, entities, things, documents, or conversations.

16.    Defendants object to Instruction 2 on the grounds that it imposes obligations beyond those provided for by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware.

17.    Defendants object to Instruction 3 to the extent it states a procedure for the production of documents beyond those required by the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 34(b)(2)(E), Defendants will produce documents as they are kept in the usual course of business, as they were ordinarily maintained, or in a reasonably usable format, and in accordance with the Parties' ESI Protocol.

18.    Defendants object to Instruction No. 5 to the extent that it seeks, in the event that Defendants "object to all or part of any of the requests," that Defendants "(a) Identify the specific portion(s) of the request which You claim You cannot answer because of the alleged defect in the request; (b) Identify the specific word(s) or phrase(s) to which Your objection relates; (c) state why the alleged ambiguity, vagueness, or overbreadth, for example, prevents You from answering all or part of the discovery request; and (d) Identify all of the specific portion(s) of the discovery request to which You are not responding at all based upon this objection," on the grounds that it is overbroad, unduly burdensome, and purports to impose requirements inconsistent with or more

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome than those imposed by the local rules and applicable law.  Defendants have responded to the below requests and specified the documents that they will produce.

19.     Defendants object to Instruction 6, to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure, and because it is premature and contrary to the provisions in the ESI Protocol and Protective Order (D.I. 38, 39).  To the extent not provided in these documents, Defendants will meet and confer with Plaintiff regarding the nature and scope of privilege logs for the case.

20.     Defendants object to Instruction 7 to the extent it purports to require Defendants to respond to Requests that are not reasonably limited in time, including on subjects other than those for which such discovery is permitted under the Delaware Default Standard for Discovery or as agreed upon in the parties' anticipated agreement(s) regarding electronic discovery.  Defendants will agree to produce documents dating from January 1, 2019 forward, unless otherwise specified.

21.     Defendants object to the requested production date as unreasonably burdensome. Defendants will produce documents at a reasonable time in a reasonable manner consistent with the Scheduling Order entered in this action.

22.     Subject to and without limiting the foregoing, Defendants specifically object and respond as follows:

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

All Documents, Communications, and Things You referenced, relied upon, or otherwise used in drafting Your Answer and Amended Counterclaim, including but not limited to any documents You contend support Your counterclaim or defenses.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad and unduly

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent that it calls for information that is publicly available, including publications cited in Defendants' Answer and Amended Counterclaim, and information that is in the possession, custody, or control of Plaintiff.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their possession, custody, or control that were relied upon in drafting Defendants' Answer and Amended Counterclaim, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 2:

All Documents, Communications, and Things You referenced, relied upon, used in drafting, Identified, described, or referred to in Your responses to Arm's interrogatories.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome. Defendants object to the phrase "relied upon, used in drafting, Identified, described, or referred to" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control that Defendants reference or describe in Defendants' responses to ARM's interrogatories propounded on January 13, 2023, to the extent any exist.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 3:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 1.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all documents, communications, and things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 4:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 2.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents,

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 2.

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 3.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 3.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 3.

## REQUEST FOR PRODUCTION NO. 6:

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 4, including all Documents and Communications supporting or Relating to Your allegation that "ARM has been aware of Qualcomm's development of technology it acquired from NUVIA for over a year." (D.I. 18 ¶ 159.)

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 4.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 4.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 5, including All Documents, Communications, and Things Regarding Your assertions of compliance with the discontinuance and destruction obligations of the Nuvia ALA's termination provision in Nuvia's April 1, 2022 certification of compliance and ████████████████████████████████████████████

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 5. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response**: Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of databases or document repositories Defendants reasonably believe contain potentially responsive information and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the facts set forth in Defendants' response to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 8:**

To the extent not produced in response to Request No. 2, all Documents, Communications, and Things Regarding the facts You stated in response to Interrogatory No. 11.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further incorporate by reference, as though fully set forth herein, their objections to Interrogatory No. 11.  Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "regarding the facts You Stated," as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce the non-privileged documents in their custody, possession, or control located through a reasonable, targeted search for responsive documents, to the extent any exist, that set forth the facts identified in Defendants' response to Interrogatory No. 11.

## REQUEST FOR PRODUCTION NO. 9:

All Documents, Communications, and Things received by You in response to any third-party discovery sought by You Related to this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent the requested documents are in Plaintiff's or a third

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

party's possession, custody, or control. Defendants also object to this request as premature and expressly reserve the right to supplement, clarify, revise, or correct any responses to the request.

**Response:** Subject to and without waiver of any of their objections, Defendants state that there are no documents currently in their custody, possession, or control responsive to this Request. Defendants will agree to produce documents produced by third parties in response to subpoenas served by Defendants in this matter.

## REQUEST FOR PRODUCTION NO. 10:

All Communications with third parties Regarding any third-party discovery sought by You Related to this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Communications." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other privilege or immunity from disclosure recognized by law. Defendants object to this request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control. Defendants also object to this request as premature and expressly reserve the right to supplement, clarify, revise, or correct any responses to the request.

**Response:** Subject to and without waiver of any of their objections, Defendants state that there are no documents currently in their custody, possession, or control responsive to this Request. Defendants will agree to produce substantive documents produced by third parties in response to any subpoenas they serve in this matter, but will not produce ministerial communications with third parties as doing so is burdensome.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## REQUEST FOR PRODUCTION NO. 11:

All Documents, Communications, and Things that You expect to use or introduce into evidence at any hearing, trial, submission to the Court, or deposition in this case.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants also object to this request to the extent it seeks documents in advance of the deadlines as set forth in the Scheduling Order.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents responsive to this Request, to the extent such documents exist, that are within Defendants' possession, custody, and control, and are located after a reasonable search, in accordance with the requirements of the Scheduling Order, District of Delaware Local Rules, Federal Rules of Civil Procedure, and any orders of the Court.

## REQUEST FOR PRODUCTION NO. 12:

All Documents, Communications, and Things Regarding the disputes between Arm and Defendants at issue in this case, including (1) any actual or potential litigation (including the current Litigation), (2) any proposals, attempts, plans, negotiations, or proposed, potential, or actual strategies to resolve the disputes at issue in this case, or (3) any actual or potential obligations Regarding consent, assignment, termination, destruction, or discontinuance of use in connection with the Nuvia ALA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, unduly

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

burdensome, and seeks information or documents neither relevant nor proportional to the needs of this case because it asks for "all documents, communications and things" regarding "any actual or potential litigation," which does not appear to be limited to the instant litigation without any showing that any such other litigation has any relevance to this case.  Defendants further object to the phrases "proposals, attempts, plans, negotiations, or proposed, potential, or actual strategies to resolve the disputes at issue in this case" and "actual or potential obligations Regarding consent, assignment, termination, destruction, or discontinuance" as vague, ambiguous, and overbroad. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.  Defendants object to this request to the extent the requested documents are in Plaintiff's possession, custody, or control. Defendants object to this request to the extent the requested documents are outside the possession, custody, or control of Defendants.

    **Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, consisting of: (1) communications between ARM and Defendants regarding the Litigation or resolution of the dispute arising from the Nuvia ALA; (2) documents regarding Nuvia's obligations, if any, ███████████████████████; and (3) documents regarding Nuvia's termination obligations, if any, ███████████████████████. Defendants will not produce documents regarding any "potential litigation."

20

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 13:**

All Documents, Communications, and Things Regarding Your allegation that "Qualcomm [] expended a year of engineering effort and hundreds of millions of dollars to further develop and integrate Phoenix Core technology into multiple SoCs." (D.I. 18 ¶ 33.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome to the extent it seeks "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show Qualcomm's financial cost of developing its custom CPUs and integrating this technology into SOCs.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents, Communications, and Things Regarding NVIDIA's proposed acquisition of Arm, including (1) Your allegation that "ARM was seeking payback for Qualcomm's public opposition to the NVIDIA deal" (D.I. 18 ¶ 34) and (2) any Documents or Communications Referring to both (a) NVIDIA's proposed acquisition of Arm and (b) Nuvia, including Nuvia's ALA or Arm's negotiations Regarding Qualcomm's acquisition of Nuvia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it seeks "all Documents, Communications, and Things." Defendants object to this request as seeking information not relevant to any claim or defense of any party in this action. Defendants further object to the following phrase "Nuvia, including

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Nuvia's ALA or Arm's negotiations Regarding Qualcomm's acquisition of Nuvia" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, that: (1) refer to both NVIDIA's proposed acquisition of ARM and Nuvia, or (2) are sufficient to support the following statement in Qualcomm's pleading: "ARM was seeking payback for Qualcomm's public opposition to the NVIDIA deal."

