IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1146 (MN) (LDH) |
| ) | |
| QUALCOMM INC., QUALCOMM ) | **REDACTED -** |
| TECHNOLOGIES, INC. and NUVIA, INC., ) | **PUBLIC VERSION** |
| ) | |
| Defendants. ) | |

# DEFENDANTS' LETTER TO THE HONORABLE LAURA D. HATCHER REQUESTING LEAVE TO AMEND ANSWER AND COUNTERCLAIM

OF COUNSEL:
Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Brian Shiue
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Anna R. Gressel
Madalyn G. Vaughn
Jacob A. Braly
Alexander M. Butwin
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Andrea L. D'Ambra
Susana Medeiros
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY  10019
(212) 318-3000

Kira Latham
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201
(214) 855-8000

*Attorneys for Defendants*

**Original Filing Date: February 21, 2024**
**Redacted Filing Date: February 29, 2024**

Dear Judge Hatcher:

Defendants (collectively, "Qualcomm") respectfully move for leave to amend their Answer and Counterclaims (D.I. 18) to allege additional counterclaims based on information recently uncovered through discovery.  (*See* Ex. 1 (Qualcomm's proposed amendment); Ex. 2 (redline).)

**Background.**  The deadline to amend pleadings in this case was April 28, 2023.  (D.I. 87.)  ARM produced the vast majority of its documents—roughly 46,000 of the 60,000 total documents—the week of, or after, the August 18 substantial completion deadline.  Additionally, due to scheduling conflicts—and by agreement of the parties (*see* D.I 254 at 2)—the depositions of certain key ARM witnesses did not occur until November and December 2023, including: Richard Grisenthwaite (Chief Architect, on November 15), Mark Werkheiser ("Distinguished Engineer" and Fellow, on December 7), and Vivek Agrawal (Senior Principal Engineer, on December 14).  (*See* Exs. 3-5.)

In those depositions, Qualcomm learned that ARM committed multiple, serious breaches of its agreements with Qualcomm and NUVIA—and that ARM had intentionally concealed or misrepresented facts related to those violations, which include breaches of (1) ▮▮▮▮▮ of the NUVIA ALA and TLA by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and (2) ▮▮▮▮▮ of the Qualcomm ALA by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  (*See* Ex. 1 ¶¶ 234-245, 255-59, 271-294, 302-315.)  Qualcomm promptly informed ARM on January 3, 2024 that it intended to amend its counterclaims and asked to meet and confer.  (Ex. 6 at 18.)  Qualcomm conveyed that the new counterclaims would require limited additional discovery and that they could be tried with the current claims in the case, provided that the trial date is moved to December 9, 2024, as requested in Qualcomm's January 23, 2024 motion to move the trial.  (D.I. 254.)  Qualcomm also provided a proposed schedule, a description of the basis for the counterclaims with citations to relevant evidence, and a proposed redline of the counterclaims.  (Ex. 6 at 8, 14-17.)  On January 19, 2024, ARM indicated it would oppose Qualcomm's motion because it did not understand how the amendments would impact the case schedule or be "treated procedurally" and because it believed Qualcomm lacked diligence with respect to its claim that ARM breached ▮▮▮▮▮ of the NUVIA ALA.  (*Id.* at 4, 6.)  ARM indicated that it "may" have additional arguments regarding diligence and futility, but refused to articulate them.  (*Id.* at 4.)

**Legal Standard.**  "The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities."  *WebXchange Inc.* v. *Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010).  Absent a showing of "undue delay, bad faith or dilatory motives" or where the amendment would be futile or prejudice another party, leave should be granted.  *WiTricity Corp.* v. *Momentum Dynamics Corp.*, 563 F.Supp.3d 309, 326 (D. Del. 2021) (citation omitted); *see also* Fed. R. Civ. P. 15(a)(2).  Where, as here, a party seeks to amend the pleadings after a deadline imposed by a scheduling order, Rule 16(b)(4) provides that the schedule "may be modified only for good cause and with the judge's consent."  "The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner."  *Chemours Co. FC, LLC* v. *Daikin Indus. Ltd.*, 2022 WL 855518, at *2 (D. Del. Mar. 23, 2022).

