

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Anne Shea Gaza**
P 302.571.6727
agaza@ycst.com

March 25, 2024

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Maryellen Noreika
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:     *Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN

Dear Judge Noreika:

As directed by the Court at the March 7, 2024, hearing (3/7/2024 Tr. at 63:17-20), the parties respectfully submit their positions as to whether their respective claims should be tried to the Court or to a jury.

**Arm**: In its Complaint, Arm demanded a jury trial "of all claims and issues presented in this Complaint that are so triable," based on its claims for trademark infringement and false designation of origin with respect to Arm's trademarks. (D.I. 1 at 18-26, 28.) Arm believed discovery would reveal evidence of unauthorized use by Qualcomm of Arm trademarks in connection with sale of Nuvia-based products, supporting a jury trial on those issues and related damages. While such unauthorized use of the Arm trademarks by Qualcomm is still possible prior to the trial date, particularly given Qualcomm's representation that it will release the relevant products prior to trial, the absence of evidence of such use thus far leaves only the equitable aspects of Arm's trademark infringement and false designation of origin claims, which seek a "judgment and a declaration that advertising, distributing, offering for sale, or selling semiconductor chips with the relevant Nuvia technology and the ARM Marks infringes Arm's trademarks, directly and indirectly" and similar equitable relief regarding false designation of origin. (*Id.* at 26-27.) Arm's breach of contract claim is also equitable, seeking specific performance requiring Defendants to comply with the Nuvia ALA's termination provisions. (*Id.* at 17-18.) While Arm also continues to seek "[a]n award of damages incidental to specific performance as a result of Defendants' breach of contract, in amounts to be proven at trial" (*id.* at 26), this too is an equitable remedy. Accordingly, Arm's claims are not triable by jury as of right and, instead, should be tried to the Court absent agreement by the parties or an order by the Court regarding a jury trial. *See Benach v. Cnty. of Los Angeles*, 149 Cal. App. 4th 836, 846 (2007) ("An action seeking specific performance and/or injunctive relief is, of course, equitable

Young Conaway Stargatt & Taylor, LLP
Hon. Maryellen Noreika
March 25, 2024
Page 2

in nature" and a "prayer for 'incidental monetary damages' is insufficient to convert an equitable action into one at law for which a jury trial is required."); *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 224 (3d Cir. 2009) ("An action for specific performance without a claim for damages is purely equitable and historically has always been tried to the court."); *O'Reilly Auto. Stores, Inc. v. Bearing Techs., Ltd.*, No. 16-3102-CV-S-BP, 2018 WL 4862366, at *1-2 (W.D. Mo. Oct. 8, 2018) ("Most courts … conclude that there is a right to a jury trial in a trademark action when legal damages are sought but not when the only relief sought is equitable in nature, even if the equitable relief involves the payment of money."). Contrary to Qualcomm's assertions below, Arm's position has been consistent with this authority regarding the distinction between legal and incidental damages, which is presumably why Qualcomm expressly "reserve[d] their right to contest ARM's jury demand" in its original Answer filed in October 2022. (D.I. 18 at 55.) Further, Arm's opening expert reports (disclosed in December 2023) made clear that Arm did not yet have a basis to seek legal damages on its trademark claims. Regardless, Arm's claims will be ready for trial by the original trial date of September 23, 2024, consistent with the Court's guidance at the March 7 hearing regarding the continuing possibility of a trial as originally scheduled (3/7/2024 Hr. Tr. at 65:23-66:5), as well as the December 16, 2024, trial date subsequently set by the Court (D.I. 302).

**Defendants**: Arm has vacillated on not only the nature of its requested relief, but also whether it seeks for this case to be tried before a jury or the Court.  The first page of Arm's Complaint states, "Jury Trial Demanded," and it later sets forth Arm's requested damages, which include, but are not limited to: "an award of damages incidental to specific performance" and "[a] judgment in the aggregate amount of (1) Defendants' profits, (2) Arm's actual damages, (3) the costs of this action pursuant to 15 U.S.C. § 1117, and (4) restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants in connection with their semiconductor chips using the relevant Nuvia technology and the ARM Marks, including all pre-judgment and post-judgment interest at the maximum rate permitted by law."  (D.I. 1 at 1, 26-28.)

A year and a half into the litigation, Arm represented to Judge Hatcher that Arm was <u>not</u> demanding a jury trial.  Indeed, when describing how Qualcomm's counterclaims would affect the case, Arm state that "[a]dding these new claims would turn it into a jury trial, and that's a fundamental change of the nature of the proceeding and fundamentally changes the nature and scope of the burden with respect to the parties and particularly with respect to the Court, and that shouldn't occur."  (3/5/2024 Hr. Tr. at 39:3-4.)  Arm's in-court colloquy was the first time Qualcomm learned of Arm's revised demand; the shift was made without any warning to the Court or Qualcomm.  Arm then further changed its position before this Court by stating it does not have a damages claim at this time, but it <u>might</u> have one in the future.  (3/7/2024 Hr. Tr. At 60:10-20.)  In the instant written submission, Arm has pivoted once again to take the position that it does have a damages claim, but that the yet-to-be-defined damages will be limited to only those that are incidental to specific performance, should the Court grant that remedy.

In an effort to understand Arm's damages position, Qualcomm asked Arm, to (1) confirm that it was withdrawing the legal damages aspects of the claims for trademark infringement and false designation of origin and that the only monetary relief Arm is seeking is "incidental damages" in connection with its breach of contract claim; and (2) direct Qualcomm to any discovery Arm has

Young Conaway Stargatt & Taylor, LLP
Hon. Maryellen Noreika
March 25, 2024
Page 3

produced in this case, including but not limited to in response to Qualcomm's Request For Production Number 24, that support Arm's assertion of incidental damages or otherwise define its scope. In response, Arm pivoted yet again by stating that even though it has no evidence that it has been damaged, it is not withdrawing its claim for legal damages. Arm also ignored Qualcomm's request for additional information regarding Arm's purported incidental damages, which are included nowhere in its expert reports.

Because Arm has not withdrawn the legal damages aspects of the trademark infringement and false designation of origin claims—Arm is expressly reserving the right to seek legal damages in addition to its purportedly equitable incidental damages—there are still jury-triable claims on both sides of the case. (D. I. 300 at 83-86.) Given this, Qualcomm is not prepared to consent at this time to Arm's withdrawal of its jury demand. *See Yates* v. *Dann*, 223 F.2d 64, 66 (3d Cir. 1955) ("A demand for trial by jury may not be withdrawn without the consent of parties. Such a demand was made by the plaintiff. It therefore operated as a demand by the defendant also unless withdrawn by his consent, which was not given.") (internal quotation marks and citation omitted); *Drumgo* v. *Dutton*, 2018 WL 1762213, at *3 (D. Del. Apr. 12, 2018) (same). In addition, Qualcomm is reluctant to consent at this time because it is unclear whether there will be a summary judgment phase before a bench trial. Summary judgment is of paramount importance in this case as Qualcomm has arguments that may dispose of or significantly streamline the claims presented.

Respectfully,

*/s/ Anne Shea Gaza*

Anne Shea Gaza (No. 4093)

cc:   All Counsel of Record (via CM/ECF and E-mail)
      Clerk of Court (via CM/ECF)