IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-1146 (MN) |
| v. | ) | |
| | ) | **REDACTED - PUBLIC VERSION** |
| QUALCOMM INC., QUALCOMM | ) | **Original Filing Date: April 19, 2024** |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | **Redacted Filing Date: April 26, 2024** |
| | ) | |
| Defendants. | ) | |

**COUNTERCLAIM-PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION OF
COUNTERCLAIM-DEFENDANT**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Counterclaim-Plaintiffs Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc ("NUVIA") (collectively, "Counterclaim-Plaintiffs" or "Qualcomm") by their undersigned counsel, will take the deposition upon oral examination of Counterclaim-Defendant ARM Ltd. ("ARM"), by the person or persons most knowledgeable about the topics in Schedule 1 attached to this notice. This deposition will commence at 9:00 AM Eastern Time on May 6, 2024 at the law offices of Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064, or at such other place, date, or time as shall be agreed upon by the parties or ordered by the Court.

The deposition shall be taken upon oral examination before a notary public or other person authorized by law to administer oaths and shall be recorded stenographically and by audio or video tape, and will be conducted pursuant to the provisions of the Federal Rules of Civil Procedure for purposes of discovery, trial, and any other use allowed by law. The deposition will continue from day to day until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), ARM shall designate one or more officers, directors, managing agents, employees, or other representatives to testify on its behalf to matters known or reasonably available to ARM regarding the topics listed herein.  Counterclaim Plaintiffs request that ARM provide the name(s) of the deponent(s) and the topic(s) for which each deponent is designated no later than seven (7) days before the deposition.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Counterclaim Plaintiffs*

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000

April 19, 2024

**SCHEDULE 1**

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply.

1.      "Action" means the above-captioned action.

2.      "ALA" means the NUVIA Architecture License Agreement, including all amendments and annexes to any such agreement.

3.      "Concerning" is used in the broadest sense of the term and shall mean concerning, relating to, referring to, in connection with, describing, evidencing, constituting, containing, reflecting, constituting a basis for, commenting upon, mentioning, supporting, modifying, contradicting, disproving or criticizing.

4.      "Counterclaim-Plaintiffs" means, collectively, Counterclaim Plaintiffs Qualcomm Inc., Qualcomm Technologies, Inc., Nuvia, Inc., and their principals, employees, representatives, agents, and officers.

5.      "Counterclaim-Defendant," "ARM," "you," and "your" mean Counterclaim-Defendant ARM Ltd. and its predecessors, successors, affiliates, subsidiaries, parents, assignees, joint venturers, partners, principals, employees, representatives, agents, officers, trustees, directors, attorneys, and all other persons or entities acting or purporting to act on their behalf.

6.      "TLA" means the NUVIA Technology License Agreement, including all amendments and annexes to any such agreement.

7.      "ARM Implementation Core" means any pre-fabricated CPU designed by ARM and offered to customers under a TLA license.

8. "ARM Technology" means any licenses, deliverables, materials, technology, or support provided to licensees under Architecture License Agreements or Technology License Agreements.

9. "NCI-Booker" means the ARM Non-Coherent Interconnect product and any future iterations of such product.

10. "CMN" means the ARM Coherent Mesh Network product.

11. "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.

12. "MMU" means the ARM Memory Management Unit product.

13. "NUVIA Confidential Information" means any documents and/or information as defined by ████████████████████████████████████████████████████.

14. As used in these requests, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" shall mean "any and all"; the word "including" shall mean "including, without limitation," so as to be most inclusive.

## TOPICS

Counterclaim Plaintiffs will take the recorded deposition of ARM by a person or persons designated pursuant to Federal Rule of Civil Procedure 30(b)(6), concerning the following matters:

1. ARM's efforts to comply with ███████████████ of the NUVIA TLA and NUVIA ALA, including but not limited to ARM's efforts to immediately discontinue any use or

distribution of NUVIA Confidential Information after March 1, 2022, to quarantine or destroy all NUVIA Confidential Information, and documents demonstrating ARM's immediate discontinuance of any use of NUVIA Confidential Information after March 1, 2022.

2.      ARM's access to, receipt of, and use of, NUVIA Confidential Information from January 1, 2019 to the present, including under the NUVIA TLA and ALA.

3.      Communications with NUVIA concerning the CMN, NCI-Booker, and/or MMU products.

4.      Uses of NUVIA Confidential Information received by ARM under the NUVIA TLA and ALA, including the incorporation of such information into any ARM products, including but not limited to, any ARM Implementation Core, CMN, NCI-Booker, and/or MMU products.

5.      The development process of the CMN, NCI-Booker, and/or MMU products, including improvements to any version of the CMN, NCI-Booker, or MMU products since September 27, 2019, including but not limited to improvements to functionality, efficiency, and/or performance and including the purpose and origination of the improvement.

6.      The implementation of features or modifications requested by NUVIA in any products distributed by ARM to the public or to ARM's business partners other than NUVIA.

7.      The process by which ARM incorporated NUVIA Confidential Information into any ARM products, including but not limited to, any ARM Implementation Core, CMN, NCI-Booker, and/or MMU products.

