# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jennifer Ying**
(302) 351-9243
(302) 225-2570 FAX
jying@morrisnichols.com

August 19, 2024

The Honorable Maryellen Noreika                     *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3555

Re:   <u>*Arm Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146 (MN)</u>

Dear Judge Noreika:

I write on behalf of the parties pursuant to the Court's Order instructing the parties to explain "why any part of [their discovery communications] meet the standard as set forth in *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) and should remain under seal." D.I. 447.

### ARM's Statement:

Arm respectfully requests that the Court maintain under seal (1) information relating to Arm's Technology License Agreement ("TLA") with Nuvia, and (2) the identity of third-party licensees with Arm China.

Pages 3, 10-14 of Tab 24 in D.I. 446, pages 2 and 7 of Tab 26 in D.I. 446, page 1 of Tab 27 in D.I. 446, and pages 5 and 6 of Tab 41 in D.I. 446, describe the contents of certain provisions in Arm's TLA and ALA with Nuvia. Specifically, the highlighted portions describe the contents of Nuvia's TLA and ALA that concern rights specific to Nuvia. Arm has previously sought sealing of similar confidential information concerning Arm's license agreements with Nuvia.  (*See* D.I. 311, 312; *see also* D.I. 321 (granting sealing request).)  Arm considers this information to be confidential, and the license agreements also include confidentiality provisions whereby Arm and its partners contractually agreed to maintain the confidentiality of the information.  (*See* D.I. 312, ¶ 5.)

Disclosure of the highlighted portions of the above documents could allow Arm's competitors to gain an unfair competitive advantage and thereby harm Arm's competitive standing

The Honorable Maryellen Noreika
August 19, 2024
Page 2

by providing them insight into the specific rights granted to Arm's TLA partners. (*See* D.I. 312, ¶ 6.) For example, disclosure of this information could provide Arm's competitors with information that they would otherwise not know, putting Arm at a disadvantage in future licensing negotiations. (*Id.*)

Pages 2 and 3 of Tab 17 of D.I. 446, disclose the identities of certain third parties who have an architecture license agreement with Arm China. These third parties have not made an appearance in this lawsuit. Arm has previously sought sealing of similar confidential information concerning Arm's license agreements with third parties. (*See* D.I. 166, 167; *see also* D.I. 181 (Judge Hatcher granting Arm's sealing request).) Arm considers this information to be confidential, and Arm understands that the license agreements at issue also include confidentiality provisions whereby Arm China and its partner contractually agreed to maintain the confidentiality of the information.

Disclosure of the highlighted portions of the above documents could allow Arm's competitors to gain an unfair competitive advantage and thereby harm Arm's competitive standing by providing them insight into the number of entities that are granted an ALA and the identity of the ALA licensees. (*See* D.I. 167, ¶ 4.) For example, disclosure of this information could provide Arm's competitors with information that they would otherwise not know, putting Arm at a disadvantage in future licensing negotiations. (*Id.*)

As set forth above, and in prior filings, the information described above is "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

At the Court's direction, Arm is prepared to file under seal versions of the documents in which Arm's proposed redactions are highlighted for ease of review.

**Qualcomm's Statement:**

Qualcomm understands that the party communications submitted for purposes of the pending discovery disputes are subject to the good cause standard set forth in *Avandia*. 924 F.3d at 671; *Golo, LLC* v. *Goli Nutrition Inc.*, 2023 WL 4979987, at *1-2 (D. Del. June 15, 2023) (citing *Leucadia, Inc.* v. *Applied Extrusion Techs., Inc.*, 998 F.2d 157 (3d Cir. 1993)); *Genetech, Inc.* v. *Amgen, Inc.*, 2020 WL 9432700, at *3 (D. Del. Sept. 2, 2020) (same), *report and recommendation adopted*, 2020 WL 9432702 (D. Del. Oct. 1, 2020). As the Third Circuit has recognized, there is "no such right" of public access "to discovery motions and their supporting documents." *Leucadia*, 998 F.2d at 165.

Qualcomm respectfully submits that certain discovery communications submitted contain Qualcomm's highly confidential information that was produced under the "Highly Confidential – Attorneys' Eyes Only" designation and subject to the Protective Order entered in this litigation. For example, there are references to Qualcomm products under development not yet publicly available and codenames for same (*e.g.*, Ex. 16 at 5, 11, 21-23); identification and functionality of

The Honorable Maryellen Noreika
August 19, 2024
Page 3

confidential technical product features (*e.g.*, Ex. 32 at 1-3; Ex. 39 at 8-9; Ex. 42 at 5-6; Ex. 44 at 8; Ex. 46 at 7-8); and references and quotations from confidential license agreements between the parties (*e.g.*, Ex. 24 at 9, 11-12).

Courts routinely recognize that confidential commercial information is the type of information that should be protected from public disclosure. *See Leucadia*, 998 F.2d at 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *see also Publicker Indus., Inc.* v. *Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (recognizing that "protection of a party's interest in confidential commercial information" is an exception to the right of public access). Here, the disclosure of such confidential technical and business information would render it available to Qualcomm's competitors and would cause Qualcomm competitive harm and disadvantage Qualcomm. Consistent with the Court's practice and the local rules, Qualcomm intends to redact in the public filing only those limited portions of the filing that contain the highly confidential information discussed above.

\* \* \*

Counsel is available should the Court have any questions.

Respectfully,

*/s/ Jennifer Ying*

Jennifer Ying (#5550)

JY:lo
cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via CM/ECF and e-mail)