IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation,<br><br>　　　　Defendants. | C.A. No. 22-1146-MN<br><br>**REDACTED - PUBLIC VERSION**<br>**(Filed August 28, 2024)** |

**ARM LTD'S RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR OPPOSITION TO ARM'S <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

I.     ARM DID NOT IMPROPERLY DELAY IN TERMINATING THE NUVIA ALA

<u>Response to No. 1</u>: Disputed; the quote mischaracterizes the context of the January 27, 2021, correspondence, which continues: ███████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

<u>Response to No. 2</u>: Disputed to the extent this paragraph implies that Arm had not made clear its intent to terminate absent agreement. Arm had repeatedly expressed that intent since early in the parties' negotiations. (*See* D.I. 421, Ex. 4; *see also* D.I. 374, Ex. 16; *id.* Ex. 18; *id.* Ex. 28.)

<u>Response to No. 3</u>: Disputed; mischaracterizes the parties' dispute, which involved a fundamental disagreement over the parties' contractual relationship. (*See* D.I. 425-1, Exs. 27-30.) And Arm did not ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ Qualcomm wanted ████████████████ (*Id.*)

II.    NUVIA'S RTL IS ARM CONFIDENTIAL INFORMATION UNDER THE ALA

<u>Response to No. 4</u>: Admitted.

<u>Response to No. 5</u>: Disputed as to the statement that ██████████████████████

█████████████ The extrinsic evidence shows that Arm accommodated a request by Nuvia to ███████████, and nothing in contemporaneous correspondence indicates the

████████████████████████████████████████████████████

████████████████████████████████. (*See* D.I. 425-1, Ex. 14.)

<u>Response to No. 6</u>: Admitted.

<u>Response to No. 7</u>: Admitted, subject to the caveat stated in the Arm Architecture Reference

Manual that "[n]o license, express or implied, by estoppel or otherwise to any intellectual property rights is granted by this document unless specifically stated." (D.I. 393, Ex. 26 at ARM_01324150.)

Response to No. 8:  Admitted that this statement is included in the Arm ARM, subject to the Arm ARM's caveat that "[n]o license, express or implied, by estoppel or otherwise to any intellectual property rights is granted by this document unless specifically stated." (D.I. 393, Ex. 26 at ARM_01324150.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (D.I. 374, Ex. 23 at 24-25; *id.* Ex. 5 at 29:6-18; *id.* Ex. 32 at 71:24-72:14, 157:3-13; *id.* Ex. 22 at 106:7-107:24.)

Response to No. 9: Disputed, because these quotes mischaracterize the use Nuvia engineers made of the Arm Architecture to develop an ▮▮▮▮▮▮▮ (D.I. 374, Ex. 23 at 24-25; *id.* Ex. 5 at 29:6-18; *id.* Ex. 32 at 71:24-72:14, 157:3-13; *id.* Ex. 22 at 106:7-107:24 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮))

Response to No. 10: Disputed because the ISA contributes to decisions made during design of a CPU microarchitecture. (D.I. 383, Ex. 1 ¶ 87; Ex. 1[1] ¶¶ 18, 30, 45.)

Response to No. 11: Disputed because the ISA contributes to the design choices and technical innovations. (D.I. 383, Ex. 1 ¶ 87; Ex. 1 ¶¶ 18, 30, 42, 45.)

Response to No. 12:  Admitted as to a completed ▮▮▮▮▮▮▮▮▮▮▮▮ but an unfinished or pre-verification ▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 374, Ex. 9 § 1.8; *id.* Ex. 5 at 29:6-18; *id.* Ex. 32 at 71:24-72:14, 157:3-13; *id.* Ex. 22 at 106:7-107:24.)

Response to No. 13:  Admitted as to a completed ▮▮▮▮▮▮▮▮▮▮▮▮ but an

---

[1] All cites of the form Ex. [X] are to the Declaration of Michael DeStefano in Support of Arm Ltd's Response to Defendants' Concise Statement of Undisputed Material Facts in Support of Their Opposition to Arm's Motion for Partial Summary Judgment, filed herewith.

unfinished or pre-verification ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 374, Ex. 9 § 1.8; *id.* Ex. 5 at 29:6-18; *id.* Ex. 32 at 71:24-72:14, 157:3-13; *id.* Ex. 22 at 106:7-107:24.)

Response to No. 14:  Admitted.

Response to No. 15:  Disputed as Nuvia possessed products, RTL code, and designs due to its development of an ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (D.I. 374, Ex. 9 §§ 1.8, 15.1; *id.* Ex. 5 at 29:6-18; *id.* Ex. 22 at 252:6-24, 254:25-255:11; *id.* Ex. 11 at 73:19-75:14; *id.* Ex. 34 at 13:22-14:3, 20:16-25, 21:6-7.)

Response to No. 16:  Disputed, because Qualcomm's cores are based on code that Nuvia developed prior to Qualcomm's acquisition of Nuvia. (D.I. 374, Ex. 23 at 14-15; *id.* Ex. 24; *id.* Ex. 22 at 252:20-24, 254:25-255:11; *id.* Ex. 11 at 73:12-75:14.)

### III.    QUALCOMM ADDED ARM OPCODES AND REGISTER DEFINITIONS TO THE NUVIA CODE IN ITS CORES POST-ACQUISITION

Response to No. 17:  Disputed. *See* Response to No. 16.

Response to No. 18:  Disputed. *See* Response to No. 16.

Response to No. 19:  Disputed. *See* Response to No. 16.

### IV.    ARM DID NOT CONTINUE USING NUVIA CONFIDENTIAL INFORMATION AFTER IT TERMINATED THE NUVIA ALA

Response to No. 20: Disputed, because this quotation does not provide the full definition of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮ of the 2020 TLA Annex states:



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of the 2020 TLA Annex further states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3



Response to No. 21: Admitted.

Response to No. 22: Admitted, but thereafter Nuvia elected to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (D.I. 425-1, Ex. 46 ▓▓▓ id. Ex. 47 ▓▓▓.)

Response to No. 23: Disputed, because Nuvia also licensed ▓▓▓▓▓▓▓▓▓▓▓ which was Development Release only. (D.I. 425-1, Ex. 47 ▓▓▓)

Response to No. 24: Disputed, because this paragraph is imprecise and vague as to which features were in fact implemented into CMN based solely on Nuvia feature requests, which were limited to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (D.I. 386, Ex. 30 ¶¶ 48, 51-115.)

Response to No. 25: Disputed, because this is not one of the relevant features requested solely by Nuvia, and Defendants cite only testimony from a Nuvia deponent. (*See* D.I. 374, Ex. 23.)

Response to No. 26: Disputed, because the ▓▓▓▓▓▓▓ generated by Arm was not a use of Nuvia Confidential Information. (D.I. 374, Ex. 24; *id.* Ex. 40; *id.* Ex. 41; *id.* Exs. 49-52.)

Response to No. 27: Admitted.

Dated: August 21, 2024

OF COUNSEL:

Daralyn J. Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Blvd.
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 21, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Isaac B. Zaur
Nora Niedzielski-Eichner
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, NY 10001
izaur@cgr-law.com
nniedzie@cgr-law.com

Catherine Nyarady
Anna R. Gressel
Jacob A. Braly
Alexander M. Butwin
Samantha Mehring
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com
jbraly@paulweiss.com
abutwin@paulweiss.com
smehring@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Anna P. Lipin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com
alipin@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

2