IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., a U.K. corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation,<br><br>　　　　　Defendants. | C.A. No. 22-1146-MN<br><br>**REDACTED - PUBLIC VERSION**<br>**(Filed August 28, 2024)** |

**ARM LTD'S REPLY BRIEF IN SUPPORT OF ITS MOTIONS TO EXCLUDE AND STRIKE CERTAIN EXPERT OPINIONS AND TESTIMONY OF MURALI ANNAVARAM, PATRICK KENNEDY, JOHN COATES, AND JOEL STECKEL**

OF COUNSEL:

Daralyn Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Daniel P. Muino
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, D.C. 20037
(202) 887-1501
dmuino@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Blvd.
Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

Dated: August 21, 2024

## TABLE OF CONTENTS

Page

I. ARGUMENT ................................................................................................................... 1

    A. This Court Should Exclude Dr. Annavaram's Opinions ...................................... 1

        1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Legal Opinions............................ 1

        2. Swap Out Legal Opinions................................................................... 2

        3. Dr. Annavaram's Untimely Decoder Opinions .......................................... 2

    B. The Court Should Exclude Dr. Kennedy's Opinions............................................. 4

        1. Opinions That Rely on Rule 408 Settlement Negotiations........................ 4

        2. Counterclaim Opinions Relating to CMN ...................................... 6

    C. The Court Should Exclude Mr. Coates's Opinions ............................................... 6

        1. Mr. Coates's Lack of IP Licensing Expertise ............................................ 6

        2. Mr. Coates's Legal Opinions ..................................................................... 7

    D. The Court Should Exclude Dr. Steckel's Opinions ............................................... 9

        1. Dr. Steckel's Legal Opinions..................................................................... 9

        2. Dr. Steckel's Opinions Regarding Sufficiency and Credibility................. 9

        3. Steckel's Fair Use Opinions..................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*,
  56 F.3d 521 (3d Cir. 1995)..................................................................................................4

*Allscripts Healthcare, LLC v. Ando Health, LLC*,
  C.A. No. 21-704-MAK, 2022 WL 3021560 (D. Del. July 29, 2022)..............................1, 2, 8

*Am. Standard Inc. v. Pfizer Inc.*,
  722 F. Supp. 86 (D. Del. 1989)...........................................................................................5

*Am. Strategic Ins. Corp. v. Michael W. Lohman LLC*,
  C.A. No. 22-02837-WB, 2023 WL 5831847 (E.D. Pa. Sep. 8, 2023)......................................7

*Coakley & Williams Constr., Inc. v. Structural Concrete Equip., Inc.*,
  973 F.2d 349 (4th Cir. 1992) ...............................................................................................5

*FTC v. Simple Health Plans LLC*,
  C.A. No. 18-62593, 2021 WL 810262 (S.D. Fla. Mar. 3, 2021)..............................................8

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  C.A. No. 18-452-WCB, 2021 WL 12160836 (D. Del. Oct. 22, 2021) ......................................6

*In re Lamictal Direct Purchaser Antitrust Litig.*,
  No. 12-995, 2022 WL 190651 (D.N.J. Jan. 21, 2022)............................................................2

*McConn v. Dollar Gen. Corp.*,
  No. 2:21-CV-01177-MJH, 2022 WL 17750490 (W.D. Pa. Dec. 19, 2022) ..............................7

*Orzel v. City of Wauwatosa Fire Dep't*,
  697 F.2d 743 (7th Cir. 1983) ...............................................................................................5

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994)...............................................................................................6, 9

*Personal Audio, LLC v. Google LLC*,
  C.A. No. 17-1751-CFC-CJB, 2021 WL 765763 (D. Del. Feb. 19, 2021) ................................3

*Purewick Corp. v. Sage Products, LLC*,
  C.A. No. 19-1508-MN, D.I. 178 (June 24, 2021)..................................................................3

*Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*,
  756 F. Supp. 2d 598 (D. Del. 2010).....................................................................................2

