# EXHIBIT 2



**Qualcomm Incorporated**

5775 Morehouse Drive, San Diego, CA 92121

www.qualcomm.com

VIA ELECTRONIC & REGISTERED MAIL

Spencer Collins
EVP, Chief Legal Officer
Arm Limited
110 Fulbourn Road
Cambridge, CB1 9NJ
United Kingdom

October 28, 2024

Dear Spencer,

I write in response to your October 22, 2024 letter (the "Letter") citing ▇▇▇▇▇▇ of the Qualcomm Architecture License Agreement (LES-TLA-20039) ("Qualcomm ALA"), purporting to notify Qualcomm of alleged material breach.

**Arm's Notice Is Insufficient**

Arm's Letter does not provide effective written notice of any breach as required ▇▇▇▇▇▇ ▇▇▇▇. Your Letter cites a string of contract sections, but does not even purport to explain how any one of them is breached, let alone all of them. You also failed to allege any breach of any specific ▇▇▇▇▇▇ The substance of your Letter also contains numerous inaccuracies and misrepresentations of the Qualcomm ALA and Qualcomm's obligations thereunder.

Your description of alleged material breaches is not actually tied to ▇▇▇▇▇▇ and instead echoes the claims in the current litigation pending in the District of Delaware between the parties, *ARM Ltd. v. Qualcomm Inc., et al.*, C.A. No. 22-1146-MN, which is scheduled for trial on December 16, 2024. Your Letter mostly reiterates claims regarding alleged breaches of the ▇▇▇▇▇▇ which are the basis of the pending litigation.

Qualcomm rejects Arm's attempt to provide notice under ▇▇▇▇▇▇ without specifying in detail the provisions that you allege were materially breached and the manner in which they were allegedly breached.

**Arm's Demanded Cures Are Not Tied to Any Alleged Breach**

Your Letter ends by listing a series of actions that you assert Qualcomm must perform ▇▇▇▇▇▇ ▇▇▇▇ to cure the unidentified alleged material breach. These actions are all remedies ▇▇▇▇ ▇▇▇▇▇▇, as well as dismissal of Qualcomm's pending lawsuit against Arm for violations of ▇▇▇▇▇▇ of the Qualcomm ALA. None of these alleged remedies are tied to any



specific alleged material breach of an identified provision in the Qualcomm ALA. Rather, your demand that Qualcomm "cure" the alleged breaches is an exercise in improper self-help, with Arm attempting to hijack issues that are squarely within the purview of the Court.

I note that Arm's Letter was timed so that the ███ cure period expires ███████████ ████████████████████████████. Moreover, it is suspect that your Letter was also timed to coincide with Qualcomm's annual Snapdragon Summit, seemingly to attract the greatest press attention and attempt to inflict damage to Qualcomm's relationships with current and prospective customers. It also appears that Arm leaked the Letter to the press, in violation of the ████████████████████████████ between the parties, which ████████████████

### Arm Waived Termination Based on the Development of Qualcomm's Custom CPUs

Irrespective of the fact that Arm has failed to specify any provision that Qualcomm has allegedly materially breached or the manner in which the alleged breach occurred, Arm has also waived its ability to terminate the Qualcomm ALA based on the design and development of Qualcomm's custom CPUs. In its November 11, 2022 Answer to Qualcomm's Counterclaims, Arm alleged that ███████████████████████████████, yet Arm made no attempt to notify Qualcomm of an alleged material breach under ███████████ Nor did Arm attempt to terminate in the nearly two intervening years, including following the 2023 public announcement and launch of the Snapdragon X Elite SoC that Arm has alleged contains unlicensed CPU designs. To the contrary, Arm's CEO touted the release of Microsoft laptops containing Qualcomm's Snapdragon X Elite chip on Arm's July 31, 2024 earnings call, stating: "We were very excited to see the announcement of the brand new Windows on Arm PCs that run Copilot, true AI PCs." Arm First Quarter Fiscal Year 2025, at 3 (July 31, 2024), *available at* https://investors.arm.com/static-files/393afe3f-13ff-4aa8-a4b3-41b1afaa5a91. He commented that "the products that are out today are using the most advanced Arm technology," because they "are optimized with Microsoft for the most effective battery life on the planet." *Id.* at 10. Instead of taking any timely action to enforce its purported rights, Arm waited until the 2024 Snapdragon Summit and ███ before the end of the scheduled trial to provide purported notice under ███ ███████ Arm's timing connotes opportunism rather than any real concern of a material breach.

### Next Steps

Arm's conduct is relevant to the pending litigation. We intend to make the Court aware of your Letter, and to raise the issue of necessary discovery into Arm's recent actions. Qualcomm is also considering which remedies to seek for the leak.

# Qualcomm

Qualcomm demands that Arm preserve all Documents[1] and Communications[2] regarding the subject matter of and allegations in your Letter, including but not limited to Documents and Communications with any and all third parties, including but not limited to Bloomberg L.P. or any Bloomberg-related company.

Please confirm that Arm is taking the necessary steps to preserve all such Documents and Communications.

Qualcomm reserves all rights.

Sincerely,

*Ann Chaplin*

Ann Chaplin
General Counsel and Corporate Secretary
Qualcomm Incorporated

---

[1] The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and to include, without limitation, all "writing[s]," "recording[s]," and "photograph[s]," as those terms are defined by Federal Rule of Evidence 1001. A draft, prior or subsequent version, or non-identical copy is a separate "Document" within the meaning of the term. The term "Document" should also be deemed to include, without limitation, the file-folder, labeled-box, or notebook containing the Document, as well as any index, table of contents, list, or summaries that serve to organize, identify, or reference the Document.

[2] "Communication" shall mean every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including but not limited to all memoranda, notices of meetings, electronic mail, text messages, conversations by telephone calls, records of conversations or messages whether in writing or upon any mechanical, electrical or electronic recording device, and oral conversations and statements.