

**WILMINGTON**
RODNEY SQUARE

**Anne Shea Gaza**
P 302.571.6727
F 302.576.3439
agaza@ycst.com

November 25, 2024

**BY E-FILE AND HAND DELIVERY**

The Honorable Maryellen Noreika
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

      Re:    <u>Arm Ltd. v. Qualcomm Inc., et al.</u>, C.A. No. 22-1146-MN

Dear Judge Noreika:

      Arm respectfully submits its response to Defendants' November 22, 2023, letter (D.I. 529). Defendants' defenses of unclean hands, waiver, estoppel, and laches/acquiescence turn on equitable considerations, and thus should be heard and decided by the Court. As for Defendants' declaratory judgment claims, Arm believes that the ultimate declaration sought by Defendants is a remedies question for the Court but agrees with Defendants that the fact predicates for the declaration go to the jury.

      **Defendants' Equitable Defenses:** Defendants' defenses of unclean hands, waiver, estoppel, and laches/acquiescence should be heard and decided by the Court, because they are inherently equitable. *See Metal Jeans, Inc. v. Metal Sport, Inc.*, 987 F.3d 1242, 1244 (9th Cir. 2021) ("The doctrine of unclean hands arises in equity."); *Rreef Am. Reit II Corp, YYYY v. Samsara Inc.*, 91 Cal. App. 5th 609, 623 (2023) ("Waiver is a question of fact for the trial court."); *U.S. v. Zarra*, 810 F.Supp.2d 758, 769 (W.D. Pa. 2011) ("Equitable relief, such as waiver, is left to the discretion of the court."); *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature."); *Dewey Elecs. Corp. v. Montage, Inc.*, 117 F.R.D. 73, 74 (M.D. Pa. 1987) ("The defenses of laches and estoppel are inherently of an equitable nature.") The Third Circuit has repeatedly confirmed as much, as have judges in this District. *See Schering Corp. v. Amgen Inc.*, 969 F.Supp. 258, 269 (D. Del. 1997) (Laches and estoppel are equitable defenses "committed to the sound discretion of the trial court[.]"); *Wirtgen Am., Inc. v. Caterpillar, Inc.*, No. 17-cv-00770-JDW, 2024 WL 3888116, at *1 (D. Del. Aug. 21, 2024) (same); *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999)

Young Conaway Stargatt & Taylor, LLP
The Honorable Maryellen Noreika
November 25, 2024
Page 2

("As an equitable doctrine, application of unclean hands rests within the sound discretion of the trial court.").

      Defendants recite a litany of issues that are purportedly common to Arm's breach of contract claim and Defendants' unclean hands, waiver, estoppel, and laches/acquiescence defenses. (D.I. 529 at 3.) The existence of a few overlapping facts, however, does not remove these equitable defenses from the Court's purview. As described above, courts in the Third Circuit have repeatedly made clear these equitable defenses are subject to resolution by a court rather than a jury. Defendants' cited authority does not support them. *See Azuma v. LeMond Cos., LLC.*, 628 F.Supp.3d 547, 553 n.2 (D. Del. 2022) (court resolved waiver defense); *Merck & Co. v. Merck KGAA*, C.A. No. 16-0266 (ES)(MAH), 2022 WL 19521725, at *7 (D.N.J. Sept. 30, 2022) (acknowledging that "[e]quitable estoppel is an equitable doctrine subject to the discretion of the trial court"); *Kepner-Tregoe, Inc. v. Exec. Dev., Inc.*, 79 F.Supp.2d 474, 487 (D.N.J. 1999) (court decided issue of laches and granted summary judgment). While the court in *Mente Chevrolet Oldsmobile, Inc. v. GMAC* upheld the jury's decision regarding unclean hands, that case does not hold that unclean hands should always be tried to the jury. 451 F. App'x 214, 217-18 (3d Cir. 2011); *c.f. In re New Valley*, 181 F.3d at 525. And while *Clark v. Wheeling Steel Works* (a case from 1893) held that "the whole case was fairly left to the jury," 53 F. 494, 499 (3d Cir. 1893), far more recent authority confirms that laches and estoppel are more appropriately decided by the court. *See I.M. Wilson, Inc. v. Otvetstvennostyou "Grichko"*, 614 F.Supp.3d 114, 142 (E.D. Pa. 2022) ("Laches is an equitable defense, and so must be decided by the Court."); *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F.Supp.2d 337, 346 (D. Del. 2011) ("[L]aches and equitable estoppel are equitable issues to be decided by a court."); *Dewey Elecs.*, 117 F.R.D. at 74 (laches and estoppel are equitable defenses).

      **Defendants' Declaratory Judgments**: Arm believes that the declaration sought by Defendants is a remedies question for the Court but agrees that the fact predicates for Defendants' declaratory judgment counterclaims go to the jury. *See Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1219 (S.D. Cal. 2012) ("Declaratory relief is not an independent cause of action, but instead a form of equitable relief.").

      Respectfully submitted,

      */s/ Anne Shea Gaza*

      Anne Shea Gaza (No. 4093)

cc: All Counsel of Record (CM/ECF)