IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 22-1146 (MN) |
| ) | |
| v. ) | **REDACTED - PUBLIC VERSION** |
| ) | **Original Filing Date: November 22, 2024** |
| QUALCOMM INC., QUALCOMM ) | **Redacted Filing Date: December 2, 2024** |
| TECHNOLOGIES, INC., and NUVIA, INC., ) | |
| ) | |
| Defendants. ) | |

**LETTER TO THE HONORABLE MARYELLEN NOREIKA REGARDING TRIAL OF DEFENDANTS' COUNTERCLAIM AND DEFENSES BEFORE THE JURY**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Jennifer Ying (#5550) |
|  | Travis Murray (#6882) |
| OF COUNSEL: | 1201 North Market Street |
|  | P.O. Box 1347 |
| Karen L. Dunn | Wilmington, DE 19899 |
| William A. Isaacson | (302) 658-9200 |
| Melissa F. Zappala | jblumenfeld@morrisnichols.com |
| William T. Marks | jying@morrisnichols.com |
| PAUL, WEISS, RIFKIND, | tmurray@morrisnichols.com |
|   WHARTON & GARRISON LLP |  |
| 2001 K Street, NW | *Attorneys for Defendants* |
| Washington, DC 20006 |  |
| (202) 223-7300 |  |
|  |  |
| Catherine Nyarady |  |
| Erin J. Morgan |  |
| Anna R. Gressel |  |
| Jacob A. Braly |  |
| Alexander M. Butwin |  |
| PAUL, WEISS, RIFKIND, |  |
|   WHARTON & GARRISON LLP |  |
| 1285 Avenue of the Americas |  |
| New York, NY 10019 |  |
| (212) 373-3000 |  |

November 22, 2024

Dear Judge Noreika:

  Pursuant to the Court's November 20 oral order, Defendants submit this letter to explain why Defendants' counterclaim for declaratory judgment and certain affirmative defenses to Arm's breach-of-contract claim should be submitted to the jury. Arm contends the Court should decide whether Defendants are entitled to the following declaratory judgments: (1) that "Qualcomm's post-acquisition architected cores (including all further developments, iterations, or instantiations of the microarchitecture technology acquired from Nuvia) and any associated SoCs [are] fully licensed under Qualcomm's ALA and TLA"; (2) that "Arm's statements that Qualcomm's ALA expires in 2024 are false"; (3) that "Arm's statements that Qualcomm will be unable to deliver ARM-compliant products after 2024 are false"; and (4) that "Arm has no right to prevent Qualcomm from shipping its validly-licensed products." D.I. 518-5 at 31; D.I. 300, ¶ 275(b)-(d), (g). Arm also contends that the Court should decide Defendants' affirmative defenses of unclean hands, waiver, estoppel, and laches/acquiescence. D.I. 300, ¶¶ 158-160, 167. As set forth below, Defendants respectfully submit that each of those issues and defenses should be tried to the jury.

I.   **Defendants' Counterclaim Should be Tried to the Jury**

  Under the Seventh Amendment, parties have a right to a jury trial in "[a]ctions at law" but not in "equitable cases." *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 115 (3d Cir. 1997). A declaratory judgment, however, is a statutory remedy that is neither inherently legal nor inherently equitable. *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 223 (3d Cir. 2009); 28 U.S.C. § 2201. Federal Rule of Civil Procedure 57 "expressly preserves the right to a jury trial" in an action for declaratory relief. 10B Wright & Miller, *Federal Practice and Procedure* § 2769 (4th ed.); *see Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); Fed. R. Civ. P. 38(a), 57.

  Because a declaratory-judgment claim can be either legal or equitable in nature, courts must "determine in what kind of suit the claim would have come to court if there were no declaratory judgment remedy." *AstenJohnson*, 562 F.3d at 223 (emphasis omitted). "If the declaratory judgment action does not fit into one of the existing equitable patterns but is essentially an inverted law suit—an action brought by one who would have been a defendant at common law—then the parties have a right to a jury." *Id.*

