IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | ) |
| | ) |
|     Plaintiff, | )    C.A. No. 22-1146 (MN) |
| | ) |
|   v. | )    **REDACTED - PUBLIC VERSION** |
| | )    **Original Filing Date: November 25, 2024** |
| QUALCOMM INC., QUALCOMM | )    **Redacted Filing Date: December 2, 2024** |
| TECHNOLOGIES, INC., and NUVIA, INC., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' LETTER TO THE HONORABLE MARYELLEN NOREIKA IN RESPONSE TO PLAINTIFF ARM LTD.'S NOVEMBER 22, 2024, LETTER REGARDING ARM'S UNPLED THEORIES OF LIABILITY AND NEW REMEDIES (D.I. 528)**

OF COUNSEL:

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
William T. Marks
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300

Catherine Nyarady
Erin J. Morgan
Anna R. Gressel
Jacob A. Braly
Alexander M. Butwin
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
Travis Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

November 25, 2024


Dear Judge Noreika:

Arm should not be allowed to pursue the liability and remedy theories referenced in its November 22 Letter (D.I. 528, "Letter"), which it neither pled in its Complaint (D.I. 1) nor developed in the last two years. The Complaint articulates a single theory of contract liability—Defendants allegedly breached Section ▓ of the Nuvia ALA (termination provision)—and seeks remedies for that alleged breach. With trial weeks away, Arm seeks to expand its case with new contract theories and a variety of new remedies neither pled nor supported in discovery.

I.    **Arm Has Asserted No Claim for Breach of Sections ▓ or ▓ of the Nuvia ALA.**

Arm now contends that, in addition to Section ▓, its breach-of-contract claim covers alleged violations of the assignment (Section ▓) and confidentiality (Section ▓) provisions pre-termination.[1] D.I. 528 at 1–2. *First*, that is inconsistent with Arm's Complaint. Arm's breach-of-contract count expressly alleged Defendants "have breached and are breaching the Nuvia ALA's ***termination provisions***" by "using and developing Nuvia technology developed under the now-terminated licenses." D.I. 1 ¶¶ 64–65 (emphasis added). Nothing in the Complaint suggests Arm ***also*** sought to hold Defendants liable under Sections ▓ and ▓. *Id.* ¶¶ 43–54. Arm pled no harm from any breaches of Section ▓ or ▓, so those theories are not viable. *E.g.*, *Vestar Dev. II, LLC* v. *Gen. Dynamics Corp.*, 249 F.3d 958, 962 (9th Cir. 2001) (affirming dismissal of contract claim for failure to plead recoverable damages). Arm's letter does not even cite its breach-of-contract count (D.I. 1 ¶¶ 58–69), because that count relies ***exclusively*** on alleged breach of Section ▓.

*Second*, the relief Arm sought for its breach-of-contract claim—*e.g.*, "specific performance by Defendants of the Nuvia licenses' *termination provisions*" and ordering Defendants to "destroy[] any technology developed under the Nuvia ALA," D.I. 1 ¶¶ 3, 68, p.26 (Prayer for Relief (b))—was expressly tied to the ALA's termination provisions. Arm sought no relief tailored to breaches of Sections ▓ or ▓. Its inability to "connect[] … the injury [it] claims and the relief [it] seeks" confirms it never pled violations of Sections ▓ or ▓. *See Arterburn* v. *IRS*, No. 98-CV-1392, 1999 WL 891517, at *3 (E.D.N.Y. Oct. 13, 1999).

*Third*, Arm never articulated, much less substantiated, the theory that it was harmed by any breaches of Sections ▓ or ▓. Arm has disavowed seeking *any* legal damages. *See* Mar. 7, 2024, Hr'g Tr. 60:8-20; *see also* Nov. 20, 2024, Hr'g Tr. 33:24–25. Nor has it provided any contention or expert disclosure supporting such a theory—or any other theory of relief, including for specific performance of Section ▓ or ▓. Even if Arm had timely raised these theories—and it did not—such claims are unsustainable. *See* D.I. 391 at 6 (collecting cases).

