# Exhibit 1

| From: | Huttinger, Henry |
|---|---|
| To: | Nyarady, Catherine; GRP-QC; jblumenfeld@morrisnichols.com; jying@morrisnichols.com; andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com; kira.latham@nortonrosefulbright.com |
| Cc: | MoFo_Arm_QCOM; Vrana, Robert; Anne Shea Gaza ; ycst_arm_qualcomm@ycst.com |
| Subject: | RE: Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |
| Date: | Friday, October 18, 2024 11:01:04 PM |
| Attachments: | image001.png<br>2024-10-18 Initial Draft of Arm Statement of Issues of Law.pdf<br>2024-10-18 Initial Draft of Arm Statement of Intended Proof.pdf<br>2024-10-18 Initial Draft of Arm Statement of Issues of Fact.pdf<br>2014-10-18 Arm Initial Draft of Proposed Preliminary Jury Instructions.docx<br>2024-10-18 Arm Initial Draft of Proposed Verdict Form.docx<br>2024-10-18 Arm Initial Draft of Proposed Voir Dire.docx<br>2024-10-18 Arm Initial Draft of Statement of Uncontested Facts.docx<br>2014-10-18 Arm Initial Draft of Proposed Final Jury Instructions.docx |

Counsel,

Pursuant to the parties agreed-upon pretrial exchange schedule, please find attached:

1. Arm's initial draft of the statement of uncontested facts,
2. Arm's initial draft of its statement of issues of fact to be litigated,
3. Arm's initial draft of its statement of issues of law to be litigated,
4. Arm's initial draft of its statement of intended proof,
5. Arm's initial draft of the proposed preliminary jury instructions,
6. Arm's initial draft of the proposed final jury instructions,
7. Arm's initial draft of the proposed verdict form, and
8. Arm's initial draft of the proposed voir dire

Arm reserves the right to revise, amend, supplement, or otherwise modify the foregoing materials. The inclusion of any factual statement in Arm's initial draft of the statement of uncontested facts should not be considered an admission that Arm bears the ultimate burden of proof on any issue.

Best regards,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**||IORRISON FOERSTER**

---

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Friday, October 18, 2024 7:04 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com; andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com;

kira.latham@nortonrosefulbright.com
**Cc:** MoFo_Arm_QCOM <MoFo_Arm_QCOM@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Anne Shea Gaza <agaza@ycst.com>; ycst_arm_qualcomm@ycst.com
**Subject:** RE: Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>**External Email**</mark>

---

All,

Attached please find:

1. Defendants' proposed edits to the Joint Pretrial Order shell; and
2. Defendants' initial joint statement of uncontested facts.

Regards,
Catherine

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 212 492 0532 (Direct Fax)
cnyarady@paulweiss.com | www.paulweiss.com

---

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Monday, October 14, 2024 11:12 PM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; GRP-QC <GRP-QC@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com; andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com; kira.latham@nortonrosefulbright.com
**Cc:** MoFo_Arm_QCOM <MoFo_Arm_QCOM@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Anne Shea Gaza <agaza@ycst.com>; ycst_arm_qualcomm@ycst.com
**Subject:** Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Pursuant to the parties agreed-upon pretrial exchange schedule, please find attached:

1. Arm's initial draft of the Joint Pretrial Order body;
2. Arm's preliminary trial exhibit list; and
3. Arm's initial fact and expert witness list.

Electronic copies of the proposed exhibits will be transferred to you via Kiteworks.

Arm reserves the right to revise, amend, supplement, or otherwise modify the foregoing materials.

Regards,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**IIIMORRISON FOERSTER**

=====================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., a U.K. corporation, | |
| Plaintiff, | |
| v. | C.A. No. 22-1146-MN |
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation, | |
| Defendants. | |

