IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARM LTD.,                                )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   C.A. No. 22-1146 (MN)
                                         )
QUALCOMM INC., QUALCOMM                  )
TECHNOLOGIES, INC. and NUVIA, INC.,      )
                                         )
            Defendants.                  )

**ORDER AFTER PRETRIAL CONFERENCE**

AND NOW, this 10th day of December 2024, after a Pretrial Conference and upon consideration of the Proposed Pretrial Order, (D.I. 518), the discussion at the November 20, 2024 Pretrial Conference, (*see* D.I. 530), and the follow-up telephonic discussion on December 5, 2024, IT IS HEREBY ORDERED that:

1.      The Proposed Pretrial Order (D.I. 518) is ADOPTED as modified by any discussion at the Pretrial Conference.  (*See* D.I. 530).

2.      By stipulation of the parties, jury selection will take place at 9:30 am on December 13, 2024, before Magistrate Judge Tennyson.  Plaintiff is responsible for providing enough copies of the *voir dire* and a writing utensil for each member of the jury pool, which is estimated to be 40 people.

3.      A five-day jury trial will begin on December 16, 2024 at 9:30 a.m.[1]  Each side should be prepared to present its case to the jury until 4:30 p.m. of each trial day, although the end of the trial day may, at the discretion of the Court, be earlier or later than 4:30 p.m.

---

[1]     The Court will address *infra* which issues are to be tried to the jury and which issues are to be tried to the bench.

4.      The trial will be timed.  Each side is allowed up to eleven (11) hours in the jury trial for its opening statement, direct and cross-examination of witnesses, closing arguments, and argument of evidentiary issues.  Each side shall reserve at least one (1) hour of its eleven (11) hours for closing arguments.  Time during the trial day that does not neatly fit into one of these categories will be attributed to one side or the other as the Court deems appropriate.

5.      Defendants' defenses of unclean hands, waiver, estoppel, laches, and acquiescence are equitable issues that will be tried to the Court, not the jury, and will be heard after the jury leaves in the evenings.  At those times, the Court will also hear evidence on any claims that are not relevant to the jury issues.  Each side is allowed up to two and one-half (2.5) hours for the presentation of this evidence.  To the extent that specific performance needs to be addressed after the jury verdict, the Court will hear evidence on Friday, December 20, 2024, if time allows, or at a date to be set later.

6.      Evidentiary and other issues in the jury trial that need to be addressed outside the presence of the jury will be taken up at 8:30 a.m., lunch, or the end of the day, as the Court deems appropriate.  Those issues – including objections to anticipated exhibits or demonstratives – must be brought to the attention of the Court's Judicial Administrator and the Courtroom Deputy by 7:00 a.m. on the day on which the objected-to evidence will be adduced.  There will be thirty (30) to forty-five (45) minutes for lunch and a fifteen-minute (15) break in the morning and in the afternoon.

7.      Subject to the representations and joint stipulations of the parties at the Pretrial Conference, Plaintiff's Motion *in Limine* No. 1 (D.I. 518, Ex. 15(a)) and Defendants' Motion *in Limine* No. 3 (D.I. 518, Ex. 16(c)) are DENIED AS MOOT (*see* D.I. 530 at 7:7-10:7).

2

8.      For the reasons stated at the Pretrial Conference, Plaintiff's Motion *in Limine* No. 2 (D.I. 518, Ex. 15(b)) is GRANTED (*see* D.I. 530 at 16:24-17:12) and Plaintiff's Motion *in Limine* No. 3 (D.I. 518, Ex. 15(c)) is GRANTED-IN-PART (*see* D.I. 530 at 23:23-24:7).

9.      For the reasons stated at the Pretrial Conference, Defendants' Motion *in Limine* No. 1 (D.I. 518, Ex. 16(a)) is DENIED (*see* D.I. 530 at 26:15-19) and Defendants' Motion *in Limine* No. 2 (D.I. 518, Ex. 16(b)) is GRANTED-IN-PART (*see* D.I. 530 at 26:20-36:11).

10.     For the reasons stated at the Pretrial Conference, Defendants' Motion to Compel production of Third Party ALAs (D.I. 219, 256) to the extent not already denied, is DENIED AS MOOT (*see* D.I. 530 at 31:12-23, 47:23-25).

11.     As explained at the Pretrial Conference, the parties may not provide witness binders or physical copies of documents (demonstratives, deposition transcripts, etc.) to the Court, but the parties must provide witness binders to the witnesses.  The parties shall provide electronic copies of ALL trial exhibits to the Courtroom Deputy by NOON on December 13, 2024.  The trial exhibits must be labeled with JTX, DTX or PTX prefixes with exhibit numbers, and the trial exhibits must be organized in a single folder.  Additionally, at the beginning of each trial day, the parties shall provide to the Court's Judicial Administrator and Courtroom Deputy electronic copies of witness folders containing the exhibits and demonstratives (if any) to be used on direct examination and cross-examination of any witnesses expected to be called that day.  This includes any deposition transcripts or expert reports to be used with witnesses.

12.     The Court will not preclude Plaintiff from raising the issues addressed in its November 22, 2024 letter on the basis that they were improperly pleaded.  (*See* D.I. 528).  The Court is not, however, addressing the propriety of Plaintiff's suggestion that remedies other than

3

specific performance may be requested to the extent that Plaintiff failed to fairly disclose the bases for those requests during discovery.

13.    The parties should be in the courtroom and prepared to discuss any outstanding issues at 8:15 a.m. on Monday, December 16, 2024.

14.    Any trial logistics should be coordinated through the Courtroom Deputy.


_____
The Honorable Maryellen Noreika
United States District Judge

4