# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1146 (MN) |
| | ) |
| QUALCOMM INC., QUALCOMM | ) |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) |
| | ) |
| Defendants. | ) |

## THE COURT'S PROPOSED VOIR DIRE

Good morning. My name is Eleanor Tennyson, and I am the magistrate judge who will be presiding over the voir dire and jury selection for a trial in this civil case. Judge Maryellen Noreika will be the judge presiding over the trial itself.

For those of you selected to serve as jurors, Judge Noreika and I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you this is a lawsuit involving the licensing of technology used in computer processing chips. The Plaintiff is Arm, Ltd., and the Defendants are Qualcomm, Inc., Qualcomm Technologies, Inc., and Nuvia, Inc.

Arm entered into license agreements with Nuvia, a company later acquired by Qualcomm. After Qualcomm acquired Nuvia, Arm terminated its licensing agreements with Nuvia. Arm contends that Nuvia and Qualcomm have breached the Nuvia agreements by continuing to use technology and work product developed under the Nuvia licenses after Arm terminated the license agreements. In response, Qualcomm argues that the relevant technology and work product developed under the Nuvia agreements is fully licensed under Qualcomm's separate licenses with Arm.

I am going to ask you some questions, the purpose of which is to select a fair and impartial jury. Before I ask any questions, I am going to ask my Deputy to swear the jury panel to answer any questions truthfully. (Panel sworn).

You each have a list of the questions that I am also going to read out loud. If you answer "yes" to any of the questions that I ask, please make a note of that on the list. At the end of the questions, I will ask whether you answered yes to any questions; if you did, I will take you out into a conference room where you will talk with the lawyers and me about your answers.

We are having jury selection for a case that will begin on Monday, December 16. The trial is expected to take up to five days, though it is possible that jury deliberations could extend your service beyond that. Trial days will run approximately from 9:00 a.m. to 4:30 p.m. each day, with one fifteen-minute break in the morning, a lunch break and another fifteen-minute break in the afternoon.

With that introduction, now I will ask the questions:

1. Does the schedule that I have just mentioned present a special problem to you?

2. Have you heard or read anything about this case?

3. Have you or has anyone in your immediate family or close friends had any dealings with, owned individual stock in (as opposed to holdings in ETFs or in mutual funds), or been employed by Arm Ltd. or SoftBank?

4. Have you or has anyone in your immediate family or close friends had any dealings with, owned individual stock in (as opposed to holdings in ETFs or in mutual funds), or been employed by Qualcomm Inc., Qualcomm Technologies, Inc., or Nuvia, Inc.?

5.  Do you have any opinions about Arm Ltd., SoftBank, Qualcomm Inc., Qualcomm Technologies, Inc., or Nuvia, Inc. or experience with them or their products that would make it difficult for you to be a fair and impartial juror in this case?

6.  To your knowledge, have you or has anyone in your immediate family or close friends bought any products containing Arm Ltd., Qualcomm Inc., Qualcomm Technologies, Inc., or Nuvia, Inc. technology and there is something about that experience that would make it difficult for you to be a fair and impartial juror in this case?

7.  The law firms and lawyers involved in this case are listed here below. Please carefully review the list.

- Morrison Foerster LLP
    - Daralyn J. Durie
    - Scott F. Llewellyn
    - Nicholas Rylan Fung
    - Erik J. Olson
    - Sarah Brickey
    - Shaelyn Dawson
    - Michael DeStefano
    - Henry Huttinger
    - Meet Yatin Mehta
    - Zach Quinlan
    - Laura Gilbert
    - Sydney Cooper
    - Nate Tan
    - Michael Jacobs
    - Daniel Muino
    - Jack Li
- Young Conaway Stargatt & Taylor, LLP
    - Anne Shea Gaza

3

- o   Robert M. Vrana
- o   Daniel Mackrides
- Morris, Nichols, Arsht & Tunnell LLP
    - o   Jack B. Blumenfeld
    - o   Jennifer Ying
- Norton Rose Fulbright Us LLP
    - o   Richard Zembek
    - o   Darren Smith
    - o   John Poulos
- Paul, Weiss, Rifkind, Wharton & Garrison LLP
    - o   Karen L. Dunn
    - o   William A. Isaacson
    - o   Melissa F. Zappala
    - o   Catherine Nyarady
    - o   Erin J. Morgan
    - o   S. Conrad Scott
    - o   William T. Marks
    - o   Ruby J. Garrett
    - o   Jacob A. Braly
    - o   Kimberly Grambo
    - o   Jacob Apkon
    - o   Flint A. Patterson
    - o   Candice J. Yandam Riviere
    - o   Anna P. Lipin

Do you, or does any of your immediate family or close friends, know of, have any business dealings with, or been employed by any of these attorneys or law firms?

8. The potential witnesses in this case are listed here. Please carefully review the list.

- Will Abbey
- Vivek Agrawal
- Jonathan Armstrong
- Lynn Couillard
- Jeff Defilippi
- Richard Grisenthwaite

4

- Rene Haas
- Tim Herbert
- Simon Segars
- Karthik Shivashankar
- Christine Tran
- Mark Werkheiser
- Paul Williamson
- Cristiano Amon
- Ziad Asghar
- Geeta Balakrishnan
- Lynn Bos
- Ramakrishna Chunduru
- Manu Gulati
- Pradeep Kanapathipillai
- Laura Sand
- Nitin Sharma
- Rohit Singh
- James Thompson
- Jignesh Trivedi
- Geetha Vedaraman
- Gerard Williams
- Dr. Shuo-Wei (Mike) Chen
- Robert P. Colwell
- Dr. Murali Annavaram
- Nick Jones
- Jonathan Weiser
- Guy Larri
- Masayoshi Son
- Ian Thornton

Do you, or does any of your immediate family or close friends, know of, have any business dealings with, or been employed by any of these individuals?

9. Do you have personal experience negotiating contracts?

10. Have you or has any member of your immediate family or close friends, or your employer, ever been involved in a dispute about a contract?

11. Have you ever worked for a company that supplied products to another company?

12. Have you ever provided technology or technical support to another company?

13. Have you ever worked for a company that acquired or was acquired by another company?

5

14. Do you or does any member of your immediate family have any formal education, training, or experience working in any of the following fields: law, computer programming, computer engineering, or electrical engineering?

15. Have you or has any member of your immediate family ever worked in the semiconductor industry?

16. Do you have any opinions about the semiconductor industry that would make it difficult for you to be a fair and impartial juror in this case?

17. Do you have any opinions about lawsuits or the people or companies who file them that would make it difficult for you to be a fair and impartial juror in this case?

18. Have you ever been a plaintiff, a defendant, or a witness in a lawsuit?

19. Have you served as a juror in a lawsuit?

20. Is there anything, such as poor vision, difficulty hearing, or difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

21. Have you ever had any experience with the legal system that would prevent you from being a fair and impartial juror?

22. This is the last question. Do you know of any other matter that you believe should be called to the Court's attention as having some bearing upon your qualifications or ability to sit as a juror, or that you think may prevent you from rendering a fair and impartial verdict based solely upon the evidence and my instructions as to the law?