IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1146 (MN) |
| | ) |
| QUALCOMM INC., QUALCOMM | ) |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) |
| | ) |
| Defendants. | ) |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION AND ROLE OF THE JURY | 1 |
| II. | OVERVIEW OF THE CASE | 1 |
| III. | EVIDENCE | 2 |
| IV. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 3 |
| V. | BURDENS OF PROOF | 4 |
| VI. | CREDIBILITY OF WITNESSES | 5 |
| VII. | DEPOSITION TESTIMONY | 6 |
| VIII. | EXPERT TESTIMONY | 6 |
| IX. | STIPULATIONS OF FACT | 6 |
| X. | DEMONSTRATIVE EXHIBITS | 7 |
| XI. | CONDUCT OF THE JURY | 7 |
| XII. | NOTE-TAKING BY JURORS | 8 |
| XIII. | BENCH CONFERENCES | 9 |
| XIV. | COURSE OF THE TRIAL | 10 |
| XV. | TRIAL SCHEDULE | 10 |

I.  **INTRODUCTION AND ROLE OF THE JURY**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case. These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear. Judge Noreika, the judge who will preside over this trial, will give you more detailed instructions on the law at the end of the trial.

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You should not take anything I may say or do or anything that Judge Noreika may say or do during the trial as indicating what we think of the evidence or what your verdict should be. You will then have to apply those facts as you find them to the law. Judge Noreika will instruct you on the law in more detail after all the evidence has been presented. You must follow the law and all instructions you are given, whether you agree with them or not. It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way.

II. **OVERVIEW OF THE CASE**

This is a civil case for breach of contract. As I mentioned during jury selection, the Plaintiff in this case is Arm Ltd. The Defendants in this case are Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc. I will refer to Arm Ltd. as "Arm," to Qualcomm Inc. and Qualcomm Technologies, Inc. together as "Qualcomm," and to Nuvia, Inc. as "Nuvia."

The parties are involved in a dispute over licensing agreements and the use of certain microprocessor technologies after Arm terminated its architecture license agreement ("ALA") with Nuvia. Arm contends that Qualcomm and Nuvia breached the Nuvia ALA. Defendants deny

1

that they have breached the contract and assert that Qualcomm's custom CPUs are licensed under an agreement between Arm and Qualcomm, which Arm denies.

### III. <u>EVIDENCE</u>

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Answers a party gave under oath in response to written questions or statements submitted by the other side before the trial, called "interrogatories" or "requests for admission;" and

4. Any facts that are stipulated—that is, formally agreed to by the parties.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case, including opening and closing statements;

2. Objections by lawyers;

3. Demonstratives and visual aids that are not offered or received into evidence;

4. Any testimony that Judge Noreika tells you to disregard; and

5. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that the judge makes a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard that evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## IV.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believe her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit, where the fact to be proved is the exhibit's existence or current condition.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## V.     BURDENS OF PROOF

In any legal action, facts must be proven by the required standard of evidence, known as the burden of proof. This is a civil case. Arm is the party that brought this lawsuit. Qualcomm and Nuvia are the parties against which the lawsuit was filed. Arm has the burden of proving its case by what is called the preponderance of the evidence. That means Arm must prove to you, in light of all the evidence, that what it claims is more likely true than not. To put it differently: if you were to put the evidence favorable to Arm and the evidence favorable to Qualcomm and Nuvia on opposite sides of the scales, Arm would have to make the scales tip somewhat on its side. If Arm fails to meet this burden, the verdict must be for Qualcomm and Nuvia.

Qualcomm and Nuvia have also brought claims for relief against Arm, called counterclaims. On these claims, Qualcomm and Nuvia have the same burden of proof as Arm has on its claims.

Qualcomm and Nuvia have raised defenses to the claims against them. Those defenses also must be proven by a preponderance of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may

4

have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. You should put it out of your mind.

## VI. CREDIBILITY OF WITNESSES

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity and ability to observe the things testified to; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interest in the outcome of the case; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses. Judge Noreika may give you some additional guidelines for determining the credibility of witnesses at the end of the case.

## VII. DEPOSITION TESTIMONY

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## VIII. EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness. Both sides in this case will have employed experts.

## IX. STIPULATIONS OF FACT

The parties have agreed that certain facts are true. These are called "stipulated facts," and those stipulations may be read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

## X.  DEMONSTRATIVE EXHIBITS

Some exhibits (including charts and animations presented by attorneys and witnesses) will be offered to help illustrate the testimony of the various witnesses. These illustrations, called "demonstrative exhibits" are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you will hear when you see the demonstrative exhibits that is the evidence in this case.

## XI.  CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to Judge Noreika's attention promptly.

Second, do not read or listen to anything touching on this case other than what will be presented to you during the trial. By that I mean, if there is a media report, statement on the internet, or radio or television report relating to this case, do not read, watch, or listen to the report.

Third, do not try to do any research or investigate the case on your own. Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the courtroom. Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones or other smartphones, iPads or other tablets, and other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cellphone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social media websites, including but not limited to Facebook, X (formerly Twitter), Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

## XII.    NOTE-TAKING BY JURORS

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during instructions to you on the law. We will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use—they are not to be given or read to anyone else.

Although we have a court reporter here who will be transcribing testimony during the trial, transcripts will not be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other points to keep in mind about note-taking:

1.    <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2.    <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times,

distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations.

3. <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations at the end, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. Your notes are also not evidence and not a complete outline of the proceedings or a list of the highlights of the trial. Your notes are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

4. <u>Do not take your notes away from court</u>. At the end of each day, leave your notes in the jury room. No one will read your notes but you. Your notes will be destroyed when trial is over.

## XIII. **BENCH CONFERENCES**

During the trial, it may be necessary for Judge Noreika to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient. They are not trying to keep important information from you. These conferences are necessary for the judge to fulfill her responsibility to be sure that evidence is presented to you correctly under the law.

The judge and the parties will, of course, do what they can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while they are conferring at the bench, you should feel free to do so. And know that even

9

during these bench conferences, the parties are being charged for their time, i.e., the time spent comes out of their total trial time.

Judge Noreika may not always grant an attorney's request for a bench conference. Do not consider any granting or denying a request for a conference as an indication of the judge's opinion of the case or of what your verdict should be.

## XIV. COURSE OF THE TRIAL

Now let me tell you what to expect once the trial begins on Monday.

First, there will be opening statements. Opening statements are not evidence but are intended to explain to you what each side intends to prove and are offered to help you follow the evidence.

Next, there will be the presentation of the evidence, where each side will offer testimony of live witnesses, as well as documents and perhaps previously recorded testimony. Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

After the evidence is presented, Judge Noreika will give you final instructions on the law, and the attorneys will make their closing arguments, which are again not evidence, to help you make your determination.

And then you will retire to begin your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

## XV. TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule that Judge Noreika will maintain during the course of this trial.

As mentioned previously, this case is expected to take up to five business days to try, between Monday, December 16 and Friday, December 20, 2024.

The trial will normally begin each day at 9:00 a.m., will go until around lunch time, when there will be about a forty-five-minute break for lunch before continuing until about 4:30 p.m. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if the judge needs to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial. That means that the judge has allocated each party a maximum number of hours in which to present all portions of its case. This allows her to assure you that the case is expected to be completed by Friday.

Of course, you can help the Court stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.