

| | |
|---|---|
| **Susan E. Morrison**<br>Principal<br>morrison@fr.com<br>T: 302 778 8434 | Fish & Richardson P.C.<br>222 Delaware Avenue<br>17th Floor<br>Wilmington, DE 19801<br>T: 302 652 5070<br>F: 302 652 0607 |

December 13, 2024

*Via ECF*
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building, Unit 19
844 N. King Street
Room 4324
Wilmington, DE 19801-3555

Re: *Arm Ltd. v. Qualcomm Inc.*, C.A. No. 22-1146 (MN) (LDH)

Dear Judge Noreika,

The undersigned represents non-party Apple Inc. in the above-referenced matter. I write on behalf of my client regarding the treatment of confidential business information of non-party Apple ("Apple CBI") that may be used by the parties at trial in this matter, set to begin on December 16, 2024.

On December 6, 2024, Apple wrote to the parties to remind them of their ongoing confidentiality and notice obligations to non-party Apple with regard to the Apple CBI that the parties are contemplating using at trial. We also requested, further to Your Honor's instructions to counsel at the Final Pretrial Conference (Nov. 20, 2024 FPTC Tr. at 71:22-72:6), that the parties work with Apple in advance to seal the Courtroom should they seek to introduce any Apple CBI at trial.

To that end, Apple requested advance notice of and additional information regarding the exhibits and demonstratives to be used at trial and for the parties to identify the witnesses and corporate representatives who would attend trial. Specifically, Apple requested that:

1. The parties provide Apple with the notice contemplated in Paragraph 34 of the [Proposed] Joint Pretrial Order (Dkt. No. 534) (the "Order") and specifically identify in that notice which exhibits may contain Apple CBI. For exhibits used in re-direct examination, cross-examination, or during direct examination of an adverse witness, the parties agree to provide Apple with sufficient notice of their intent to use exhibits which contain Apple CBI. "Sufficient notice" means at least notifying Apple prior to the witness taking the stand;

2. The parties provide Apple with the notice contemplated in Paragraph 40 of the Order, and specifically identify in that notice which summary exhibits may contain Apple CBI;

3.     The parties provide Apple with copies of the demonstratives when exchanged as provided in Paragraphs 43, 44, 45, and 46 of the Order. To the extent that any demonstratives used for cross examination or direct examination of an adverse witness, the parties agree to provide Apple with sufficient notice of their intent to use those demonstratives which contain Apple CBI;

4.     The parties provide Apple with the identity of the witnesses they intend to call as contemplated in Paragraph 55 of the Order; and

5.     Each party provides Apple with the identity of its corporate representative pursuant to Paragraph 87, so that Apple may raise any objections to that person remaining in the Courtroom if Apple CBI is presented during trial.

Apple requested these notifications as a way to minimize any disruptions at trial while also providing non-party Apple with the advance notice it needs to fully consider and prepare objections to any proposed production of Apple CBI during trial. The requested notice is necessary to protect the extremely sensitive information of non-party Apple that has been produced in party discovery or is still the subject of an objection by Apple or the parties to production. *United States v. Dentsply Int'l, Inc.,* 187 F.R.D. 152, 160 n.7 (D. Del. 1999) ("[W]hen a private plaintiff decides to bring a lawsuit, or when a private defendant develops strategy for defending a lawsuit, they accept the inherent risk that they will be required to disclose confidential information and may be injured by that disclosure. A nonparty, on the other hand, is in precisely the opposite situation; the nonparty has never undertaken the risks of disclosure."). Further, Apple intends to attend the trial each day to ensure the protection of the Apple CBI, and requests an opportunity to be heard should any party argue for the production of additional Apple CBI during trial.

On December 11, 2024, Arm responded to Apple by telephone and generally agreed to provide Apple with the notices it requested. To date, the Defendants have not responded to Apple's letter or follow-up phone call. We had hoped to be able to resolve these issues without Your Honor's intervention, but have no choice but to alert your Honor to Apple's efforts and requests given the fast approaching start of trial. We therefore ask that the Court order the parties to comply with Requests No. (1) through (5), above.

Respectfully Submitted,

/s/ Susan E. Morrison

Susan E. Morrison

cc:  All Counsel of Record (via ECF)