# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARM LTD., a U.K. corporation, | |
| Plaintiff, | |
| v. | C.A. No. 22-1146-MN |
| QUALCOMM INC., a Delaware corporation, QUALCOMM TECHNOLOGIES, INC., a Delaware corporation, and NUVIA, INC., a Delaware corporation, | |
| Defendants. | |

## [PROPOSED] FINAL JURY INSTRUCTIONS

Pursuant to D. Del. Local Rule 51.1, the parties have submitted these joint jury instructions. The parties have indicated where disputes exist below.

## TABLE OF CONTENTS

1. GENERAL INSTRUCTIONS ................................................................. 4

    1.1. Introduction ................................................................................ 4

    1.2. Jurors' Duties ............................................................................. 5

    1.3. Two or More Parties—Different Legal Rights ............................ 6

    1.4. Evidence Defined ....................................................................... 7

    1.5. Direct and Circumstantial Evidence .......................................... 9

    1.6. Credibility of Witnesses ........................................................... 10

    1.7. Expert Witnesses ...................................................................... 12

    1.8. Deposition Testimony .............................................................. 13

    1.9. Use of Notes ............................................................................ 14

    1.10. Burdens of Proof ..................................................................... 15

    1.11. Stipulation of Fact .................................................................. 17

    1.12. Demonstrative Exhibits ........................................................... 18

    1.13. Attorney-Client Privilege ........................................................ 19

2. THE PARTIES AND THEIR CONTENTIONS ................................. 20

    2.1. The Parties ............................................................................... 20

    2.2. [DISPUTED] The Parties' Contentions .................................... 21

3. BREACH OF CONTRACT ................................................................ 22

    3.1. Contract Defined ...................................................................... 22

    3.2. [DISPUTED] Assumption ......................................................... 23

    3.3. [DISPUTED] Breach of Contract—Essential Factual Elements ...................... 24

    3.4. [DISPUTED] Implied Obligation of Good Faith and Fair Dealing .................. 25

    3.5. Contract Interpretation—Disputed Words ............................... 26

    3.6. Interpretation—Meaning of Ordinary Words ........................... 27

    3.7. Interpretation—Construction of Contract as a Whole .............. 28

    3.8. [DISPUTED] Interpretation—Construction by Conduct ............ 29

    3.9. [DISPUTED] Harm .................................................................. 30

4. DELIBERATION AND VERDICT ................................................... 31

    4.1. Introduction ............................................................................. 31

    4.2. Unanimous Verdict .................................................................. 32

4.3.     Duty to Deliberate ................................................................................... 33

4.4.     Social Media ............................................................................................ 34

4.5.     Court Has No Opinion .............................................................................. 35

1.    **GENERAL INSTRUCTIONS**

1.1.    **Introduction**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. Each of you has been provided a copy of these instructions. You may read along as I deliver them if you prefer.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. Then I will explain the positions of the parties and the law you will apply in this case. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say. In following my instructions, you must follow all of them, including the ones I gave at the beginning of the case and the ones that I have given during trial, and not single out some and ignore others. They are all important.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.1; Final Jury Instructions, *BASF Corp. v. Ingevity Corp.*, No. 18-1391-RGA, D.I. 549 (D. Del. Sept. 14, 2021) at § 1.1 (modified).

### 1.2.    Jurors' Duties

You have two main duties as jurors.  The first is to decide what the facts are from the evidence that you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.  You are the sole judges of the facts.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not guess or speculate, and do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.2 (modified); Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 3.1 (modified).

### 1.3.    Two or More Parties—Different Legal Rights

You should decide the case as to each Defendant—Qualcomm and Nuvia—separately.

Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit

(2017 Ed.) at § 1.8 (modified).

