IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1146 (MN) |
| | ) | |
| QUALCOMM INC., QUALCOMM | ) | |
| TECHNOLOGIES, INC. and NUVIA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>FINAL JURY INSTRUCTIONS</u>**

**TABLE OF CONTENTS**

1.    GENERAL INSTRUCTIONS ................................................................................... 1

    1.1.    Introduction................................................................................................ 1

    1.2.    Jurors' Duties ............................................................................................ 1

    1.3.    Burdens of Proof........................................................................................ 2

    1.4.    Attorney-Client Privilege.......................................................................... 3

2.    THE PARTIES AND THEIR CONTENTIONS .................................................... 4

    2.1.    The Parties ................................................................................................. 4

    2.2.    The Parties' Contentions........................................................................... 4

    2.3.    Two or More Parties – Different Legal Rights ........................................ 5

3.    BREACH OF CONTRACT...................................................................................... 5

    3.1.    Contract Defined ....................................................................................... 5

    3.2.    Assumption ................................................................................................ 5

    3.3.    Breach of Contract – Essential Factual Elements .................................. 6

    3.4.    Contract Interpretation – Disputed Words.............................................. 6

    3.5.    Interpretation – Meaning of Ordinary Words ......................................... 7

    3.6.    Interpretation – Construction of Contract as a Whole ........................... 7

    3.7.    Interpretation – Construction by Conduct............................................... 7

4.    DELIBERATION AND VERDICT ......................................................................... 8

    4.1.    Introduction................................................................................................ 8

    4.2.    Unanimous Verdict.................................................................................... 8

    4.3.    Duty to Deliberate..................................................................................... 9

    4.4.    Social Media ............................................................................................ 10

    4.5.    Court Has No Opinion ............................................................................ 10

1.    **<u>GENERAL INSTRUCTIONS</u>**

    1.1.   **<u>Introduction</u>**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  Please listen carefully to everything I say. You must follow all of my instructions, as well as the ones Judge Tennyson gave you at the start of the case, including about the definition of evidence, direct and circumstantial evidence, credibility of witnesses, deposition testimony, expert testimony, stipulations of fact, demonstrative exhibits, use of notes, and any I have given during trial.  Do not single out some and ignore others. They are all important.

You will have a written copy of these instructions, along with the preliminary instructions Judge Tennyson gave you, with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

    1.2.   **<u>Jurors' Duties</u>**

Let me remind you that you have two main duties as jurors.  The first is to decide what the facts are from the evidence that you saw and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.  You are the sole judges of the facts.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions given before and during the trial, and these instructions.  All of the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not guess or speculate, and do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

### 1.3.    Burdens of Proof

I also want to remind you about the burden of proof.  This is a civil case.  Arm has the burden of proving its case by what is called the preponderance of the evidence.  That means Arm has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To put it differently: if you were to put the evidence favorable to Arm and the evidence favorable to Qualcomm and Nuvia on opposite sides of the scales, Arm would have to make the scales tip somewhat on its side.  If Arm fails to meet this burden, the verdict must be for Qualcomm and Nuvia.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

Qualcomm and Nuvia have also brought a claim for relief against Arm, called a counterclaim.  On that claim, Qualcomm and Nuvia have the same burden of proof as has Arm on its claims, i.e., by a preponderance of the evidence.

Arm, Qualcomm, and Nuvia have raised defenses to the claims against them.  Those defenses must also be proven by a preponderance of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this.  So you should put it out of your mind.

-3-

### 1.4.    **Attorney-Client Privilege**

During the trial, you have heard witnesses decline to answer because of the attorney-client privilege. You should know that it's perfectly proper for any witness to invoke the attorney-client privilege while testifying, and you shouldn't draw any conclusion adverse to either party simply because a witness has invoked the privilege. Nor should you speculate on what the witness might have testified if the privilege had not been raised. Confine your deliberations to the testimony you have heard and the documents in evidence.

2.      **THE PARTIES AND THEIR CONTENTIONS**

    2.1.      **The Parties**

I will now review for you the parties in this action and the positions of the parties that you will have to consider in reaching your verdict.

As you have heard during trial, Plaintiff is Arm Ltd., which I will refer to as Arm. Defendants are Qualcomm Inc., Qualcomm Technologies, Inc., and Nuvia, Inc. For ease of reference, I will refer to Qualcomm Inc. and Qualcomm Technologies, Inc. collectively as Qualcomm, and to Nuvia, Inc. as Nuvia.

