## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ARM LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>QUALCOMM INC., QUALCOMM<br>TECHNOLOGIES, INC., and NUVIA, INC.,<br><br>   Defendants. | C.A. No. 22-1146-MN |

## PLAINTIFF'S MOTION TO SEAL AND REDACT

Plaintiff Arm Ltd. ("Arm" or "Plaintiff") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. LR 5.1.3 for entry of an Order, substantially similar to the proposed order attached hereto, maintaining under seal portions of the transcript of the pretrial conference held on November 20, 2024 (the "Transcript").

The Transcript, including portions that contain Arm confidential information, is attached hereto as Exhibit B and includes proposed redactions highlighted in yellow (the "Proposed Redactions"). A proposed public version of the Transcript with redactions applied is attached hereto as Exhibit A. The December 16, 2024, Declaration of Robert Calico ("Calico Decl." or "Calico Declaration") in support of this Motion is filed contemporaneously herewith.

As required by D. Del. LR 7.1.1, counsel for Arm states that they have conferred with counsel for Defendants Qualcomm, Inc., Qualcomm Technologies, Inc., and Nuvia, Inc. (collectively, "Defendants"), who have advised that Defendants take no position on Arm's motion.

1

## I.      INTRODUCTION

Arm seeks to redact certain information in the Transcript comparing the royalties paid by Qualcomm under its Technology License Agreement ("TLA") and royalties under Arm's Architecture License Agreement ("ALA") with Nuvia, as well as information concerning the provisions of Arm's ALA with Qualcomm. Arm has proposed a small number of narrow redactions, as highlighted in Exhibit B, which redact only specific confidential, non-public, and commercially sensitive competitive information. Arm requests that the Court maintain the highlighted portions of the Transcript attached as Exhibit B under seal and that the redacted version of the Transcript attached as Exhibit A be placed on the public docket.

## II.     LEGAL STANDARDS

The public's access to judicial records is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party may overcome the presumption of access to judicial records by showing "that the material [proposed to be redacted] is the kind of information that courts will protect," that "disclosure will work a clearly defined and serious injury to the party seeking closure," and that "the interest in secrecy outweighs the presumption [of public access]." *In re Avandia*, 924 F.3d 662 at 672 (quotations and citations omitted). The Court may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

## III.    ARGUMENT

### A.      The Proposed Redactions Cover Proprietary Business Information Whose Disclosure Could Harm Arm's Competitive Standing

As set forth in the Calico Declaration, the Proposed Redactions disclose non-public

information comparing the royalties under Arm's ALA with Nuvia and Arm's TLA with Qualcomm, as well as information concerning the provisions of Arm's ALA with Qualcomm.

The presumption of public access to the Proposed Redactions in the Transcript is rebutted here because the Proposed Redactions consist of confidential, non-public, and proprietary information concerning the royalties under Arm's ALA with Nuvia and Arm's TLA with Qualcomm, as well as information concerning the provisions of the Qualcomm ALA. (Calico Decl. at ¶¶ 3-6.) Arm's ALAs and TLAs also include confidentiality provisions whereby Arm and its partners have contractually agreed to maintain the confidentiality of the information. (*Id.* at ¶ 4.) Disclosure of the contents of Arm's ALAs and TLAs and its confidential financial information would cause competitive harm to Arm because its competitors would be provided with insight into the specific rights granted to Arm's licensing partners and Arm's finances that Arm's competitors would not otherwise know. (*Id.* ¶¶ 5-6.) Arm's competitors could then use this information in future licensing negotiations with Arm, putting Arm at a disadvantage. (*Id.*)

For example, the highlighted portions of page 19, lines 4, 5, and 19; and page 20, lines 11 and 12 of the Transcript refer to royalties that Qualcomm pays under its TLA. (*Id.* ¶ 5.) The highlighted portions of page 20, line 21 of the Transcript compares the royalties under Arm's ALA with Qualcomm to the royalties under Arm's ALA with Nuvia. (*Id.*) Disclosure of this confidential financial information would allow Arm's competitors to gain insight into the royalties that Arm is paid under those agreements that they would otherwise not know. (*Id.*) Disclosure of Arm's confidential financial information in the form of royalties that Qualcomm pays under its TLA and royalties paid to Arm under Arm's ALA with Nuvia could also be used by competitors to put Arm at a disadvantage in future licensing negotiations. (*Id.*)

The highlighted portions of page 10, lines 15, 16, and 17 of the Transcript refer to section

numbers in the Qualcomm ALA. (*Id.* ¶ 6.) Disclosure of the section numbers of the Qualcomm ALA on these pages, combined with the parties' publicly disclosed allegations relating to these sections, would allow Arm's competitors to gain insight into how Arm structures its license agreements and the complexity of its agreements with Qualcomm. (*Id.*) Permitting redaction of these section numbers would also be consistent with the Court's prior grant of Arm's request to seal section numbers of its license agreements. (D.I. 321.)

