IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ATM LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 22-1146 (MN) |
| QUALCOMM INC., QUALCOMM | ) | |
| TECHNOLOGIES, INC. and NUVIA, INC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

At Wilmington this 30th day of September 2025:

WHEREAS, from December 16 to 20, 2025, the Court held a jury trial on Plaintiff ARM Ltd.'s ("ARM or "Plaintiff") breach of contract claims against Defendants Nuvia Inc. ("Nuvia"), Qualcomm Inc., and Qualcomm Technologies, Inc. ("Qualcomm") (together, "Defendants") (*see* D.I. 588, 589, 590, 591, 592);

WHEREAS, on December 17, 2025, the Court held a limited bench trial on Defendants' equitable defenses of unclean hands, waiver, estoppel, and laches (*see* D.I. 593);

WHEREAS, on January 15, 2025, in a post-trial status report, the parties agreed that Qualcomm's defenses would be moot in the event that the Court entered judgment as a matter of law as to Question 2, and, additionally, that any "defenses as to Nuvia [should be considered] after resolution of the parties' [pending] post-trial motions" (D.I. 594 at 3-4; *see also* D.I. 602 at 1 n.1) ("[T]he entry of judgment for Qualcomm pursuant to the jury's answer to Question 2 of the verdict form will moot the defense of unclean hands with respect to Qualcomm.");

WHEREAS, on January 29, 2025, "[i]n light of the trial evidence and the jury's verdict, [D]efendants [in their post-trial briefing] withdr[ew] their defenses of waiver, estoppel, and laches," leaving only unclean hands as a defense (D.I. 602 at 1 n.1);

WHEREAS, by February 28, 2025, the parties post-trial briefing on the equitable defenses was fully submitted (*see* D.I. 602, 603, 606, 607, 610, 611); and

WHEREAS, on this same date, the Court resolved the parties' post-trial motions, finding that ARM failed to present evidence at trial sufficient to sustain a verdict that either Nuvia or Qualcomm breached the Nuvia ALA, and, therefore, that Defendants are entitled to judgment as a matter of law on those claims (D.I. 631, 632).

THEREFORE, IT IS HEREBY ORDERED that:

1.    Defendants' affirmative defense of unclean hands is rendered moot by the Court's grant of judgment as a matter of law on Question 1 and 2, finding that ARM failed to prove by a preponderance of the evidence that Defendants breached Section 15 of the Nuvia ALA (D.I. 631, 632).

2.    The Clerk is directed to enter Final Judgment.

The Honorable Maryellen Noreika
United States District Judge