**REQUEST FOR PRODUCTION NO. 15:**

All Documents, Communications, and Things summarizing, analyzing, construing, or interpreting the terms of the Nuvia ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to reasonably and proportionately identify responsive documents, to the extent any exist, summarizing, analyzing, construing, or interpreting the terms of the Nuvia ALA.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, or construction of, or agreement to, any actual or potential terms of Nuvia's ALA or TLA, 

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the drafting, negotiation, interpretation, construction of, or the terms of, the Nuvia ALA or TLA.

**REQUEST FOR PRODUCTION NO. 17:**

Documents, Communications, and Things sufficient to show the status of any custom processor cores or designs in Qualcomm's development pipeline immediately before Qualcomm's acquisition of Nuvia, including in fourth quarter of 2020 and first quarter of 2021.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad. Among other reasons, Defendants object to this Request to the extent that it seeks "Documents, Communications, and Things sufficient to show the status of any ... designs in Qualcomm's development pipeline," because such a request is overbroad, vague, unduly burdensome, not relevant to the claims or defenses in this case, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search for documents regarding CPU strategy and business plans, to the extent any exist, sufficient to show the status of Qualcomm's custom cores immediately before Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 18:**

Documents, Communications, and Things sufficient to show the process by which each Nuvia-based Product is or will be manufactured, tested, or evaluated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including but not limited to because the terms "manufactured," "tested," and "evaluated" are vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show the verification process for Qualcomm's custom cores. Defendants will not produce documents related to manufacturing as it is irrelevant to this dispute, and will agree to meet and confer to better define a reasonable scope to "evaluated", if one can be defined.

## REQUEST FOR PRODUCTION NO. 19:

Documents, Communications, and Things sufficient to show when, how, and how many Nuvia-based Products have been manufactured in silicon, and where and how those products have been used, including any pre-commercial engineering samples or commercial samples.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and vague. Defendants further object to the phrases "Nuvia-based Products," "pre-commercial engineering samples," "commercial samples," and "where and how those products have been used" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show when and how many products containing custom CPUs have been manufactured in Silicon.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 20:**

Documents, Communications, and Things sufficient to Identify each of the Nuvia-based Products, including any aliases or code names used by any Person Regarding the Nuvia-based Products, including documents that distinguish or correlate aliases to planned products, models, CPUs, designs, processors, or cores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and vague. Defendants further object to the phrases "designs, processors, or cores," "Nuvia-based Product," and "documents that distinguish or correlate aliases to planned products, models, CPUs, designs, processors, or cores," as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show code names for architected cores and associated SOCs.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents, Communications, and Things Regarding the royalties that Qualcomm planned, intended, expected, or would potentially pay or have to pay Related to any core, design, Architecture Compliant Core, or Architecture Compliant Product designed by Nuvia or Qualcomm engineers, including any Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things."

26

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Among other reasons, Defendants object to this Request to the extent that it seeks documents
"Related to any . . . design . . . designed by Nuvia or Qualcomm engineers," whether or not related
to the claims and defenses in this action, because such a request is overbroad, unduly burdensome,
not relevant, and not proportional to the needs of the case. Defendants further object to the phrases
"Nuvia-based product" and "core, design, Architecture Complaint Core, or Architecture
Complaint Product" as vague and ambiguous. Defendants further object to this Request to the
extent it seeks the production of documents or the disclosure of information protected by the
attorney-client privilege, the work product doctrine, or any other privilege or immunity from
disclosure recognized by law.

Response: Subject to and without waiver of any of their objections, Defendants will
produce non-privileged documents in their custody, possession, or control located through a
reasonable, targeted search of a database containing information provided to Qualcomm's Board
of Directors, and a reasonable, targeted search of agreed-upon custodians pursuant to the parties'
ESI Order designed to reasonably and proportionately identify responsive documents, to the extent
any exist, sufficient to show royalties that Qualcomm expects to pay ARM in connection with
architected cores.

## REQUEST FOR PRODUCTION NO. 22:

All Documents, Communications, and Things that Refer or Relate to Arm's ████████
████ .

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Defendants incorporate by reference, as though fully set forth herein, each of their General
Objections. Defendants object to this Request on the grounds that it is overbroad and unduly
burdensome, including because it requests "all Documents, Communications, and Things."
Defendants also object to this Request as irrelevant to the claims and defenses in this action.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 23:

All Communications between Defendants that Refer to the terms of the Nuvia ALA, including any reference to terms Regarding assignment, termination, or destruction obligations.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, consisting of communications between Qualcomm and Nuvia prior to March 15, 2021 regarding the terms of the Nuvia ALA, to the extent any exist.

## REQUEST FOR PRODUCTION NO. 24:

All Documents, Communications, and Things between You and any third party Regarding the Litigation, the scope of Qualcomm's ALA with respect or Related to the Nuvia acquisition or

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Nuvia-based Products, Qualcomm's ability to make, use, or sell Nuvia-based Products, or Arm's termination of the Nuvia ALA and TLA.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the terms "third party," "scope," and "Nuvia-based Products" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding: (1) ARM's claims in this litigation, (2) Qualcomm's license rights with respect to architected cores; or (3) ARM's termination of Nuvia's ALA and TLA.

## REQUEST FOR PRODUCTION NO. 25:

All Communications between You and any third party, including but not limited to regulators, stockholders, investors, or customers, Regarding Qualcomm's acquisition of Nuvia.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Communications." Among other reasons,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Defendants object to this Request to the extent that it seeks "All Communications" between Defendants and "any third party . . . Regarding Qualcomm's acquisition of Nuvia," whether or not related to the claims and defenses in this action, because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's communications with its customers and regulators regarding Qualcomm's acquisition of Nuvia. Qualcomm will also produce its public filings regarding Qualcomm's acquisition of Nuvia.

## REQUEST FOR PRODUCTION NO. 26:

All Communications Related to a custom core, core, processor, or design developed under or licensed by the Nuvia or Qualcomm ALAs since January 1, 2019.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because this Request seeks all communications regarding Defendants' architected cores over a several-year span. Defendants also object to this Request on the grounds that the phrases "custom core, core, processor, or design" and "developed under" are

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 27:

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, or construction of, or novation or other agreement Related to, the ALA or TLA of any Arm licensee that Qualcomm acquired, including but not limited to license rights or any payment obligations or other terms for royalties or licensing fees owed to Arm after acquisition.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome including because it requests "all Documents, Communications, and Things." Defendants further object to the extent it seeks information not relevant to any claim or defense of any party in this action. Defendants further object to the phrase "other agreement Related to, the ALA or TLA" and "license rights" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of Qualcomm's contract database and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮

## REQUEST FOR PRODUCTION NO. 28:

All Documents, Communications, and Things Regarding any drafting, negotiation, interpretation, construction of, or agreement to the terms of Qualcomm's ALA or TLA, ▮▮▮▮

▮▮▮▮▮▮▮▮

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrase "the inclusion or coverage of after-acquired technology by the license" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

the drafting, negotiation, or interpretation of the 2013 Qualcomm ALA. Defendants are willing to meet and confer regarding the extent to which other documents, if any, should be produced in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents, Communications, and Things Regarding any interpretation, construction, analysis, or discussion of whether the Qualcomm ALA covers processor cores, designs, or products acquired from other companies and/or generated by Persons who were not employed by Qualcomm at the time of generation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request as duplicative of other of Plaintiff's requests, including, for example, Request No. 28. Defendants also object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things" and because it uses the phrases "any interpretation, construction, analysis, or discussion," "processor cores, designs, or products acquired from other companies" and "generated by Persons who were not employed by Qualcomm at the time of generation," which are vague and ambiguous. Defendants also object to this Request to the extent it seeks information "generated by Persons who were not employed by Qualcomm at the time of generation," to the extent that information is not in Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to reasonably and proportionately identify responsive documents, to the extent any exist, regarding

the issue of whether the Qualcomm ALA covers processor cores, designs, or products acquired

from other companies.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents, Communications, and Things Regarding Qualcomm's due diligence, investigation, consideration, planning, or consummation of its acquisition of Nuvia, including any: (a) impact on Qualcomm's profits or revenues; (b) impact on Qualcomm's royalty payments to Arm; (c) discussions, presentations, descriptions, or analyses Regarding the Phoenix Core or any other Nuvia Technology or Nuvia-based Products in progress; (d) discussions, presentations, descriptions, or analyses Regarding the litigation in *Apple v. Qualcomm, Inc.*, No. 17-cv-0108-GPC-MDD (S.D. Cal. 2017); or (e) any attempt to assess or evaluate the economic or competitive impact of the acquisition, including Regarding how the combined entity would compete against and impact the market for architected cores and other products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly

burdensome, including because it requests "all Documents, Communications, and Things."