**Qualcomm Has Good Cause to Amend.**  Under Rule 16(b)(4), Qualcomm has good cause to amend its counterclaims because Qualcomm did not learn the information on which it now relies

until the November and December 2023 depositions. *Chemours*, 2022 WL 855518, at *2. The bases for Qualcomm's amended counterclaims are as follows:

*First*, under ▮▮▮▮ of the NUVIA ALA and TLA, ARM was obligated, upon termination of these agreements effective March 1, 2022, to ▮▮▮▮ and, at NUVIA's option, to ▮▮▮▮ any such information in its possession. (Ex. 7; Ex. 8.) ARM never certified compliance with this obligation, but wrote to Qualcomm in April 2022 stating ▮▮▮▮ (Ex. 9.) ARM reiterated in its Complaint that it had fulfilled those obligations. (D.I. 1, ¶ 60.) But on December 14, 2023 Mr. Agrawal testified ▮▮▮▮ (Ex. 5 at 95:22-99:8) and on December 7, Mr. Werkheiser testified ▮▮▮▮ (Ex. 4 at 60:22-25) and ▮▮▮▮ (*id*. at 52:4-54:17; 55:18-56:20). To date, ARM's only argument is that Qualcomm's Answer stated that "ARM never certified its own compliance with the termination provisions" (D.I. 18, ¶ 233 n.31), but prior to the depositions, Qualcomm had no concrete evidence that ARM failed to comply with its ▮▮▮▮ obligations (as opposed to only failing to provide a certification).

*Second*, under ▮▮▮▮ of the Qualcomm ALA, ARM must ▮▮▮▮ the ARM Technology to which Qualcomm is entitled under that contract ▮▮▮▮ (Ex. 10 at 11.) Qualcomm first suspected ARM was withholding ARM Technology—▮▮▮▮—in November 2022, at which time it gave ARM written notice of non-compliance in accordance with ▮▮▮▮ of the Qualcomm ALA. (Ex. 11.) ARM's counsel responded on December 6, 2022, ▮▮▮▮ (Ex. 12.) Prior to discovery, Qualcomm had no reason to dispute that representation. But through discovery, Qualcomm learned that ARM's December 6, 2022 letter misrepresented the facts. On November 2, 2023, ARM produced a document ▮▮▮▮ (*see* Ex. 13; *see also* Ex. 3 at 211:16-212:12; Ex. 5 at 154:12-156:16, 163:6-164:1), and at his December 12, 2023 deposition, Mr. Agrawal testified ▮▮▮▮. (*See id*. at 157:13-159:22; *see also* Ex. 13.) It was not until Mr. Agrawal's deposition that Qualcomm was able to confirm ▮▮▮▮.

Qualcomm has been diligent in seeking its proposed amendment. Less than three weeks after Mr. Agrawal's deposition, Qualcomm asked ARM to meet and confer. ARM would not meaningfully engage until January 16. After the parties' third meet and confer on January 19, the parties promptly contacted the Court the next business day, January 22, pursuant to the dispute process set forth in the Scheduling Order. Courts have consistently found diligence when a party has sought leave to amend pleadings within three months of learning new information.[1]

---

[1] *See, e.g.*, *Compagnie des Grands Hotels d'Afrique SA* v. *Starwood Capital Grp. Glob. I LLC*,