8.      The use of NUVIA Confidential Information in the design or development process of any ARM Implementation Cores.

9.     ARM's treatment of "input" as defined, for example, by ████████ ████████████████ and/or ████████████████████████████, in its regular course of dealing with any licensees, including but not limited to Counterclaim Plaintiffs.

10.     ARM's treatment of "input" as referenced, for example, in ████████ ████████ and/or ████████████████ in its regular course of business.

11.     ARM's treatment of "Development Releases," as defined, for example, by ████████████████████ and/or ████████████ ████████, in its regular course of dealing with any licensees, including but not limited to Counterclaim Plaintiffs.

12.     ARM's treatment of "████████████████████████ ████████" as referenced, for example, in ████████████████ and/or ████████████████████ in its regular course of business.

13.     The development and release process of ████████ and any other version of the CMN product, including dates for the LAC, EAC, and REL releases.

14.     The amendment to Annex 1 of the NUVIA TLA that updated ████████ to ████████, including the facts and circumstances surrounding such update.

15.     Source code, changelogs, commit logs, and JIRAs produced by ARM for the CMN, NCI-Booker, and/or MMU products.

16.     The facts and circumstances relating to the factual statements contained in ARM's Answer to Counterclaim-Plaintiff's Second Amended Counterclaims, including ARM's statements in Paragraph 236 of ARM's Answer to Counterclaim-Plaintiff's Second Amended

Counterclaims that ARM "sent Qualcomm a letter on April 29, 2022," in ARM's Second Defense that Defendants "have waived any claim that Arm's implementation of Nuvia's requests for certain features in Arm's Coherent Mesh Network ('CMN') fabric is improper or in violation of the Nuvia ALA or TLA," and in ARM's Fourth Defense that "[t]he CMN features implemented and delivered by Arm do not constitute Licensee Confidential Information, in part because Arm developed those features without the use of Nuvia Technology or NUVIA's code," and each factual statement ARM makes regarding specific documents in its Answer.

17.     ARM's license fee, royalty rate, sales, revenue, variable costs and/or profits for each version of the CMN, NCI-Booker, or MMU products released from January 1, 2017 through the present.

18.     Sales of any version of the CMN, NCI-Booker, or MMU products from January 1, 2017 through the present, including the ARM customer(s) making the purchase, the version and item purchased, the price of the product purchased, and the date of the purchase.

19.     ARM's forecasted license fee, royalty rate, sales, revenue, variable costs and/or profits for each version of the CMN, NCI-Booker, or MMU products released from January 1, 2017 through the present.

20.     ARM"s research and development activities and costs incurred to develop any version of the CMN, NCI-Booker or MMU products from January 1, 2017 through the present.

21.     ARM research and development timelines for all features included in or related to any version of the CMN, NCI-Booker or MMU products from January 1, 2017 through the present.

22.     Licenses of any version of the CMN, NCI-Booker or MMU products from January 1, 2017 through the present to ARM customers.  Relevant examples may include, but are

not limited to, 

23.     Licenses to technologies found in any version of the CMN, NCI-Booker or MMU products from January 1, 2017 through the present, where ARM is the licensor.

24.     Negotiation and terms of all licenses relevant to CMN, NCI-Booker or MMU products where ARM is the licensor or licensee, including knowledge of how the license fees and royalty rates were determined.

25.     Marketing and external communications regarding the benefits and features of CMN, NCI-Booker or MMU products from January 1, 2017 through the present.

26.     Customer surveys, research, and/or feedback related to any features of the CMN, NCI-Booker or MMU products from January 1, 2017 through the present.

27.     Features and benefits of CMN, NCI-Booker or MMU products for any and all versions from January 1, 2017 through the present including incremental benefits of each version.

28.     Factors that ARM considers or has considered when determining the pricing for CMN, NCI-Booker or MMU products from January 1, 2017 through the present.

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 19, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Anne Shea Gaza, Esquire<br>Robert M. Vrana, Esquire<br>Samantha G. Wilson, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Joyce Liou, Esquire<br>Lydia Davenport, Esquire<br>Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Olson, Esquire<br>MORRISON & FOERSTER LLP<br>755 Page Mill Road<br>Palo Alto, CA  94304<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Scott F. Llewellyn, Esquire<br>Sarah E. Brickey, Esquire<br>MORRISON & FOERSTER LLP<br>4200 Republic Plaza<br>370 Seventeenth Street<br>Denver, CO  80202-5638<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

Daniel P. Muino, Esquire                          *VIA ELECTRONIC MAIL*
Reebehl G. El-Hage, Esquire
David Nathaniel Tan, Esquire
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, D.C.  20037
*Attorneys for Plaintiff*

Nicholas Rylan Fung, Esquire                       *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
*Attorneys for Plaintiff*

Kyle W.K. Mooney, Esquire                          *VIA ELECTRONIC MAIL*
Kyle D. Friedland, Esquire
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
*Attorneys for Plaintiff*

Michael J. DeStefano, Esquire                      *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
600 Brickell Avenue, Suite 1560
Miami, FL  33131
*Attorneys for Plaintiff*


*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)