*Romano v. John Hancock Life Ins. Co. (USA)*,
    No. 19-21147-CIV, 2022 WL 1447733 (S.D. Fla. May 9, 2022)..................................................9

*Shire ViroPharma Inc. v. CSL Behring LLC*,
    C.A. No. 17-414-MSG, 2021 WL 1227097 (D. Del. Mar. 31, 2021) ........................................7

*Sultan v. AIG Cas. Ins.*,
    No. 20-935, 2023 WL 3060767 (E.D. Pa. Apr. 24, 2023).........................................................3

*T.N. Inc., Ltd. v. Fid. Nat'l Info. Servs., Inc.*,
    C.A. No. 18-5552, 2021 WL 5980048 (E.D. Pa. Dec. 17, 2021) ..............................................9

*TQ Delta, LLC v. 2Wire, Inc.*,
    373 F. Supp. 3d 509 (D. Del. 2019)..........................................................................................8

*Trustid, Inc. v. Next Caller Inc.*,
    C.A. No. 18-172-MN, 2021 WL 3015280 (D. Del. July 6, 2021)............................................4

*Wm. Wrigley Jr. Co. v. Swerve IP, LLC*,
    900 F. Supp. 2d 794 (N.D. Ill. 2012) ........................................................................................5

*Wright v. Elton Corp.*,
    C.A. No. 17-286-JFB, 2022 WL 1091280 (D. Del. Apr. 12, 2022) ..........................................8

**Other Authorities**

Fed. R. Evid. 408 ........................................................................................................................4, 5, 6

Qualcomm's experts' opinions should be excluded because they invade the role of the Court and trier of fact, rely on inadmissible evidence, are unreliable, are legal opinions, and/or are not helpful to the trier of fact.

## I.   ARGUMENT

### A.   This Court Should Exclude Dr. Annavaram's Opinions

#### 1.   Architecture Compliant Core ("ACC") Legal Opinions

Qualcomm concedes that Dr. Annavaram cannot "expand on [a contract's] legal meaning." (D.I. 426 ("Opp.") at 2.) But Dr. Annavaram does just that in opining (1) what constitutes an ▮ under the Nuvia ALA, and (2) whether Qualcomm's work was performed "under" an ALA. (*See* D.I. 379 at 7-9.) These opinions should be excluded.

*First*, Qualcomm does not contest that Dr. Annavaram's opinions in paragraphs 16-18 and 81 of his Rebuttal Report—that neither the Nuvia CPU design nor any Qualcomm Core is an ▮ *under the Nuvia ALA*—are legal opinions that should be excluded. (*See* D.I. 379 at 6-8.)

*Second*, Qualcomm's argument that paragraphs 15, 91, 145, 252, 284, 304, and 318 of Dr. Annavaram's Rebuttal Report are not legal opinions fails. (Opp. at 2-5.) Dr. Annavaram's opinion regarding what constitutes an ▮ *under the Nuvia ALA* should be excluded as an improper legal opinion consistent with *Allscripts*. (D.I. 379 at 7 (citing *Allscripts Healthcare, LLC v. Ando Health, LLC*, C.A. No. 21-704-MAK, 2022 WL 3021560, at *44 (D. Del. July 29, 2022) (excluding statement that actions were permitted "*[u]nder the Marketing Services Agreement*" (emphasis added))) (citation omitted).) Qualcomm does not address *Allscripts*. Its concession that Dr. Annavaram's opinions "reflect his awareness" about "work done 'under' a particular ALA" confirms that they are legal opinions. (Opp. at 5.)