  Here, Defendants are seeking declarations that their products are properly licensed and can be properly distributed past 2025 under those licenses. Such a declaratory-judgment counterclaim is an inverted lawsuit premised on actual or potential claims by Arm. *First*, Arm is asserting that Defendants have breached Section ▮ of the Nuvia ALA by failing to ▮▮▮▮▮▮ of, and failing either to "▮▮▮▮▮▮▮," Nuvia's RTL code, which Arm argues constitutes "ARM Technology" or "ARM Confidential Information." D.I. 392-5 at 14. One of Defendants' principal defenses to that claim is that they were licensed to use Nuvia's RTL code under the Qualcomm ALA—which is the subject of the counterclaim. Arm is requesting a jury trial on its breach claim, so Qualcomm's counterclaim should be tried to the jury as well. *See Bachman Co. v. Anthony Pinho, Inc.*, Civ. No. 91-5679, 1993 WL 64620, at *2 (E.D. Pa. Mar. 3, 1993) (claims

for breach of contract involve "traditionally legal issues"). [1]

*Second*, Arm could attempt to bring a claim for damages for patent, copyright, or trademark infringement based on the Arm-compliant products Qualcomm has brought to market and Qualcomm's use of the copyrighted Arm Architecture Reference Manual and Arm's trademarks. Indeed, Arm asserted trademark infringement and sought damages for that alleged infringement in this action. *See* D.I. 1, ¶¶ 80, 92, prayer ¶¶ (h)-(j). Licensure—the subject of Defendants' counterclaim—is an affirmative defense to patent, trademark, and copyright infringement. *See AlexSam, Inc.* v. *Aetna, Inc.*, 119 F.4th 27, 36 (Fed. Cir. 2024) (patent); *Thomson Reuters Enter. Centre GmbH* v. *Ross Intelligence Inc.*, 694 F. Supp. 3d 467, 481 (D. Del. 2023) (copyright); *I.M. Wilson, Inc.* v. *Otvetstvennostyou "Grichko"*, 614 F. Supp. 3d 114, 151 (E.D. Pa. 2022) (trademark). And a declaratory-judgment action based on a claim of intellectual-property infringement gives rise to a jury-trial right where, as here, the patentee could seek legal remedies. *See In re Lockwood*, 50 F.3d 966, 976 (Fed. Cir.), *vacated*, 515 U.S. 1182 (1995) (patent); *Tegal Corp.* v. *Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340 (Fed. Cir. 2001) (following *Lockwood*).[2]

In addition, where one claim is to be tried to a jury, so too are "all issues common" to that claim. *Curtis* v. *Loether*, 415 U.S. 189, 196 n.11 (1974); *see Beacon Theatres*, 359 U.S. at 508-11; *Dairy Queen, Inc.* v. *Wood*, 369 U.S. 469, 472-76 (1962). In deciding Arm's claim for breach of the Nuvia ALA, the jury will decide numerous issues common to Defendants' counterclaim, including whether Defendants were licensed to use Arm's technology; whether Arm has been harmed by Qualcomm's use of technology that Defendants contend is covered by the Qualcomm ALA; and whether Qualcomm's use of that licensed technology was a substantial factor in causing harm to Arm. The jury should thus decide Defendants' counterclaim for declaratory judgment. At a minimum, it is more efficient to send all of the issues to the jury; if the Court agrees with the jury's resolution of the issues, that will moot the dispute between the parties on this score. *See, e.g.*, *Archie Comic Publ'ns, Inc.* v. *DeCarlo*, C.A. No. 00-5686, 2002 WL 48337, at *1 (S.D.N.Y. Jan. 11, 2002).

## II.     Defendants' Defenses Should be Tried to the Jury

Even though a jury will decide Arm's breach-of-contract claim, Arm contends that the Court must resolve certain of Defendants' affirmative defenses: namely, unclean hands, waiver, estoppel, and laches/acquiescence. D.I. 512 at 39 n.14, 41 n.16. Not so. Each of those defenses shares common issues with Arm's breach-of-contract claim and thus should be tried to the jury. As noted, "all issues common" to a claim to which a jury right attaches—even issues presented in

---

[1] Defendants can also seek a declaration of licensure based on a potential claim by Arm for breach of the Qualcomm ALA. *See* D.I. 496, Ex. 1 (alleging breach).

[2] Arm's dismissal of its trademark claim does not moot Defendants' declaratory-judgment claim for licensure to use Arm's trademarks. Arm has suggested that Defendants' continuing use of its trademarks constitute new acts of infringement. *See* D.I. 1, prayer ¶ (i); *cf. Tuff Torq Corp.* v. *Hydro-Gear Ltd. P'ship*, C.A. No. 93-414, 1994 WL 827767, at *10-11 (D. Del. Oct. 27, 1994) (declaratory-judgment claim for patent invalidity proceeded after claim for patent infringement dismissed, where "the threat of infringement allegations exist[ed], and defendants maintain[ed] a reasonable apprehension of an infringement suit").

connection with equitable claims—should be tried to the jury. *See Curtis*, 415 U.S. at 196 n.11. In other words, "designation of a defense . . . as equitable does not necessarily dictate that the defense . . . should not be determined by the jury" where the jury will hear common issues on the principal claim. *Windsurfing Int'l, Inc.* v. *Ostermann*, 534 F. Supp. 581, 585 (S.D.N.Y. 1982).