Arm argues it raised its Section ▓ theory by referring to "assignment" in the "Factual Allegations" of the Complaint and its Section ▓ theory by referring to the termination letter it sent Nuvia, which *itself* cited alleged breach of Section ▓ among the purported grounds for termination. D.I. 528 at 1–2. At most, Arm alleged that purported breaches of Sections ▓ and ▓ gave it the right to terminate the Nuvia ALA in February 2022; it nowhere suggested that it was *also* seeking

---

[1] There is no dispute that the Nuvia ALA was terminated. The parties disagree that termination was proper (*e.g.*, Arm unreasonably withheld consent to assignment and waived right to object).

judicial relief based on alleged pre-termination breaches.[2] Instead, the Complaint makes clear Arm was pursuing a single theory of breach-of-contract liability: that Defendants allegedly breached Section ▓ by developing processors incorporating Nuvia technology following termination of the Nuvia ALA. *See* D.I. 1 ¶¶ 43–54, 64–65.

Arm also contends it raised these theories in "interrogatory responses," "requests for admission," and "extensive[] question[ing]" of one of Defendants' witnesses. D.I. 528 at 2. But those references related only to whether termination was proper, and did not put Defendants on notice that Arm also intended to assert these alleged breaches as independent bases for its breach-of-contract claim. In any event, Arm cannot amend its Complaint through discovery responses. *See WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 993 n.5 (8th Cir. 2018); *In re Darvocet Prod. Liab. Litig.*, 856 F. Supp. 2d 904, 910 (E.D. Ky. 2012).

Arm has consistently litigated its breach-of-contract claim solely on alleged violation of Section ▓. At summary judgment, Arm invoked Section ▓ to argue it "properly terminated the Nuvia ALA," not as a basis for a separate contract claim. D.I. 372 at 7–11. Arm's initial proposed jury instructions and verdict form identified Section ▓ as grounds for its breach claim. Ex. 1 at 21; Ex. 2 at 5. And the parties' statement of "Claims and Defenses" in the Proposed Pretrial Order, which Arm drafted in relevant part, describes the breach as "continuing to use technology developed under the Nuvia ALA *in violation of the agreement's termination provisions* after Arm terminated the agreement," and seeks "specific performance … of the Nuvia ALA's termination provisions," with no mention of Section ▓ or ▓. D.I. 518 at 2 (emphasis added).

Arm's eleventh-hour attempt to expand its case beyond the only breach-of-contract theory it pled and litigated should be rejected. If a plaintiff cannot introduce new breach theories to defeat *summary judgment*, *e.g.*, *WireCo*, 897 F.3d at 992–93,[3] Arm surely cannot do so mere weeks before *trial*. Arm's request would severely prejudice Defendants (who would be forced to defend claims not tested in discovery) or upend the trial schedule.

**II.     Arm Has Neither Pled nor Supported Several Remedies It Now Seeks.**

Having repeatedly disavowed damages for its breach of contract claim, Mar. 7, 2024, Hr'g Tr. 60:8-20; Nov. 20, 2024, Hr'g Tr. 33:25–34:1, Arm now asserts it should be allowed to seek several types of damages and other remedies: (1) unjust enrichment, (2) royalties and accounting, (3) disgorgement, (4) supplementary damages and "other monetary compensation" and (5) a declaratory judgment that technology developed under the Nuvia ALA is unlicensed. D.I. 528 at 3. Arm failed to request these remedies for its breach of contract claim or to seek a declaratory

---

[2] Neither *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 337 (D. Del. 2017), nor any other cited decision suggests that passing references to breach are sufficient to raise additional theories of liability distinct from those actually asserted in a complaint.