## **[PROPOSED] FINAL JURY INSTRUCTIONS**

## TABLE OF CONTENTS

1.    GENERAL INSTRUCTIONS ................................................................................4
    1.1.    Introduction ..............................................................................................4
    1.2.    Jurors' Duties ...........................................................................................5
    1.3.    Evidence Defined ......................................................................................6
    1.4.    Direct and Circumstantial Evidence .......................................................7
    1.5.    Consideration of Evidence .......................................................................8
    1.6.    Credibility of Witnesses ...........................................................................9
    1.7.    Expert Witnesses ....................................................................................10
    1.8.    Deposition Testimony .............................................................................11
    1.9.    Use of Notes ...........................................................................................12
    1.10.    Sympathy ................................................................................................13
    1.11.    Burdens of Proof ....................................................................................14
2.    THE PARTIES AND THEIR CONTENTIONS ................................................15
    2.1.    The Parties ..............................................................................................15
    2.2.    The Parties' Contentions ........................................................................16
3.    BREACH OF CONTRACT ...............................................................................17
    3.1.    Contract Defined ....................................................................................17
    3.2.    Breach of Contracts – Factual Elements ...............................................18
    3.3.    Assumption .............................................................................................19
    3.4.    Waiver .....................................................................................................20
4.    TRADEMARK INFRINGEMENT ...................................................................21
    4.1.    Definition of a Trademark ......................................................................21
    4.2.    Trademark Liability—Theories and Policies .........................................22
    4.3.    Elements and Burden of Proof ...............................................................23
    4.4.    Likelihood of Confusion – Lapp Factor Test .........................................24
    4.5.    Other Unfair Competition ......................................................................26
    4.6.    Trademark Damages—Actual or Statutory Notice ................................27
    4.7.    Trademark Damages—Plaintiff's Actual Damages ...............................28
5.    DELIBERATION AND VERDICT ...................................................................29
    5.1.    Introduction ............................................................................................29
    5.2.    Unanimous Verdict .................................................................................30

5.3.  Duty to Deliberate ..................................................................................... 32

5.4.  Social Media ............................................................................................ 33

5.5.  Court Has No Opinion .............................................................................. 34

# 1.    GENERAL INSTRUCTIONS

## 1.1.    Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer.

I will start by explaining your duties and the general rules that apply in every civil case.  Then I will explain some rules that you must use in evaluating particular testimony and evidence.  Then I will explain the positions of the parties and the law you will apply in this case.  And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations.  You will also have a verdict form, which will list the questions that you must answer to decide this case.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.1.

### 1.2.    Jurors' Duties

You have two main duties as jurors.  The first is to decide what the facts are from the evidence that you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.  You are the sole judges of the facts.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof which party should prevail on any given issue.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not guess or speculate, and do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.2; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 3.1.

### 1.3.    Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, including deposition transcript testimony that has been played by video or read to you, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. You should not be influenced by a lawyer's objection or by my ruling on that objection. Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. Sometimes I may have ordered you to disregard things that you saw or heard, or that I struck from the record. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.3; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.5.

### 1.4.    Direct and Circumstantial Evidence

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence."  I will now remind you what each means.

Direct evidence is evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believe her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.  It is your job to decide how much weight to give the direct and circumstantial evidence.

The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.4; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.6.

### 1.5.    Consideration of Evidence

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.5; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.5.

### 1.6.    Credibility of Witnesses

You are the sole judges of each witness's credibility.  You may believe everything a witness says, or part of it, or none of it.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether the testimony is consistent or inconsistent; whether the testimony has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at the trial in person or by deposition testimony played by video or read to you.  You have the right to distrust such witness's testimony and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.6; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.7.

### 1.7.    Expert Witnesses

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.7; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 2.11.

### 1.8.    Deposition Testimony

During the trial, certain testimony was presented to you by the playing of video excerpts or reading from a deposition.  The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence. You should not attribute any significance to the fact that the deposition videos may appear to have been edited.

Deposition testimony is out of court testimony given under oath and is entitled to the same consideration you would give it had the witnesses personally appeared in court.

<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.8.

**1.9.    Use of Notes**

You may have taken notes during trial to assist your memory.  As I instructed you at the beginning of the case, you should use caution in consulting your notes.  I think there is a tendency to attach undue importance to matters that one has written down.  Some testimony that is considered unimportant at the time presented—and therefore was not written down—takes on greater importance later in the trial in light of all the evidence presented.  Therefore, your notes are only a tool to aid your own memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.9; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.9.

### 1.10.  Sympathy

Your verdict must be based solely on the evidence in this case.  You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence.  You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.  I am not telling you not to sympathize with the parties.  It is only natural and human to sympathize with persons involved in litigation.  But you must not allow that sympathy to enter into your consideration of the case or influence your verdict.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.10; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 3.1.