### 1.4.    Evidence Defined

<u>The evidence from which you are to find the facts consists of the following</u>:

1.  The testimony of the witnesses;

2.  Documents and other things received as exhibits;

3.  Answers a party gave under oath in response to written questions or statements submitted by the other side before the trial, called "interrogatories" or "requests for admission;" and

4.  Any facts that are stipulated—that is, formally agreed to by the parties.

<u>The following things are not evidence</u>:

1.  Statements, arguments, and questions of the lawyers for the parties in this case;

2.  Objections by lawyers;

3.  Demonstratives and visual aids that are not offered or received into evidence;

4.  Any testimony I tell you to disregard; and

5.  Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is

requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact that an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

Authority: Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 1.5.

### 1.5.    Direct and Circumstantial Evidence

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence." I will now remind you what each means.

Direct evidence is evidence like the testimony of an eyewitness, which if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believe her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.4; *see also* Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 1.6.

### 1.6.    Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of each witness's credibility.  You may believe everything a witness says, or only part of it, or none of it.  You should consider each witness's means of knowledge; strength of memory; opportunity and ability to observe the things testified to; how reasonable or unreasonable the testimony is; whether the testimony is consistent or inconsistent; whether the testimony has been contradicted; the witness's biases, prejudices, or interest in the outcome of the case; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at the trial in person or by deposition testimony played by video or read to you.  You have the right to distrust such witness's testimony and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.  The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you decide that a witness did not tell the truth about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness did not tell the truth about some things or simply forgot or did not remember something but told the truth otherwise, you may accept the part you think is true and ignore the rest.

<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.6 (modified); Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 1.7; Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 5003.

### 1.7.    Expert Witnesses

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.7; Del. P.J.I. Civ. § 23.10 (2000).

**1.8.    Deposition Testimony**

During the trial, certain testimony was presented to you by the playing of video excerpts of or reading from a deposition.  The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence. You should not attribute any significance to the fact that the deposition videos may appear to have been edited.

Deposition testimony is out of court testimony given under oath and is entitled to the same consideration you would give it had the witnesses personally appeared in court.

<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.8.

### 1.9.    Use of Notes

You may have taken notes during trial to assist your memory.  As I instructed you at the beginning of the case, you should use caution in consulting your notes.  I think there is a tendency to attach undue importance to matters that one has written down.  Some testimony that is considered unimportant at the time presented—and therefore was not written down—takes on greater importance later in the trial in light of all the evidence presented.  Therefore, your notes are only a tool to aid your own memory and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.


Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 1.9; *see also* Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 1.9.

### 1.10. Burdens of Proof

This is a civil case.  Arm is the party that brought this lawsuit.  Qualcomm and Nuvia are the parties against which the lawsuit was filed.  Arm has the burden of proving its case by what is called the preponderance of the evidence.  That means Arm has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To put it differently: if you were to put the evidence favorable to Arm and the evidence favorable to Qualcomm and Nuvia on opposite sides of the scales, Arm would have to make the scales tip somewhat on its side.  If Arm fails to meet this burden, the verdict must be for Qualcomm and Nuvia.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

Qualcomm and Nuvia have also brought claims for relief against Arm, called counterclaims.  On these claims, Qualcomm and Nuvia have the same burden of proof as has Arm on its claims.

Arm, Qualcomm, and Nuvia have raised defenses to the claims against them.  Those defenses must be proven by a preponderance of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.


Authority:  Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.)

at §§ 1.10; Jury Instructions, *BASF Corp. v. Ingevity Corp.*, No. 18-1391-RGA, D.I. 549 (D. Del. Sept. 14, 2021) at § 1.3 (modified).

**1.11.   Stipulation of Fact**

The parties have agreed that certain facts are true.  These are called "stipulated facts," and those stipulations have been read to you during this trial.  You must treat the stipulated facts as having been proved for the purposes of this case.

Authority: Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 2.4.

### 1.12.   Demonstrative Exhibits

Some exhibits (including charts and animations presented by attorneys and witnesses) were offered to help illustrate the testimony of the various witnesses.  These illustrations, called "demonstrative exhibits," are not evidence, and should not be considered as evidence.  Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

Authority: Final Jury Instructions, *BASF Corp. v. Ingevity Corp.*, No. 18-1391-RGA, D.I. 549 (D. Del. Sept. 14, 2021) at § 1.11.