    2.2.      **The Parties' Contentions**

As Judge Tennyson explained to you on the first day of trial, the parties are involved in a dispute over licensing agreements following termination of the Nuvia ALA. Arm has brought a claim against Qualcomm and Nuvia, and Qualcomm and Nuvia have brought a claim against Arm. I will summarize the parties' contentions.

As to Arm's claim against Qualcomm and Nuvia, Arm contends that Qualcomm and Nuvia breached the Nuvia ALA. Arm contends that, when Qualcomm acquired Nuvia, Nuvia assigned the Nuvia ALA to Qualcomm, as defined in the Nuvia ALA, without Arm's consent. Arm also contends that, upon termination of the Nuvia ALA, Qualcomm and Nuvia were required to, but did not, comply with the termination provision (Section 15.1(a)) of the Nuvia ALA, including discontinuing use of technology or work product developed under the Nuvia ALA.

Qualcomm contends that it cannot be held liable for a breach of the Nuvia ALA. Both Qualcomm and Nuvia also deny that they have breached the Nuvia ALA, and Qualcomm contends that the relevant technology and products are fully licensed.

### 2.3.   Two or More Parties – Different Legal Rights

You should decide the case as to each Defendant – Qualcomm and Nuvia – separately. Unless otherwise stated, the instructions apply to all parties.

## 3.   BREACH OF CONTRACT

### 3.1.   Contract Defined

A contract is a legally binding agreement between two or more parties.

The parties <u>do not</u> dispute that the Nuvia ALA was a legally binding contract between Arm and Nuvia. The parties <u>do</u> dispute whether the Nuvia ALA was a legally binding contract between Arm and Qualcomm. The parties <u>do not</u> dispute that the Qualcomm ALA is a legally binding contract between Arm and Qualcomm.

### 3.2.   Assumption

A non-party to a contract may be liable for a breach of the contract when it assumes the obligations of the contract. A non-party may assume the obligations either by express or implied assumption.

Under express assumption, the non-party explicitly agrees to assume the obligations of the contract.

A non-party can also assume the obligations by implied assumption. The voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it.

The intent to assume obligations can be inferred from the actions, subject matter, or words of the parties involved.

Qualcomm did not assume the Nuvia ALA merely by acquiring Nuvia. You must look at the actions, subject matter or words of Qualcomm and Nuvia. Arm has the burden to prove that

Qualcomm intended to assume Nuvia's obligations under the Nuvia ALA by a preponderance of the evidence.

### 3.3.    Breach of Contract – Essential Factual Elements

To prove Qualcomm or Nuvia's breach of contract, Arm must prove the following by a preponderance of the evidence:

1.      That Arm and Nuvia entered into a contract (the Nuvia ALA).  This is not disputed by the parties.  With respect to Qualcomm, however, as just discussed, Arm must also prove that Qualcomm intentionally assumed Nuvia's obligations under the Nuvia ALA in order for Qualcomm to be held liable under the Nuvia ALA;

2.      That Arm did all, or substantially all, of the significant things that the Nuvia ALA required it to do;

3.      That Arm terminated the Nuvia ALA;

4.      That Qualcomm or Nuvia failed to do something that the contract required it to do pursuant to Section 15.1(a) of the Nuvia ALA;

5.      That Arm suffered harm; and

6.      That the breach of the Nuvia ALA by Nuvia or Qualcomm was a substantial factor in causing Arm's harm.

### 3.4.    Contract Interpretation – Disputed Words

Arm and Defendants dispute the meaning of the words in their contract.  Arm must prove that its interpretation is correct.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the words of the contract:

### 3.5.    Interpretation – Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

### 3.6.    Interpretation – Construction of Contract as a Whole

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

### 3.7.    Interpretation – Construction by Conduct

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

4.    **DELIBERATION AND VERDICT**

    4.1.    **Introduction**

I have concluded the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4–4, or 6–2, or whatever your vote happens to be.  That should stay secret until you are finished.

    4.2.    **Unanimous Verdict**

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so consistent with your individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not ever change your mind

just because other jurors see things differently, or just to get the case over with. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. I will review it with you in a moment. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. You will then return to the courtroom and my deputy will read aloud your verdict.

### 4.3.   <u>Duty to Deliberate</u>

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So, you should all feel free to speak your minds. Listen carefully to what the other jurors have to say, and then decide for yourself.

### 4.4. Social Media

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smartphone, iPhone, iPad, BlackBerry, tablet or computer, the internet, any internet service, any text or instant messaging service, or any internet chat room, blog or website such as Facebook, LinkedIn, YouTube, Instagram, Snapchat, or X (formerly Twitter) to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

### 4.5. Court Has No Opinion

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.

-10-