The highlighted portions of pages 1, 5, and 7 in the glossary of the Transcript correspond to the words and section numbers described above that Arm seeks to seal. (Calico Decl. at ¶ 7.) These highlighted portions of the glossary also disclose the pages and line numbers where these words and section numbers appear. (*Id.*) Sealing of these provisions in the glossary is necessary to prevent public disclosure of the confidential information described above. (*Id.*) Disclosure of these portions of the glossary could allow Arm's competitors to discern the information for which Arm requests sealing. (*Id.*)

**B.    The Material Proposed To Be Redacted Is the Kind of Information That Courts Will Protect**

The information for which Arm requests sealing in the Transcript is the kind of sensitive information that courts generally will protect.

*First*, courts may find a movant's interest in the secrecy of confidential, non-public financial information outweighs the presumption of public access. *Amgen Inc. v. Amneal Pharms. LLC*, C.A. No. 16-853-MSG, 2021 WL 4133516, at *3 (D. Del. Sept. 10, 2021), *vacated in part on other grounds*, C.A. No. 16-853-MSG, 2021 WL 4843959 (D. Del. Oct. 18, 2021) (sealing financial information because disclosure of that information would "weaken the Movant's competitive position in the marketplace"); *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (sealing financial information because not doing so "could

cause real and serious harm to the parties' future negotiations if disclosed to competitors. It is also the sort of material that courts have frequently redacted."); *Joint Stock Soc'y v. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 396 (D. Del. July 11, 2000) (overruling objection to special master's order sealing "financial materials" because disclosure "would cause them a clearly defined and serious injury" and finding special master's approach "entirely proper and in accordance with the case law").

*Second*, courts may find a movant's interest in the secrecy of confidential, non-public licensing information, including royalty amounts, outweighs the presumption of public access. *See, e.g., Mosaid*, 878 F. Supp. 2d 503 at 510 (permitting redaction of information regarding licensing agreements between the parties and market share information); *Ethicon LLC v. Intuitive Surgical, Inc.*, C.A. No. 17-871-LPS-CJB, 2019 WL 272417, at *1 (D. Del. Jan. 17, 2019) (granting motion to redact plaintiff's confidential business information); *Joint Stock Soc'y*, 104 F. Supp. 2d 390 at 396 (upholding decision to seal documents containing strategic business plans).

*Third*, Arm's proposed redactions are narrow, accounting for only a few excerpts and numerical values of a 76-page transcript. In most instances, Arm's requested redaction is less than a full sentence in length. (*See, e.g.*, Ex. B at 20:11-12.) Accordingly, the public's interest in accessing judicial proceedings will still be served if Arm's redactions are allowed, as the Transcript will remain understandable to readers who are not litigants in this case.

### C. The Public Does Not Have a Strong Interest in Viewing Plaintiff's Confidential Information

The public does not have a strong interest in viewing Plaintiff's confidential information because the proposed redactions do not relate to information that is important to public safety, nor do the proposed redactions otherwise relate to issues important to the public. *Pansy v.*

*Borough of Stroudsburg*, 23 F.3d 772, 787–88 (3d Cir. 1994); *In re Avandia Mktg.*, 924 F.3d 662 at 672 (*Pansy* factors provide guidance when assessing the public's interest). Further, this case involves private litigants, which weighs in favor of redaction. *See Pansy*, 23 F.3d at 788.