Defendants further object to this Request as  irrelevant to the claims and defenses in this action, in

particular with respect to the request that Defendants produce documents regarding "discussions,

presentations, descriptions, or analyses Regarding the litigation in *Apple v. Qualcomm, Inc.*, No.

17-cv-0108-GPC-MDD (S.D. Cal. 2017)."  Defendants further object to the phrases "Phoenix Core

or any other Nuvia Technology or Nuvia-based Products in progress" and "how the combined

entity would compete against and impact the market for architected cores and other products" as

vague and ambiguous.  Defendants further object to this Request to the extent it seeks the

production of documents or the disclosure of information protected by the attorney-client privilege,

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

Defendants object to this Request to the extent it seeks information subject to third-party

confidentiality obligations.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of a database containing information provided to Qualcomm's Board of Directors, a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding: (1) Qualcomm's consideration of the Nuvia acquisition and related due diligence; (2) analyses of the impact of the Nuvia acquisition on Qualcomm's profits or revenues; (3) analyses of architected cores under development by Nuvia prior to Qualcomm's acquisition; and (4) evaluations of the economic or competitive impact of the acquisition. Qualcomm will not produce documents regarding the litigation in *Apple* v. *Qualcomm, Inc.*, No. 17-cv-0108-GPC-MDD (S.D. Cal. 2017).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents, Communications, and Things Regarding any actual or potential assignment, amendment, or novation to any Arm license agreements in connection with Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including Regarding any impact of, connection to, or conflict between any actual or potential assignment, amendment, or novation, and Your existing contractual obligations to Arm.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrases "any actual or potential assignment, amendment, or novation," "impact of, connection to, or conflict between," and "actual or potential assignment, amendment, or novation" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

disclosure recognized by law.  Defendants object to this Request to the extent it assumes facts not in evidence.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 32:

All Documents, Communications, and Things Regarding any actual, potential, required, anticipated, suggested, or planned efforts to obtain Arm's consent to Qualcomm's actual or potential acquisition of Nuvia or any other Arm licensee, including any decisions Regarding such efforts.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "actual or potential acquisition of Nuvia" "any other Arm licensee," and "Decisions regarding such efforts" as vague and ambiguous.  Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to reasonably and proportionately identify responsive documents, to the extent any exist, regarding efforts to obtain ARM's consent to Qualcomm's acquisition of Nuvia.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents, Communications, and Things Regarding Your decision to proceed with Qualcomm's acquisition of Nuvia without having obtained Arm's consent to Qualcomm's acquisition of Nuvia or the assignment of the Nuvia ALA or TLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome. Among other reasons, Defendants object to this Request to the extent that it seeks "All Documents, Communications, and Things Regarding Your decision to proceed with Qualcomm's acquisition of Nuvia," whether or not related to the claims and defenses in this action, because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding Qualcomm's decision to proceed with Qualcomm's acquisition of Nuvia without ARM's consent.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents, Communications, and Things that summarize, describe, or Refer to any progress ███████████████████████████████████████████████ including any internal presentations, PowerPoints, graphics, or other Documents or Communications Regarding any progress, plans, or development cycles, and including such Documents and Communications (1) before Qualcomm

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants further object to the phrases "summarize, describe, or Refer," "any progress toward completion of the Nuvia Technology or Nuvia-based Products as an 'ARM Compliant Core'" and "progress, plans, or development cycles" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents, Communications, and Things Related to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, Related to the Nuvia Technology or Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "invention disclosure," "Nuvia-based Product," "pending or abandoned," and "Nuvia Technology" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 36:

Documents, Communications, and Things sufficient to Identify, describe, or define the target applications or markets for the Nuvia Technology or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action. Defendants object to the phrases "Nuvia-based Product," "Nuvia Technology," "target applications" and "markets" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

## REQUEST FOR PRODUCTION NO. 37:

All Documents, Communications, and Things Related to the development, design, operation, engineering, manufacture, functionality, testing, evaluation, certification, structure, or assembly of each Nuvia-based Product in connection with the Nuvia Technology, including any Documents and Communications Related to any such product's: (1) instruction set architecture; (2) number or types or registers; (3) memory hierarchy; (4) results from synthesizing designs (e.g., gate-level netlist); (5) design files (e.g., RTL, Verilog, VHDL, register, GDSII, binary, hex, .TF, VLSI, LEF, or DEF files); or (6) benchmarking.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things."   Defendants object to the phrases "Nuvia-based Product," "Nuvia Technology," "development, design, operation, engineering, manufacture, functionality, testing, evaluation, certification, structure, or assembly," "results from synthesizing designs," "number or types or registers," "benchmarking" as vague and ambiguous, and overbroad. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Given the extensive overbreadth of this request, and subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents, Communications, and Things Referring to, relying upon, or otherwise mentioning any Arm Reference Manual for A-profile architectures in connection with any of the Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, unduly burdensome, and irrelevant to the claims and defenses in this action, including because it requests "all Documents, Communications, and Things."   Defendants object to the phrases "relying upon, or otherwise mentioning" and "Arm Reference Manual for A-profile architectures"  as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents, Communications, and Things Regarding validation or purported verification testing by or for You of the Nuvia Technology or any Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "purported verification" "Nuvia Technology or any Nuvia-based Products" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks documents already within the possession, custody, or control of Plaintiff.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of engineering databases or document repositories Defendants reasonably believe contain potentially responsive information and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

proportionately identify responsive documents, to the extent any exist, sufficient to show

Qualcomm's compliance reports and associated communications with ARM.

## REQUEST FOR PRODUCTION NO. 40:

Documents, Communications, and Things sufficient to show Your use, modification, incorporation of, or development based on any part, portion, or component of the Nuvia Technology or Nuvia-based Products, in connection with Your processor cores, designs, or products since March 15, 2021.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and

unduly burdensome.  Defendants object to the terms "any part, portion, or component of the Nuvia

Technology or Nuvia-based Products, in connection with Your processor cores, designs," "use,"

"modification," "incorporation of," and "development based on" as vague and ambiguous.