**Qualcomm's Amendments Are Not Futile, Nor Do They Prejudice ARM.**  An amendment is futile only if it fails to satisfy the standard set forth in FRCP 12(b)(6).  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  "The elements of a breach-of-contract claim under California law are: (1) the existence of a contract, (2) the plaintiff's performance or excuse of nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff."  *Jackson* v. *Meta Platforms, Inc.*, 2023 WL 2537003, at *2 (D. Del. Mar. 16, 2023).  Qualcomm has plausibly alleged the elements of its proposed amended counterclaims, laying out in non-conclusory fashion ARM's breaches (*see* Ex. 1 ¶¶ 234-45, 255-59, 271-94, 302-315) and Qualcomm's resulting damages (*see id.* ¶¶ 245, 291-94, 307, 311, 315; *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009).  ARM has articulated no argument to the contrary.  Neither has ARM articulated any prejudice.  Qualcomm's new counterclaims would not "fundamentally alter[] the proceedings," nor "could [they] have been asserted earlier."  *Spartan Concrete Prods., LLC* v. *Argos USVI, Corp.*, 929 F.3d 107, 116 (3d Cir. 2019).  Moreover, this is not a case where there has been a "protracted and unjustified" delay that would prejudice ARM.  *Id*. at 115.  Any delay resulted solely from ARM's concealment of and delay in producing necessary facts.  ARM "may use the legitimate litigation strategies at hand to delay disclosure of [a] document until absolutely necessary, but that delay cannot thereafter form [ARM's] argument for prejudice if it leads to a belated request to amend."  *Mullin* v. *Balicki*, 875 F.3d 140, 157 (3d Cir. 2017).

**In the Alternative, the Court Should Amend the Protective Order.**  To the extent the Court does not grant Qualcomm's motion to amend, Qualcomm respectfully requests that the Court amend Paragraph 34 of the Protective Order (PO) so Qualcomm can use discovery from this litigation to pursue the above-described claims in a separate action.[2]  ARM has not responded to Qualcomm's request for such relief.  (*See* Ex. 6 at 1-2.)  Courts have discretion to modify the terms of a PO upon a showing of good cause.  *See Pansy* v. *Borough of Stroudsburg*, 23 F.3d 772, 790 (3d Cir. 1994).  To establish good cause, the party seeking to modify the protective order "must come forward with a reason to modify the order."  *Arnold* v. *Pa., Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007).  The court then conducts a multifactor balancing test, including whether the information is sought for a legitimate purpose and whether sharing it will promote fairness and efficiency.  *See id*.; *INVISTA N. Am. S.à.r.l.* v. *M & G USA Corp.*, 2014 WL 1908286, at *9 n.14 (D. Del. Apr. 25, 2014).  Qualcomm's desire to vindicate its rights upon discovering additional claims against ARM is a legitimate reason to modify the PO.[3]  Modifying the PO also promotes fairness and efficiency because ARM should not be permitted to use the PO as a shield against Qualcomm's claims.  The remaining balancing test factors are neutral or do not apply.  *See INVISTA*, 2014 WL 1908286, at *9 n.14.

---

2021 WL 6883231, at *4 (D. Del. Feb. 10, 2021) (amendment within 3 months); *Home Semiconductor Corp.* v. *Samsung Electronics Co.*, 2019 WL 2135858, at *5 (D. Del. May 16, 2019) (amendment 3 months after M&C) ("[O]ther courts in the Third Circuit have found diligence when a party has sought leave to amend within three months of learning new information.").

[2] The PO in this case permits parties to use "Confidential" and "Highly Confidential – Attorneys' Eyes Only" discovery materials "only for purposes of this Litigation."  (D.I. 38 ¶¶ 19, 34.)

[3] *See, e.g.*, *VLSI Tech. LLC* v. *Intel Corp.*, No. 18-966-CFC-CJB, D.I. 693 (D. Del. Feb. 3, 2021); *Eddystone Rail Co.* v. *Bridger Logistics, LLC*, 2022 WL 704206, at *2-3 (E.D. Pa. Mar. 9, 2022).

                                        Respectfully,

                                        */s/ Jack B. Blumenfeld*

                                        Jack B. Blumenfeld (#1014)

JBB:lo
Enclosures
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via e-mail)

4