Qualcomm contends that Dr. Annavaram was merely "informed by counsel of certain contractual requirements." (*Id.* at 2.) Dr. Annavaram, however, does not merely recite

-1-

information from counsel. Instead, he concludes that the "███████ Design . . . was not an [███ *under* the Nuvia ALA." (*See* D.I. 379 at 7, 8 (emphasis added).) Qualcomm argues that Dr. Annavaram "merely 'applied the definition' of [███ . . . ." (Opp. at 2 (citing *Roche Diagnostics Operations, Inc. v. Abbott Diabetes Care*, 756 F. Supp. 2d 598, 606 (D. Del. 2010)).) But unlike *Roche*, where the testimony concerned whether information was "already known," *Roche* at 606, Dr. Annavaram opined on whether conduct fell "under the Nuvia ALA" (D.I. 379 at 6-8), an impermissible legal opinion. *Allscripts*, 2022 WL 3021560 at *44.

### 2. Swap Out Legal Opinions

Qualcomm contends that Dr. Annavaram was "not providing a legal opinion as to which [contract] governs" the downloaded technology. (Opp. at 5.) If true, then he should be precluded from offering any opinion on whether conduct is covered *under a particular contract*.

The Court should also preclude Dr. Annavaram's legal opinions regarding the Swap Out. (*See* D.I. 379 at 10.) Qualcomm does not deny that Dr. Annavaram opined that certain RTL code was downloaded *under the Nuvia license* and other code was downloaded *under the Qualcomm license*. These are legal opinions under *Allscripts*. 2022 WL 3021560 at *44.

Qualcomm alleges that "Annavaram is not providing a legal opinion as to which ALA *governs*," but then contends that "[h]e is *identifying* the license under which the technology was downloaded." (*Id.* (emphases added).) Identifying the license that purportedly covers certain conduct necessarily involves a legal opinion as to the scope of that license.

### 3. Dr. Annavaram's Untimely Decoder Opinions

Qualcomm concedes that the decoder opinions were disclosed for the first time in a reply report, but contends that Dr. Colwell's rebuttal report opined on certain omissions by Dr. Annavaram and "opened the door" for the decoder opinions. (*Id.* at 6, 7.) Qualcomm provides no authority to support its position that these "omission" opinions "opened the door."

-2-

*Contra In re Lamictal Direct Purchaser Antitrust Litig.*, No. 12-995, 2022 WL 190651, at *2 (D.N.J. Jan. 21, 2022) (supplementation not allowed "to correct failures of omission"). Qualcomm cites to *Personal Audio, LLC v. Google LLC*, but that case did not involve "opening the door." C.A. No. 17-1751-CFC-CJB, 2021 WL 765763, at *4 (D. Del. Feb. 19, 2021).

Qualcomm contends that a *Daubert* motion is not the proper vehicle for untimeliness arguments. (Opp. at 7.) But this Court has suggested that motions to strike should count toward the page limits for *Daubert* motions. *See Purewick Corp. v. Sage Products, LLC*, C.A. No. 19-1508-MN, D.I. 178 at 4 (June 24, 2021) ("I am not really sure whether this is properly a motion to strike or an early *Daubert* motion . . . I'll say that Plaintiff will have three fewer pages for its Daubert or combined *Daubert* / summary judgment motions than the limits."). Qualcomm does not contest that *Pennypack* applies to Arm's untimeliness arguments. (D.I. 379 at 11-15.)

All *Pennypack* factors weigh in favor of exclusion. Dr. Annavaram's untimely opinions are prejudicial to Arm, and Arm cannot cure the prejudice without disrupting the case schedule. (D.I. 379 at 12, 13.) Qualcomm provides no basis for its argument that "Arm has made no showing of prejudice" (Opp. at 8; *contra* D.I. 379 at 12-13) and provides no authority for its contention that Arm failed to show "sufficient prejudice." (Opp. at 8; *contra* D.I. 379 at 12-13.)

Qualcomm is incorrect that Arm never raised this issue previously or attempted to cure. (Opp. at 7-8.) Arm timely brought its motion at the proper junction—during motions to exclude—instead of waiting for the "last possible time." *Contra Sultan v. AIG Cas. Ins.*, No. 20-935, 2023 WL 3060767, at *2 (E.D. Pa. Apr. 24, 2023). Arm also informed Qualcomm in June 2024 that it would move to strike these opinions. (D.I. 415, Ex. 4 at 249:7-250:14.)