Arm intends to prove: that it did not consent to the transfer of the Nuvia ALA to Qualcomm (D.I. 518-13, ¶¶ 37-38); that Arm and Qualcomm "attempted to reach an agreement regarding Qualcomm's continued use of technology developed under the Nuvia ALA," because of the parties "long-standing business relationship" (*id*. ¶¶ 39, 41); that, following the parties' attempt to reach an agreement, Arm terminated the Nuvia ALA one year after Qualcomm's acquisition of Nuvia (*id*. ¶¶ 49-51); that Arm's termination and refusal to provide consent was "reasonable" (*id*. ¶¶ 53-58); that Qualcomm assumed the obligations of the Nuvia ALA through its conduct, including by purportedly certifying compliance with Nuvia's termination obligations (*id*. ¶¶ 66-67); and that the purportedly "false" certification "reflected a willful, intentional breach of trust with Arm," including because transmission of the certification allegedly acknowledged "the applicability and enforceability of the Nuvia ALA's termination provisions" (*id*. ¶ 68). Defendants intend to prove, based on the same facts: that, to the extent there was an obligation to obtain consent, it was improperly and unreasonably withheld (D.I. 518-14, ¶¶ 6-7); that Arm never attempted to reach an agreement with Qualcomm in good faith, and instead slow-rolled negotiations and delayed termination of the Nuvia ALA to gain leverage over Qualcomm (D.I. 518-3, ¶¶ 101-110); that Arm's termination of the Nuvia ALA was improper (*id*. ¶¶ 128-139; D.I. 518-14, ¶¶ 13, 15-16); that Qualcomm never misrepresented its development of Qualcomm's custom CPUs, as evidenced by Arm's verification of a Qualcomm CPU under the Qualcomm ALA (D.I. 518-3, ¶¶ 119-126); and that Arm itself retained and used Nuvia Confidential Information post-termination, after providing a certification that it had quarantined that information (*id*. ¶¶ 227-243). Thus, the facts relevant to Defendants' unclean hands, waiver, estoppel, and laches/acquiescence defenses, which depend on the facts listed above, are "issues common to" Arm's breach-of-contract claim.

Courts have put each of the relevant defenses before a jury where the facts of the case so warranted. Waiver and estoppel are frequently decided by juries; Delaware has model jury instructions for those defenses. Del. P.J.I. Civ. §§ 19.23, 19.24; *Azuma* v. *LeMond Cos., LLC*, 628 F. Supp. 3d 547, 553 n.2 (D. Del. 2022) (waiver "is typically a question of fact for the jury"); *see also Merck & Co., Inc.* v. *Merck KGA*, C.A. No. 16-266, 2022 WL 19521725, at *7 (D.N.J. Sept. 30, 2022) (factual issues relevant to equitable estoppel are best resolved by the jury). Likewise, unclean hands may be tried to a jury, even when raised in the context of a request for specific performance. *Mente Chevrolet Oldsmobile, Inc.* v. *GMAC*, 451 F. App'x 214, 217-18 (3d Cir. 2011). Finally, laches/acquiescence may be appropriately left to the jury where the fact questions involved are appropriate for jury resolution. *See, e.g.*, *Clark* v. *Wheeling Steel Works*, 53 F. 494, 499 (3d Cir. 1893) (concluding "the question of promptitude or of undue [delay] in exercising the right of rescission . . . was fairly left to the jury"); *see also Kepner-Tregoe, Inc.* v. *Exec. Dev., Inc.*, 79 F. Supp. 2d 474, 487 (D.N.J. 1999) ("This court, therefore, must determine whether there are disputed questions of fact regarding EDI's laches argument which should be resolved by a jury."), *aff'd*, 276 F.3d 577 (3d Cir. 2001). Considering that the jury will decide Arm's breach-of-contract claim, it should also decide Defendants' affirmative defenses that are rooted in the same facts.

3

        Respectfully,

        */s/ Jack B. Blumenfeld*

        Jack B. Blumenfeld (#1014)

cc:    Clerk of the Court (via hand delivery)
        All Counsel of Record (via CM/ECF and e-mail)