[3] *See also Gadsby v. Am. Golf. Corp. of Cal.*, 557 F. App'x 837 (11th Cir. 2014) (similar); *Transformations Int'l Inc. v. Ohio Sec. Ins. Co.*, No. 20-CV-2296, 2022 WL 1619400, at *4 (M.D. Fla. Jan. 26, 2022) ("plaintiff improperly amends its complaint when it raises an alternative ground for breach or identifies a new factual basis for breach that was not raised in the complaint.").

judgment as to products covered by the Qualcomm ALA. D.I. 1 at 26–28.[4] Arm's Letter makes this clear: it cites nowhere it requested any of the remedies at issue. Importantly, Arm offers no legal justification or evidentiary support for *any* of these remedies. Arm has "never given [Defendants] a damages expert report" or "disclosure of a damages theory." Nov. 20 Hr'g Tr. 44:17–19. It is too late for Arm to propose alternative damages theories.

Arm's three excuses for failing to plead and prove these forms of relief are unavailing. *First*, Arm notes that requests for relief need not be pled with great specificity, but ignores that this rule is "limited by fundamental notions of due process and fair play," such that unpled theories of relief may be recovered only if "squarely presented and litigated," *Evans Prods. Co.* v. *West. Am. Ins. Co.*, 736 F.2d 920, 923 (3d Cir. 1984), and if recovery does not "improperly and substantially prejudice[] the other party," *Albemarle Paper Co* v. *Moody*, 422 U.S. 405, 424 (1975). Even if a plaintiff can recover remedies it failed to plead *but proved*, that does not mean that Arm can seek remedies it never supported with evidence and even disavowed. *See Rodriguez* v. *Doral Mortg. Corp.*, 57 F.3d 1168, 1173 (1st Cir. 1995); 10 Wright & Miller, Fed. Prac. & Proc. § 2662 (4th ed. 2024) (remedy "must be based on what is alleged in the pleadings and justified by the plaintiff's proof, which the opposing party has had an opportunity to challenge").

*Second*, Arm cites no authority for its assertion that it can now seek an unpled declaratory judgment that technology developed under the Nuvia ALA is unlicensed because Defendants' counterclaims include a request for a declaratory judgment that "Qualcomm's architected cores … are fully licensed." D.I. 528 at 3. Arm never pled a declaratory-judgment count on that issue. "[E]xpress denial of the declaration Qualcomm seeks," *id.*, would deny Qualcomm's request for a declaratory judgment—not grant Arm's request for its own declaration. *See Iron Mountain Sec. Storage Corp. v. Am. Spec. Foods, Inc.*, 457 F. Supp. 1158, 1161–62 (E.D. Pa. 1978).

*Third*, Arm stated on November 20 and suggests in its Letter that the additional relief sought is "incidental to specific performance." Tr. 30:16–31:9, 57:9–13. That refers to a specific type of damages that compensate the plaintiff for the delay in performance while the plaintiff sought relief in court. *Ellis* v. *Mihelis*, 384 P.2d 7, 15 (Cal. 1963).[5] Arm cannot escape its prior representation that it is not seeking damages for the alleged breach, or otherwise seek assorted monetary relief, simply by labeling them "incidental to" specific performance. In any event, the Nuvia ALA's ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Allowing Arm to belatedly demand additional remedies would be highly prejudicial to Defendants, who are unable to defend against Arm's constantly evolving request for relief. *See, e.g., Siemens Mobility Inc.* v. *Westinghouse Air Brake Techs. Co.*, C.A. No. 16-284, 2019 WL 9698520, at *2 (D. Del. 2019) (excluding late expert report setting forth novel theory of damages); *AVM Techs., LLC* v. *Intel Corp.*, 927 F. Supp. 2d 139, 147 (D. Del. 2013) (same). Arm claims "Qualcomm was on notice," but for the reasons given above, the record belies that assertion.

---

[4] Only Arm's prayer for relief for its abandoned trademark claims refers to "restitution and or disgorgement," D.I. 1 at 27–28. Arm's Letter does not rely on this demand.

[5] Contrary to Arm's assertions (Nov. 20 Tr. 30:12–19), a court also cannot award damages incidental to specific performance unless the plaintiff first establishes its entitlement to specific performance. *Paratore* v. *Perry*, 48 Cal. Rptr. 682, 685 (Ct. App. 1966).

                        Respectfully,

                        */s/ Jack B. Blumenfeld*

                        Jack B. Blumenfeld (#1014)

Attachments
cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via CM/ECF and e-mail, with attachments)