### 1.11.  Burdens of Proof

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  The parties each bear the burden to prove their respective claims by a preponderance of the evidence.  When a party has the burden of proof by a preponderance of the evidence, it means that you must be persuaded that what the party seeks to prove is more probably true than not true.  To put it differently, on Arm's claims, for example, if you were to put Arm's and Qualcomm's evidence on opposite sides of a scale, the evidence supporting Arm's assertions would have to make the scale tip somewhat to Arm's side.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you, therefore, should put it out of your mind in considering whether or not the parties have met their respective "more likely than not" burdens of proof.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 1.11; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 1.10.

## 2.    THE PARTIES AND THEIR CONTENTIONS

### 2.1.    The Parties

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

As I have previously told you, Plaintiff is Arm Ltd., which I will refer to as Arm. Defendants are Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc.  For ease of reference, I will refer to Qualcomm Inc. and Qualcomm Technologies, Inc. collectively as Qualcomm and Nuvia, Inc. as Nuvia.

Authority: Modified from Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 2.1.

## 2.2.    The Parties' Contentions

Arm and Nuvia entered into an Architecture License Agreement (the "Nuvia ALA") on September 27, 2019. ██████████████████████████████████

██████████████████████████████████████████ Qualcomm announced that it had entered into a definitive agreement to acquire Nuvia for approximately $1.4 billion on January 12, 2021. ██████████████████████████

██████████████████████████████████████████

████████████████████████ Arm terminated the Nuvia ALA via letter dated February 1, 2022, effective March 1, 2022.

Arm filed suit against Qualcomm and Nuvia and contends that upon termination of the Nuvia ALA, Qualcomm and Nuvia were required to discontinue use of technology or work product developed under the Nuvia ALA. Arm also contends that Qualcomm and Nuvia were required to cease the use of Arm's trademarks in connection with products developed under the Nuvia ALA.

Authority: Modified from Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 2.2.

## 3.    BREACH OF CONTRACT

### 3.1.    Contract Defined

A contract is a legally binding agreement between two or more parties.  Each party to the contract must perform according to the agreement's terms.  A party's failure to perform a contractual duty constitutes breach of contract, unless the breach is excused.  If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

The parties do not dispute that the Nuvia ALA was a legally binding contract between Arm and Defendants.

<u>Authority</u>: Modified from Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 3.1.

### 3.2.    Breach of Contracts – Factual Elements

To prove Qualcomm or Nuvia's breach of contract, Arm must prove the following:

1. That Arm and Nuvia entered into the Nuvia ALA;

2. That Arm did all, or substantially all, of the significant things that the Nuvia ALA required it to do;

3. That Arm terminated the Nuvia ALA;

4. That Nuvia or Qualcomm failed to do something that section 15.1 of the Nuvia ALA required upon termination;

5. That Arm was harmed; and

6. That the breach of the Nuvia ALA by Nuvia or Qualcomm was a substantial factor in causing Arm's harm.


Authority: Modified from Judicial Council of California Civil Jury Instructions (2024 Ed.), § 303.

### 3.3.    Assumption

A non-party to a contract may be liable for a breach of the contract when it assumes the obligations of the contract.  A non-party may assume the obligations either by express or implied assumption.

Under express assumption, the non-party explicitly agrees to assume the obligations of the contract.  A non-party can assume the obligations by implied assumption.  The voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it.

The intent to assume obligations can be inferred from the actions, subject matter, or words of the parties involved.

Authority: California Civil Code § 1589; *Ray v. Alad Corp.*, 19 Cal. 3d 22 (1977); *United States v. Sterling Centrecorp, Inc.*, 960 F. Supp. 2d 1025 (E.D. Cal. 2013); *Beatrice Co. v. State Bd. of Equalization*, 6 Cal.4th 767 (1993); *Dick v. Woolson*, 106 Cal.App.2d 415 (1951); *Bergin v. Van Der Steen*, 107 Cal.App.2d 8 (1951); *Enterprise Leasing Corp. v. Shugart Corp.*, 231 Cal.App.3d 737 (1991).

**3.4.    Waiver**

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage.  A waiver may be expressly made or implied from conduct or other evidence.  The party alleged to have waived a right must have known about the right and intended to give it up.