### 1.13.    Attorney-Client Privilege

During the trial, you have heard witnesses decline to answer because of the attorney-client privilege.  You should know that it's perfectly proper for any witness to invoke the attorney-client privilege while testifying, and you shouldn't draw any conclusion adverse to either party simply because a witness has invoked the privilege.  Nor should you speculate on what the witness might have testified if the privilege had not been raised.  Confine your deliberations to the testimony you have heard and the documents in evidence.

<u>Authority</u>:  Del. P.J.I. Civ. § 23.16 (2000).

## 2.      THE PARTIES AND THEIR CONTENTIONS

### 2.1.      The Parties

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

As I have previously told you, Plaintiff is Arm Ltd., which I will refer to as Arm. Defendants are Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc.  For ease of reference, I will refer to Qualcomm Inc. and Qualcomm Technologies, Inc. collectively as Qualcomm and to Nuvia, Inc. as Nuvia.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 2.1 (modified).

### 2.2.    [DISPUTED] The Parties' Contentions

As I explained to you on the first day of trial, the parties are involved in a dispute over licensing agreements following termination of the Nuvia ALA.  Arm has brought a claim against Qualcomm and Nuvia, and Qualcomm and Nuvia have brought claims against Arm.  I will summarize the parties' contentions.

As to Arm's claim against Qualcomm and Nuvia, Arm contends that Qualcomm and Nuvia breached the Nuvia ALA.  [**Plaintiff proposes**: Arm contends that when Qualcomm acquired Nuvia, Nuvia assigned the Nuvia ALA to Qualcomm, as defined in the Nuvia ALA, without Arm's consent.] Arm contends that upon termination of the Nuvia ALA, Qualcomm and Nuvia were required to, but did not, [**Plaintiff proposes**: discontinue use of technology or work product developed under] [**Defendants propose**: comply with the termination provision (Section 15.1(a)) of] the Nuvia ALA.]

Qualcomm contends that it cannot be held liable for a breach of the Nuvia ALA.  Both Qualcomm and Nuvia also deny that they have breached the Nuvia ALA [**Defendants propose**:, and Qualcomm contends that the relevant technology and products are fully licensed.  Qualcomm and Nuvia also assert defenses that Arm cannot seek relief for any alleged breach of the Nuvia ALA because of Arm's own conduct; specifically, that Arm breached the implied obligation of good faith and fair dealing.]

As to Qualcomm's claims against Arm, Qualcomm contends that Arm made false statements to Qualcomm's customers.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 2.2 (modified).

**3.**    **BREACH OF CONTRACT**

### 3.1.    Contract Defined

A contract is a legally binding agreement between two or more parties.

The parties <u>do not</u> dispute that the Nuvia ALA was a legally binding contract between Arm and Nuvia.  The parties <u>do</u> dispute whether the Nuvia ALA was a legally binding contract between Arm and Qualcomm.  The parties <u>do not</u> dispute that the Qualcomm ALA is a legally binding contract between Arm and Qualcomm.


<u>Authority</u>: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 3.1 (modified).

### 3.2.    [DISPUTED] Assumption

A non-party to a contract may be liable for a breach of the contract when it assumes the obligations of the contract.  A non-party may assume the obligations either by express or implied assumption.[12]

Under express assumption, the non-party explicitly agrees to assume the obligations of the contract.

A non-party can assume the obligations by implied assumption. The voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it [**Defendants propose:** so far as the facts are known, or ought to be known, to the person accepting. That rule applies where a party holds itself out as personally liable and recognizes the original contract as binding upon it].

The intent to assume obligations can be inferred from the actions, subject matter, or words of the parties involved.

[**Defendants propose**:  As a matter of law, Qualcomm did not assume the Nuvia ALA merely by acquiring Nuvia.]