Moreover, Plaintiff's proposed redactions do not interfere with the public's ability to understand the full substance of what transpired during the pretrial conference. Arm does not seek to seal the purpose of the pretrial conference or the parties' discussion regarding the outcome of the Court's review of the parties' proposed pretrial order, including their motions *in limine*. Instead, Arm seeks to seal specific limited and detailed information about Arm's non-public and commercially sensitive information, including Arm's confidential licensing agreements with Qualcomm and Arm's confidential financial information. (*See* Ex. B.) General statements providing sufficient context to understand what transpired during the pretrial conference appear throughout. (*See, e.g., id.* at 10:17-18 ("So those issues, that part of the motion in limine is resolved."); *id.* at 57:2-5 ("So you are then on Friday going to submit to me three pages that tell me why unclean hands and waiver and anything else that may be equitable is not equitable.").) Consequently, the public would have little difficulty "in having access to the basic contours of this dispute" despite these Proposed Redactions. *Mosaid*, 878 F. Supp. 2d 503 at 514.

## IV.    CONCLUSION

For the reasons set forth herein, Arm respectfully requests that the Court enter an Order, substantially similar to the proposed order attached hereto, permitting the docketing only of the public version of the pretrial conference Transcript attached as Exhibit A, *i.e.*, the version of the Transcript with the Proposed Redactions applied, and permitting the original unredacted version of the Transcript to remain under seal.

Dated: January 3, 2025

OF COUNSEL:

Daralyn J. Durie
Joyce Liou
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
(415) 268-7000
ddurie@mofo.com
jliou@mofo.com

Erik J. Olson
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA  94304
(650) 813-5600
ejolson@mofo.com

Kyle W.K. Mooney
Kyle D. Friedland
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
(212) 468-8000
kmooney@mofo.com
kfriedland@mofo.com

Scott F. Llewellyn
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO  80202
(303) 592-1500
sllewellyn@mofo.com

Nicholas Rylan Fung
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017
(213) 892-5200
nfung@mofo.com

Daniel Muino
MORRISON & FOERSTER LLP
2100 L Street, NW Suite 900
Washington, D.C.  20037
(202) 887-1500
dmuino@mofo.com

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


_/s/ Robert M. Vrana_
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

_Attorneys for Plaintiff Arm Ltd._

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | |
|                Plaintiff, | |
|        v. | C.A. No. 22-1146-MN |
| QUALCOMM INC., QUALCOMM TECHNOLOGIES, INC., and NUVIA, INC., | |
|        Defendants. | |

## <u>CERTIFICATION PURSUANT TO D. DEL. LR. 7.1.1</u>

Pursuant to District of Delaware Local Rule 7.1.1, I hereby certify that a reasonable effort was made to reach agreement with opposing counsel regarding the subject matter of this Motion. Defendants advised that Defendants take no position on this Motion.

Dated: January 3, 2025

YOUNG CONAWAY STARGATT &
  TAYLOR, LLP


  */s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE  19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARM LTD., | |
| Plaintiff, | |
| v. | C.A. No. 22-1146-MN |
| QUALCOMM INC., QUALCOMM TECHNOLOGIES, INC., and NUVIA, INC., | |
| Defendants. | |

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION TO SEAL AND REDACT

This ____ day of January 2025, the Court having considered Plaintiff Arm's Motion to Seal and Redact, as well as all submissions related thereto,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal and Redact is GRANTED. The unredacted version of the transcript of the pretrial conference held on November 20, 2024 shall remain sealed, and the redactions requested by Plaintiff Arm shall be made in any public version of the transcript or other filings in this case that cite to or refer to the transcript.

_____
Hon. Judge Maryellen Noreika
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 3, 2025, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Jack B. Blumenfeld
Jennifer Ying
MORRIS, NICHOLS, ARSHT
& TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

Isaac B. Zaur
Nora Niedzielski-Eichner
CLARICK GUERON REISBAUM LLP
220 Fifth Avenue, 14th Floor
New York, NY 10001
izaur@cgr-law.com
nniedzie@cgr-law.com

Catherine Nyarady
Anna R. Gressel
Jacob A. Braly
Alexander M. Butwin
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
cnyarady@paulweiss.com
agressel@paulweiss.com
jbraly@paulweiss.com
abutwin@paulweiss.com

Karen L. Dunn
William A. Isaacson
Melissa F. Zappala
Erin J. Morgan
Anna P. Lipin
William T. Marks
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
kdunn@paulweiss.com
wisaacson@paulweiss.com
mzappala@paulweiss.com
ejmorgan@paulweiss.com
alipin@paulweiss.com
wmarks@paulweiss.com

Andrea L. D'Ambra
Susana Medeiros
Kira Latham
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019
andrea.dambra@nortonrosefulbright.com
susana.medeiros@nortonrosefulbright.com
kira.latham@nortonrosefulbright.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff Arm Ltd.*