Defendants further object to this Request to the extent it seeks the production of documents or the

disclosure of information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will

produce non-privileged documents in their custody, possession, or control located through a

reasonable, targeted, and proportionate search of certain engineering databases or document

repositories to the extent any exist to sufficiently show the modification and further development

of technology acquired from Nuvia since March 15, 2021.  Defendants will also produce non-

privileged documents in their custody, possession, or control concerning its CPU Strategy and

business plans sufficient to identify products that incorporate architected cores since March 15,

2021.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**REQUEST FOR PRODUCTION NO. 41:**

Documents, Communications, and Things sufficient to show any part, portion, or component of Nuvia Technology's or Nuvia-based Products' use, implementation, modification, derivation, incorporation, or embodiment of Arm's instruction set architecture or any other Arm technology licensed under or pursuant to the Nuvia ALA, or the same by Your processor cores, designs, or products since March 15, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, confusing, unduly burdensome, and irrelevant to the claims and defenses in this action. Defendants object to the terms "any part, portion, or component," "use," "implementation," "modification," "derivation," "incorporation," "embodiment," "Your processor cores, designs, or products" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents, Communications, and Things Regarding Arm's termination of Nuvia's ALA, including any effects thereof on Your progress, plans, or proposed development of Arm-based technology, Nuvia Technology, or Nuvia-based Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants also object to this Request on the grounds that the phrases "effects thereof on Your

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

progress, plans, or proposed development" and "Arm-based technology, Nuvia Technology, or Nuvia-based Products" are vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search of engineering databases or document repositories Defendants reasonably believe contain potentially responsive information and a reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive documents, to the extent any exist, regarding the impact of the termination of Nuvia's ALA on the development of architected cores, the progress of this development, and the plans for architected cores, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents, Communications, and Things Regarding Your development of the Nuvia Technology or Nuvia-based Products, including any actual, potential, required, anticipated, suggested, or planned Arm support or verification-related discussions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants also object to this Request on the grounds that the phrases "actual, potential, required, anticipated, suggested, or planned Arm support or verification-related discussions," Nuvia Technology or Nuvia-based Products" are vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information

44

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, regarding verification of architected cores or ARM support for architected cores, to the extent any exist.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents, Communications, and Things sufficient to Identify, describe, or define any Arm designs available to You or third parties via a TLA, such as "Hunter" or other "off the shelf" designs. (D.I. 18 ¶ 18.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "third parties," "Arm designs," "via a TLA," and "other 'off the shelf' designs" as vague and ambiguous. Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to identify the ARM designs licensed under Qualcomm's TLA.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**REQUEST FOR PRODUCTION NO. 45:**

All Communications with any third parties Regarding Arm designs available to You or third parties via a TLA, such as "Hunter" or other "off the shelf" designs. (D.I. 18 ¶ 18.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all communications." Defendants object to the phrases "any third parties," "Arm designs," "via a TLA," and "other 'off the shelf' designs" as vague and ambiguous. Defendants also object to this Request to the extent the requested documents are in Plaintiff's or another third party's possession, custody, or control. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants are willing to meet and confer with Plaintiff regarding the relevance and appropriate scope, if any, of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents, Communications, and Things sufficient to show the timelines, progress, plans, or development cycles of Your past or future (i.e., planned, intended, or expected) development of the Nuvia Technology and each Nuvia-based Product (1) before Qualcomm acquired Nuvia, (2) after Qualcomm acquired Nuvia but before You learned that Arm intended to terminate the Nuvia ALA, (3) after You learned that Arm intended to terminate the Nuvia ALA but before termination was effective, and (4) after Arm's termination of the Nuvia ALA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

unduly burdensome. Defendants further object to the phrases "timelines, progress, plans, or development cycles" and "Nuvia Technology" and "Nuvia-Based Product" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show roadmaps for their products containing architected cores. In addition, Defendants incorporate by reference their response to RFP 40 with respect to documents showing the progress of its custom CPU cores.

## REQUEST FOR PRODUCTION NO. 47:

All Documents, Communications, and Things Related to Your business plans, investments to date, profits and losses, expected returns, payment rates, prospective partners, or expected future valuation to You for Nuvia Technology or Nuvia-based Products, including any proposals for the sale, pricing, or terms for delivery of each such product, and including any Communications with any third parties Regarding the same.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections. Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrases "Nuvia Technology," "Nuvia-based Products," "expected returns," "payment rates," "prospective partners," and "proposals for the sale, pricing, or terms of delivery of each such product" as vague and ambiguous. Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

disclosure recognized by law.  Defendants object to this Request to the extent it seeks information

subject to third-party confidentiality obligations.

**Response:** Subject to and without waiver of any of their objections, Defendants will

produce non-privileged documents in their custody, possession, or control located through a

reasonable, targeted search of databases or document repositories Defendants reasonably believe

contain information related to its business plans for, investments in, forecasts, and sales proposals

products containing custom CPUs, and a reasonable, targeted search of agreed-upon custodians

pursuant to the parties' ESI Order designed to reasonably and proportionately identify responsive

documents, to the extent any exist, regarding Defendants' business plans, forecasts, sale proposals

to third parties (and associated contracts, if any) related to products containing custom CPU cores.

## REQUEST FOR PRODUCTION NO. 48:

All Documents, Communications, and Things Related to any attempt made by or on behalf
of You to achieve a design win with a past, present, or potential customer in connection with Nuvia
Technology or Nuvia-based Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and

unduly burdensome, including because it requests "all Documents, Communications, and Things."

Defendants object to the phrases "any attempt," "design win," "past, present, or potential

customer," "Nuvia Technology," and "Nuvia-based products" as vague and ambiguous.

Defendants further object to this Request to the extent it seeks the production of documents or the

disclosure of information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will

produce non-privileged documents in their custody, possession, or control located through a

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

reasonable, targeted search of agreed-upon custodians pursuant to the parties' ESI Order designed

to reasonably and proportionately identify responsive documents, to the extent any exist, sufficient

to show design wins associated with Defendants' architected cores.

## REQUEST FOR PRODUCTION NO. 49:

All Documents, Communications, and Things Related to Your actual or potential use of Arm's trade name, including the Arm Trademarks, in connection with any Nuvia Technology or Nuvia-based Products, including any presentation, discussion, advertising, promotion, press, marketing, proposals, technology specifications, technical documentation, or websites.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Defendants incorporate by reference, as though fully set forth herein, each of their General

Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and

unduly burdensome,  including because it requests "all Documents, Communications, and Things."

Defendants object to the phrases "actual or potential use of Arm's trade name," "Nuvia

Technology," "Nuvia-based products," and "Presentation, discussion, advertising, promotion,

press, marketing, proposals, technology specifications, technical documentation, or websites" as

vague and ambiguous.  Defendants further object to this Request to the extent it seeks the

production of documents or the disclosure of information protected by the attorney-client privilege,

the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will

produce non-privileged documents in their custody, possession, or control located through a

reasonable, targeted search, to the extent any exist, regarding Defendants' use or potential use of

ARM's trade name in connection with Defendants' architected cores.

## REQUEST FOR PRODUCTION NO. 50:

All Documents, Communications, and Things that bear or display the Arm Trademarks in connection with any Nuvia Technology or Nuvia-based Products, including any semiconductor chips, die encapsulation (die packages), or end user product packaging.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, and unduly burdensome, including because it requests "all Documents, Communications, and Things." Defendants object to the phrase "Nuvia Technology or Nuvia-based Products" as vague and ambiguous.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law. Defendants object to this Request to the extent it seeks information not within the possession, custody, or control of Defendants.  Defendants also object to this request as premature.

**Response:** Subject to and without waiver of any of their objections, Defendants state that they are currently not aware of any documents in their custody, possession, or control responsive to this Request.

## REQUEST FOR PRODUCTION NO. 51:

Documents, Communications, and Things sufficient to show any unity or distinctness of ownership or interests between Qualcomm and Nuvia since Qualcomm's acquisition of Nuvia, including any existence or absence of: (1) any commingling of funds, other assets, or corporate records of the entities; (2) identical equitable ownership, directors, officers, or use of offices or employees; (3) use of Nuvia as a shell or conduit for the affairs of Qualcomm; (4) holding out by Qualcomm that it is liable for the debts of Nuvia; or (5) Nuvia's corporate assets, records, board or shareholder meetings, officers, or other corporate formalities.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 51:

Defendants incorporate by reference, as though fully set forth herein, each of their General Objections.  Defendants object to this Request on the grounds that it is overbroad, vague, and unduly burdensome.  Defendants object to the phrases "shell or conduit for the affairs of Qualcomm" and "identical equitable ownership" and "holding out by Qualcomm that it is liable for the debts of Nuvia" as vague and ambiguous.  Defendants object to this Request to the extent

50

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

that it seeks "Documents, Communications, and Things sufficient to show any unity or distinctness of ownership or interests between Qualcomm and Nuvia" as not relevant to any claim or and defense in this action, and because such a request is overbroad, unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this Request to the extent it seeks the production of documents or the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure recognized by law.