Dr. Annavaram's untimely opinions were made in bad faith, as Qualcomm delayed disclosing his opinions until his reply report, leaving Arm's experts unable to respond. (D.I. 379

at 13, 14.) Qualcomm does not dispute that it only disclosed the code Dr. Annavaram relied on just two days before his deposition. (D.I. 379 at 13, 14.)

Qualcomm's cited authority is inapplicable. Arm did not delay. *Contra Trustid, Inc. v. Next Caller Inc.*, C.A. No. 18-172-MN, 2021 WL 3015280 (D. Del. July 6, 2021). Arm moved to strike within two weeks of Dr. Annavaram's deposition, when Qualcomm introduced the undisclosed code. The decoder opinions are also not important, because "the decoder is just one piece of a fairly large machine" and does not change the principal opinions of either side's technical experts. (D.I. 379 at 14.)

### B. The Court Should Exclude Dr. Kennedy's Opinions

#### 1. Opinions That Rely on Rule 408 Settlement Negotiations

Qualcomm argues that the Court should limit its consideration to seven documents, because the additional documents that Arm seeks to exclude purportedly "do not relate to any negotiation or settlement discussions." (Opp. at 10.) But the "royalty models and calculations" that Qualcomm claims are "non-settlement documents" (*id.*) were prepared by Arm to assist in settlement discussions. (*See, e.g.*, D.I. 427-1, ███████ ██████ ████████ ████████████████████████████████████████████████████ ████████████████████████████████████) Dr. Kennedy, moreover, admits that certain of these documents were related to Arm's negotiations with Qualcomm. (*See* D.I. 388, Ex. 8 ¶¶ 71, 72, 84.) Because these documents relate to Arm's settlement discussions, they are protected by Rule 408. *See Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 530 (3d Cir. 1995) (Rule 408 protects memo prepared for compromise negotiations).

Qualcomm's sole support for excluding documents is Arm's May 5, 2021 email, agreeing that designating a document as "Confidential Settlement Communications – FRE 408" would make it subject to FRE 408. (Opp. at 10-11 (citing D.I. 427-1, Ex. 11).) But nothing in Arm's

email suggests that the failure to include that label precludes application of FRE 408's protections.

Qualcomm's contention that Dr. Kennedy's use of settlement negotiations is permitted because he does not use them to prove liability or value (Opp. at 11) ignores that his opinions relate to *the valuation* of Qualcomm's breach. Dr. Kennedy opined that "Arm internally calculated the amount that it sought from Qualcomm as part of the acquisition and engaged in commercial negotiations with Qualcomm where Arm sought payment from Qualcomm." (D.I. 388, Ex. 8 ¶ 35; *see also id.* at ¶ 158 ("Arm already specifically quantified the compensation it sought from Qualcomm.").) FRE 408 excludes this use.

Qualcomm's cited cases do not support the admissibility of settlement communications to show that damages are calculable in response to claims for equitable relief. *See Am. Standard Inc. v. Pfizer Inc.*, 722 F. Supp. 86, 136 n.55 (D. Del. 1989) (settlement agreement and consent judgment admissible "solely for the purpose of proving commercial success" for patent invalidity); *Orzel v. City of Wauwatosa Fire Dep't*, 697 F.2d 743, 757 n.26 (7th Cir. 1983) (offer to reinstate plaintiff admissible in employment suit to show mitigation of damages); *Coakley & Williams Constr., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 353-354 (4th Cir. 1992) (settlement offer considered only "as evidence of the parties' intent" for prior settlement to bar claims). Instead, "it would better serve the purpose of the Rule to exclude this evidence than to allow any settlement talks involving financial consideration to undermine a claim for injunctive relief." *See Wm. Wrigley Jr. Co. v. Swerve IP, LLC*, 900 F. Supp. 2d 794, 803 (N.D. Ill. 2012) (use of settlement demands to rebut presumption of irreparable harm barred by Rule 408).