<u>Authority</u>: Delaware Pattern Jury Instructions (2006 Ed.), § 19.23.

## 4.    TRADEMARK INFRINGEMENT

### 4.1.    Definition of a Trademark

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

Arm is a person as that term is used in these instructions.


<u>Authority</u>: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2024 Ed.), § 15.2; 15 U.S.C. § 1127.

### 4.2.    Trademark Liability—Theories and Policies

Trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives varies from case to case, because they may often conflict.    Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating trademark law.  These facts are relevant to whether the defendant is liable for:

1. infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2. unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiff's goods.

Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2024 Ed.), § 15.5.

### 4.3.    Elements and Burden of Proof

On Arm's claim for trademark infringement, Arm has the burden of proving each of the following elements by a preponderance of the evidence:

First, "ARM" and "arm" (the "ARM Marks") are valid, protectable trademarks;

Second, Arm owns "ARM" and "arm" as trademarks;

Third, Qualcomm or Nuvia used the ARM Marks in interstate commerce; and

Fourth, Qualcomm or Nuvia used the ARM Marks without the consent of Arm in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

If you find that each of the elements on which Arm has the burden of proof has been proved, your verdict should be for Arm.  If, on the other hand, Arm has failed to prove any of these elements, your verdict should be for Qualcomm.


Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2024) § 15.6.

### 4.4.    Likelihood of Confusion – Lapp Factor Test

You must consider whether Qualcomm's use of the ARM Marks is likely to cause confusion about the source of Qualcomm's goods.

I will suggest some factors you should consider in deciding this.  The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this.  As you consider the likelihood of confusion you should examine the following:

1. price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;

2. length of time Qualcomm has used the mark without evidence of actual confusion;

3. intent of Qualcomm in adopting the mark;

4. evidence of actual confusion: If use by Qualcomm of the ARM Marks has led to instances of actual confusion, this strongly suggests a likelihood of confusion.  However actual confusion is not required for a finding of likelihood of confusion.  Even if actual confusion did not occur, Qualcomm's use of the ARM Marks may still be likely to cause confusion;

5. whether the goods are marketed through the same channels of trade and advertised through the same media: If Arm's and Qualcomm's products are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion;

6. the extent to which the targets of the parties' sales efforts are the same - If Arm and Qualcomm use the ARM Marks on the same, related, or complementary kinds of goods there may be a greater likelihood of confusion about the source of the goods than otherwise;

7. the relationship of the goods in the minds of consumers because of the similarity of function; and

8. other facts suggesting that the consuming public might expect Arm to manufacture or approve of the accused Qualcomm cores.

<u>Authority</u>: *Century 21 Real Estate Corporation v. Lendingtree, Inc.*, 425 F.3d 211, 224–25 (3d Cir. 2005); *Interpace Corporation v. Lapp, Inc.*, 721 F.2d 460, 462–63 (3d Cir. 1983).

### 4.5.    Other Unfair Competition

As I explained to you earlier, Arm has also asserted that Qualcomm is liable for false designation of origin under the Lanham Act by virtue of its infringement of the ARM Marks.

The legal elements of this claim are identical to those of trademark infringement. Therefore, if you find Qualcomm to have infringed the ARM Marks, you must also find Qualcomm liable for false designation of origin.  If you find that Arm has failed to prove that Qualcomm's use of the ARM Marks causes a likelihood of confusion as to the source of Qualcomm's product, you cannot find Qualcomm liable for false designation of origin.


Authority: *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 202 (3d. Cir. 1999); *Schering-Plough Healthcare Prods., Inc. v. Neutrogena Corp.*, 702 F. Supp. 2d 266, 272 (D. Del. 2010); *Primepoint, L.L.C. v. Primepay, Inc.*, 545 F. Supp. 2d 426, 431-32 (D.N.J. 2008).

### 4.6.    Trademark Damages—Actual or Statutory Notice

To recover damages, Arm has the burden of proving by a preponderance of the evidence that Qualcomm or Nuvia had either statutory or actual notice that Arm's trademarks were registered.

<u>Authority</u>: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2024) § 15.26; 15 U.S.C. § 1111.