[**Defendants propose**:  Arm has the burden to prove that Qualcomm intended to assume Nuvia's obligations under the Nuvia ALA by a preponderance of the evidence.]

---

[1] Cal. Civ. Code § 1589; *Ray v. Alad Corp.*, 19 Cal. 3d 22 (1977); *United States v. Sterling Centrecorp, Inc.*, 960 F. Supp. 2d 1025 (E.D. Cal. 2013); *Beatrice Co. v. State Bd. of Equalization*, 6 Cal.4th 767 (1993); *Dick v. Woolson*, 106 Cal.App.2d 415 (1951); *Bergin v. Van Der Steen*, 107 Cal.App.2d 8 (1951); *Enterprise Leasing Corp. v. Shugart Corp.*, 231 Cal.App.3d 737 (1991).

[2] *Universal Bank v. Laws. Title Ins. Corp.*, 73 Cal. Rptr. 2d 196, 198 (Ct. App. 1997); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1129–30 (C.D. Cal. 2015); *Lewis v. Ward*, C.A. No. 15255, 2003 WL 22461894, at *4 n.18 (Del. Ch. Oct. 29, 2003), *aff'd* 852 A.2d 896 (Del. 2004); *Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*, 62 A.3d 62, 82–83, 87–88 (Del. Ch. 2013); *Florey Institute of Neuroscience & Mental Health v. Kleiner Perkins Caufield & Byers*, No. CV 12-6504 SC, 2013 WL 5402093, at *4–5 (N.D. Cal. Sept. 26, 2013); *Recorded Picture Co.* v. *Nelson Entm't, Inc.*, 61 Cal. Rptr. 2d 742, 748 (Ct. App. 1997).

### 3.3.    [DISPUTED] Breach of Contract—Essential Factual Elements

To prove Qualcomm and / or Nuvia's breach of contract, Arm must prove the following by a preponderance of the evidence:

1. That Arm and Nuvia entered into a contract (the Nuvia ALA) [**Defendants propose**: Arm must also prove that Qualcomm intentionally assumed Nuvia's obligations under the Nuvia ALA.  The parties do not dispute that Arm and Nuvia entered into the Nuvia ALA, but they do dispute whether Qualcomm assumed Nuvia's obligations under the Nuvia ALA, such that Qualcomm can also be held liable under the Nuvia ALA];

2. That Arm did all, or substantially all, of the significant things that the contract required it to do;

3. That Arm terminated the Nuvia ALA;

4. That Qualcomm and/or Nuvia failed to do something that the contract required them to do [**Defendants propose**: pursuant to Section 15.1(a) of the Nuvia ALA];

5. That Arm suffered harm; and

6. That the breach of the Nuvia ALA by Nuvia and/or Qualcomm was a substantial factor in causing Arm's harm.


Authority: Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 303 (modified).

### 3.4.    [DISPUTED] Implied Obligation of Good Faith and Fair Dealing

[**Defendants propose**: Arm violated the implied obligation of good faith and fair dealing when it refused to grant consent to the assignment of the Nuvia ALA to Qualcomm.

In every contract, there is an implied promise that neither party will do anything to injure the right of the other party to receive the benefits of the agreement.

To breach this implied obligation of good faith and fair dealing, a party must unreasonably act or fail to act in a manner that deprives the other party of the benefits of the contract. To act unreasonably is not a mere failure to exercise reasonable care. It means that a party must act or fail to act without proper cause. However, it is not necessary for the party to intend to deprive the other party of the benefits of the contract.

Where a contract provides for assignment only with the prior consent of one party, the covenant of good faith and fair dealing requires that party to give consent unless they have a commercially reasonable objection to the assignee or the proposed use of the assigned subject matter.

A party's withholding of consent in order to extract higher fees than originally contracted for is not commercially reasonable. Even if a party who is withholding consent is partially motivated by legitimate business concerns, such concerns can coexist with bad faith.][3]

[**Plaintiff proposes:** This instruction is inappropriate.] [4]

---

[3] Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 2330 (modified); *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 726 (Cal. 1992); *Kendall v. Ernest Pestana, Inc.*, 709 P.2d 837, 845–47, 849 (Cal. 1985); *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, 859 F. Supp. 2d 1138, 1154 (E.D. Cal. 2012).