**Response:** Subject to and without waiver of any of their objections, Defendants will produce non-privileged documents in their custody, possession, or control located through a reasonable, targeted search, to the extent any exist, sufficient to show the corporate relationship between Qualcomm and Nuvia.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

February 27, 2023

*Attorneys for Defendants*

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2023, copies of the foregoing were caused to be served

upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                   *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Michael A. Jacobs, Esquire                                *VIA ELECTRONIC MAIL*
Joyce Liou, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Plaintiff*

Erik J. Olson, Esquire                                    *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Plaintiff*

Scott F. Llewellyn, Esquire                               *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
*Attorneys for Plaintiff*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

# EXHIBIT 2

| | |
|---|---|
| **From:** | Li, Jack |
| **To:** | "Braly, Jacob"; Dunn, Karen L; Isaacson, William A; Morgan, Erin J; Zappala, Melissa Felder; Vaughn, Madalyn; Nyarady, Catherine; jblumenfeld@morrisnichols.com; jying@morrisnichols.com |
| **Cc:** | Olson, Erik J. (Palo Alto); Jacobs, Michael A.; Llewellyn, Scott F.; Muino, Daniel P.; Mooney, Kyle W.; Liou, Joyce; Fung, Nicholas Rylan; Patel, Fahd H.; Brickey, Sarah E.; Davenport, Lydia; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com |
| **Subject:** | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |
| **Date:** | Friday, December 29, 2023 4:27:44 PM |

Counsel,

We write in response to your December 28 email regarding Arm's request that Defendants ███████ ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████
████████████████████████████████

- ████████████████████████████████████████████████████████
  ██████████████████████████████████████

- ████████████████████████████████████████████████████████
  ████████████

- ████████████████████████████████████████████████████████
  ██████████████████████████████████████████

- ████████████████████████████████████████████████████████
  ████████████████████████████████████████████████████████
  ██████████████████████████

Defendants did not address any of these questions.  If Defendants provide clear written responses to

these questions, then we may be able to narrow the dispute.  But we cannot further delay raising this issue with the court and intend to do so today.

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Thursday, December 28, 2023 11:09 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel,

Your email is inaccurate in certain respects.  We respond below regarding the December 19 production.



We are available to meet and confer tomorrow once ARM has reviewed the commit logs produced on December 19.

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, December 28, 2023 8:37 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write to follow up regarding the parties' meet-and-confer today regarding Arm's request that Defendants produce change logs and other source code revision history information for Nuvia-based Products.  The parties were not able to resolve this dispute, but we remain hopeful that the parties may be able to at least narrow the disputed issues.  Accordingly, we follow up on a few items below.





We look forward to your response and can be available to further meet and confer tomorrow.

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Li, Jack
**Sent:** Thursday, December 28, 2023 1:01 PM
**To:** 'Braly, Jacob' <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com;

jying@morrisnichols.com

**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

██████████████████████████████████████████
███████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████████
█████████████████████████

**[1] Arm's Request for Production of "Revision History Information/Change Log"**

-
██████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

██████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████████
███████████████████████████████████
█████

██████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
█████████████████████████████████████



We are available to meet and confer today at 3-3:30 PM ET.

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Wednesday, December 27, 2023 6:51 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com

**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Counsel,

██████████████████████████████████████████
████████████████████████████████

███████████████████████████████████

██████████████████████████████████████████
███████████████████████████████████
███████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████

███████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████████████
████████████████████

████████████

██████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, December 26, 2023 6:09 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson,

William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

We write in response to your December 18 email ███████████████████████████
██████████████████████████████

████████████████████████████████

████████████████████████████████████
███████████████████████████████████
██████████████████████████████
███████████████████

███████████████████████████████████████
███████████████████████████████
████████████████████████████████
████████████████████████████████████
███████████████████████████████
████████████████████████████
████████████████████████████████████
███████████████████████████████
████████████████████████████

██████████████████

███████████████████████████
████████████████████████████
████████████████████████████████
████████████████████████████
███████████

Third-Party IP Redactions

[REDACTED]

[REDACTED]

Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Monday, December 18, 2023 5:35 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel,

We respond to each of the points raised in your latest email below.

[REDACTED]



███████████████████████████████████████

███████████████████

Best,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, December 13, 2023 7:36 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

████████████████████████████

███████████████

██████████████████████████



- ███████████████████████████████████████████████
- █████████████████████████████████████████
  ████████████

████████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████

Best,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Wednesday, December 13, 2023 1:17 AM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

==External Email==

---

Counsel,

█████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████

Best,

Jake

**Jake Braly** | Associate

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, December 4, 2023 9:07 AM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

████████████████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████

████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████

We look forward to your response.

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562

mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Wednesday, November 22, 2023 4:43 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

Jack,

██████████████████████████████████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████

████████████████████████████████████████
██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████
█████████████████████████

Best,

Jake

**Jake Braly** | Associate

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Thursday, November 16, 2023 5:19 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Jake,

[REDACTED]

[REDACTED]

Best,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562

mofo.com | LinkedIn | Twitter

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Tuesday, November 14, 2023 5:29 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Jack,

██████████████████████████████████████████████
██████████████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████
████████████████████████

Best,

Jake

**Jake Braly** | Associate

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**

1285 Avenue of the Americas | New York, NY 10019-6064

+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)

jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>

**Sent:** Tuesday, November 14, 2023 7:07 AM

**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com

**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Jake,

███████████████████████████████████████
███████████████████████████████████████
███████

███████████████████████████████████████
███████████████████████████████████████
████████████████████

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Thursday, November 9, 2023 6:10 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Jack,

███████████████████████████████████████
███████████████████████████████████████
███████████████

███████████████████████████████████████
███████████████████████████████████████

Best,

Jake

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, November 8, 2023 8:38 PM
**To:** Braly, Jacob <jbraly@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Jake,



Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562

mofo.com | LinkedIn | Twitter

**From:** Braly, Jacob <jbraly@paulweiss.com>
**Sent:** Wednesday, November 1, 2023 10:47 AM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

External Email

Counsel,

████████████████████████████████████████
████████████████████

████████████████████████████████
████████████████████

████████████████████████████████
████████████

Thanks,

Jake
**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3726 (Direct Phone) | +1 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

**From:** Braly, Jacob
**Sent:** Thursday, October 26, 2023 11:07 AM
**To:** 'Li, Jack' <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <MZappala@paulweiss.com>; Vaughn, Madalyn <MVaughn@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>;

jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A.
<MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P.
<DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce
<JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H.
<FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia
<LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com;
YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

**Jake Braly** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3726 (Direct Phone) | 212 492 0726 (Direct Fax)
jbraly@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Tuesday, October 17, 2023 4:50 PM
**To:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN





Best Regards,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

===================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

===================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================
==========

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# EXHIBIT 3

# EXHIBIT 4

# EXHIBIT 5

# EXHIBIT 6

1          IN THE UNITED STATES DISTRICT COURT

2            FOR THE DISTRICT OF DELAWARE

3  ARM LTD., a U.K.        )
    corporation,          )

4                      )  Case No.:  C.A. No.
          Plaintiff,   )  22-1146-MN

5                     )

6     vs.              )

7                      )
    QUALCOMM, INC., a     )
    Delaware corporation, et )
    al.,              )

8                      )
          Defendants.  )

9  _____ )

10

11

12     HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY

13       VIDEOTAPED DEPOSITION OF LYNN BOS

14          755 Page Mill Road

15       Palo Alto, California 94304

16         November 29, 2023

17           9:02 a.m.