Qualcomm contends that Mr. Schoettelkotte relied on similar communications and cites to a footnote within the "Background" section of his report. (Opp. at 11-12.) Unlike

Dr. Kennedy, however, Mr. Schoettelkotte cited to these communications solely for the purpose of establishing as factual background that "Arm and Qualcomm engaged in negotiations to try to resolve their dispute." (D.I. 383, Ex. 4 ¶ 59.) Mr. Schoettelkotte did not discuss the communications further or rely on them for his remedies opinion. Mr. Schoettelkotte's reply report made clear that such settlement documents "are irrelevant," and he responded to Dr. Kennedy's FRE 408-related opinions only to the extent that the Court allows Dr. Kennedy's opinions. (D.I. 392, Ex. 16 ¶¶ 39-41.)

### 2. Counterclaim Opinions Relating to CMN

Qualcomm contends that Dr. Kennedy did not conduct the required analysis because "Arm refused to produce the necessary documents." (Opp. at 12.) But Qualcomm assumes that additional financial information exists despite no evidence suggesting so. (*See, e.g.*, Fung Reply Decl., Ex. 1 at 3-4.) Dr. Kennedy simply chose to ignore the information that Arm produced. As Mr. Schoettelkotte explained, Dr. Kennedy could have considered the value that Arm attributed to CMN-Rhodes in the Nuvia TLA but chose not to. (*See* Fung Reply Decl., Ex. 2 ¶ 46.)

Qualcomm's cited cases do not suggest, let alone hold, that an expert can forgo providing a damages opinion based on a party's speculation that additional documents might exist. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2021 WL 12160836, at *3 n.2 (D. Del. Oct. 22, 2021) (addressing motion to compel interrogatory seeking information and documents related to plaintiff's damages theory); *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994) (rejecting argument that only prima facie showing of reliability needed for expert testimony and instead requiring that reliability be shown by a preponderance of evidence).

### C. The Court Should Exclude Mr. Coates's Opinions

#### 1. Mr. Coates's Lack of IP Licensing Expertise

Qualcomm wrongly contends that Mr. Coates is qualified because he has taught

negotiation theory "as a component of courses" at Harvard Law School and was involved in "negotiating various types of contracts in more than 50 large completed mergers" more than 25 years ago. (Opp. at 13.) Qualcomm ignores that the relevant contracts here relate to IP licenses, not mergers. M&A transactions and SEC regulations are different subject matter from IP licensing, which Qualcomm does not dispute. And Qualcomm does not dispute that Mr. Coates lacks expertise in IP licensing. (Opp. at 13-14; D.I. 379 at 18.) Mr. Coates's tangential experience with negotiation theory does not provide him with the requisite expertise. *See Shire ViroPharma Inc. v. CSL Behring LLC*, C.A. No. 17-414-MSG, 2021 WL 1227097, at *3 (D. Del. Mar. 31, 2021) (Expertise not determined by qualifications "in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.").

Qualcomm contends that Mr. Coates's experience has "component[s]" or "elements" of negotiation theory. (Opp. at 13.) Again, this is insufficient. Mr. Coates's CV and deposition testimony confirm his lack of requisite knowledge and experience in IP licensing and negotiation theory. *See McConn v. Dollar Gen. Corp.*, No. 2:21-CV-01177-MJH, 2022 WL 17750490, at *3 (W.D. Pa. Dec. 19, 2022) (excluding expert lacking retail safety experience despite knowledge in some aspects of safety); *Am. Strategic Ins. Corp. v. Michael W. Lohman LLC*, C.A. No. 22-02837-WB, 2023 WL 5831847, at *3 (E.D. Pa. Sep. 8, 2023) (excluding electrical engineer where engineer admitted that he was not a fire investigation expert).