### 4.7.    Trademark Damages—Plaintiff's Actual Damages

If you find for Arm on its infringement and unfair competition claims and find that Qualcomm or Nuvia had actual notice of Arm's registered trademarks, you must determine Arm's actual damages.

Arm has the burden of proving that it sustained actual damages by a preponderance of the evidence.  If you find that the plaintiff proved actual damages, you may make reasonable inferences from the evidence to calculate the amount of damages.  Damages means the amount of money which will reasonably and fairly compensate Arm for any injury you find was caused by Qualcomm and Nuvia's infringement of Arm's registered trademarks.

You should consider the following:

1. The injury to Arm's reputation;

2. The injury to Arm's goodwill, including injury to Arm's general business reputation;

3. The expense of preventing customers from being deceived; and

4. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (*e.g.*, cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate.  Accordingly, your award of such future costs should not exceed the actual damage to the value of the plaintiff's mark at the time of the infringement by Qualcomm or Nuvia.


Authority: Modified from Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2024) § 15.27; 15 U.S.C. § 1117(a).

## 5.    DELIBERATION AND VERDICT

### 5.1.    Introduction

I have concluded the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4–4, or 6–2, or whatever your vote happens to be.  That should stay secret until you are finished.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 5.1; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 3.1.

### 5.2.    Unanimous Verdict

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  I will review it with you in a moment.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and my deputy will read aloud your verdict.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 5.2; Model Civil Jury Instructions for the District

Courts of the Third Circuit (2024 Ed.), § 3.1.

### 5.3.    Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that, your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.  Listen carefully to what the other jurors have to say, and then decide for yourself.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 5.3.

### 5.4.    Social Media

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smartphone, iPhone, iPad, BlackBerry, tablet or computer, the internet, any internet service, any text or instant messaging service, or any internet chat room, blog or website such as Facebook, LinkedIn, YouTube, Instagram, Snapchat or X to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

Authority:  Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 5.4; Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 3.1.

### 5.5.    Court Has No Opinion

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.


Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Imprimis Pharms., Inc.*, 1:18-cv-00539-MN, D.I. 393 (D. Del. Nov. 5, 2021) at § 5.5.

# Exhibit 2

| From: | Huttinger, Henry |
|---|---|
| To: | Nyarady, Catherine; GRP-QC; jblumenfeld@morrisnichols.com; jying@morrisnichols.com; andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com; kira.latham@nortonrosefulbright.com |
| Cc: | MoFo_Arm_QCOM; Vrana, Robert; Anne Shea Gaza ; ycst_arm_qualcomm@ycst.com |
| Subject: | RE: Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN |
| Date: | Friday, October 18, 2024 11:01:04 PM |
| Attachments: | image001.png |
| | 2024-10-18 Initial Draft of Arm Statement of Issues of Law.pdf |
| | 2024-10-18 Initial Draft of Arm Statement of Intended Proof.pdf |
| | 2024-10-18 Initial Draft of Arm Statement of Issues of Fact.pdf |
| | 2014-10-18 Arm Initial Draft of Proposed Preliminary Jury Instructions.docx |
| | 2024-10-18 Arm Initial Draft of Proposed Verdict Form.docx |
| | 2024-10-18 Arm Initial Draft of Proposed Voir Dire.docx |
| | 2024-10-18 Arm Initial Draft of Statement of Uncontested Facts.docx |
| | 2014-10-18 Arm Initial Draft of Proposed Final Jury Instructions.docx |

Counsel,

Pursuant to the parties agreed-upon pretrial exchange schedule, please find attached:

1. Arm's initial draft of the statement of uncontested facts,
2. Arm's initial draft of its statement of issues of fact to be litigated,
3. Arm's initial draft of its statement of issues of law to be litigated,
4. Arm's initial draft of its statement of intended proof,
5. Arm's initial draft of the proposed preliminary jury instructions,
6. Arm's initial draft of the proposed final jury instructions,
7. Arm's initial draft of the proposed verdict form, and
8. Arm's initial draft of the proposed voir dire

Arm reserves the right to revise, amend, supplement, or otherwise modify the foregoing materials. The inclusion of any factual statement in Arm's initial draft of the statement of uncontested facts should not be considered an admission that Arm bears the ultimate burden of proof on any issue.