[4] *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371-76 (Cal. 1992).

### 3.5.    Contract Interpretation—Disputed Words

Arm and Defendants dispute the meaning of the words in their contract.  Arm must prove that its interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the words of the contract:

Authority: Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 314 (modified).

### 3.6.    Interpretation—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

<u>Authority</u>: Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 315.

### 3.7. Interpretation—Construction of Contract as a Whole

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

Authority: Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 317.

**3.8.    [DISPUTED] Interpretation—Construction by Conduct**

[**Plaintiff proposes:**  In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.]

[**Defendants propose:**  This instruction is not needed.]


Authority: Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 318.

### 3.9.    [DISPUTED] Harm

[**Defendants propose**: To satisfy this element, Arm must prove by a preponderance of the evidence that it has been harmed.

Arm must also prove that when the Nuvia ALA was entered into, all parties knew or could reasonably have foreseen that the harm Arm alleges was likely to occur in the ordinary course of events as result of the breach of the termination provisions of the Nuvia ALA.  Arm cannot satisfy this element based on harm that was outside of the contemplation of the parties.

Arm does not need to prove the harm it has suffered with absolute precision, though it must prove it with reasonable certainty.  You may not find this element satisfied based on harm that is speculative, hypothetical, only possible, or that is based on guesswork.][5]

[**Plaintiff proposes:** This instruction is not needed.] [6]

---

[5] Judicial Council of California Civil Jury Instructions (2024 Ed.) at §350 (modified); *Erlich v. Menezes*, 981 P.2d 978, 982 (Cal. 1999), Final Jury Instructions, *VB Assets, LLC v. Amazon.com Servs. LLC*, C.A. No. 19-1410 (MN), D.I. 288 (D. Del. Nov. 8, 2023) at § III.A (modified).

[6] Judicial Council of California Civil Jury Instructions (2024 Ed.) at § 303.

4.    **DELIBERATION AND VERDICT**

### 4.1.    Introduction

I have concluded the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4–4, or 6–2, or whatever your vote happens to be.  That should stay secret until you are finished.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 5.1; *see also* Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 3.1.

### 4.2.    Unanimous Verdict

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so consistent with your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Remember at all times that you are not partisans.  You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  I will review it with you in a moment.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form.  You will then return to the courtroom and my deputy will read aloud your verdict.


Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 5.2, § 5.3 (modified); Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.), § 3.1 (modified).

### 4.3.    Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself.

Authority: Final Jury Instructions, *The United States of America v. Gilead Sciences, Inc. et al.*, C.A. No. 19-2103 (MN) (D. Del.), § IV.C; Final Jury Instructions *VB Assets, LLC v. Amazon.com Services LLC.,* C.A. No. 19-1410 (MN) (D. Del.), § IV.C; Final Jury Instructions, *Continuous Composites, Inc. v. MarkForged, Inc.,* C.A. No. 21-998 (MN) (D. Del.), § 4.3.

### 4.4.    Social Media

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as the telephone, a cell phone, smartphone, iPhone, iPad, BlackBerry, tablet or computer, the internet, any internet service, any text or instant messaging service, or any internet chat room, blog or website such as Facebook, LinkedIn, YouTube, Instagram, Snapchat, or X (formerly Twitter) to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate.  Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you.  You should not seek or obtain such information and it must not influence your decision in this case.

Authority:  Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 5.4 (modified); *see also* Model Civil Jury Instructions for the District Courts of the Third Circuit (2024 Ed.) at § 3.1.

### 4.5.    Court Has No Opinion

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

Authority: Final Jury Instructions, *Novel Drug Sols., LLC v. Harrow Health, Inc.*, No. 18-539 (MN), D.I. 393 (D. Del. Nov. 5, 2021) at § 5.5.