18

19

20

21

22

23

24  REPORTED BY:

25  Tammy Moon, CSR No. 13184, RDR, CRR



```
1    APPEARANCES:

2    FOR PLAINTIFF ARM LTD., a U.K. corporation:

3    MORRISON FOERSTER
     BY:  JACK (RUOHAN) LI, ESQ.
4    2100 L St., NW, Ste 900
     Washington, D.C. 20037
5    202.887.1562
     Jackli@mofo.com

6

7    FOR DEFENDANT QUALCOMM, INC., a Delaware
     corporation:
8
     PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
9    BY:  CATHERINE NYARADY, ESQ.
     BY:  JACOB BRALY, ESQ.
10   1285 Avenue of the Americas
     New York, New York 10019
11   212.373.3726
     Cnyarady@paulweiss.com

12

13   FOR DEFENDANT QUALCOMM:

14   QUALCOMM
     BY:  KURT KJELLAND, ESQ.
15   5775 Morehouse Dr.
     San Diego, California 92121-1714
16   858.651.5423
     Kurtk@qualcomm.com

17

18   ALSO PRESENT:  KEVIN MCMAHON, THE VIDEOGRAPHER

19

20

21

22

23

24

25
```

























ESQUIRE
DEPOSITION SOLUTIONS





# EXHIBIT 7

| From: | Li, Jack |
|---|---|
| To: | "Vaughn, Madalyn" |
| Cc: | Olson, Erik J. (Palo Alto); Jacobs, Michael A.; Llewellyn, Scott F.; Muino, Daniel P.; Mooney, Kyle W.; Liou, Joyce; Fung, Nicholas Rylan; Patel, Fahd H.; Brickey, Sarah E.; Davenport, Lydia; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC; Zappala, Melissa Felder; Dunn, Karen L; Isaacson, William A; Morgan, Erin J; Braly, Jacob; Nyarady, Catherine; jblumenfeld@morrisnichols.com; jying@morrisnichols.com |
| Subject: | RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |
| Date: | Friday, December 29, 2023 4:29:19 PM |

Counsel —

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████

- ████████████████████████████████████████████████
  ████████████████████████

- ████████████████████████████████████████████████
  ████████

████████████████████████████████████████████████████
██████████████████████████████████████████

Thank you,
Jack

## JACK LI
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Thursday, December 28, 2023 11:05 PM
**To:** Li, Jack <JackLi@mofo.com>
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A

&lt;wisaacson@paulweiss.com&gt;; Morgan, Erin J &lt;ejmorgan@paulweiss.com&gt;; Braly, Jacob
&lt;jbraly@paulweiss.com&gt;; Nyarady, Catherine &lt;cnyarady@paulweiss.com&gt;;
jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN


**External Email**

_____

Counsel:

████████████████████████████████████████████████
██████████████████

████████████████████████████████████
█████████████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
███████████████████

████████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████
██████████████████████████████████████████
███████████████████████████████████████████
████████████████████████████████

████████████████████

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3974 (Direct Phone) | +1 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

_____

**From:** Li, Jack &lt;JackLi@mofo.com&gt;
**Sent:** Thursday, December 28, 2023 6:01 PM
**To:** Vaughn, Madalyn &lt;mvaughn@paulweiss.com&gt;
**Cc:** Olson, Erik J. (Palo Alto) &lt;EJOlson@mofo.com&gt;; Jacobs, Michael A. &lt;MJacobs@mofo.com&gt;;

Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, December 27, 2023 5:15 PM
**To:** Li, Jack <JackLi@mofo.com>

**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

Counsel:

<div style="background:black"> </div>

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3974 (Direct Phone) | +1 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Vaughn, Madalyn
**Sent:** Tuesday, December 5, 2023 10:46 AM
**To:** Li, Jack <JackLi@mofo.com>
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <MZappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <CNyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel:

<div style="background:black"> </div>

Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3974 (Direct Phone) | +1 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Monday, December 4, 2023 8:35 PM
**To:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan

<NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com

**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

███████████████████████████████████████████████████
███████████████████████████████████████

Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Vaughn, Madalyn <mvaughn@paulweiss.com>
**Sent:** Wednesday, November 29, 2023 1:49 PM
**To:** Li, Jack <JackLi@mofo.com>
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com; GRP-QC <GRP-QC@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

**External Email**

---

Counsel:

█████████████████████████████████████████████████



Best,
Madalyn

**Madalyn Vaughn** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064

+1 212 373 3974 (Direct Phone) | +1 212 492 0974 (Direct Fax)
mvaughn@paulweiss.com | www.paulweiss.com

**From:** Zappala, Melissa Felder <mzappala@paulweiss.com>
**Sent:** Thursday, November 16, 2023 9:48 PM
**To:** Li, Jack <JackLi@mofo.com>; Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,



███████████████████

Thank you,

Melissa

**Melissa Felder Zappala** | Counsel
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
2001 K Street, NW | Washington, DC 20006-1047
+1 202 223 7458 (Direct Phone) | +1 202 379 4112 (Direct Fax)
mzappala@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

---

**From:** Li, Jack <JackLi@mofo.com>
**Sent:** Wednesday, November 15, 2023 5:37 PM
**To:** Dunn, Karen L <kdunn@paulweiss.com>; Isaacson, William A <wisaacson@paulweiss.com>; Morgan, Erin J <ejmorgan@paulweiss.com>; Zappala, Melissa Felder <mzappala@paulweiss.com>; Vaughn, Madalyn <mvaughn@paulweiss.com>; Braly, Jacob <jbraly@paulweiss.com>; Nyarady, Catherine <cnyarady@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; rvrana@ycst.com; agaza@ycst.com; YCST_Arm_Qualcomm@ycst.com
**Subject:** RE: ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,



Thank you,
Jack

**JACK LI**
Associate | Morrison & Foerster LLP
2100 L Street, NW, Suite 900 | Washington, DC 20037
**P:** +1 (202) 887-1562
mofo.com | LinkedIn | Twitter

---

**From:** Li, Jack

**Sent:** Friday, November 10, 2023 11:11 AM
**To:** 'Dunn, Karen L' <kdunn@paulweiss.com>; 'Isaacson, William A' <wisaacson@paulweiss.com>; 'Morgan, Erin J' <ejmorgan@paulweiss.com>; 'Zappala, Melissa Felder' <mzappala@paulweiss.com>; 'Vaughn, Madalyn' <mvaughn@paulweiss.com>; 'Braly, Jacob' <jbraly@paulweiss.com>; 'Nyarady, Catherine' <cnyarady@paulweiss.com>; 'jblumenfeld@morrisnichols.com' <jblumenfeld@morrisnichols.com>; 'jying@morrisnichols.com' <jying@morrisnichols.com>
**Cc:** Olson, Erik J. (Palo Alto) <EJOlson@mofo.com>; Jacobs, Michael A. <MJacobs@mofo.com>; Llewellyn, Scott F. <SLlewellyn@mofo.com>; Muino, Daniel P. <DMuino@mofo.com>; Mooney, Kyle W. <KMooney@mofo.com>; Liou, Joyce <JLiou@mofo.com>; Fung, Nicholas Rylan <NFung@mofo.com>; Patel, Fahd H. <FPatel@mofo.com>; Li, Jack <JackLi@mofo.com>; Brickey, Sarah E. <SBrickey@mofo.com>; Davenport, Lydia <LDavenport@mofo.com>; 'rvrana@ycst.com' <rvrana@ycst.com>; 'agaza@ycst.com' <agaza@ycst.com>; 'YCST_Arm_Qualcomm@ycst.com' <YCST_Arm_Qualcomm@ycst.com>
**Subject:** ARM Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,



Best Regards,

Jack

**JACK LI**

Associate | Morrison & Foerster LLP

2100 L Street, NW, Suite 900 | Washington, DC 20037

**P:** +1 (202) 887-1562

mofo.com | LinkedIn | Twitter

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | **CONFIDENTIAL** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **QUALCOMM'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–36)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Defendants" or "Qualcomm") request that Plaintiff ARM Ltd. ("ARM") serve Qualcomm with its written responses to these requests for production and produce copies of the Documents and things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

## **INSTRUCTIONS**

1.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature.  If, after producing the requested Documents and things, ARM obtains or becomes aware of any further responsive Document or thing, ARM must produce to Qualcomm such additional Document or thing.

2.      If ARM withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, ARM shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3.      If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs.  To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4.      If an objection is asserted with respect to any request for production of any Document or thing, ARM shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that ARM claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5.      If an objection is asserted with respect to any request for production of any Document or thing, ARM shall state whether ARM is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6.      If ARM claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, ARM may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7.      If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8.      If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9.      Responsive Documents or things should not be limited solely to those under ARM's physical custody, but should include those that are under its "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10.      None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11.      No request shall be read as limiting any other request.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1.      The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001.  A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term.  The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

3.      "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

4.      "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

5.      "Plaintiff," "ARM," "you," and "your" mean Plaintiff ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

6.      "Defendants" means, collectively, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., Nuvia, Inc., and their principals, employees, representatives, agents, and officers.