### 2. Mr. Coates's Legal Opinions

Qualcomm contends that "all Coates does is note his understanding that many of Subramanian's opinions are impermissible legal opinions." (Opp. at 15.) But Qualcomm's citation to paragraph 94 of Mr. Coates's report confirms that Mr. Coates (1) did in fact provide a legal opinion and (2) usurped the role of the Court. (*Id.*)

Rather than opine on methodology or analysis, Mr. Coates instead comments on the reliability of Professor Subramanian's opinions. (*See* D.I. 388, Ex. 10 ¶ 80 (opining that Subramanian's "analysis and conclusions" were "unreliable") (internal citations omitted); *see also id.* ¶ 83 ("A review of incomplete and redacted contracts . . . **precludes Professor Subramanian from offering any reliable assessment**.") (emphasis added); *id.* ¶ 84 ("Subramanian's conclusions . . . are **unfounded and speculative**.") (emphasis added).) This exceeds the bounds of permissible expert testimony. *TQ Delta, LLC v. 2Wire, Inc.*, 373 F. Supp. 3d 509, 523 (D. Del. 2019) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions."); *FTC v. Simple Health Plans LLC*, C.A. No. 18-62593, 2021 WL 810262, at *10 (S.D. Fla. Mar. 3, 2021) (excluding testimony "about the sufficiency of [Plaintiff's] evidence.").

Qualcomm's contention that Mr. Coates's factual narrative provides context for his opinions (Opp. at 16) is belied by the fact that this narrative accounted for roughly one-third of the substance of his report and is rarely referenced in his analysis. *Wright v. Elton Corp.* is thus inapposite. C.A. No. 17-286-JFB, 2022 WL 1091280, at *3 (D. Del. Apr. 12, 2022) (denying motion to exclude that went to weight not admissibility). And Qualcomm does not dispute that Mr. Coates's narrative is rife with attorney argument and assumptions. (D.I. 388, Ex. 10 ¶ 17.)

Qualcomm contends that Mr. Coates offered his "anti-assignment" opinions in rebuttal to Professor Subramanian's "improper classification of ▮▮▮▮▮ of the Nuvia ALA as a change-in-control provision." (Opp. at 17.) But unlike Mr. Coates, Professor Subramanian never opined on the legal obligations of the ALA. Mr. Coates's opinions regarding the legal effect of such contractual language are impermissible. *Allscripts Healthcare*, 2022 WL 3021560 at *26 (experts may not testify about legal effect of contracts). Qualcomm fails to explain how

classifying ▇▇▇▇ as anti-assignment versus change-in-control helps the trier of fact understand why Arm negotiated different terms with Qualcomm and Nuvia. *See In re Paoli R.R. Yard*, 35 F.3d at 744 (ultimate touchstone is "helpfulness to the trier of fact.") (citation omitted).

### D. The Court Should Exclude Dr. Steckel's Opinions

#### 1. Dr. Steckel's Legal Opinions

Qualcomm contends that Dr. Steckel merely opined on whether Dr. Dhar "conform[s] to accepted standards for marketing research." (Opp. at 18.) Not so. While Dr. Steckel cited to literature that used customer-based evidence, nowhere did he state that industry standards *require* such methods. (D.I. 388, Ex. 11 ¶ 35.) He instead opined as to whether Dr. Dhar met the standard of scientific rigor, which usurps the Court's role. *See T.N. Inc., Ltd. v. Fid. Nat'l Info. Servs., Inc.*, C.A. No. 18-5552, 2021 WL 5980048, at *14 (E.D. Pa. Dec. 17, 2021) (courts, not experts, "act as 'gatekeepers'").