Best regards,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**ⅠⅠⅠMORRISON FOERSTER**

---

**From:** Nyarady, Catherine <cnyarady@paulweiss.com>
**Sent:** Friday, October 18, 2024 7:04 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; GRP-QC <GRP-QC@paulweiss.com>;
jblumenfeld@morrisnichols.com; jying@morrisnichols.com;
andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com;

kira.latham@nortonrosefulbright.com
**Cc:** MoFo_Arm_QCOM <MoFo_Arm_QCOM@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Anne Shea Gaza <agaza@ycst.com>; ycst_arm_qualcomm@ycst.com
**Subject:** RE: Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

<mark>External Email</mark>

---

All,

Attached please find:

1. Defendants' proposed edits to the Joint Pretrial Order shell; and
2. Defendants' initial joint statement of uncontested facts.

Regards,
Catherine

**Catherine Nyarady** | Partner
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3532 (Direct Phone) | +1 212 492 0532 (Direct Fax)
cnyarady@paulweiss.com | www.paulweiss.com

---

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Monday, October 14, 2024 11:12 PM
**To:** Nyarady, Catherine <cnyarady@paulweiss.com>; GRP-QC <GRP-QC@paulweiss.com>; jblumenfeld@morrisnichols.com; jying@morrisnichols.com; andrea.dambra@nortonrosefulbright.com; susana.medeiros@nortonrosefulbright.com; kira.latham@nortonrosefulbright.com
**Cc:** MoFo_Arm_QCOM <MoFo_Arm_QCOM@mofo.com>; Vrana, Robert <RVrana@ycst.com>; Anne Shea Gaza <agaza@ycst.com>; ycst_arm_qualcomm@ycst.com
**Subject:** Arm Ltd. v. Qualcomm Inc., et al., C.A. No. 22-1146-MN

Counsel,

Pursuant to the parties agreed-upon pretrial exchange schedule, please find attached:

1. Arm's initial draft of the Joint Pretrial Order body;
2. Arm's preliminary trial exhibit list; and
3. Arm's initial fact and expert witness list.

Electronic copies of the proposed exhibits will be transferred to you via Kiteworks.

Arm reserves the right to revise, amend, supplement, or otherwise modify the foregoing materials.

Regards,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**MORRISON FOERSTER**

================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., a U.K. corporation, | |
| Plaintiff, | |
| v. | C.A. No. 22-1146-MN |
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation, | |
| Defendants. | |

## [PROPOSED] VERDICT FORM

In answering the following questions and filling out this Verdict Form, you are to follow all of the instructions I have given you in the Court's charge. Your answer to each question must be unanimous.

We, the jury in this case, find the following answers to the following questions:

### *Arm's Claim for Breach of Contract*

**<u>Question 1:</u>**    Did Arm prove by a preponderance of the evidence that Defendants breached

Section ▮ of the Nuvia ALA?

**YES**               **NO**
**<u>For Plaintiff</u>**          **<u>For Defendants</u>**

YES _____        NO _____

### *Arm's Claim for Trademark Infringement*

**<u>Question 2:</u>**    Did Arm prove by a preponderance of the evidence that Arm owns a valid,

protectable trademark in the name ARM?

**YES**               **NO**
**<u>For Plaintiff</u>**          **<u>For Defendants</u>**

YES _____        NO _____

*If you answered "YES" to Question 2, continue to Question 3.  Otherwise, proceed to the end of the document.*

**Question 3:**  Did Arm prove by a preponderance of the evidence that Defendants infringed Arm's trademarks?

**YES**                    **NO**
**For Plaintiff**          **For Defendants**

YES _____     NO _____

*Defendants' Counterclaim for Breach of Contract*

**Question 4:**  Did Defendants prove by a preponderance of the evidence that Arm breached Section ██ of the Nuvia ALA in light of the ████████████ clauses of the Nuvia license agreements?

**YES**                    **NO**
**For Defendants**         **For Plaintiff**

YES _____     NO _____

## **CONCLUSION**

You have reached the end of the verdict form.  Review the completed form to ensure that it accurately reflects your unanimous determinations.  All jurors should then sign and date the Verdict Form in the space below and notify the Court Security Officer that you have reached a verdict.


Date: _____


_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

# Exhibit 3
# (redacted in full)