7.      "Complaint" means the Complaint filed by ARM in the District of Delaware on August 31, 2022, captioned *ARM Ltd.* v. *Qualcomm*, No.  22-1146 (MN).

8.      "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

9.      "TLA" means Technology License Agreement, including all amendments and annexes to any such agreement.

10.      "Phoenix Core" means the central processing unit for which Qualcomm submitted a compliance report to ARM on February 1, 2022

11.      "SoC" means "Systems-on-a-Chip," which are integrated circuits used in computers and other electronics that combine many elements of a computer system into a single chip.

12.      "Person" means any natural person or any business, legal, governmental, or regulatory entity or association (including ARM), whether or not in the employ of ARM, and the "acts" of a Person (including ARM) are defined to include acts of trustees, directors, officers, owners, members, employees, agents, or attorneys acting on the Person's behalf.

13.      As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Complaint, including but not limited to any documents ARM contends support its claims.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications ARM referenced, relied upon, or otherwise used in drafting its Answer, including but not limited to any documents ARM contends support its defenses.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning Qualcomm's acquisition of NUVIA, including but not limited to documents and communications about (a) ARM's refusal to agree to assign the NUVIA ALA and TLA to Qualcomm; (b) ARM's demands for assignment, including but not limited to ARM's demands that Defendants (i) incorporate the NUVIA ALA and TLA royalty rates into Qualcomm's preexisting licenses, (ii) restrict Qualcomm employees from working on products containing NUVIA's technology, (iii) enter a separate license for implementation IP and software tools, and (iv) "pay a design transfer fee"; (c) efforts to resolve the parties' dispute about the NUVIA agreements; and (d) the scope of the grant provided in Section B of the Annex to the Qualcomm ALA.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the negotiation and execution of additional license annexes to cover Qualcomm's use of any ARM intellectual property utilized by NUVIA and not covered under Qualcomm's ALA and TLA.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning the drafting, negotiation, interpretation and construction of Qualcomm's ALA and TLA, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; and (c) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, derivative, and Derivative.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications concerning the drafting, negotiation, interpretation, and construction of NUVIA's ALA and TLA, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements;  (b) ARM's rights and obligations under those agreements; (c) the "anticipated scope and nature of NUVIA's use of the ARM architecture" and the impact of that information on NUVIA's royalty rates; and (d) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, Nuvia Confidential Information, Nuvia Architecture Compliant Cores, Nuvia Technology, and derivative; and (d) structure of the financial terms, including the royalty provisions.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning the value to ARM of the NUVIA and Qualcomm ALAs and TLAs, to the extent they are not already produced in response to other Requests.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications concerning ARM's understanding of the ownership rights to technology created or produced by a licensee after entering into an ALA, including but not limited to statements made to regulators or licensees.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications concerning ARM's contention that Qualcomm's architected cores, including the Phoenix Core, are not licensed under Qualcomm's ALA, including but not limited to all documents identifying the components of the Phoenix Core and associated SoCs that are allegedly unlicensed.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications concerning any "ARM-based" technology you contend was developed under the NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning ARM's February 2022 termination of the NUVIA licenses and demand that Defendants destroy all ARM Confidential Information licensed under the NUVIA ALA and TLA, including but not limited to documents concerning (a) ARM's decision to terminate the NUVIA licenses; (b) ARM's decision to demand destruction; (c) ARM's efforts to secure the destruction from Defendants; (d) ARM's evaluation of the Defendants' compliance with ARM's request; (e) ARM's discussions and/or other communications with third parties concerning Defendants' alleged destruction obligation and compliance with that alleged obligation; (f) the timing of ARM's termination and destruction demand; and (g) the impact of the NVIDIA/ARM merger clearance on ARM's termination and destruction demand.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning ARM's future business plans for licensing ARM's architecture, technology, and other intellectual property, including but not limited to (a) ARM's plans to enter into ALAs or TLAs directly with original equipment manufacturers ("OEMs"), including the substance and terms of ARM's proposed OEM licenses; (b) ARM's plans to license ARM architecture, technology, and other intellectual property to Qualcomm and/or other chip manufacturers, including the substance and terms of ARM's proposed chip manufacturer licenses; and (c) any plans to cease or limit licenses with Qualcomm and/or other chip manufacturers.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications concerning ARM's knowledge that Qualcomm was developing and using NUVIA technology after it acquired NUVIA, including but not limited to in connection with the Phoenix Core and related SoCs.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications concerning verification of any of Defendants' products that ARM contends include NUVIA Technology, including but not limited to Qualcomm's Phoenix Core and any related SoCs.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications concerning tests to be run on any Qualcomm architected core for purposes of ARM's verification of the product(s), including but not limited to the Qualcomm's Phoenix Core and any related SoCs.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications concerning ARM's purported decision not to participate in the verification process for any SoCs incorporating the Phoenix Core, including but not limited to (a) the reasons for that decision; (b) communications about that decision, including with third parties; and (c) instructions given to ARM employees concerning communications with Qualcomm about those SoCs, generally and the verification of those SoCs.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications concerning Defendants' use of ARM trademarks licensed under the (a) Qualcomm ALA and/or TLA and/or (b) NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Communications concerning ARM's obligations, efforts, and actions to provide services to Defendants in accordance with the Qualcomm ALA and/or TLA and the NUVIA ALA and/or TLA.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications concerning Defendants' involvement in or position on ARM's potential acquisition by NVIDIA.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications concerning ARM's communications with third parties regarding the claims in this litigation, including but not limited to Documents and Communications regarding (a) Defendants' rights under the Qualcomm ALA and TLA and/or the NUVIA ALA and TLA, including but not limited to communications about the term of those agreements and the right to extend the term of agreements; and (b) ARM's dispute with Defendants' regarding use of NUVIA technology.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications from January 1, 2021 through the present concerning Defendants, including but not limited to internal ARM documents and communications and documents and communications with third parties to the extent they have not already been produced in response to other Requests.

**REQUEST FOR PRODUCTION NO. 22:**

ARM's quarterly and annual financial statements and reports for 2020, 2021, and 2022.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show any efforts ARM made to mitigate or otherwise reduce any damages alleged to have resulted from actions that are the subject of ARM's Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications concerning the alleged damages to ARM that resulted from actions that are the subject of ARM's Complaint and Answer including but not limited to documents and communications related to (a) any damages calculations conducted by ARM, both potential and realized; (b) any analysis of the financial impact of the actions that are the subject of ARM's Complaint and Answer; (c) ARM's internal revenue and profit projections for 2020 through the end of the term of the Qualcomm ALA and TLA, to the extent that they are not separately broken out in ARM's financial statements; and (d) any analysis of harm to ARM's global licensing program.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications concerning how "[t]he prospective monetary damages from Qualcomm's circumvention and interference with ARM's control over its

technology are not readily ascertainable or calculable, given the resulting future impact on ARM's relationships with existing and prospective customers" (D.I. 1, ¶ 56).

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications concerning the acquisition of any ARM licensee by another licensee, including but not limited to Documents and Communications about the acquisition process, negotiations related to the acquisition(s), and the outcome of those negotiations, including any related agreements.

**REQUEST FOR PRODUCTION NO. 27:**

All ALAs ARM has entered into with any party.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications concerning any circumstances in which ARM has demanded destruction of an architected core or related technology.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications concerning the acquisition of any ARM licensee by another licensee, including whether assignment of any license agreement occurred, ARM's position on assignment, and any novation agreement that was executed.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and Communications concerning ARM's market share, including but not limited to its market share in the compute, server, and mobile markets.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications concerning any ARM architecture set the public domain, including but not limited to the ARMv8-A Architecture Documentation set and all relevant versions.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and Communications concerning how the Phoenix Core and related SoCs will compete against and impact the market for ARM's architected cores and other products, including but not limited to in the compute, server and mobile markets.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications concerning the allegations in Paragraph 54 of your Complaint (D.I. 1), including but not limited to the assertion that "[t]he failure of Nuvia and Qualcomm to comply with the post-termination obligations under the Nuvia ALA is causing and will continue to cause irreparable harm to Arm."