Despite Qualcomm's contention that Dr. Steckel did not provide a legal opinion, his report is akin to that of "an attorney seeking exclusion" of an expert rather than "an expert challenging those opinions." *Romano v. John Hancock Life Ins. Co. (USA)*, No. 19-21147-CIV, 2022 WL 1447733, at *31 (S.D. Fla. May 9, 2022). Dr. Steckel stated that Dr. Dhar's "selection of sources . . . appears to be skewed by only considering favorable tidbits in the record" and that Dr. Dhar's opinions "amount to little more than subjective personal views." (D.I. 388, Ex. 11 ¶ 23.) He also stated that Dr. Dhar's cited evidence makes his "assessment of sources highly one-sided" and that "Dr. Dhar is asking us to accept his opinions simply because he says so." (*Id.* ¶¶ 33, 36.) These subjective assessments of reliability and admissibility further demonstrate why Dr. Steckel's opinions should be excluded. (*Id.* ¶ 23.)

#### 2. Dr. Steckel's Opinions Regarding Sufficiency and Credibility

Qualcomm contends that "Steckel explains that Dhar's relied-upon sources are—as a

matter of industry practice—*incapable* of proving the conclusions that Dhar reaches." (Opp. at 18.) But Dr. Steckel never established that, "as a matter of industry practice," Dr. Dhar's cited evidence is incapable of showing brand strength. His conclusion that Dr. Dhar's sources "do not provide reliable evidence of relevant customers' awareness of or associations with the Arm brand" (D.I. 388, Ex. 11 ¶ 41)[1] is nothing more than his view on the sufficiency of evidence.

Qualcomm contends that Arm mischaracterizes Dr. Steckel, but Dr. Steckel questioned the credibility of an Arm witness, asserting that the witness is "not a neutral party," and opined that the witness's testimony "is unreliable and leaves [Dhar's] theory largely unsupported." (*Id.* ¶¶ 95, 97.) Such credibility assessments are reserved to the trier of fact.

### 3. Steckel's Fair Use Opinions

Qualcomm contends that Dr. Dhar "offers a conclusory and incomplete opinion on fair use," and therefore Dr. Steckel's opinions should be admitted. (Opp. at 20.) But Dr. Dhar's opinion is neither conclusory nor incomplete. (D.I. 414 at 14; D.I. 383, Ex. 4 ¶¶ 117, 122-123, 136 (analyzing testimony regarding meaning of "Arm-based" and "Arm-compliant").) Qualcomm also contends that Dr. Steckel's opinions are not conclusory but fails to address Arm's motion. (D.I. 379 at 27 (explaining that Dr. Steckel's opinion that "it is *necessary* to describe Qualcomm cores as 'Arm-based,' 'Arm-compliant,' or 'Arm-compatible'" is unsupported) (emphasis added).) Qualcomm contends that Dr. Steckel's opinion was based on his discussions with a Qualcomm engineer, but the cited discussion that "software engineers and others in the industry need to understand the ISA with which the Qualcomm products are compatible" does not support his conclusory opinion that the phrases at issue are "necessary."

---

[1] Qualcomm's assertion that Dr. Dhar included "no evidence at all" from Arm's customers is incorrect. (Opp. at 19.) Dr. Dhar identifies uses of Arm's trademark by Qualcomm, an Arm customer, and use by HONOR, a downstream customer. (D.I. 383, Ex. 4 ¶¶ 107-111, 119.)

Dated: August 21, 2024

OF COUNSEL:

Daralyn Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4092
kmooney@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
(303) 592-2204
sllewellyn@mofo.com

Daniel P. Muino
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, D.C. 20037
(202) 887-1501
dmuino@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Blvd.

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

 /s/ Anne Shea Gaza
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

Los Angeles, CA 90017
(213) 892-5348
nfung@mofo.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 21, 2024, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Isaac B. Zaur
Nora Niedzielski-Eichner
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, NY 10001
izaur@cgr-law.com
nniedzie@cgr-law.com

Catherine Nyarady
Anna R. Gressel
Jacob A. Braly
Alexander M. Butwin
Samantha Mehring
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com
jbraly@paulweiss.com
abutwin@paulweiss.com
smehring@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Anna P. Lipin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com
alipin@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

2

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*