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and Communications supporting the assertions in Paragraph 29 of your Answer (D.I. 23), including that ARM anticipated earning "hundreds of millions of dollars . . . from NUVIA's products expanding the market for ARM-based chips."

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with Softbank Group, including its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf, about this dispute or Qualcomm's license agreements since March 2021.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications with any third party concerning the scope of Qualcomm's rights under its license agreements with ARM and/or Qualcomm's ability to sell architected cores under those agreements, to the extent they are not already produced in response to other Requests.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

December 20, 2022

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 20, 2022, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Michael A. Jacobs, Esquire<br>Joyce Liou, Esquire<br>Diek Van Nort, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202-5638<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

_____

Jennifer Ying (#5550)

# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | **CONFIDENTIAL** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>QUALCOMM'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 37 - 50)</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Defendants" or "Qualcomm") request that Plaintiff ARM Ltd. ("ARM") serve Qualcomm with its written responses to these requests for production and produce copies of the Documents and things requested below at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 within thirty (30) days of service.

## <u>INSTRUCTIONS</u>

1.      Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests for Documents and things are continuing in nature.  If, after producing the requested Documents and things, ARM obtains or becomes aware of any further responsive Document or thing, ARM must produce to Qualcomm such additional Document or thing.

2.      If ARM withholds any Document or thing based upon a claim of privilege or any other claim of immunity from discovery, ARM shall state the specific basis for withholding the Document or thing and describe the facts and circumstances giving rise to such withholding in

writing in a manner sufficient for Qualcomm to evaluate, and the Court to adjudicate, the merits of the claim.

3.    If a claim of privilege is asserted with respect to any requested Document or thing, such Document or thing shall be scheduled on a privilege log that provides all of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to any agreement by the parties in this litigation regarding claims of privilege and privilege logs.  To the extent a requested Document or thing contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced.

4.    If an objection is asserted with respect to any request for production of any Document or thing, ARM shall respond to the portion of the request believed to be unobjectionable and specifically identify that aspect of the request that ARM claims to be objectionable and why, pursuant to Federal Rule of Civil Procedure 34(b)(2).

5.    If an objection is asserted with respect to any request for production of any Document or thing, ARM shall state whether ARM is withholding any responsive material on the basis of that objection, pursuant to Federal Rule of Civil Procedure 34(b)(2).

6.    If ARM claims that information requested or required in response to any request for production of any Document or thing is also responsive to another request, ARM may not answer the request by referring to the answer to another request unless the answer to the request being referred to supplies a complete and accurate response to the request being answered, pursuant to Federal Rule of Civil Procedure 34(b)(2).

7.    If, in responding to any request for production, any ambiguities in the request's wording are encountered, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8.      If a Document or thing that is responsive to any request for production has been destroyed, the response shall identify (i) the preparer of the Document or thing; (ii) its addresser (if different), addressee, and each recipient; (iii) each Person to whom it was distributed or shown; (iv) the date it was prepared; (v) the date it was transmitted (if different); (vi) the date it was received; (vii) a description of its contents and subject matter; (viii) the date of its destruction; (ix) the manner of its destruction; (x) the name, title, and address of the Person authorizing its destruction; (xi) the reason(s) for its destruction; (xii) the name, title and address of the Person destroying the Document or thing; and (xiii) a description of the efforts to locate the Document or thing and/or copies of it.

9.      Responsive Documents or things should not be limited solely to those under ARM's physical custody, but should include those that are under its "possession, custody or control," as that phrase is used in Rule 34 of the Federal Rules of Civil Procedure and has been interpreted by case law.

10.      None of the definitions and instructions or the requests for production should be construed as an admission by Qualcomm relating to the existence of any evidence, to the relevance as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request for production.

11.      No request shall be read as limiting any other request.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1.      The definitions and instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference.

2.    The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

3.    "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

4.    "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

5.    "Plaintiff," "ARM," "you," and "your" mean Plaintiff ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other Persons or entities acting or purporting to act on their behalf.

6.     "Defendants" means, collectively, Defendants Qualcomm Inc., Qualcomm Technologies, Inc., Nuvia, Inc., and their principals, employees, representatives, agents, and officers.

7.     "Complaint" means the Complaint filed by ARM in the District of Delaware on August 31, 2022, captioned *ARM Ltd.* v. *Qualcomm*, No. 22-1146 (MN).

8.     "ALA" means Architecture License Agreement, including all amendments and annexes to any such agreement.

9.     "TLA" means Technology License Agreement, including all amendments and annexes to any such agreement.

10.     "Phoenix Core" means the central processing unit for which Qualcomm submitted a compliance report to ARM on February 1, 2022

11.     "SoC" means "Systems-on-a-Chip," which are integrated circuits used in computers and other electronics that combine many elements of a computer system into a single chip.

12.     "Person" means any natural person or any business, legal, governmental, or regulatory entity or association (including ARM), whether or not in the employ of ARM, and the "acts" of a Person (including ARM) are defined to include acts of trustees, directors, officers, owners, members, employees, agents, or attorneys acting on the Person's behalf.

13.     "License Agreement" means an ALA or TLA, as defined above.

14.     As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to negotiations and licensing of ARM's ███████████████████████████ including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications relating to internal discussions regarding negotiations and licensing of ████████████████████████, including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications concerning the change of user access credentials on connect.arm.com in 2021 for former Nuvia employees, including any documents related to changing credentials from Nuvia email addresses to Qualcomm email addresses.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents shared by ARM with Nuvia on connect.arm.com from the execution date of Nuvia's ALA and TLA agreements until the present.

**REQUEST FOR PRODUCTION NO. 41:**

All Communications with Masayoshi Son about Defendants, Defendants' license agreements, the above-captioned litigation, or any dispute between ARM and Defendants.

**REQUEST FOR PRODUCTION NO. 42:**

All Communications with Masayoshi Son about Qualcomm's acquisition of Nuvia, including Communications prior to the acquisition.

**REQUEST FOR PRODUCTION NO. 43:**

All Communications by Masayoshi Son to third parties, including original equipment manufacturers, regarding Defendants, including their license agreements, since March 2021.

**REQUEST FOR PRODUCTION NO. 44:**

All Communications with Masayoshi Son regarding negotiation and licensing of ARM's

█████████████████████████████████, including to Qualcomm.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications concerning the drafting, negotiation, interpretation and construction of any versions of Qualcomm's ALA and TLA, from the beginning of the relationship between Qualcomm and ARM, including but not limited to documents and communications concerning (a) Defendants' rights and obligations under those agreements; (b) ARM's rights and obligations under those agreements; and (c) the meaning of terms used in those agreements, including but not limited to Architecture Compliant Core, Architecture Compliant Product, ARM Compliant Product, ARM Technology, Confidential Information, derivative, and Derivative.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications concerning the allegations in Paragraph 21 of your Complaint (D.I. 1), including but not limited to the assertion that "Arm also provided substantial, crucial, and individualized support from Arm employees to assist Nuvia in its development of Arm-based processors for data center servers."

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications referenced, relied upon, used in drafting, identified, described, or referred to in ARM's responses to Qualcomm's interrogatories.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and Communications regarding differences in the royalty rates paid by Qualcomm to ARM as compared to royalty rates paid to ARM by other licensees.

**REQUEST FOR PRODUCTION NO. 49:**

All Documents and Communications concerning the definition of a "derivative" as utilized in ARM's ALAs or TLAs with all licensees, including but not limited to Defendants.

**REQUEST FOR PRODUCTION NO. 50:**

All Communications between ARM and third parties, including regulators, investors, and Softbank, regarding Qualcomm's acquisition of Nuvia.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

April 5, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

Anne Shea Gaza, Esquire                                           *VIA ELECTRONIC MAIL*
Robert M. Vrana, Esquire
Samantha G. Wilson, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Plaintiff*

Michael A. Jacobs, Esquire                                        *VIA ELECTRONIC MAIL*
Joyce Liou, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
*Attorneys for Plaintiff*

Erik J. Olson, Esquire                                            *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
*Attorneys for Plaintiff*

Scott F. Llewellyn, Esquire                                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202-5638
*Attorneys for Plaintiff*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)